ORIGINAL TJRMT

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2008 NOV 24 AM 11: 18

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| Plaintiff, | § § § | |
| v. | § § § | Civil Action No. 4-08-CV-626-A |
| YAHOO! INC. and OVERTURE SERVICES, INC. d/b/a YAHOO! SEARCH MARKETING, | § § § § | |
| Defendants. | § § | |

### YAHOO! INC. AND OVERTURE SERVICES, INC.'S MOTION TO TRANSFER PURSUANT TO FRCP 12(b)(3) AND 28 U.S.C. § 1406 AND BRIEF IN SUPPORT

#### I. INTRODUCTION

The parties to this action agreed to have their disputes heard exclusively in the courts of California. Ignoring that forum selection, American Airlines seeks to proceed against Yahoo! here, in the Northern District of Texas. To avoid the parties' plain, exclusive forum selection, American Airlines would have to show that the forum selection clause is "unreasonable and unjust." Because American Airlines cannot hope to carry that burden, this Court should grant Yahoo!'s motion and transfer this action to the United States District Court for the Northern District of California.

1

## II. BACKGROUND

American Airlines claims Yahoo! Inc. and Overture Services, Inc. infringe trademarks owned by American Airlines. It claims such infringement occurs in the operation of Yahoo!'s sponsored search program. As American Airlines acknowledges in its complaint, American Airlines participates in that program. (Complaint, ¶¶ 81, 161-62.) American Airlines participates in that program under the terms of a Sponsored Search & Content Match Insertion Order ("Sponsored Search Agreement"). (App. at 3-5 (Ex. A, Declaration of Jim Weiss ¶¶ 2-8); App. at 6 (Ex. B, insertion order); App. at 11-34 (Exs. D-E, terms and conditions).) American Airlines entered into that agreement via its agent, Reprise Media.

In its complaint, American Airlines seeks the return of the money it paid to Yahoo! pursuant to the terms of the Sponsored Search Agreement. (Complaint, ¶¶ 161-62.) The Sponsored Search Agreement contains the following forum selection clause:

> **13. Choice of Law.** The terms of the Agreement and any dispute relating thereto or between you and us shall be governed by the laws of the State of California, without regard to conflict/choice of law principles. . . . You agree to submit to the exclusive jurisdiction of the state and federal courts located in Los Angeles County or Santa Clara County, California, or another location designated by us. . . .

(App. at 4-5 (Weiss Decl. ¶ 6); App. at 13 (Ex. D ¶ 13); App. at 23 (Ex. E ¶ 13).) The Sponsored Search Agreement defines "you" to include Reprise Media, the entity that signed the Sponsored Search Agreement, as well as American Airlines, the entity for whom Reprise Media acted as an agent and whose name appears as the "client" in the insertion order. (App. at 6 (Ex. B, insertion order, identifying American Airlines and Reprise Media); App. at 13 (Ex. D ¶ 15, defining "you"), App. at 24 (Ex. E ¶ 15, same).) The version of the Sponsored Search Agreement in effect at execution defines "us" as Overture Services, Inc., a defendant

2

in this action. (App. at 11, 13 (Ex. D ¶¶ 1, 12).) At the time, Overture was a subsidiary of Yahoo! Inc. doing business as Yahoo! Search Marketing. Overture was recently merged into Yahoo! Inc., the other defendant in this action. (App. at 4 (Weiss Decl. ¶ 3); App. at 7 (Ex. C).) The current, operative version of the Sponsored Search Agreement reflects this fact and therefore defines "us" as Yahoo! Inc. (App. at 19 (Ex. E ¶ 1).)[1]

In contravention of that explicit, mandatory forum selection clause, American Airlines filed its complaint in the United States District Court for the Northern District of Texas.

### III. ARGUMENT

"Forum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances, and . . . courts should enforce such clauses unless the resisting party could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Ward Packaging, Inc. v. Schiffman*, No. 4:02-CV-518-A, 2002 U.S. Dist. LEXIS 17474, at *5-*6 (N.D. Tex. Sept. 13, 2002) (McBryde, J.) (quoting *Int'l Software Sys., Inc. v. Amplicon*, 77 F.3d 112, 114 (5th Cir. 1996) (internal quotation marks omitted)).[2] Because American Airlines cannot carry its heavy burden to show that the

---

[1] Paragraph 14 of the Sponsored Search Agreement in effect at execution permits Yahoo! to amend the agreement by posting amendments on Yahoo!'s website. (App. at 13 (Ex. D ¶ 14).)

[2] Federal law determines the enforceability of a forum selection clause. *Haynsworth v. Corporation*, 121 F.3d 956, 962 (5th Cir. 1997).

parties' forum selection clause is unreasonable and unjust, it is appropriate to transfer this action to the Northern District of California.[3]

### A. The Sponsored Search Agreement's Forum Selection Clause Applies to This Dispute.

The subject matter of the Sponsored Search Agreement forum selection clause is broad. It covers any dispute between American Airlines and Yahoo!. (App. at 13, 23 (Exs. D ¶ 13, E ¶ 13).) Even if the agreement did not contain that broad language, the dispute here arises out of the Sponsored Search Agreement — American Airlines seeks return of the money it paid Yahoo! pursuant to the Sponsored Search Agreement. (Complaint, ¶¶ 81, 161-62; App. at 5 (Weiss Decl. ¶¶ 7-8).) There can therefore be no dispute that the Sponsored Search Agreement's forum selection clause applies here.

