ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2008 DEC 22 PM 3: 57

CLERK OF COURT

FILED
U.S. DISTRICT
NORTHERN DIST
FT. WORTH DIV

2008 DEC 22 PM

CLERK OF CO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| | |
|---|---|
| AMERICAN AIRLINES, INC., | |
| Plaintiff, | |
| -v.- | No. 4:08-CV-626-A |
| YAHOO! INC. and OVERTURE SERVICES, INC. d/b/a YAHOO! SEARCH MARKETING, | |
| Defendants. | |

## PLAINTIFF AMERICAN AIRLINES, INC.'S OPPOSITION TO YAHOO INC. AND OVERTURE SERVICES, INC.'S MOTION TO TRANSFER

Frederick Brown (admitted *pro hac vice*)
Jason Stavers (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP

555 Mission Street, Suite 3000
San Francisco, CA 94105
Phone: (415) 393-8200
Fax: (415) 986-5309

Howard S. Hogan (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 955-8500
Fax: (202) 467-0539

Dee J. Kelly
State Bar No. 11217000
Dee J. Kelly, Jr.
State Bar No. 11217250
Lars L. Berg
State Bar No. 00787072
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Phone: (817) 332-2500
Fax: (817) 878-9280

*Attorneys for Plaintiff American Airlines, Inc.*

Dockets.Justia.com

# TABLE OF CONTENTS

Page

I.  BACKGROUND ....................................................................................1

II. ARGUMENT ......................................................................................6

    A.  Yahoo's Asserted Jurisdiction Clause Does Not Govern American's
    Trademark-Based Claims. ....................................................................6

    B.  Yahoo's Reading of The Asserted Jurisdiction Clause Is Directly
    Contradicted By Other Agreements Between the Parties ...............................10

    C.  Yahoo's Selected Clause Is Too Vague To Be Enforced....................................11

    D.  The Reprise Media Analyst Who Signed the Insertion Order Did Not Have Actual or
    Apparent Authority To Bind American As Yahoo Asserts..............................14

III. CONCLUSION ..................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*B&O Mfg. v. Home Depot U.S.A., Inc.*,
No. C 07-02864 JSW, 2007 U.S. Dist. LEXIS 83998 (N.D. Cal. Nov. 1, 2007).....10

*Berg v. MTC Elec. Techs. Co.*,
71 Cal. Rptr. 2d 523 (Cal. Ct. App. 1998)..............................................................12

*Bonded Inspections, Inc. v. Northrop Grumman Corp.*,
Civ. A. No. 3:98-CV-0214-D, 1998 U.S. Dist. LEXIS 5422
(N.D. Tex. Apr. 10, 1998) ........................................................................................9

*Busse v. Pac. Cattle Feeding Fund #1, Ltd.*,
896 S.W.2d 807 (Tex. App.—Texarkana 1995, pet. denied) ....................................7

*CK DFW Partners Ltd. v. City Kitchens, Inc.*,
Civ. A. No. 3:06-CV-1598-D, 2007 U.S. Dist LEXIS 60934
(N.D. Tex. Aug. 17, 2007)........................................................................................9

*CNOOC Se. Asia Ltd. v. Paladin Res. (Sudan) Ltd.*,
222 S.W.3d 889 (Tex. App.—Dallas 2007, pet. denied)....................................14, 15

*Dynamic Concepts, Inc. v. U-Tech Servs. Corp.*,
Civ. A. No. 99-1260 (EGS), 2000 U.S. Dist. LEXIS 6497
(D.D.C. Jan. 31, 2000)............................................................................................11

*E. & J. Gallo Winery v. Encana Energy Services, Inc.*,
388 F. Supp. 2d 1148 (E.D. Cal. 2005) ..............................................................9-10

*Guillion v. JPG ServicePlus, Inc.*,
Civ. A. No. H-06-1015, 2007 U.S. Dist LEXIS 6038 (S.D. Tex. Jan. 29,
2007)..........................................................................................................6, 9, 10

*Hall Dadeland Towers Assoc. v. Hardeman*,
736 F. Supp. 1422 (N.D. Tex. 1990) ......................................................................15

*Haynsworth v. The Corporation*,
121 F.3d 956 (5th Cir. 1997) ...................................................................................9

*In re Sterling Chems., Inc.*,
261 S.W.3d 805 (Tex. App.—Houston 2008)..........................................................11

**Table of Authorities**
**(Continued)**

Page(s)

*Int'l Software Sys., Inc. v. Amplicon, Inc.,*
77 F.3d 112 (5th Cir. 1996) ................................................................... 9

*Keaty v. Freeport Indonesia, Inc.,*
503 F.2d 955 (5th Cir. 1974) ................................................................ 12

