

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2009 JAN -9  PM 3:44

CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

AMERICAN AIRLINES, INC., §
§
    Plaintiff, §
§
v. §
§ Civil Action No. 4-08-CV-626-A
§
YAHOO! INC. and §
OVERTURE SERVICES, INC. d/b/a YAHOO! §
SEARCH MARKETING, §
§
    Defendants. §

## YAHOO! INC. AND OVERTURE SERVICES, INC.'S REPLY IN SUPPORT OF TRANSFER PURSUANT TO FRCP 12(b)(3) AND 28 U.S.C. § 1406

Michael A. Jacobs (*pro hac vice*)
mjacobs@mofo.com
Lynn M. Humphreys (*pro hac vice*)
lhumphreys@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Fax: (415) 268-7522

David F. Chappell
State Bar No. 04141000
dchappell@canteyhanger.com
Scott A. Fredricks
State Bar No. 24012657
sfredricks@canteyhanger.com
CANTEY HANGER LLP
Cantey Hanger Plaza
600 West Sixth Street, Suite 300
Fort Worth, Texas 76102
Telephone: (817) 877-2800
Fax: (817) 877-2807

*Attorneys for Defendants YAHOO! INC. and*
*OVERTURE SERVICES, INC. d/b/a YAHOO! SEARCH MARKETING*

## I. INTRODUCTION

In its opposition brief, American Airlines admits it seeks the return of millions of dollars it paid pursuant to the terms of the Sponsored Search Agreement. That Sponsored Search Agreement mandates California as the forum for any dispute "relating to" the agreement, as well as "any dispute" between American Airlines and Yahoo!. American Airlines seeks to avoid the plain language of that exclusive forum selection by pointing to other, irrelevant agreements, by inventing ambiguities where there are none, and by disclaiming the authority of an agent through whom American Airlines has purchased millions of dollars of Yahoo! advertising services.

Amazingly, while this motion was pending, American Airlines agreed to the forum selection clause at issue again. On December 17, five days before American Airlines filed its opposition, its advertising agency, Reprise, executed an insertion order authorizing Yahoo! to provide up to $2.5 million in sponsored search advertising services to American Airlines during 2009. Like the insertion order addressed in Yahoo!'s opening brief, the 2009 insertion order incorporates Terms and Conditions that include a forum selection clause mandating that American Airlines litigate "any dispute" with Yahoo! in California. That American Airlines, with full knowledge of the forum selection clause and of Yahoo!'s arguments in favor of imposing it here, permitted its agent Reprise to again agree to bind American Airlines to a California forum alone compels the grant of Yahoo!'s motion to transfer.

## II. REPLY

### A. The Sponsored Search Agreement's Forum Selection Clause Applies to this Lawsuit.

The Sponsored Search Agreement contains both specific and general forum selection language mandating transfer of this lawsuit to California. The specific language applies to "[t]he terms of the Agreement and any dispute relating thereto"; the general language applies to "any dispute . . . between you and us." (Appendix (Docket No. 17) at 13 (Ex. D ¶ 13), 23 (Ex. E ¶ 13).) American Airlines argues that the former does not apply here and that the latter is unfair. It is wrong on both counts.

### 1. This Is a Dispute "Relating To" the Sponsored Search Agreement.

American Airlines concedes that it seeks return of millions of dollars it has paid Yahoo! pursuant to the terms of the parties' Sponsored Search Agreement. (Opp. (Docket No. 23) at 3; Compl. (Docket No. 1), ¶¶ 81, 161-62.) American Airlines nevertheless claims that this is not a dispute "relating" to the Sponsored Search Agreement. Such an argument is inconsistent with the breadth of the phrase "relating to." *See, e.g., Third Party Advantage Adm'rs, Inc. v. J.P. Farley Corp.*, 2006 U.S. Dist. LEXIS 85456, *15 (N.D. Tex. Nov. 27, 2006) (interpreting "related to" as a "broad provision[] covering almost all disputes arising between the parties to the contract"). Many of the cases American Airlines cites involve forum selection language that is more limited than the "relating to" clause to which the parties agreed here. *Psarros v. Avior Shipping, Inc.*, 192 F. Supp. 2d 751 (S.D. Tex. 2002), is illustrative. (Opp. at 7.) In *Psarros*, the parties agreed to a forum for "any disagreement arising from the *enforcement of this contract.*" *Id.* at 754 (emphasis in original). The court held that because the clause did not cover tort claims, the assertion of such claims did not require transfer. *Id.* The court explicitly noted that if the language were broader — as is the case here — the court would have granted transfer. *Id.* at 754 n. 5; *see also Major Help Ctr., Inc. v. Ivy, Crews & Elliott*, No. 03-99-00285-CV, 2000 WL 298282, *2 (Tex. App. Mar. 23, 2000) (holding "actions brought . . . under this agreement" did not apply to torts); *Gullion v. JLG ServicePlus, Inc.*, No. H-06-1015, 2007 U.S. Dist. LEXIS 6038, *20-22 (S.D. Tex. Jan. 29, 2007) (holding "any action commenced hereunder" did not apply to claims based on separate contract); *Seeberger Enters., Inc. v. Mike Thompson Recreational Vehicles, Inc.*, 502 F. Supp. 2d 531 (W.D. Tex. 2007) (holding "disputes under this Agreement" did not apply to claims simply "relating to" agreement).[1]

