IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

AMERICAN AIRLINES, INC.,        §
                                §
        Plaintiff,              §
                                §
VS.                             §   NO. 4:08-CV-626-A
                                §
YAHOO!, INC., ET AL.,           §
                                §
        Defendants.             §

ORDER

Came on for consideration the motion of defendants, Yahoo!, Inc. and Overture Services, Inc. d/b/a Yahoo! Search Marketing (collectively, "Yahoo"), to transfer the above-captioned action to the United States District Court for the Northern District of California. Having considered the motion, the response of plaintiff, American Airlines, Inc. ("American"), American's additional evidence, Yahoo's reply, and the applicable authorities, the court concludes that such motion should be denied.

The enforceability of a forum selection clause is determined by federal law. Haynsworth v. The Corporation, 121 F.3d 956, 962 (5th Cir. 1997). Generally, forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). Before considering whether a forum selection clause should be enforced, however, the court must first decide whether the clause applies to the pending action. See Marinechance

<u>Shipping, Ltd. v. Sebastian</u>, 143 F.3d 216, 222 (5th Cir. 1998).

Yahoo contends that a jurisdictional statement appearing in a paragraph entitled "Choice of Law" within a boilerplate "terms and conditions" website, incorporated by reference into an advertising contract, mandates an exclusive forum for claims that arise out of a relationship completely separate from, and unrelated to, the relationship created by the advertising contract. The court finds this argument to be completely nonsensical. The court need not devote further time to explain the various reasons why such argument fails, however, because the plain language of the asserted clause does not apply to claims made by American against Yahoo.[1]

> The clause states, in relevant part:
>
> The terms of the Agreement and any dispute relating thereto or between you and us shall be governed by the laws of the State of California, without regard to conflict/choice of law principles. . . . You agree to submit to the exclusive jurisdiction of the state and federal courts located in Los Angeles County or Santa Clara County, California, or another location designated by us.

Defs.' App. at 13. The clause makes no mention that American's claims must be brought exclusively in a forum of Yahoo's choosing, only that American itself will submit to a California (or other designated) court's jurisdiction.[2] Accordingly, the

---

[1] Similarly, the court need not express an opinion as to the validity of any other issues raised in the parties' briefs, including which law applies to this action.

[2] The statement's failure to clearly demonstrate an intent to bind all claims to a court of Yahoo's choosing is further highlighted by another forum selection clause drafted by Yahoo, which states:

> You and Yahoo! each agree that . . . <u>any and all claims, causes of action or disputes</u> (regardless of the theory) arising out of or relating to the [agreement], or the relationship between you and

2

court finds that the clause does not pertain to claims brought by American against Yahoo.

Further, while the court finds that the clause cannot be read to support Yahoo's position, any finding that Yahoo's asserted interpretation is reasonable would render the clause ambiguous and would require the court to prefer the interpretation that operates against Yahoo, the drafting party. See Keaty v. Freeport Indonesia, Inc., 503 F.2d 955, 957 (5th Cir. 1974).

Therefore,

The court ORDERS that Yahoo's motion to transfer be, and is hereby, denied.

SIGNED January 16, 2009.

                              JOHN McBRYDE
                              United States District Judge

---

Yahoo!, shall be brought exclusively in the courts located in [California].

Pl.'s App. at 41 (emphasis supplied); see City of New Orleans v. Mun. Admin. Servs., Inc., 376 F.3d 501, 505 (5th Cir. 2004).