

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2009 FEB -9 PM 4: 20

CLERK OF COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

AMERICAN AIRLINES, INC.,
4333 Amon Carter Blvd.
Fort Worth, Texas 76155,

         Plaintiff,

   v.

YAHOO! INC.,
701 First Avenue
Sunnyvale, California 94089,

and

OVERTURE SERVICES, INC. d/b/a YAHOO!
SEARCH MARKETING,
74 North Pasadena Avenue, 3rd Floor
Pasadena, California 91103,

         Defendants.

Civil Action No. 4-08CV-626-A

**JURY TRIAL DEMANDED**

---

**DEFENDANTS YAHOO! INC. AND OVERTURE SERVICES, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES
TO COMPLAINT OF PLAINTIFF AMERICAN AIRLINES**

       Defendants Yahoo! Inc. and Overture Services, Inc. (collectively "Yahoo!")[1] respectfully

submit their Answer and Affirmative Defenses to the Complaint ("Complaint") of Plaintiff

American Airlines, Inc. ("Plaintiff" or "American Airlines"), dated October 17, 2008.

### PRELIMINARY STATEMENT

       Defendant Yahoo! is a global Internet portal that provides, among other things, a wide

variety of services to users, including an Internet search engine, email accounts, online content

such as news and financial information, and maps and directions. Most of Yahoo!'s online

content and services are provided to Internet users for free. In addition, to generate revenue and

profits, Yahoo! sells advertising that appears along with these free services. In the case of

---

[1] As of October 1, 2008, Overture Services, Inc. has been merged into Yahoo! Inc.

1

Dockets.Justia.com

Yahoo!'s well-known Internet search engine, Yahoo! sells to advertisers the opportunity to place

sponsored advertisements on the search results pages – under the heading "Sponsor Results."

Typically, these sponsored advertisements appear when Internet users search on certain

"keywords." Advertisers bid on keywords so that their ads have the opportunity to appear on the

Yahoo! search results page when an Internet user enters certain keywords into the Yahoo! search

engine. For example, a search on "fishing" will generate both "organic" or "natural" search

results that are generated solely by Yahoo!'s proprietary search algorithms (pointing the Internet

user, for example, to the Wikipedia article on fishing) and Sponsor Results for companies selling

fishing gear that are also based on relevance to the user's search and for which the advertisers

bid for placement. Similarly, a search on "airline tickets" will generate organic or natural search

results for major airlines and ticket resellers, as well as Sponsor Results for those companies who

are participating in Yahoo!'s Sponsored Search program and have bid on this keyword.

Typically, advertisers pay Yahoo! when an advertisement is clicked on in the Sponsor Results

section.

Pursuant to Yahoo!'s trademark policy, in limited circumstances an advertiser may bid on

a keyword that is a trademark of another company. Under Yahoo!'s trademark policy, for

example, a reseller may bid on the trademark name of the product it resells so that its

advertisements appear in the Sponsor Results section when that trademark is searched. By

contrast, however, Yahoo!'s trademark policy does not allow an advertiser to bid on a

competitor's trademark as a keyword. Therefore, Yahoo!'s trademark policy is consistent with

well-accepted principles of trademark law because Yahoo! allows only for "nominative fair use"

of a third-party's trademark in keyword-triggered advertising. As enunciated by the Fifth Circuit

in *Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d 526, 48 U.S.P.Q.2d 1065 (5th Cir. 1998), while

the "nominative" fair use defense "is analogous to the statutory [classic] fair use defense, it is in

actuality a claim that the use is non-infringing and this creates no likelihood of confusion."

This dispute arises from Yahoo!'s acceptance of certain keyword-triggered

advertisements concerning the claimed trademarks of Plaintiff American Airlines. American

Airlines objects because Yahoo!'s trademark policy allows resellers, such as a travel portal website that allows a customer to purchase tickets for an American Airlines flight, to bid on keywords that include the registered trademark "American Airlines." Likewise, "American Airlines Center" is a registered trademark of American Airlines, and the name of a sports and entertainment venue in Dallas. Tickets to American Airlines Center events are sold by a variety of ticket resellers. Yahoo! accepts keyword-triggered advertising from these ticket resellers – so that if an Internet user is searching for tickets to events at the venue, and the keywords "American Airlines Center" are entered into the search box, the resellers' advertisements may appear in the Sponsor Results section of the search results page.

Based on the allegations in its Complaint, American Airlines objects to such advertisements, and claims that it and it alone has the exclusive right to display Sponsor Results on the search results page for any keywords that comprise or contain trademarks of American Airlines. However, Yahoo!'s trademark policy and practice is well within the established bounds of trademark law, and is no different from a newspaper accepting advertisements from an electronics retailer who places an advertisement announcing "Sony Televisions on Sale." As long as the retailer does, in fact, sell Sony televisions, under long-established trademark principles, the retailer's advertisement is lawful. Likewise here; because Yahoo!'s policy and practice regarding keyword-triggered advertisements properly qualify as nominative fair use under trademark law, Yahoo! is not liable for any of the claims that American Airlines has asserted in this action.