### B. The Forum Selection Clause Mandates Another Forum.

The Sponsored Search Agreement obligates the parties "to submit to the exclusive jurisdiction of the state and federal courts located in Los Angeles County or Santa Clara County, California." (App. at 13, 23 (Exs. D ¶ 13, E ¶ 13).) The phrase "exclusive jurisdiction" renders the clause mandatory. *See, e.g., Bonded Inspections, Inc. v. Northrop Grumman Corp.*, No. 3:98-CV-0214-D, 1998 U.S. Dist. LEXIS 5422, at *2, *6 (N.D. Tex. Apr. 10, 1998) (granting § 1406 motion to transfer, finding phrase "exclusive jurisdiction" made clause mandatory).

---

[3] 28 U.S.C. § 1406 provides that, when a case is filed in the wrong district, a court may either dismiss or transfer the case. Caselaw interpreting § 1406 suggests that courts should transfer where possible, rather than dismiss. *Pugh v. Arrow Elecs., Inc.*, 304 F. Supp. 2d 890, 896 (N.D. Tex. 2003) ("When . . . venue is determined to be improper, transfer is generally preferred over dismissal."). Because Yahoo! does not claim transfer is impossible here, this motion seeks transfer rather than dismissal.

By this motion, Yahoo! seeks transfer to the United States District Court for the Northern District of California, the district that encompasses Santa Clara County, California.[4]

### C. Enforcing the Forum Selection Clause Here Is Not Unreasonable and Unjust.

"When there is a forum selection clause, the party who seeks to avoid the clause bears a heavy burden of proof justifying its avoidance." *Bonded Inspections, Inc.*, 1998 U.S. Dist. LEXIS 5422, at *5 (internal quotation marks and citation omitted); *see also CK DFW Partners Ltd. v. City Kitchens, Inc.*, No. 3:06-CV-1598-D, 2007 U.S. Dist. LEXIS 60934, at *6 (N.D. Tex. Aug. 17, 2007) (same). American Airlines must "clearly show that enforcement would be unreasonable and unjust." *Ward Packaging, Inc.*, 2002 U.S. Dist. LEXIS 17474, at *5. American Airlines cannot hope to meet this heavy burden.

The Fifth Circuit has cataloged the typical bases for "unreasonableness" that might bar § 1406 transfer:

> Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Haynsworth*, 121 F.3d at 963 (internal quotation marks and citations omitted); *see also, e.g.*,

---

[4] The forum selection clause would also permit transfer to the United States District Court for the Central District of California (which encompasses Los Angeles County). The Northern District of California is more appropriate, as that is where Yahoo!'s headquarters is located.

*Pugh,* 304 F. Supp. 2d at 894 (citing *Haynsworth*, finding no unreasonableness, ordering transfer under § 1406).

None of these bases apply here. The forum selection clause is not the product of fraud. It will not deprive American Airlines of its day in court — American Airlines is a multinational corporation whose resources are more than sufficient to litigate this matter in California. There is nothing about California law that will deprive American Airlines of the remedies it seeks — indeed, five of American Airlines' eleven claims arise under Federal law. Finally, there is nothing in Texas's public policy that would oppose enforcement of this forum selection clause.

### IV. CONCLUSION

For the reasons stated above, this Court should grant Yahoo!'s motion and transfer this action to the United States District Court for the Northern District of California.

Dated: November 24, 2008                    Respectfully submitted,

*/s/ David F. Chappell*
David F. Chappell
Texas State Bar No. 04141000
Scott A. Fredricks
Texas State Bar No. 24012657
CANTEY HANGER LLP
Cantey Hanger Plaza
600 West Sixth Street, Suite 300
Fort Worth, Texas 76102
Telephone: (817) 877-2800
Fax: (817) 877-2807
dchappell@canteyhanger.com
sfredricks@canteyhanger.com

Attorneys for Defendants YAHOO! INC. and OVERTURE SERVICES, INC. d/b/a YAHOO! SEARCH MARKETING

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Dee J. Kelly, counsel for Plaintiff American Airlines, Inc., on November 21, 2008, regarding the merits of this motion to transfer venue. American Airlines, Inc. opposes the relief sought in this motion. This motion is, therefore, presented to the Court for determination.

_____
David F. Chappell

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true copy of the foregoing document has been served on counsel of record as follows:

Dee J. Kelly  
Dee J. Kelly, Jr.  
Lars L. Berg  
Kelly Hart & Hallman, LLP  
201 Main Street, Suite 2500  
Fort Worth, TX 76102

*Via Hand Delivery*

Frederick Brown  
George A. Nicoud III  
Jason Stavers  
Gibson, Dunn & Crutcher LLP  
One Montgomery Street, Suite 3100  
San Francisco, CA 94104

*Via CMRRR # 7005 0390 0004 7468 5325*

Howard S. Hogan  
Gibson, Dunn & Crutcher LLP  
1050 Connecticut Avenue, N.W.  
Washington, DC 20036

*Via CMRRR # 7005 0390 0004 7468 5332*

Date: November 24, 2008

_____
David F. Chappell