*Major Help Ctr., Inc. v. Ivy, Crews & Elliot, P.C.,*
No. 03-99-00285-CV, 2000 WL 298282 (Tex. App.—Austin, Mar. 23, 2000) ......10

*Mason v. CreditAnswers, LLC,*
Civ. No. 07cv1919-L (POR), 2008 WL 4165155 (S.D. Cal. Sept. 5, 2008)............13

*Meyer v. WMCO-GP, LLC,*
211 S.W.3d 302 (Tex. 2006) ................................................................... 7

*Nagrampa v. MailCoups, Inc.,*
469 F.3d 1257 (9th Cir. 2006) ........................................................ 11-12

*Piper Aircraft Co. v. Hartzell Propeller, Inc.,*
454 U.S. 235 (1981) .............................................................................. 1

*Pozero v. Alfa Travel, Inc.*
856 S.W.2d 243 (Tex. App.—San Antonio 1993) .................................... 7

*Psarros v. Avior Shipping, Inc.,*
192 F. Supp. 2d 751 (S.D. Tex. 2002)...................................................... 7

*Pugh v. Arrow Elecs., Inc.,*
304 F. Supp. 2d 890 (N.D. Tex. 2003) .................................................... 9

*Seeberger Enters., Inc. v. Mike Thompson Recreational Vehicles, Inc.,*
502 F. Supp. 2d 531 (W.D. Tex. 2007) ...........................................1, 7, 10

*Smith v. Lucent Techs., Inc.,*
Civ. A. No. 02-0481 SECTION I/1, 2004 U.S. Dist. LEXIS 4074
(E.D. La. Mar. 16, 2004) ................................................................. 6, 10

*Streetman v. Benchmark Bank,*
890 S.W.2d 212 (Tex. App.—Eastland, 1994, no writ) ........................... 15

*Texas v. Am. Tobacco Co.,*
463 F.3d 399 (5th Cir. 2006) ................................................................ 11

*Townsend v. Goodyear Tire & Rubber Co.,*
481 F. Supp. 2d 610 (N.D. Tex. 2007) ................................................... 14

Plaintiff American Airlines, Inc. ("American") respectfully submits this Opposition to Defendants Yahoo! Inc. and Overture Services, Inc.'s (together, "Yahoo") Motion to Transfer pursuant to FRCP 12(b)(3) and 28 U.S.C. § 1406 ("Motion"). It is well-established that a plaintiff generally is entitled to its choice of forum. *See Piper Aircraft Co. v. Hartzell Propeller, Inc.*, 454 U.S. 235, 255 (1981); *Seeberger Enters., Inc. v. Mike Thompson Recreational Vehicles, Inc.*, 502 F. Supp. 2d 531, 536 (W.D. Tex. 2007). Yet Yahoo asks this Court to transfer this case to the Northern District of California on the basis of an agreement that does not cover the conduct addressed in the lawsuit. Yahoo distorts the meaning of the choice of law provision in that agreement by taking it out of context and attempting to apply it to the trademark and related issues that are at the heart of this case. On its face, though, Yahoo's choice of law clause is limited to disputes related to "the terms of the Agreement." That agreement concerns the terms that govern advertising placed by American's advertising contractor, Reprise Media ("Reprise"). This case, in contrast, is not based on advertisements by American but trademark, misappropriation and tort violations by Yahoo itself through Yahoo's efforts to encourage and enable competitors of American to use American's marks for Yahoo's and the competitor's profit. Thus, this action does ***not***: (a) "arise[] out of" the agreement; (b) assert a breach of the agreement; or (c) require any interpretation of it at all.

For these reasons and more, Defendants' Motion to Transfer should be denied.

## I.  BACKGROUND

This action challenges Yahoo's unauthorized misappropriation and sale of the American's world-famous trademarks (the "American Marks") to divert consumers away from American's own website and toward websites that promote American's competitors. American alleges that Yahoo has designed its search engine so that when Internet users enter search terms

into their search engine, Yahoo provides not only a list of Internet websites that are objectively selected as relevant to the search, but also a list of paid advertisements that are not meaningfully identifiable to consumers as advertisements. Compl. ¶¶ 4-5, 33-40, 46, 78-80. In particular, Yahoo has injured American both by: (1) selling the American Marks to Yahoos' advertisers for use in its search engine advertising program; and ( 2) by itself designating the American Marks, so that when an internet user enters one of the American Marks into Yahoo's search engine, Yahoo publishes a list of confusing "Sponsor Results" that misdirect many consumers to websites that sell the services of American's competitors or that are entirely unrelated to American. *Id.* ¶¶ 5, 47-49, 55-60, 72-76, 87.