---

[1] Other American Airlines cases are similarly distinguishable. *Busse v. Pacific Cattle Feeding Fund #1, Ltd.*, 896 S.W.2d 807 (Tex. App. 1994), and *Pozero v. Alfa Travel, Inc.*, 856 S.W.2d 243 (Tex. App. 1993), involve allegations of fraud in the inducement of a contract, which is widely held not to trigger a forum selection clause but which bears no relation to the facts here. *E. & J. Gallo Winery v. Encana Energy Services, Inc.*, 388 F. Supp. 2d 1148 (E.D. Cal. 2005), was a § 1404(a) convenience transfer motion, in which the selection clause is just one factor considered, not a § 1406 motion, in which such clauses are essentially dispositive. And it contains no indication of the selection clause language and bases its holding on a finding that the defendant had waived the forum selection argument.

### 2. American Airlines Has Not Met its "Heavy Burden" to Show That the Broad Forum Selection Language at Issue Here Is "Unreasonable and Unjust."

American Airlines does not contest that this lawsuit falls within the scope of the general forum selection language in the Sponsored Search Agreement, which applies to "any dispute . . . between you and us." American Airlines instead argues that, because such language would apply to "antitrust, fraud, patent, and trademark disputes unrelated to the agreement," this general language is unfair and its application is "untenable" here. (Opp. at 8.)

American Airlines "bears a heavy burden" to show that application of the clause is necessarily "unreasonable and unjust." *Bonded Inspections, Inc. v. Northrop Grumman Corp.*, No. 3:98-CV-0214-D, 1998 U.S. Dist. LEXIS 5422, *5 (N.D. Tex. Apr. 10, 1998) (internal quotation omitted); *see also Ward Packaging, Inc. v. Schiffman*, No. 4:02-CV-518-A, 2002 U.S. Dist. LEXIS 17474, *5 (N.D. Tex. Sept. 13, 2002) (McBryde, J.). Beyond arguing that the clause exceeded Reprise's authority as American Airlines's agent (*see* Sections II.D-E, *infra*), American Airlines makes essentially no effort to show that application of the Sponsored Search Agreement's broad forum selection language is unreasonable and unjust. Given that American Airlines just agreed, *again*, to be bound by this language, it is difficult to see how American Airlines could maintain it is unjust. (Reply Appendix, filed herewith, at 38 (Ex. G (2009 Insertion Order)).)

American Airlines is a sophisticated entity that, as its Opposition demonstrates, knows how to negotiate and draft forum selection clauses. (Opp. Appendix (Docket No. 24) at 9 (Ex. 1-A ¶ 11(c)), 19 (Ex. 1-B ¶ 20) & 28 (Ex. 1-D).)[2] American Airlines does not claim it was defrauded into entering the Sponsored Search Agreement. It does not claim the clause will deprive American Airlines of its day in court or bar any remedy it seeks. And American Airlines does not claim that there is anything in Texas's public policy that would oppose enforcement of this forum selection clause. In short, American Airlines fails to show that any of the traditional factors supporting a

---

[2] *See also Luxury Travel Source v. Am. Airlines, Inc.*, No. 2-08-100-CV, 2008 Tex. App. LEXIS 9688, *30 (Dec. 31, 2008) (discussing various American Airlines forum selection clauses, enforcing selection clause imposed by an addendum posted on AA.com).

finding that a selection clause is "unreasonable and unjust" apply here. *Haynsworth v. Corporation*, 121 F.3d 956, 963 (5th Cir. 1997) (reciting factors).