## ANSWER

1.     In answer to paragraph 1 of the Complaint, Yahoo! denies the allegations in the first sentence of this paragraph. Yahoo! admits the allegations in the second and third sentences of this paragraph. Yahoo! denies the allegations in the fourth and fifth sentences of this paragraph.

2.     In answer to paragraph 2 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained in the first, second, and third sentences

of this paragraph, and therefore denies the allegations. Yahoo! denies the allegations in the fourth sentence of this paragraph.

3.     In answer to paragraph 3 of the Complaint, Yahoo! admits the allegations.

4.     In answer to paragraph 4 of the Complaint, Yahoo! admits the allegations in this paragraph, except to the extent Yahoo! lacks sufficient information to form a belief as to what "many consumers" believe, and therefore denies the allegations in the last sentence.

5.     In answer to paragraph 5 of the Complaint, Yahoo! admits that, consistent with its trademark policy, it offers certain advertisers the opportunity to place paid advertisements that are displayed to Internet users as "Sponsor Results" as the result of searches for particular words and phrases. Yahoo! admits that paid advertisements have appeared and may appear as Sponsor Results based on some searches conducted by Internet users containing words and phrases that American Airlines claims as trademarks and service marks. Yahoo! denies all of the remaining allegations in paragraph 5.

6.     In answer to paragraph 6 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained in the first and last sentences, and therefore denies the allegations. Yahoo! denies all of the remaining allegations in paragraph 6.

## THE PARTIES

7.     In answer to paragraph 7 of the Complaint, Yahoo! admits the allegations.

8.     In answer to paragraph 8 of the Complaint, Yahoo! admits that it is a corporation organized under the laws of the State of Delaware with a principal place of business in Sunnyvale, California. Yahoo! further admits that it advertises, solicits clients, leases office space, and conducts business in the State of Texas and within this District. Yahoo! denies all of the remaining allegations in paragraph 8.

9.     In answer to paragraph 9 of the Complaint, Yahoo! states that Overture Services, Inc. previously was a subsidiary of Yahoo!, but as of October 1, 2008, Overture Services, Inc. has been merged into Yahoo!. The second sentence of this paragraph is vague and ambiguous

with regard to the meaning of "full participant," and "Yahoo!'s practices," and Yahoo! therefore denies the allegation.

## JURISDICTION AND VENUE

10.     In answer to paragraph 10 of the Complaint, Yahoo! admits that American Airlines has alleged claims pursuant to 15 U.S.C. §§ 1114 and 1125 of the Lanham Act, for which this Court would have subject-matter jurisdiction. Yahoo! admits that this Court has supplemental subject-matter jurisdiction over the sorts of state law claims that are alleged in Plaintiff's Complaint.

11.     In answer to paragraph 11 of the Complaint, Yahoo! admits for purposes of this action only that it is a corporation subject to the personal jurisdiction of this Court. Yahoo! denies all allegations in this paragraph regarding unlawful conduct and causing injury.

12.     In answer to paragraph 12 of the Complaint, Yahoo! denies each allegation.

13.     In answer to paragraph 13 of the Complaint, Yahoo! denies that venue is proper in this District. Yahoo! states that venue is proper in the U.S. District Court for the Northern District of California.

## FACTUAL BACKGROUND

14.     In answer to paragraph 14 of the Complaint, Yahoo! admits the allegations.

15.     In answer to paragraph 15 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

16.     In answer to paragraph 16 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

17.     In answer to paragraph 17 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

18.     In answer to paragraph 18 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

19.     In answer to paragraph 19 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

20.     In answer to paragraph 20 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

21.     In answer to paragraph 21 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

22.     In answer to paragraph 22 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

23.     In answer to paragraph 23 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

24.     In answer to paragraph 24 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

25.     In answer to paragraph 25 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

26.     In answer to paragraph 26 of the Complaint, Yahoo! admits that American Airlines promotes its products and services on the Internet through advertising with Yahoo!.

Yahoo! lacks sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 26, and therefore denies the allegations.

27. In answer to paragraph 27 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

28. In answer to paragraph 28 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

29. In answer to paragraph 29 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

30. In answer to paragraph 30 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

31. In answer to paragraph 31 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

32. In answer to paragraph 32 of the Complaint, Yahoo! admits the allegations in the first sentence. Yahoo! lacks sufficient information to form a belief as to allegations about what "many Internet users prefer," and therefore denies the allegations. Yahoo! admits the allegations in the third and fourth sentence of paragraph 32.