The Complaint does not allege any breach of contract between Yahoo and American. Instead it asserts claims of (I) direct federal trademark infringement; (II) contributory trademark infringement; (III) contributory trademark infringement; (IV) false advertising; (V) federal trademark dilution; (VI) Texas trademark infringement; (VII) Texas trademark dilution; (VIII) unfair competition; (IX) misappropriation; (X) tortious interference with a contract; and (XI) money had and received. *Id.* ¶¶ 85-164. The only contract alleged to exist in the complaint, the "ARC Addendum" that governs American's relationships with its authorized distributors, *id.* ¶¶ 151-57, specifically provides for jurisdiction in the United States District Court for the Northern District of Texas and the Courts of the State of Texas. *See* App. 1-2 (Declaration of Alice Curry ("Curry Decl.") ¶ 3) & App. 9 (ARC Addendum).

The Complaint, moreover, alleges a broad range of damages that are attributable to Yahoo's conduct. In particular, American seeks to disgorge "all gains, profits, savings, and advantages obtained by Defendants as a result of their wrongful actions," Compl. p. 48, ¶ B, compensation for "all damages" to American "caused by Defendants' wrongful actions," *id.*

p.49, ¶ D, an amount of money "sufficient to conduct a corrective advertising campaign," *id.* ¶ F, attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117, *id.* ¶ E, and a broad range of injunctive remedies. *Id.* p. 48, ¶ A. American's damage claims include money that Yahoo has wrongfully obtained "from its advertisers" by selling and using the American Marks, *id.* ¶ 162, compensation for the sales lost to American from Internet users who were diverted to Yahoo's advertisers, *id.* ¶ 78, including both those who instead purchased services from American's competitors and those who stopped searching altogether because of Yahoo's confusion-inducing conduct. *Id.* ¶ 80. American also has alleged that Yahoo has effectively forced American to pay Yahoo to place its own advertising to prevent the diversion of customers. It has not, however, alleged that this harm was caused by any violation of any contract between Yahoo and American. *Id.* ¶¶ 81, 161.

The complaint specifically alleges that Yahoo has engaged in this conduct since prior to 2005. *See id.* ¶ 54. In fact, American's claims date all the way back to December 19, 2002, four years before Yahoo entered into a tolling agreement with American that suspended all applicable limitations periods until American initiated this action in October 2008. App. 3-4 (Curry Decl. ¶ 7).

The signed document on which Yahoo bases its motion is a one page "Sponsored Search and Content Match Insertion Order" (the "Insertion Order") that has nothing to do with the conduct involved in this lawsuit. Moreover, the Insertion Order was signed on December 19, 2007 – years after the challenged conduct commenced – by a low-level "media analyst" employed by Reprise, an advertising contractor for American. The analyst, with ministerial level responsibilities, signed the Insertion Order during the routine course of her placing search engine advertisements about American. *Compare* Motion Ex. B *with* App. 30-31 (Declaration of John

Chan ("Chan Decl") ¶¶ 5-6.). The analyst was not authorized by American or Reprise to sign a forum selection provision as to any dispute nor did she have a capacity within Reprise that would have led Yahoo to reasonably conclude that she was authorized to make an important decision about the place for potential future litigation. App. 30-31 (Chan Decl. ¶¶ 5, 7).[1] The Insertion Order did not set forth the terms and conditions of the agreement. Motion Ex. B. Rather, it referred to "the terms and conditions set forth" at a particular page of Yahoo's website on the Internet. *Id.*

Yahoo now relies on one of the 58 provisions appearing on its Internet website as Yahoo's terms and conditions. That provision is labeled "Choice of Law." *Id.* Ex. D. It provides as follows:

> 13. CHOICE OF LAW. The terms of the Agreement and any dispute relating thereto or between you and us shall be governed by the laws of the State of California, without regard to conflict/choice of law principles. . . . You agree to submit to the exclusive jurisdiction of the state and federal courts located in Los Angeles County or Santa Clara County, California, or another location designated by us.

*Id.* The only sentence in the agreement that relates to jurisdiction is found within the choice of law provision addressing disputes relating to the agreement and cannot fairly be read in context to bind Reprise or American to disputes outside of a breach of the agreement.

---

[1] The analyst "represented and warranted that he/she is duly authorized to execute this Insertion Order for and on behalf of the Advertiser [Reprise] *or* [the] Agency/Reseller set forth above," American. Motion Ex. B (emphasis added). That statement was drafted by Yahoo and Yahoo did not require that she warrant that she had the authority to bind both Reprise *and* American. Even if the clause had been worded in Yahoo's favor, it would still be unreasonable for Yahoo to suppose that a junior employee of a contractor could bind American to litigate non-contract disputes such as trademark, antitrust or fraud in far-flung places of Yahoo's choosing.