### B. American Airlines's Other Contracts Are Irrelevant and Do Not Trump the Sponsored Search Agreement.

Seeking to muddy the waters, American Airlines cites three contracts designating other fora for disputes. The first contract governs Yahoo!'s access to American Airlines flight data for travel search purposes, which is not at issue here. ("ARC Agreement," Opp. Appendix at 5-20 (Exs. 1-A, 1-B).) The ARC Agreement contains a non-exclusive forum selection clause applying only to disputes "arising out of" that agreement's terms. (Opp. Appendix at 9 (Ex. 1-A ¶ 11(c)) & 19 (Ex. 1-B ¶ 20).) The second contract governs public access to American Airlines websites. ("AA Website Agreement," Opp. Appendix at 23-29 (Ex. 1-D).) That agreement contains an exclusive forum selection clause applying to claims brought by third-parties concerning "access to, dealings with, or use of" American Airlines websites. (Opp. Appendix at 28 (Ex. 1-D).) The third contract concerns prior sponsored search advertising arrangements. ("TM Agreement," Opp. Appendix at 44-53 (Ex. 4).)[3] It contains the following, limited forum selection clause:

> Media Company [Yahoo!] and Agency [TM] (<u>on behalf of itself and not Advertiser [American Airlines]</u>) agree that . . . litigation arising in connection with the IO (including these Terms and Conditions) will be brought solely in the state in which the Agency is located . . . .

(Opp. Appendix at 53 (TM Agreement § XIV.d) (emphasis added).) By its terms, it therefore applies only to Yahoo! and TM, not American Airlines's claims.

These contracts do not support denying transfer, for the following reasons:

- The AA Website Agreement and ARC Agreement contain narrow clauses applying only to disputes that arise from the contracts themselves. American Airlines does not seek money paid or received under either contract, as it does with the Sponsored Search Agreement. Indeed, American Airlines never claims — because it cannot — that either of these contracts has anything at all to do with this dispute.

---

[3] American Airlines located this agreement after filing its Opposition and submitted it in a "Notice of Additional Evidence" filed today. (Docket Nos. 26-27.)

4

- The ARC Agreement contains only a non-exclusive forum selection clause concerning disputes arising from that contract. Though the Sponsored Search Agreement arguably renders this forum selection clause superfluous, there is no actual conflict between a non-exclusive forum selection in one contract and an exclusive forum selection in another.
- The AA Website Agreement governs third-party claims *against* American Airlines concerning the use of American Airlines websites. Accordingly, even if this dispute arose from the AA Website Agreement — which it does not — the clause still does not apply, as this case concerns *American Airlines's* claims against Yahoo!, not Yahoo!'s claims against American Airlines.
- Even were American Airlines's claims to arise from the TM Agreement, that agreement applies only to claims between Yahoo! and TM Advertising — it *explicitly* excludes American Airlines from the terms of its forum selection clause. (TM Agreement § XIV.d.)
- The ARC, AA Website, and TM Agreements each predate the Sponsored Search Agreement and are therefore superseded by it to the extent American Airlines alleges a conflict. (Appendix at 13 (Ex. D ¶ 14) & 23 (Ex. E ¶ 14) (Sponsored Search Agreement "supersedes all proposals, representations, claims, and communications . . . written and oral, regarding the subject matter contained herein").)

In the end, the most these agreements show is that American Airlines is a sophisticated company that is — by itself and through agents — capable of drafting and negotiating forum selection clauses tailored to the interests at stake in particular contracts. None of them trumps the Sponsored Search Agreement's forum selection clause as applied to this lawsuit.

### C. The Sponsored Search Agreement's Forum Selection Clause Is Not Vague.

American Airlines claims the Sponsored Search Agreement's forum selection language is too vague to be enforced, for three reasons: (i) it supposedly conflicts with other American Airlines agreements; (ii) read as a whole, the language is supposedly subject to multiple interpretations; and (iii) it supposedly does not mandate that American Airlines file suit in California. (Opp. at 11-14.) None are persuasive.