33. In answer to paragraph 33 of the Complaint, Yahoo! admits that it provides algorithmic search results based on relevance. Yahoo! lacks sufficient information to form a belief as to the allegations about what "most web users" believe, and therefore denies the allegations. Yahoo! admits the allegation in the last sentence of paragraph 33.

34. In answer to paragraph 34 of the Complaint, Yahoo! states that the allegation is vague and ambiguous, and therefore denies the allegation in paragraph.

35.	In answer to paragraph 35 of the Complaint, Yahoo! admits that when its search engine users enter a query into its search engine, the users identify to Yahoo! that they would like to see a list of search results relevant to that query. Yahoo! admits that it obtains a significant percentage of its profits from "Sponsor Results" advertising, and that "Sponsor Results" advertising allows companies to place their advertising in front of search engine users who have conducted a search on a particular subject. Yahoo! denies the remaining allegations in paragraph 35.

36.	In answer to paragraph 36 of the Complaint, Yahoo! admits that in response to some search queries through Yahoo!'s search engine, Yahoo! provides both algorithmic search results and advertisements, called "Sponsor Results," above, below, and/or alongside the algorithmic search results. Yahoo! denies the remaining allegations in this paragraph.

37.	In answer to paragraph 37 of the Complaint, Yahoo! states that the allegation is unintelligible, and is vague and ambiguous as to "substantially influenced," and therefore denies the allegation.

38.	In answer to paragraph 38 of the Complaint, Yahoo! denies each allegation.

39.	In answer to paragraph 39 of the Complaint, Yahoo! denies each allegation.

40.	In answer to paragraph 40 of the Complaint, Yahoo! denies each allegation.

41.	In answer to paragraph 41 of the Complaint, Yahoo! admits the allegations in the first sentence. Yahoo! denies the allegations in the second sentence. Yahoo admits the allegations in the third sentence. Yahoo! admits that it encourages use of its Yahoo! Go service. Yahoo! admits that it provides mobile advertising services. Yahoo! denies all other allegations in this paragraph.

42.	In answer to paragraph 42 of the Complaint, Yahoo! admits that it offers a program called "Yahoo! Sponsored Search" that displays advertisements to users of Yahoo!'s search engine in the form of "Sponsor Results." Yahoo! disagrees with American Airlines's characterization of "purportedly objective 'natural' search results," but otherwise admits that, subject to and consistent with its trademark policy and other relevant policies and requirements,

8

Yahoo! offers advertisers the ability to select certain "keywords" that may trigger a Sponsor Result linking to the advertiser's chosen website, which Yahoo! will display alongside the organic/natural search results. At times and at the advertiser's request, Yahoo! may suggest keywords for advertisers to consider as potentially relevant to the advertiser's products or services.

43.     In answer to paragraph 43 of the Complaint, Yahoo! is unable to access the web address cited by American Airlines, and therefore lacks sufficient information to form a belief as to whether the allegation is accurate. Yahoo! therefore denies the allegation.

44.     In answer to paragraph 44 of the Complaint, Yahoo! admits that it offers a program called "Advanced Match." Yahoo! disagrees with American Airlines's characterization of its program, and on that basis denies the remaining allegations in this paragraph.

45.     In answer to paragraph 45 of the Complaint, Yahoo! denies the allegation.

46.     In answer to paragraph 46 of the Complaint, Yahoo! denies each allegation.

47.     In answer to paragraph 47 of the Complaint, Yahoo! states that the allegation is vague and ambiguous as to "substantial portions," and states that American Airlines's characterization is not accurate in all circumstances, and therefore denies the allegations in this paragraph.

48.     In answer to paragraph 48 of the Complaint, Yahoo! admits that it offers a program called "Content Match." Yahoo! denies the remaining allegations in this paragraph.

49.     In answer to paragraph 49 of the Complaint, Yahoo! states that the allegations in this paragraph are vague and ambiguous. Yahoo! admits that it has other advertising programs. Yahoo! denies the remaining allegations in this paragraph.

50.     In answer to paragraph 50 of the Complaint, Yahoo! admits that Yahoo!'s trademark policy includes the statement in this allegation.

51.     Yahoo! denies that its trademark policy is deficient.

51(a).  In answer to paragraph 51(a) of the Complaint, Yahoo! admits that its trademark policy states: "If you have a concern that a search term associated with an advertiser's listing is

an improper use of a term that is a trademark, Yahoo! Search Marketing will review the advertiser's listing for compliance with our relevancy guidelines and, if appropriate, Yahoo! Search Marketing will remove the advertiser's listing or the content of the listing's title or description will be modified." Yahoo! disagrees with American Airlines's characterization of its policy and its suggestion that Yahoo! is required to make an affirmative commitment regarding advertisements it accepts. Yahoo! denies the remaining allegations in this paragraph.