Yahoo's Motion does not address forum agreements in other contracts to which it and American are parties. Those forum provisions identify New York and Texas courts as appropriate for litigation and therefore—by Yahoo's strained interpretation of the jurisdiction clause—create a clear and irreconcilable conflict. For example, American and Yahoo are parties to an "Access and Use Agreement" that was signed directly by representatives of the two companies. App. 2 (Curry Decl. ¶ 5) & App. Ex. 1.B. The Access and Use Agreement governs the use of American's fare and inventory information on the "FareChase" portion of Yahoo's website. App. 2 (Curry Decl. ¶ 5) & App. Ex. 1.B. It also contains a choice of forum provision: "Both Parties hereby consent and submit to the jurisdiction of the state and federal courts in New York for all questions and controversies arising out of this Agreement." App. 2 (Curry Decl. ¶ 5) & App. 19. In addition, Yahoo is a party to the terms of American's website, AA.com, because at least every few days, Yahoo's systems access the AA.com website to copy and "cache" its contents so that Yahoo's search engine can include it in the body of websites. App. 2-3 (Curry Decl. ¶ 6) & App. Ex. 1.C. AA.com's legal terms, in turn, provide that "[i]n return for gaining access to the [AA.com] Site and using it, [Yahoo] agree[d] to be bound by the following Agreement without limitation or qualification." App. 2 (Curry Decl. ¶ 5) & App. Ex. 1.B. Among other terms, the AA.com agreement provides that "Any lawsuit brought by you related to your access to, dealings with, or use of the Site must be brought in the state or federal courts of Tarrant County, Texas." App. 2-3 (Curry Decl. ¶ 6) & App. 28.[2]

---

[2] A month after the action was filed in this Court, Yahoo filed a mirror complaint in the U.S. District Court for the Northern District of California seeking a declaratory judgment that it is not liable for the types of claims asserted in this action. *See Yahoo! Inc. v. American Airlines, Inc.*, No. C 08-05308 JF PVT (N.D. Cal., filed Nov. 21, 2008). American will seek appropriate remedies to address Yahoo's filing of a second,

[Footnote continued on next page]

## II.   ARGUMENT

### A.   Yahoo's Asserted Jurisdiction Clause Does Not Govern American's Trademark-Based Claims.

Yahoo's Motion skips the first and most important part of the analysis of an asserted forum selection clause. "Before a Court can consider enforcing a forum selection clause, it first must decide whether the clause applies to the type of claims asserted in the lawsuit." *Smith v. Lucent Techs., Inc.*, Civ. A. No. 02-0481 SECTION I/1, 2004 U.S. Dist. LEXIS 4074, at *25-26 (E.D. La. Mar. 16, 2004) (internal quotation marks omitted). "If the substance of the plaintiff's claims, stripped of their labels, does not fall within the scope of the forum selection clause, the clause cannot apply." *Transfirst Holdings, Inc. v. Phillips*, Civ. A. No. 3:06-CV-2303-P, 2007 U.S. Dist. LEXIS 14300, at *31-32 (N.D. Tex. Mar. 1, 2007) (internal quotation and alteration marks omitted). In making this determination, in the absence of an evidentiary hearing to resolve disputed facts, courts should "accept uncontroverted allegations in the plaintiff's complaint as true and resolve factual conflicts in the plaintiff's favor." *Guillion v. JPG ServicePlus, Inc.*, Civ. A. No. H-06-1015, 2007 U.S. Dist LEXIS 6038, at *14 (S.D. Tex. Jan. 29, 2007).

In its Complaint, American has alleged that Yahoo has infringed its intellectual property and common law rights by selling trademarks to and using its marks for the benefit of *other companies*. None of American's 11 separate causes of action have anything to do with the contract that contains the asserted jurisdiction clause. In fact, the Complaint does not mention

---

[Footnote continued from previous page]
duplicative action in the event that the issues raised by the filing are not resolved by the Court's decision on this motion or in the meet and confer process.

the Insertion Order. Nor do any of American's claims require an interpretation of any contract that arose from that Insertion Order.