The first argument is addressed immediately above. In short, the presence of other, inapplicable forum selections does not render the forum selection in the Sponsored Search Agreement "vague" as applied to this dispute. Even if those agreements created some sort of intra-contract conflict, the Sponsored Search Agreement resolves any such conundrum by superseding all inconsistent prior agreements. (Appendix at 13 (Ex. D ¶ 14) & 23 (Ex. E ¶ 14).)

Second, American Airlines argues that the Sponsored Search Agreement forum selection clause is subject to multiple interpretations. The relevant language comes in two sentences in the same paragraph:

> (i) "The terms of the Agreement and any dispute relating thereto or between you and us will be governed by the laws of the State of California, without regard to conflict/choice of law principles."
>
> (ii) "You agree to submit to the exclusive jurisdiction of the state and federal courts located in Los Angeles County or Santa Clara County, California, or another location designated by us."

(Appendix at 13 (Ex. D ¶ 13) & 23 (Ex. E ¶ 13).) Yahoo! and American Airlines agree that the second sentence should be read in light of the first — *i.e.*, that the first sentence sets the categories of disputes as to which the parties submit to California's exclusive jurisdiction. (Opp. at 12-13 (reading first sentence into second).) The language is not reasonably susceptible to American Airlines's interpretation, however. American Airlines would have the Court focus entirely on the phrase "the terms of the Agreement," reading out the phrase "any dispute relating thereto *or between you and us.*" Instead, it is plain that the Sponsored Search Agreement mandates California for disputes "relating to" the Agreement *and* for disputes "between you and us." *See, e.g., In re Int'l Profit Assoc., Inc.*, No 08-0238, *6 (Tex. Jan. 9, 2009) (rejecting argument that forum selection clause was ambiguous).[4]

---

[4] The cases American Airlines relies on do not advance its "ambiguity" arguments. In *Mason v. CreditAnswers, LLC*, No. 07cv1919-L (POR), 2008 WL 4165155, *3-*4 (S.D. Cal. Sept. 5, 2008), the clause provided that it applied only "in the event that a dispute is not resolved" by arbitration, and the court accordingly declined to apply it in advance of arbitration. In *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955 (5th Cir. 1974), the parties agreed to "submit to the jurisdiction of the courts of New York." (internal quotation omitted). The court held that "submit," without more, *can* be ambiguous; the clause at issue did not use the word "exclusive," as does the clause here. *Berg v. MTC Electronics Technologies Co.*, 61 Cal. App. 4th 349, 352 (1998), involved similar facts ("The
(Footnote continues on next page.)

Third, American Airlines claims that, though the Sponsored Search Agreement's forum selection clause "arguably may be read to require American to 'submit' to jurisdiction in Northern California if Yahoo sued there first, the provision does not mandate that American file its own suit there." (Opp. at 13.) American Airlines's argument is that the use of the word "submit" somehow makes the clause permissive, despite the use of the phrase "exclusive jurisdiction." American Airlines' argument finds no support in the case law. A variety of courts have concluded that similar language is enforceable and exclusive, and not, as American argues, merely permissive. *See, e.g., Haynsworth*, 121 F.3d at 959 ("agrees to submit to the jurisdiction of the courts of England"); *MacPhail v. Oceaneering Int'l, Inc.*, 302 F.3d 274, 276 (5th Cir. 2002) ("agree to submit to the exclusive jurisdiction of the said Courts"); *Vartec Telecom, Inc. v. BCE Inc.*, No. 3:02-CV-2585-M, 2003 U.S. Dist. LEXIS 18072, *4 (N.D. Tex. Oct. 9, 2003) ("submits to the exclusive jurisdiction of the District of Columbia").

### D. American Airlines Has Ratified the Sponsored Search Agreement.

American Airlines offers declarations it hopes will show Reprise had no authority to bind American to the forum selection clause. These "authority" arguments are addressed immediately below, in Section II.E. The Court need not reach that dispute, however. Even if — contrary to the evidence — Reprise was not acting as American Airlines's agent when it agreed to the forum selection clause, it is difficult to imagine a stronger case for <u>ratification</u> than is present here.