51(b). In answer to paragraph 51(b) of the Complaint, Yahoo! denies that it is obligated to make a binding commitment regarding its trademark policy, and denies the allegations in this paragraph.

51(c). In answer to paragraph 51(c) of the Complaint, Yahoo! denies each allegation.

51(d). In answer to paragraph 51(d) of the Complaint, Yahoo! denies each allegation.

52. In answer to paragraph 52 of the Complaint, Yahoo! admits that it has the ability to block the use of particular words as keywords. Yahoo! denies the remaining allegations in this paragraph.

53. In answer to paragraph 53 of the Complaint, Yahoo! denies each allegation.

54. In answer to paragraph 54 of the Complaint, Yahoo! admits that its 2005 Form 10-K contained the language quoted in this paragraph. Yahoo! denies the remaining allegations in this paragraph.

55. In answer to paragraph 55 of the Complaint, Yahoo! admits that American Airlines has not given express permission to use the American Airlines marks. Yahoo! denies the remaining allegations in this paragraph.

56. In answer to paragraph 56 of the Complaint, Yahoo! denies the allegation that it has sold and encouraged "use" of American Airlines's marks. Yahoo! admits that Internet searches through the Yahoo! search engine may trigger the display of "Sponsor Results" promoting companies who pay for their advertisements when clicked upon. Yahoo! admits that, subject to and consistent with Yahoo!'s trademark policy, certain words and terms that American Airlines claims as trademarks and service marks, for example "american airlines," and "AA,"

may trigger the display of "Sponsor Results." Yahoo! denies the remaining allegations in this paragraph.

57.     In answer to paragraph 57 of the Complaint, Yahoo! denies each allegation.

58.     In answer to paragraph 58 of the Complaint, Yahoo! denies the allegation in the first sentence. Yahoo! admits that, subject to and consistent with Yahoo!'s trademark policy, when certain words and terms that American Airlines claims as trademarks and service marks are used for an Internet search through the Yahoo! search engine, "Sponsor Results" regarding advertisers other than American Airlines may be displayed. Yahoo! denies the remaining allegations in this paragraph.

59.     In answer to paragraph 59 of the Complaint, Yahoo! denies each allegation.

60.     In answer to paragraph 60 of the Complaint, Yahoo! admits that, subject to and consistent with Yahoo!'s trademark policy, advertisers have bid to have "Sponsor Results" displayed when certain words and terms that American Airlines claims as trademarks and service marks are searched through the Yahoo! search engine. Yahoo! admits that "Sponsor Results" for these words and terms may have, at certain times in the past, included websites that sell air travel other than from American Airlines, the websites of other airlines, and websites that are unrelated to American Airlines. Yahoo! denies the remaining allegations in this paragraph.

61.     In answer to paragraph 61 of the Complaint, Yahoo! lacks sufficient information to form a belief as to whether the image is a true and accurate screen shot of Yahoo!'s website, and therefore denies the allegations in the first sentence. Yahoo! admits that "Sponsor Results" are depicted in the image, and that certain words and terms that American Airlines claims as trademarks and service marks are depicted in those "Sponsor Results." Yahoo! admits that American Airlines has not authorized Yahoo! to display "Sponsor Results" for advertisers other than American Airlines that incorporate marks that are claimed by American Airlines. Yahoo! denies that it requires any authorization from American Airlines to operate its "Sponsor Results" program in any way. Yahoo! denies using American Airlines's marks in commerce and denies

selling the rights to use American Airlines's marks in commerce. Yahoo! denies the remaining allegations in this paragraph.

62.     In answer to paragraph 62 of the Complaint, Yahoo! lacks sufficient information to form a belief as to whether the image is a true and accurate screen shot of Yahoo!'s website, and therefore denies the allegations in the first sentence. Yahoo! admits that "Sponsor Results" are depicted in the image, and that the term "American Airlines" is depicted in the LowFares.com "Sponsor Results." Yahoo! lacks sufficient information to form a belief as to the relationship between LowFares.com and American Airlines, and lacks sufficient information to form a belief as to the limitations American Airlines has placed on LowFares.com's use of American Airlines's claimed trademarks and service marks. Yahoo! admits that American Airlines has not authorized Yahoo! to display "Sponsor Results" for advertisers other than American Airlines that incorporate marks that are claimed by American Airlines. Yahoo! denies that it requires any authorization from American Airlines to operate its "Sponsor Results" program in any way. Yahoo! denies using American Airlines's marks in commerce and denies selling the rights to use American Airlines's mark in commerce. Yahoo! denies the remaining allegations in this paragraph.