A long line of cases from this district and around the country have established that if the claims asserted do not relate to the interpretation of the contract that contains a forum selection clause, that clause should not be applied. *See, e.g., TransFirst Holdings, Inc.*, 2007 U.S. Dist. LEXIS 14300, at *33-35 (refusing to apply forum selection clause from one contract between two parties to claims of fraud, and breach of a different contract); *Psarros v. Avior Shipping, Inc.*, 192 F. Supp. 2d 751, 753-54 (S.D. Tex. 2002) ("when a forum selection clause is limited to matters of contract interpretation or enforcement alone, it is inapplicable to litigation arising from torts committed in the course of the contractual relationship"); *cf. Meyer v. WMCO-GP, LLC*, 211 S.W.3d 302, 305 (Tex. 2006) ("As a rule, arbitration of a claim cannot be compelled unless it falls within the scope of a valid arbitration agreement.").[3]

The court's decision in *Seeberger Enters., Inc. v. Mike Thompson Recreational Vehicles, Inc.*, 502 F. Supp. 2d 531, 536-38 (W.D. Tex. 2007) is illustrative. There, the plaintiff asserted copyright infringement and other assorted claims against a company that was also party to a non-disclosure agreement containing a forum selection clause. Unlike here, though, one of the claims *did* fall within the scope of the agreement containing the clause. Nevertheless, the court still refused to apply the forum selection clause, because "none of the remainder of Plaintiff's claims

---

[3]     *See also Busse v. Pac. Cattle Feeding Fund #1, Ltd.*, 896 S.W.2d 807, 813 (Tex. App.—Texarkana 1995, pet. denied) ("A forum selection clause . . .does not apply to a tort action . . . where construction of the rights and liabilities of the parties under the contract is not involved"); *Pozero v. Alfa Travel, Inc.* 856 S.W.2d 243, 245 (Tex. App.—San Antonio 1993) (refusing to apply forum selection clause where pleadings "do not mention" the contract at issue, "do not raise an issue as to the content of the" contract, or "attempt to enforce or challenge rights emanating from the contract").

. . . arise under or implicate" the agreement containing the forum selection clause, or "could possibly indicate" that one of the parties breached it. *Id.* at 537. Similarly, here, it would be inappropriate to transfer American's trademark-based claims because *none* of the claims asserted arise under or implicate or allege a breach of the terms of the Insertion Order.

Yahoo's primary argument is that the jurisdiction clause compels the exclusive forum of Yahoo's choice, no matter the nature of the dispute. *See* Motion at 4. Thus, according to Yahoo's reading of the jurisdiction clause, antitrust, fraud, patent, and trademark disputes unrelated to the agreement should be swept up by this one sentence even when the claims asserted have nothing to do with the agreement at issue. That argument is untenable for the reasons described above. Yahoo's backup argument is that American's claims are related to the Insertion Order because, in Yahoo's words, American "seeks return of the money it paid Yahoo! pursuant to the" Insertion Order. *Id.* But American's claim is not that Yahoo violated any of the terms of the advertising agreement, only that Yahoo should be held accountable for all harm stemming from its unauthorized sale and use of the American Marks.

American's claims would exist whether or not the Insertion Order was ever signed. Indeed, the primary elements of American's damages claims are for sales that were lost *to third parties* because of Yahoo's conduct and profits that Yahoo improperly obtained *from third parties* by selling and misusing the American Marks. Yahoo's argument is nothing more than an attempt to convert one of the many elements of these damages — that American was essentially forced to buy advertising with Yahoo to minimize the harm caused by Yahoo's improper sales to competitors of American — into a cause of action. Yahoo, however, cannot transform this trademark and common law based dispute into a contract dispute by recasting one of many damages theories alleged by American.

8

In fact, an argument similar to Yahoo's argument was expressly repudiated as "completely untenable" in *E. & J. Gallo Winery v. Encana Energy Services, Inc.*, 388 F. Supp. 2d 1148, 1162 (E.D. Cal. 2005). There, the defendant argued that what is "essentially an antitrust suit" should be swallowed by a forum selection clause contained in an agreement between the parties because one element of the damages claim was for "gas it purchased through" the agreement. *Id.* at 1162-63. The court reasoned that even though plaintiff had made a "contention" that touched on the agreement, it could not "somehow change[] the nature of the suit" because, as here, the court did not need to "resort to the terms of the agreement to resolve the claims" and the behavior at issue "occurred entirely outside the scope of the simple . . . Agreement." *Id.* at 1163. Yahoo's Motion fails for precisely the same reason.[4]

It would also be inappropriate to apply the jurisdiction clause to the claims asserted here, because much of the conduct that gives rise to the claims started *years* before the Insertion Order was even signed. *See* Compl. ¶ 54; App. 3 (Curry Decl. ¶ 7). The narrow language of the jurisdiction sentence certainly does not evince any intent to designate a particular forum for preexisting claims, based on events that transpired before the agreement at issue was signed. For that reason alone, transfer of this action would not be appropriate. *See, e.g., Guillion*, 2007 U.S.