American Airlines has accepted almost $2 million of advertising benefits pursuant to the terms of the Sponsored Search Agreement. (Reply Appendix at 35 (Weiss Reply Decl. ¶ 2).) American Airlines has therefore long since ratified the Sponsored Search Agreement. *See Penton v. Am. Bankers Ins. Co.*, 114 Fed. Appx. 622, 625 (5th Cir. Tex. 2004) ("[R]atification may occur when

---

(Footnote continued from previous page.)
clause does not expressly mandate Los Angeles as the exclusive forum in which any claims against MTC must be resolved, as 'mandatory' forum selection clauses do."). In *Nagrampa v. Mailcoups, Inc.*, 469 F.3d 1257, 1291 (9th Cir. 2005), the court concluded that the defendant had actively misled the plaintiff into believing disputes would be arbitrated in California and therefore declined to enforce a Massachusetts forum selection.

a principal, though he had no knowledge originally of the unauthorized act of his agent, retains the benefits of the transaction after acquiring full knowledge.") (internal quotation omitted). American Airlines's ratification of the agreement with Yahoo! extends to the entire contract. *North River Ins. Co. v. Transamerica Occidental Life Ins. Co.*, 2002 U.S. Dist. LEXIS 10637, *21 (N.D. Tex. June 12, 2002) ("A principal may not, in equity, ratify those parts of the transaction which are beneficial and disavow those which are detrimental." (internal quotations omitted)). Thus, all provisions, including the choice of law provision, have been ratified by American Airlines.

American Airlines's recent conduct puts the nail in the "ratification" coffin. *While this motion was pending*, with full knowledge of the Sponsored Search Agreement, American Airlines permitted Reprise to *again* execute an insertion order accepting the broad forum selection clause at issue here.[5] Pursuant to the terms of this new insertion order, Yahoo! continues to provide American Airlines with sponsored search services — for example, a Yahoo! search on "aa cheap fares" will display an advertisement American Airlines has placed and paid for under the Sponsored Search Agreement. (Reply Appendix at 35-36 (Weiss Reply Decl. ¶¶ 3-5) & 37-38 (Ex. G).)

### E. Reprise Media Was Authorized to Bind American Airlines to the Terms of the Sponsor Search Agreement.

Ratification aside, Reprise negotiated and purchased advertising services from Yahoo! on behalf of American Airlines, as its authorized agent. (Appendix at 3 (Weiss Decl. ¶ 2).) American Airlines's complaint itself concedes that American Airlines is the true party at interest in the Sponsored Search Agreement.[6] In 2008, American Airlines purchased millions of dollar of Yahoo!

---

[5] The 2009 insertion order raises serious questions about the propriety of the declaration American Airlines submits from John Chan. (Opp. Appendix at 30-31.) In that declaration, without mentioning the 2009 insertion order, a Reprise executive claims that Reprise is not authorized to bind clients to forum selection clauses. It is astounding that Chan would make such a claim in light of Reprise having expressly warranted it <u>does</u> have that authority <u>the day before</u>. (Appendix at 38 (Ex. G (insertion order accepting forum selection clause on behalf of American Airlines and warranting Reprise's authority to do so, dated December 17, 2008 — one day before the Chan declaration)).)

[6] *See* Compl. ¶ 161 ("*American Airlines* [paid] . . . to have official American Airlines advertisements appear" when internet users searched through Yahoo! (emphasis added)); *see also id.* ¶ 81 (asserting that American's purchase of advertisements "has cost . . . American Airlines millions of dollars").

advertising services pursuant to the terms of the Sponsored Search Agreement through Reprise. While this motion was pending, American Airlines did so again through Reprise for 2009. In light of this history, it is plain that Reprise had the authority to bind American Airlines to the Sponsored Search Agreement.

### 1. Reprise Media Had Actual Authority to Bind American Airlines.

American Airlines does not appear to dispute that Reprise is its agent. And American Airlines does not even appear to dispute that Reprise was acting as its agent when it entered into the Sponsored Search Agreement on American Airlines's behalf. Instead, American Airlines appears to argue only that Reprise exceeded its authority in agreeing to the forum selection portion of the Sponsored Search Agreement and that Yahoo! acted unreasonably in relying on Reprise's express warranties of its authority in that respect.

The facts here make clear that Reprise had "actual authority" to enter into the Sponsored Search Agreement, including the forum selection clause. *See, e.g., Karl Rove & Co. v. Thornburgh*, 39 F.3d 1273, 1297 (5th Cir. 1994) (determining scope of agent's authority "in light of all surrounding circumstances"; binding principal where agent served as "primary point of contact"). In evaluating actual authority, courts consider "the parties' relations to one another, the undertaking in which the parties are engaged, and the general usages and practices of those engaged in such undertakings." *Id.*; *see also Esso Int'l, Inc. v. The SS Captain John*, 443 F.2d 1144, 1148 (5th Cir. 1971). A grant of authority to an agent "includes the implied authority to do all things proper, usual, and necessary to exercise that authority." *Sheet Metal Workers Local Union No. 54 v. E.F. Etie Sheet Metal Co.*, 1 F.3d 1464, 1471 (5th Cir. 1993).