63.     In answer to paragraph 63 of the Complaint, Yahoo! lacks sufficient information to form a belief as to whether the image is a true and accurate screen shot of Yahoo!'s website, and therefore denies the allegations in the second sentence. Yahoo! admits that "Sponsor Results" are depicted in the image, and that certain words and terms that American Airlines claims as trademarks and service marks are depicted in those "Sponsor Results." Yahoo! denies all of the remaining allegations in this paragraph.

64.     In answer to paragraph 64 of the Complaint, Yahoo! lacks sufficient information to form a belief as to whether the image is a true and accurate screen shot of Yahoo!'s website, and therefore denies the allegations in the second sentence. Yahoo! admits that "Sponsor Results" are depicted in the image, and that certain words and terms that American Airlines claims as trademarks and service marks are depicted in those "Sponsor Results." Yahoo! lacks

sufficient information to form a belief as to the remaining allegations in this paragraph, and therefore denies the allegations.

65.     In answer to paragraph 65 of the Complaint, Yahoo! lacks sufficient information to form a belief as to whether the image is a true and accurate screen shot of Yahoo!'s website, and therefore denies the allegations in the second sentence. Yahoo! admits that "Sponsor Results" are depicted in the image, and that certain words and terms that American Airlines claims as trademarks and service marks are depicted in those "Sponsor Results." Yahoo! lacks sufficient information to form a belief as to the remaining allegations in this paragraph, and therefore denies the allegations.

66.     In answer to paragraph 66 of the Complaint, Yahoo! denies each allegation.

67.     In answer to paragraph 67 of the Complaint, Yahoo! admits that it displays "Sponsor Results" for terms that American Airlines claims as trademarks and service marks. Yahoo! states that American Airlines's characterization of the operation of its program is vague and ambiguous, and therefore denies the allegations.

68.     In answer to paragraph 68 of the Complaint, Yahoo! denies the first sentence. Yahoo! admits that it has, at various times, provided different forms of the "Keyword Selector Tools" for advertisers. Yahoo! lacks sufficient information to form a belief as to whether the image is a true and accurate screen shot of Yahoo!'s website at a particular time, and therefore denies the remaining allegations.

69.     In answer to paragraph 69 of the Complaint, Yahoo! lacks sufficient information to form a belief as to whether the images are true and accurate screen shots of Yahoo!'s website, and therefore denies the allegations.

70.     In answer to paragraph 70 of the Complaint, Yahoo! admits that it has, at various times, offered a variety of software features through the Yahoo! "Sponsor Results" advertising program to assist its advertisers. Yahoo! lacks sufficient information to form a belief as to whether the images are true and accurate screen shots of Yahoo!'s website, and therefore denies the remaining allegations.

71. In answer to paragraph 71 of the Complaint, Yahoo! denies each allegation.

72. In answer to paragraph 72 of the Complaint, Yahoo! denies each allegation.

73. In answer to paragraph 73 of the Complaint, Yahoo! denies each allegation.

74. In answer to paragraph 74 of the Complaint, Yahoo! denies each allegation.

75. In answer to paragraph 75 of the Complaint, Yahoo! denies each allegation.

76. In answer to paragraph 76 of the Complaint, Yahoo! denies each allegation.

77. In answer to paragraph 77 of the Complaint, Yahoo! denies the allegation.

78. In answer to paragraph 78 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

79. In answer to paragraph 79 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained in the first sentence, and therefore denies the allegations. Yahoo! denies the remaining allegations in this paragraph.

80. In answer to paragraph 80 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations. Yahoo! denies that American Airlines has been damaged.

81. In answer to paragraph 81 of the Complaint, Yahoo! denies each allegation.

82. In answer to paragraph 82 of the Complaint, Yahoo! denies each allegation.

83. In answer to paragraph 83 of the Complaint, Yahoo! denies that it is using the American Airlines marks in commerce, and denies engaging in any activities that are likely to cause consumer confusion with American Airlines's marks.

83(A). In answer to paragraph 83(A), Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

83(B). In answer to paragraph 83(B), Yahoo! admits that advertisers may pay for "Sponsor Results" when clicked upon for certain search queries containing words and phrases that American Airlines claims as trademarks and service marks. Yahoo! denies the remaining allegations in this section.

83(C). In answer to paragraph 83(C), Yahoo! denies each allegation.

83(D). In answer to paragraph 83(D), Yahoo! admits that it uses the World Wide Web and that its advertisers use the World Wide Web. Yahoo! lacks sufficient information to form a belief as to the truth of the remaining allegations contained in this section, and therefore denies the allegations.

83(E). In answer to paragraph 83(E), Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

83(F). In answer to paragraph 83(F), Yahoo! denies each allegation.

83(G). In answer to paragraph 83(G), Yahoo! denies each allegation.