---

[4]     None of the cases cited by Yahoo are to the contrary. In fact, each of them was either a breach of contract case revolving around the contract containing the relevant forum selection clause, *see, e.g., Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 116 (5th Cir. 1996); *CK DFW Partners Ltd. v. City Kitchens, Inc.*, Civ. A. No. 3:06-CV-1598-D, 2007 U.S. Dist LEXIS 60934, at *1 (N.D. Tex. Aug. 17, 2007); *Pugh v. Arrow Elecs., Inc.*, 304 F. Supp. 2d 890, 892 (N.D. Tex. 2003); *Ward Packaging, Inc. v. Schiffman*, Civ. A. No. 4:02-CV-518-A, 2002 U.S. Dist LEXIS 17474, at *2-3 (N.D. Tex. Sept. 13, 2002); *Bonded Inspections, Inc. v. Northrop Grumman Corp.*, Civ. A. No. 3:98-CV-0214-D, 1998 U.S. Dist. LEXIS 5422, at *2 (N.D. Tex. Apr. 10, 1998), or a series of breach of fiduciary duty and other claims stemming directly from the relationship created by the contract containing the forum selection clause. *See Haynsworth v. The Corporation*, 121 F.3d 956, 964-65 (5th Cir. 1997).

9

Dist LEXIS 6038, at *22-23 (forum selection clause cannot "govern disputes commenced under earlier, separate" events "that form[] the basis of Plaintiff's complaint"); *Major Help Ctr., Inc. v. Ivy, Crews & Elliot, P.C.*, No. 03-99-00285-CV, 2000 WL 298282, at *3 (Tex. App.—Austin, Mar. 23, 2000) (refusing to apply forum selection clause to misrepresentation claims where the alleged misrepresentations were made "prior to the date the parties signed the Agreement").[5]

### B. Yahoo's Reading of The Asserted Jurisdiction Clause Is Directly Contradicted By Other Agreements Between the Parties

Even if the jurisdiction clause selectively chosen by Yahoo to assert in its motion did cover the dispute in this case, that clause would not be enforceable because it conflicts with other binding provisions. *See* App. 2-3 (Curry Decl. ¶¶ 5-6) & App. Exs. 1.B & 1.D (contracts between American and Yahoo governing different aspects of their relationship and designating Texas and New York as appropriate venues). A forum selection clause is not enforceable where, as here, there is a confusing web of agreements among the parties with contradictory forum selection clauses. *See, e.g., B&O Mfg. v. Home Depot U.S.A., Inc.*, No. C 07-02864 JSW, 2007 U.S. Dist. LEXIS 83998, at *8-9 (N.D. Cal. Nov. 1, 2007) (where there are "two conflicting forum selection clauses," enforcement of one against the plaintiff's choice of forum would be

---

[5] Moreover, courts often refuse to give effect to a forum selection clause if it is preferable to hear all claims between two sets of parties in the same case "in the interests of judicial economy." *See, e.g., TransFirst Holdings, Inc.*, 2007 U.S. Dist. LEXIS 14300, at *39-41. In particular, where, as here, the claims do not rely on the contract that contains the forum selection clause, courts often refuse to apply the clause. *See, e.g., Seeberger Enters., Inc.*, 502 F. Supp. 2d at 536-38 (refusing to apply forum selection clause where "the agreement does not govern the majority of Plaintiffs' claims"); *Smith*, 2004 U.S. Dist. LEXIS 4074, at *41 (refusing to apply forum selection clause where "[t]he 'gist' of plaintiffs' claims is not the breach of the a contractual relationship, but the series of acts by defendants resulting in . . . fraud"); *Guillion*, 2007 U.S. Dist LEXIS 6038, at *23 ("Courts in other jurisdictions have refused to dismiss or transfer a case which is broader than the forum selection clause") (internal quotation marks omitted).

"unreasonable under the circumstances") (internal quotation marks omitted); *Dynamic Concepts, Inc. v. U-Tech Servs. Corp.*, Civ. A. No. 99-1260 (EGS), 2000 U.S. Dist. LEXIS 6497, at *17 (D.D.C. Jan. 31, 2000) (existence of contradictory forum selection clauses creates "ambiguities in the contract [that] must be construed against [the defendant], since it drafted the document and therefore created the ambiguity").

The conflict with other applicable forum selection clauses renders the asserted jurisdiction provision inoperable. *See, e.g., Texas v. Am. Tobacco Co.*, 463 F.3d 399, 409-10 (5th Cir. 2006) (a latent ambiguity "arises when a contract which is unambiguous on its face is applied to the subject matter with which it deals and an ambiguity appears by reason of some collateral matter") (internal quotation marks omitted); *In re Sterling Chems., Inc.*, 261 S.W.3d 805, 809 (Tex. App.—Houston 2008) (finding that a defendant "overreaches" when it relies on clause with "latent ambiguity" because of "inconsistencies" with other agreements); *Wright v. Eckhardt*, 32 S.W.3d 891, 896 (Tex. App.—Corpus Christi 2000) (even where a contract is "unambiguous on its face . . . it can contain "latent ambiguity" when different agreements result in different outcomes).