Similar issues arose in *North River Insurance*. There, the defendant attempted to disavow an arbitration clause to which its agent had agreed. The court held that the undisputed fact that the defendant had authorized its agent to enter into reinsurance contracts meant the defendant was bound by its agent's ascension to terms typically found in such contracts. *North River Ins. Co.*, 2002 U.S. Dist. LEXIS 10637 at *19 (citing *Sheet Metal Workers Local Union No. 54*). The same result should

obtain here. Forum selection clauses are a standard part of any agreement involving sophisticated businesses such as American Airlines, as even the contracts American Airlines cites demonstrate. Agreement to such a clause was therefore within the actual authority American Airlines conferred to Reprise when it agreed to have Reprise act as its agent in contracting for advertising services. That point is confirmed by American Airlines's decision to allow Reprise to agree to the forum selection clause again, while this motion was pending.

### 2. Reprise Media Had Apparent Authority to Bind American Airlines.

Even if Reprise did not have actual authority, the facts detailed above establish that Yahoo! could reasonably believe Reprise had authority to bind American Airlines to the Sponsored Search Agreement. Reprise repeatedly represented, warranted, and covenanted that "it is the authorized agent of [American Airlines] and has the legal authority to enter into the Agreement on behalf of [American Airlines]." (Appendix at 13 (Ex. D ¶ 15) & 24 (Ex. E ¶ 15).)[7] American Airlines knows this. Indeed, while this motion was pending American Airlines permitted Reprise to re-execute the very contract at issue on this motion. Because "[a] principal confers apparent authority on [its] agent when [it] knowingly or voluntarily permits the agent to hold himself out as [its] representative," American Airlines cannot now disclaim Reprise's authority. *Abramson v. Am. Online, Inc.*, 393 F. Supp. 2d 438, 441 (N.D. Tex. 2005); *see also Mech. Wholesale, Inc. v. Universal-Rundle Corp.*, 432 F.2d 228, 231 (5th Cir. 1970) ("Third parties dealing with agents may presume that the employee has the authority to transact the business he is employed to conduct.").

### III. CONCLUSION

For the reasons stated above, this Court should grant Yahoo!'s motion and transfer this action to the United States District Court for the Northern District of California.

---

[7] American Airlines cites a portion of the insertion order suggesting that the Reprise signatory warranted only that she had authority to bind Reprise. (Opp. at 4 n.1.) American Airlines ignores Paragraph 15 of the Sponsored Search Agreement, which addresses in detail Reprise's representations of authority and which makes clear Reprise warranted its authority to bind American Airlines. (Appendix at 13 (Ex. D ¶ 15) & 24 (Ex. E ¶ 15).)

Dated: January 9, 2009

Respectfully submitted,

*David F. Chappell* (signature)

David F. Chappell
Texas State Bar No. 04141000
dchappell@canteyhanger.com
Scott A. Fredricks
Texas State Bar No. 24012657
sfredricks@canteyhanger.com
CANTEY HANGER LLP
Cantey Hanger Plaza
600 West Sixth Street, Suite 300
Fort Worth, Texas 76102
Telephone: (817) 877-2800
Fax: (817) 877-2807

Attorneys for Defendants YAHOO! INC.
and OVERTURE SERVICES, INC.
d/b/a YAHOO! SEARCH MARKETING

Of Counsel:

Michael A. Jacobs
Lynn M. Humphreys
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Phone: (415) 268-7000
Fax: (415) 268-7522

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true copy of the foregoing document has been served on counsel of record as follows:

Dee J. Kelly  *Via Hand Delivery*
Dee J. Kelly, Jr.
Lars L. Berg
Kelly Hart & Hallman, LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102

Frederick Brown  *Via CMRRR #*
George A. Nicoud III
Jason Stavers
Gibson, Dunn & Crutcher LLP
One Montgomery Street, Suite 3100
San Francisco, CA 94104

Howard S. Hogan  *Via CMRRR #*
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036

Date: January 9, 2009

_David J. Chappell_
David F. Chappell