84. In answer to paragraph 84 of the Complaint, Yahoo! denies each allegation.

## I.

## FIRST CLAIM FOR RELIEF
## FOR FEDERAL TRADEMARK/SERVICE MARK INFRINGEMENT

85. Yahoo! hereby incorporates by reference and realleges each and every response in the foregoing paragraphs as if fully set forth herein.

86. In answer to paragraph 86 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

87. In answer to paragraph 87 of the Complaint, Yahoo! denies each allegation.

88. In answer to paragraph 88 of the Complaint, Yahoo! denies each allegation.

89. In answer to paragraph 89 of the Complaint, Yahoo! denies each allegation.

90. In answer to paragraph 90 of the Complaint, Yahoo! denies each allegation.

91. In answer to paragraph 91 of the Complaint, Yahoo! denies each allegation.

92. In answer to paragraph 92 of the Complaint, Yahoo! denies each allegation.

93. In answer to paragraph 93 of the Complaint, Yahoo! denies each allegation and denies that American Airlines has suffered damages.

94.     In answer to paragraph 94 of the Complaint, Yahoo! denies each allegation and denies that American Airlines has been injured.

95.     In answer to paragraph 95 of the Complaint, Yahoo! denies each allegation.

## II.

### SECOND CLAIM FOR RELIEF
### FOR CONTRIBUTORY TRADEMARK/SERVICE MARK INFRINGEMENT UNDER THE LANHAM ACT

96.     Yahoo! hereby incorporates by reference and realleges each and every response in the foregoing paragraphs as if fully set forth herein.

97.     In answer to paragraph 97 of the Complaint, Yahoo! denies each allegation.

98.     In answer to paragraph 98 of the Complaint, Yahoo! denies each allegation.

99.     In answer to paragraph 99 of the Complaint, Yahoo! denies each allegation.

100.    In answer to paragraph 100 of the Complaint, Yahoo! denies each allegation.

101.    In answer to paragraph 101 of the Complaint, Yahoo! denies each allegation.

102.    In answer to paragraph 102 of the Complaint, Yahoo! denies each allegation.

103.    In answer to paragraph 103 of the Complaint, Yahoo! denies each allegation and denies that American Airlines has suffered damages.

104.    In answer to paragraph 104 of the Complaint, Yahoo! denies each allegation and denies that American Airlines has been harmed.

105.    In answer to paragraph 105 of the Complaint, Yahoo! denies each allegation.

## III.

### THIRD CLAIM FOR RELIEF
### FOR VICARIOUS TRADEMARK/SERVICE MARK INFRINGEMENT UNDER THE LANHAM ACT

106.    Yahoo! hereby incorporates by reference and realleges each and every response in the foregoing paragraphs as if fully set forth herein.

107.    In answer to paragraph 107 of the Complaint, Yahoo! denies each allegation.

108.    In answer to paragraph 108 of the Complaint, Yahoo! denies each allegation.

109.    In answer to paragraph 109 of the Complaint, Yahoo! denies each allegation.

110. In answer to paragraph 110 of the Complaint, Yahoo! denies each allegation.

111. In answer to paragraph 111 of the Complaint, Yahoo! denies each allegation.

112. In answer to paragraph 112 of the Complaint, Yahoo! denies each allegation and denies that American Airlines has suffered damages.

113. In answer to paragraph 113 of the Complaint, Yahoo! denies each allegation and denies that American Airlines has been harmed.

114. In answer to paragraph 114 of the Complaint, Yahoo! denies each allegation.

## IV.

### FOURTH CLAIM FOR RELIEF
### FOR FALSE REPRESENTATION UNDER THE LANHAM ACT

115. Yahoo! hereby incorporates by reference and realleges each and every response in the foregoing paragraphs as if fully set forth herein.

116. In answer to paragraph 116 of the Complaint, Yahoo! denies each allegation.

117. In answer to paragraph 117 of the Complaint, Yahoo! denies each allegation.

118. In answer to paragraph 118 of the Complaint, Yahoo! denies each allegation.

119. In answer to paragraph 119 of the Complaint, Yahoo! denies each allegation.

120. In answer to paragraph 120 of the Complaint, Yahoo! denies each allegation and denies that American Airlines has suffered damages.

121. In answer to paragraph 121 of the Complaint, Yahoo! denies each allegation and denies that American Airlines has been harmed.

122. In answer to paragraph 122 of the Complaint, Yahoo! denies each allegation.

## V.

### FIFTH CLAIM FOR RELIEF
### FOR DILUTION UNDER THE LANHAM ACT

123. Yahoo! hereby incorporates by reference and realleges each and every response in the foregoing paragraphs as if fully set forth herein.