## C. Yahoo's Selected Clause Is Too Vague To Be Enforced.

Taken to its logical conclusion, Yahoo's interpretation of the jurisdiction clause would require American to submit to Yahoo's choice of forum even for claims entirely unrelated to the narrow focus of the Insertion Order, such as claims arising from Yahoo personnel's travel on American's planes or for antitrust or fraud claims having nothing to do with American's own advertising on Yahoo.

It is well settled that unless a forum selection clause puts a party on notice that they have consented to have specific kinds of claims at issue heard in a particular forum, that clause will not be enforced. *See, e.g., Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1291 (9th Cir. 2006)

(*en banc*) (refusing to enforce forum selection clause because "misleading language" in the clause "provided inadequate notice" that the plaintiff would be required to have her claims heard in Boston). Indeed, as the California courts have recognized, when a defendant relies on a forum selection clause that is open to interpretation, the "rigorous restrictions on avoidance of mandatory selection clauses . . . do not apply." *See, e.g., Berg v. MTC Elec. Techs. Co.*, 71 Cal. Rptr. 2d 523, 525 (Cal. Ct. App. 1998).

Here, the oddly worded jurisdiction clause – "You agree to submit to the exclusive jurisdiction of . . ." – did not put Reprise, let alone American, on notice that it would be obliged to litigate (in Yahoo's words) "***any*** dispute between American Airlines and Yahoo" exclusively in the Northern District of California or some other forum of Yahoo's choosing. Motion at 4 (emphasis in original). Any ambiguity must be construed strictly against Yahoo, because it is undisputed that Yahoo is the drafter of the asserted sentence. *See, e.g., Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 957 (5th Cir. 1974) (if a clause is subject to "two opposing, yet reasonable, interpretations," the ambiguity must be "construed . . . strongly" against the party that drafted it). Three deficiencies show the ambiguity of the clause.

*First*, Yahoo is aware that American has not agreed to have "***any***" dispute with Yahoo heard in Northern California because Yahoo itself agreed to have disputes with American heard in New York or "in the state or federal courts of ***Tarrant County, Texas***." App. 2-3 (Curry Decl. ¶¶ 5-6) & App. Exs. 1.B & 1.D (emphasis added).

*Second,* the jurisdiction clause must be read in the context of the "Choice of Law" provision in which it is contained. That provision refers explicitly to "the terms of the Agreement and any dispute relating thereto." As a result, the most fair reading of the jurisdiction clause, to the extent it applies at all, is that it covers disputes "relating" to "the terms of the

Agreement." *See, e.g., Mason v. CreditAnswers, LLC*, Civ. No. 07cv1919-L (POR), 2008 WL 4165155, at *3 (S.D. Cal. Sept. 5, 2008) (refusing to enforce a forum selection clause because "when read together with the arbitration clause[, it] is confusing so as not to provide adequate notice.").

*Third*, the odd language is also ambiguous because it does not clearly state that American is required to file a lawsuit against Yahoo in California. Although the jurisdiction clause arguably may be read to require American to "submit" to jurisdiction in Northern California if Yahoo sued there first, the provision does not mandate that American file its own suit there. American's *submitting* to jurisdiction in California if first sued there is not the same as saying all lawsuits no matter who files them must be litigated solely in California. The clause may (or may not) foreclose American from objecting to jurisdiction in California if Yahoo first filed suit there, but it does not limit where American can choose to sue Yahoo.

Yahoo, moreover, is well aware of the ambiguities in the jurisdiction clause that they assert here. Indeed, the forum selection clause that governs Yahoo's general "Terms of Service" for consumers (not asserted here) is decidedly more specific. In contrast to the clause at issue here, Yahoo's Terms of Service specifically provides that: (1) they apply to **both** the consumer "and Yahoo!"; (2) they apply to "any and all claims, causes of action or disputes (regardless of theory) ***arising out of or relating to the [Terms of Service]***, or the relationship between [the consumer] and Yahoo!"; (3) such claims "shall be brought exclusively in the courts located in the county of Santa Clara, California or the U.S. District Court for the Northern District of California," and both the consumer "and Yahoo! agree to submit to the personal jurisdiction of" those courts; and (4) both parties "agree to waive any and all objections to the exercise of jurisdiction . . . and to venue in such courts." App. 41 (Yahoo! Terms of Service) (emphasis

added). Yahoo's failure to use similar language in the clause it asserts here must be construed against it.

### D. The Reprise Media Analyst Who Signed the Insertion Order Did Not Have Actual or Apparent Authority To Bind American As Yahoo Asserts.