124. In answer to paragraph 124 of the Complaint, Yahoo! denies each allegation.

125. In answer to paragraph 125 of the Complaint, Yahoo! denies each allegation.

126. In answer to paragraph 126 of the Complaint, Yahoo! denies each allegation.

127. In answer to paragraph 127 of the Complaint, Yahoo! denies each allegation.

128. In answer to paragraph 128 of the Complaint, Yahoo! denies each allegation and denies that American Airlines has suffered damages.

129. In answer to paragraph 129 of the Complaint, Yahoo! denies each allegation and denies that American Airlines has been harmed.

130. In answer to paragraph 130 of the Complaint, Yahoo! denies each allegation.

## VI.

### SIXTH CLAIM FOR RELIEF
### FOR TRADEMARK INFRINGEMENT UNDER TEXAS LAW

131. Yahoo! hereby incorporates by reference and realleges each and every response in the foregoing paragraphs as if fully set forth herein.

132. Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

133. In answer to paragraph 133 of the Complaint, Yahoo! denies each allegation and denies that American Airlines has been injured.

134. In answer to paragraph 134 of the Complaint, Yahoo! denies each allegation.

## VII.

### SEVENTH CLAIM FOR RELIEF
### FOR TRADEMARK DILUTION UNDER TEXAS LAW

135. Yahoo! hereby incorporates by reference and realleges each and every response in the foregoing paragraphs as if fully set forth herein.

136. Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

137. In answer to paragraph 137 of the Complaint, Yahoo! denies each allegation and denies that American Airlines has suffered damages.

138. In answer to paragraph 138 of the Complaint, Yahoo! denies each allegation.

## VIII.

## EIGHTH CLAIM FOR RELIEF
## FOR UNFAIR COMPETITION UNDER TEXAS LAW

139.     Yahoo! hereby incorporates by reference and realleges each and every response in the foregoing paragraphs as if fully set forth herein.

140.     In answer to paragraph 140 of the Complaint, Yahoo! denies each allegation.

141.     In answer to paragraph 141 of the Complaint, Yahoo! denies each allegation and denies that American Airlines has suffered damages.

142.     In answer to paragraph 142 of the Complaint, Yahoo! denies each allegation and denies that American Airlines has been harmed.

143.     In answer to paragraph 143 of the Complaint, Yahoo! denies each allegation.

## IX.

## NINTH CLAIM FOR RELIEF
## MISAPPROPRIATION UNDER TEXAS LAW

144.     Yahoo! hereby incorporates by reference and realleges each and every response in the foregoing paragraphs as if fully set forth herein.

145.     Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

146.     In answer to paragraph 146 of the Complaint, Yahoo! denies each allegation.

147.     In answer to paragraph 147 of the Complaint, Yahoo! denies each allegation and denies that American Airlines has suffered damages.

148.     In answer to paragraph 148 of the Complaint, Yahoo! denies each allegation and denies that American Airlines has been harmed.

149.     In answer to paragraph 149 of the Complaint, Yahoo! denies each allegation.

## X.

## TENTH CLAIM FOR RELIEF
## TORTIOUS INTERFERENCE WITH CONTRACT

150.     Yahoo! hereby incorporates by reference and realleges each and every response in the foregoing paragraphs as if fully set forth herein.

151.     Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

152.     In answer to paragraph 152 of the Complaint, Yahoo! denies each allegation.

153.     In answer to paragraph 153 of the Complaint, Yahoo! denies that it operates a "Sponsored Links" program or an "AdWords" program.  Yahoo! denies all other allegations in this paragraph.

154.     In answer to paragraph 154 of the Complaint, Yahoo! denies each allegation.

155.     In answer to paragraph 155 of the Complaint, Yahoo! denies each allegation and denies that American Airlines has suffered damages.

156.     In answer to paragraph 156 of the Complaint, Yahoo! denies each allegation and denies that American Airlines has been harmed.

157.     In answer to paragraph 157 of the Complaint, Yahoo! denies each allegation.

## XI.

### ELEVENTH CLAIM FOR RELIEF
### MONEY HAD AND RECEIVED

158.     Yahoo! hereby incorporates by reference and realleges each and every response in the foregoing paragraphs as if fully set forth herein.

159.     Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

160.     In answer to paragraph 160 of the Complaint, Yahoo! denies that it operates a "Sponsored Links" program.  Yahoo! denies each allegation.

161.     In answer to paragraph 161 of the Complaint, Yahoo! denies each allegation.

162.     In answer to paragraph 162 of the Complaint, Yahoo! denies each allegation.

163.     In answer to paragraph 163 of the Complaint, Yahoo! denies each allegation and denies that American Airlines has been harmed.

164.     In answer to paragraph 164 of the Complaint, Yahoo! denies each allegation.

## PRAYER FOR RELIEF

Yahoo! denies that American Airlines is entitled to any of the relief it seeks in its prayer for relief.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, Yahoo! asserts the following affirmative and other defenses and reserves the right to amend its Answer as additional information becomes available.