Finally, Yahoo's Motion also fails because it is objectively unreasonable for Yahoo or American to expect that a junior level employee of an advertising agency, in exercising her ministerial duties, could bind American to an all-encompassing forum selection clause.

Under Texas law, an agency relationship will not be presumed, and the party asserting the existence of such relationship bears the burden of proof. *Townsend v. Goodyear Tire & Rubber Co.*, 481 F. Supp. 2d 610, 619 (N.D. Tex. 2007) (McBryde, J.). In particular, where, as here, Yahoo cannot "offer any evidence that [American] authorized anyone to bind them to the forum-selection clause" at issue (much less the expansive interpretation that Yahoo gives to it), the forum selection clause cannot be enforced. *See, e.g., CNOOC Se. Asia Ltd. v. Paladin Res. (Sudan) Ltd.*, 222 S.W.3d 889, 899 (Tex. App.—Dallas 2007, pet. denied).

The following facts (and more) each make it unreasonable for Yahoo to rely on their belief that a one page Insertion Order signed by an analyst at Reprise could bind American to bring "all" disputes in the forum of Yahoo's choosing. *First*, the Insertion Order was not signed by anyone at American, but by one of twenty low-level analysts at Reprise. *See* App. 30-31 (Chan Decl. ¶¶ 3-6); Motion Ex. B. *Second*, the asserted forum selection clause does not stem from a negotiated agreement between the parties meant to govern all litigation, but in a ministerial "order" designed to place particular kinds of advertisements. *Id. Third*, the Insertion Order, which was drafted by Yahoo, merely reflects that Reprise's employee signed the Insertion Order on behalf of Reprise "*or*" American, but not both. Motion Ex. B, at 06. *Fourth*, Yahoo could not reasonably rely on the interpretation of the jurisdiction provision as they now assert it,

because Yahoo's belief that it covers "all" disputes is directly contradicted by other agreements between Yahoo and American. *See, supra* at Section B; App. 2-3 (Curry Decl. ¶¶ 5-6) & App. Exs. 1.B & 1.D. And *fifth*, in point of fact, neither American nor Reprise gave the analyst actual authority to bind American to a general forum selection clause of the kind Yahoo takes it to be. *See* App. 4 (Curry Decl. ¶ 8) & App. 30-31 (Chan Decl. ¶¶ 5, 7).

Under the circumstances, Yahoo could not have reasonably relied on any apparent authority by Reprise to bind American to a forum-selection clause that purports to encompass any and all disputes between American and Yahoo. *See Streetman v. Benchmark Bank*, 890 S.W.2d 212, 216 (Tex. App.—Eastland, 1994, no writ) (concluding that a reasonably prudent person would not believe that an agent of a bank was acting within the scope of his authority by promising to pay "all overdrafts" drawn on the account at the bank). This is because "[o]ne who deals with an agent bears the risk of lack of agency and is therefore obligated to ascertain not only the fact of agency, but also the extent of the agent's powers." *Hall Dadeland Towers Assoc. v. Hardeman*, 736 F. Supp. 1422, 1431 (N.D. Tex. 1990). Here, Yahoo did not make sure that the Reprise analyst had authority to consign American to a forum selection clause, and cannot now rely on the jurisdiction provision to avoid American's choice of forum. *See, e.g., CNOOC Se. Asia Ltd.*, 222 S.W.3d at 899 ("Without acts of the purported principal, acts of a purported agent which may mislead persons into false inferences of authority, however reasonable, will not serve as a predicate for apparent authority.") (internal quotation marks omitted).

## III.  <u>CONCLUSION</u>

For the reasons set forth above, American respectfully requests that the Court deny

Defendants' Motion to Transfer.

Dated: December 22, 2008

Respectfully submitted,

Dee J. Kelly (State Bar No. 11217000)
Dee J. Kelly, Jr. (State Bar No. 11217250)
Lars L. Berg (State Bar No. 00787072)
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Phone: (817) 332-2500
Fax: (817) 878-9280

Frederick Brown (admitted *pro hac vice*)
Jason Stavers (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Phone: (415) 393-8200
Fax: (415) 986-5309

Howard S. Hogan (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Phone: (202) 955-8500
Fax: (202) 467-0539

*Attorneys for Plaintiff American Airlines, Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered on December 22, 2008 to Defendant's counsel, as follows, in accordance with the Federal Rules of Civil Procedure:

***Via Hand Delivery***
David F. Chappell
(State Bar No. 04141000)
Scott A. Fredricks
(State Bar No. 24012657)
**CANTEY HANGER LLP**
600 West Sixth Street, Suite 300
Fort Worth, TX 76102


Dee J. Kelly, Jr.