### FIRST DEFENSE
### (Failure to State a Claim)

American Airlines fails to state facts sufficient to constitute any cause of action.

### SECOND DEFENSE
### (Nominative Use)

American Airlines's claims are barred, in whole or in part, by the doctrine of nominative use.

### THIRD DEFENSE
### (Fair Use)

American Airlines's claims are barred, in whole or in part, by the doctrine of fair use.

### FOURTH DEFENSE
### (No Damages)

Yahoo! states that American Airlines has not been damaged in any amount, manner, or at all by reason of any act alleged against Yahoo! in the Complaint.

### FIFTH DEFENSE
### (Freedom of Speech)

American Airlines's claims are barred, in whole or in part, by the free speech protection of the Constitutions of the United States, the State of Texas, and the State of California.

## SIXTH DEFENSE
### (Limited Remedies by Statute)

Assuming without admitting that any infringement or other wrongful conduct occurred, American Airlines's remedies are limited by statute, including but not limited to U.S.C. § 1114 (2) of the Lanham Act.

## SEVENTH DEFENSE
### (Limited Remedies under Contract)

Assuming without admitting that any infringement or other wrongful conduct occurred, American Airlines's remedies are limited by operation of contract, including but not limited to paragraph 10 of Yahoo!'s Master Terms and Conditions and Program Terms.

## EIGHTH DEFENSE
### (Trademark Misuse)

American Airlines's claims are barred by the doctrine of trademark misuse.

### NINTH DEFENSE
### (Statutes of Limitation)

American Airlines's claims are barred by the operative statutes of limitation.

## TENTH DEFENSE
### (Laches)

American Airlines's claims are barred by the doctrine of laches.

## ELEVENTH DEFENSE
### (Unclean Hands)

American Airlines's claims are barred by the doctrine of unclean hands.

## TWELFTH DEFENSE
### (Preemption)

American Airlines's state law claims are barred, in whole or in part, on the ground that they conflict with, and are preempted by, federal law.

## THIRTEENTH DEFENSE
### (Failure to Mitigate)

American Airlines has failed to mitigate its damages, if any.

## FOURTEENTH DEFENSE
### (Estoppel)

American Airlines is estopped, in whole or in part, from asserting the claims alleged, and obtaining the relief requested in the Complaint against Yahoo!, by reason of American Airlines's conduct, actions, and communications to others, including but not limited to Yahoo!.

## FIFTEENTH DEFENSE
### (Waiver)

American Airlines has waived, in whole or in part, any rights it may have had to institute an action for the alleged wrongdoings of which it complains by reason of American Airlines's conduct, actions, and communications to others, including but not limited to Yahoo!.

## SIXTEENTH DEFENSE
### (Plaintiff's Own Conduct)

American Airlines's recovery, if any, should be diminished, or entirely barred under Texas law, to the extent that its damages were caused by its own intentional conduct or negligent conduct.

## SEVENTEENTH DEFENSE
### (Privilege and Justification)

Yahoo! was at all times privileged and justified in taking the actions alleged in the Complaint. Accordingly, Yahoo! cannot be liable for damages, if any, arising from the allegations in the Complaint.

### EIGHTEENTH DEFENSE
**(Adequate Remedy at Law)**

American Airlines's requests for injunctive relief are barred because American Airlines has an adequate remedy at law.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Yahoo! demands a trial by jury as to all issues so triable in this action.

Dated: February 9, 2009

Respectfully submitted,

*David F. Chappell*

David F. Chappell
Texas State Bar No. 04141000
dchappell@canteyhanger.com
Scott A. Fredricks
Texas State Bar No. 24012657
sfredricks@canteyhanger.com
CANTEY HANGER LLP
Cantey Hanger Plaza
600 West Sixth Street, Suite 300
Fort Worth, Texas 76102
Telephone:  (817) 877-2800
Fax:  (817) 877-2807

Michael A. Jacobs (*pro hac vice*)
mjacobs@mofo.com
Lynn M. Humphreys  (*pro hac vice*)
lhumphreys@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105-2482
Telephone:  (415) 268-7000
Fax:  (415) 268-7522

Attorneys for Defendants YAHOO! INC.
and OVERTURE SERVICES, INC.
d/b/a YAHOO! SEARCH MARKETING

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true copy of the foregoing document has been served on counsel of record as follows:

Dee J. Kelly                                   *Via Hand Delivery*
Dee J. Kelly, Jr.
Lars L. Berg
Kelly Hart & Hallman, LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102

Frederick Brown                               *Via First Class Mail*
George A. Nicoud III
Jason Stavers
Gibson, Dunn & Crutcher LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-2933

Howard S. Hogan                               *Via First Class Mail*
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036

Date: February 9, 2009

_David F. Chappell_
David F. Chappell