

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2009 MAR 12  PM 3: 15

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Fort Worth Division

---

AMERICAN AIRLINES, INC.,

    Plaintiff,

  -v.-

YAHOO! INC. and OVERTURE SERVICES, INC.
d/b/a YAHOO! SEARCH MARKETING,

    Defendants.

No. 4:08-CV-626-A

---

## JOINT STATUS REPORT

Pursuant to the Court's February 10, 2009 order, plaintiff American Airlines, Inc. ("American"), and defendants Yahoo! Inc. and Overture Services, Inc. d/b/a Yahoo! Search Marketing (collectively "Yahoo!"), submit this Joint Status Report.

**1.**    **Nature of the Case and Contentions of the Parties:**

    **A.**    **Plaintiff's Contentions:**

This lawsuit is about unfair and unlawful competition. American filed suit to stop Yahoo! from "selling" American's trademarks and service marks (the "AA Marks") as "keywords" on Yahoo!'s internet search engine and to stop Yahoo from encouraging advertisers to infringe the AA Marks. When an internet user enters one of the AA Marks into Yahoo!'s search engine, it triggers a "Sponsor Result" that many consumers do not even recognize as advertisements. In many instances, the text and titles of these "Sponsor Results" include AA Marks or terms confusingly similar to those marks. Instead of directing consumers to the AA

- Page 1

Dockets.Justia.com

website that they seek, these "Sponsor Results" misdirect a consumer other websites. Internet users searching for AA's website to do business with AA are thereby diverted by Yahoo!'s actions to third-party websites, causing significant consumer confusion and costing AA millions of dollars each year in lost sales or damaged relationships with consumers. Yahoo!'s conduct gives rise to both claims under the Lanham Act and various Texas state law claims. Yahoo's many defenses, including the nominative fair use, do not apply to Yahoo and in any case, Yahoo can not meet the elements of the defense. The cases cited by Yahoo below do not, in fact, support their position.

B.     Defendant's Contentions:

Through this lawsuit, American essentially seeks to block Yahoo! from accepting advertisements from authorized, legitimate resellers of American Airlines tickets who simply wish to advertise the fact that they sell American Airlines tickets. In connection with its well-known Internet search engine, Yahoo! sells to advertisers the opportunity to place sponsored advertisements on the search results page under the heading "Sponsor Results." Advertisers bid on certain "keywords" so that their ads will appear on the Yahoo! search results page when an Internet user performs a search using those keywords.

American has sued Yahoo! based on Yahoo!'s acceptance of certain keyword-triggered advertisements triggered by and containing the claimed trademarks of American. American objects because Yahoo!'s trademark policy allows legitimate resellers of American Airlines tickets, such as travel portal websites, to bid on keywords that include the trademark "American Airlines."

American's claims against Yahoo! under the Lanham Act and various Texas state laws are unfounded. Yahoo!'s trademark policy and practices are consistent with well-accepted principles of trademark law, which allows legitimate sellers of another party's goods to use the

associated trademarks to advertise the fact that they sell such goods. *See Pebble Beach Co. v. Tour 18 I Ltd.,* 155 F.3d 526, 545-46 (5th Cir. 1998); *Mary Kay, Inc. v. Weber*, 2009 U.S. Dist. LEXIS 13314 at * 30-37 (N.D. Tex. Feb. 20, 2009) (holding that nominative fair use doctrine applies to purchase of keyword advertisements so long as advertisements do not improperly suggest affiliation or endorsement). Yahoo!'s policy allows only for such "nominative fair use" of a third-party's trademark in keyword-triggered advertising. Yahoo!'s trademark policy offers even more protection than what is legally required by disallowing advertisers from bidding on a competitor's trademark as a keyword. Moreover, Yahoo! will specifically scrutinize any advertisements it receives connected to an American trademark to assure that the advertisement complies with trademark law. Because Yahoo!'s policy permits only nominative fair use of trademarks in connection with keyword-triggered advertisements, Yahoo! is not liable for any of the claims that American Airlines has asserted in this action.

Even if some particular advertisement submitted by a reseller is found to infringe American's trademarks, Yahoo! is protected from damages liability by the Lanham Act safe harbor (15 U.S.C. § 1114(2)), since Yahoo! is a website that displays large numbers of third-party advertisements without specific awareness of their contents.

Yahoo! also asserts other affirmative defenses to American's claims, including no damages, freedom of speech, trademark misuse, statute of limitations, laches, unclean hands, premption, failure to mitigate, estoppel, waiver, plaintiff's own conduct, privilege and justification, adequate remedy at law, and the contractual limitation on remedies arising under Yahoo!'s Master Terms and Conditions and Program Terms.

**2.      Any challenge to jurisdiction or venue:**

On November 24, 2008, Yahoo! filed a Motion to Transfer, seeking to transfer this litigation to the United States District Court for the Northern District of California on the

grounds of a purported forum selection clause. This Court denied Yahoo!'s motion on January 16, 2009. Yahoo! subsequently sought a writ of mandamus from the United States Court of Appeals for the Fifth Circuit, requesting that the court vacate this Court's January 16, 2009 order and remand with instructions to transfer the case to the Northern District of California. The Fifth Circuit has not yet indicated if it will entertain Yahoo!'s petition.

**3.      Any pending motions:**

No motions are pending at this time.

**4.      Any matters which require a conference with the court:**

No conference is required at this time.

**5.      Likelihood other parties will be joined, identity of potential parties and an estimate of the time needed for joinder:**

**A.      Plaintiff's Contentions:**

American does not believe there is any need to join any third parties.

**B.      Defendant's Contentions:**

Yahoo! anticipates that several third parties whose advertisements on Yahoo!'s website and whose contracts with Plaintiff are at issue in this case may need to be (1) joined as necessary parties pursuant to Fed. R. Civ. P. 19, and/or (2) designated as responsible third parties pursuant to Tex. Civ. Prac. & Rem. Code § 33.004. These third parties may include online airline ticket sellers and online sellers of tickets to events at the American Airlines Center. Yahoo! will need to secure some discovery from Plaintiff to determine which third parties to join and/or designate. Yahoo! will promptly file a motion to join and/or designate the third parties once it has completed the necessary discovery.

6.  **Requested trial date, estimate of length of trial and whether jury has been demanded:**

The parties request a trial date of January 18, 2010 and estimate that the case will take 5 (five) days to try. A jury trial has been demanded.

7.  **Prospects for settlement and status of any settlement negotiations:**

a)  Prospect for settlement: Remains uncertain.

b)  Status of Settlement Negotiations: The parties conducted the face-to-face settlement conference required by the Court's order, but a settlement was not reached. Before American filed suit, the parties had extensive settlement negotiations.

8.  **Any other matters relevant to the status and disposition of the case:**

None.

9.  **Settlement Conference:**

A face-to-face settlement conference was held on February 19, 2009 at the Fort Worth office of Kelly, Hart & Hallman. The following people attended the conference in person:

(a)  For American Airlines, Inc.:

Corporate Representative: Derek DeCross, Managing Director, Interactive Marketing, American Airlines

In House Counsel: Donald Broadfield, American Airlines

Lead Counsel: Frederick Brown

Additional Counsel: Dee Kelly, Jr. and Lars Berg

(b)  For Yahoo! Inc.

Corporate Representative: Reggie Davis, Vice President of Network Quality, Yahoo! Inc.; Carmen Arenal, Director of Legal Services, Yahoo! Inc.

In House Counsel: Lisa McFall, Yahoo! Inc.

Lead Counsel: Michael Jacobs

Additional Counsel: David Chappell and Scott Fredricks

Meaningful progress toward settlement was not made. The prospect for settlement remains uncertain.

## PROPOSED DISCOVERY PLAN

Pursuant to Rule 26(f), the parties submit the following proposed discovery plan.

**1.      Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)**

Initial disclosures required by Rule 26(a)(1) will be made at the same time a party responds to the first written discovery request.

**2.      Subjects on which discovery will be needed**

**Plaintiff**

At this time, Plaintiff anticipates needing discovery from Defendant sufficient to establish each cause of action in the Complaint, including but not limited to, information relating to: Defendant's internet advertising programs; the sale and other uses of Plaintiff's trademarks and/or confusingly similar words/terms; the algorithms and other technologies used in the internet advertising program; Defendant's trademark policies; the development of "Sponsor Results;" the identities of advertisers and clients of Defendant; actual advertisements triggered by Plaintiff's trademarks or confusingly similar words/terms; consumer studies conducted by Defendants relating to "Sponsor Results" or other aspects of its internet advertising programs; communications with clients about internet advertising and promotion of its internet advertising programs; and financial information sufficient to establish the damages/other relief sought in the Complaint. Discovery may also be required of third parties relating to the foregoing information. Plaintiff reserves the right to seek additional discovery as needed.

**Defendant**

Defendant Yahoo! anticipates that it will require discovery from Plaintiff on at least the following topics: (1) Plaintiff's trademarks that were allegedly infringed by keyword advertising on Yahoo! websites; (2) keyword advertisements, including Sponsor Results, on Yahoo! websites that allegedly infringed Plaintiff's trademarks; (3) studies and other information concerning any alleged consumer confusion arising from keyword advertisements on Yahoo! websites; (4) Plaintiff's own keyword advertising activity on Yahoo! and other search engines; (5) Plaintiff's revenues, costs, and profits associated with ticket sales on its website arising from Yahoo! organic search results and Yahoo! Sponsor Results; (6) contracts between Plaintiff and third-party ticket sellers concerning the sales of Plaintiff's airline tickets, and (7) other information concerning Plaintiff's relationship with the third-party ticket sellers, including any settlements of disputes with those third parties. Additionally, Yahoo! may seek discovery from third-party ticket sellers concerning their relationship with Plaintiff and their advertising on Yahoo!. Yahoo! reserves the right to seek additional discovery as needed.

**3.  Issues Relating to Electronically Stored Information**

American believes that Yahoo! has substantial ESI which it captures, retains, and analyzes as part of its business functions and as a service to its customers. Indeed, American believes that Yahoo! conducts most of its business using ESI and the only way that American can prove its case is through the ESI that Yahoo! uses in its business. American has informed Yahoo! that American will be seeking the production of not only ESI typically stored on its conventional databases and systems but also its proprietary or third party instant messages, text messages, and voice mails for example. American further believes that some of this ESI is highly relevant to this action, because it provides a record of the many thousands of searches and

"Sponsor Results" that have been served in connection with the AA Marks. Accordingly, American intends to conduct detailed discovery of Yahoo's! ESI, including without limitation the nature of Yahoo!'s ESI: how it is captured and stored, what analysis is performed, and what tools are available for its review.

Furthermore, American contends that the mechanisms by which Yahoo! analyzes search terms and keywords, with respect to its internet advertising programs, are the means by which Yahoo! violates American's trademark rights, and only through a careful analysis of those mechanisms can American gauge the scale of its injuries and explain the nature of the violations to the Court and the jury.

American also will explore Yahoo's! compliance with its obligations to retain relevant ESI and other information once American indicated that it was seriously considering bringing a lawsuit for Yahoo's! trademark and related infractions.

Yahoo! anticipates that much, if not all, of the information Yahoo! will seek from Plaintiff will be in electronic form. In particular, Yahoo! will seek discovery regarding the volume of web users directed to Plaintiff's website through organic search results and Sponsor Results on Yahoo!'s website, as well as the conversion rate with respect to those web users.

**4.** **Issues Relating to Claims of Privilege or of Protection as Trial-Preparation Material**

The parties have entered into an appropriate confidentiality agreement that covers their own confidential information and that of third parties.

**5.** **Changes or Limitations on Discovery**

**A.** **Agreed Position:**

The parties jointly request that each side be permitted a total of 14 depositions, inclusive of expert and third-party depositions, with the Rule 30(b)(6) depositions of the parties being counted as one such deposition.

**B.     Defendant's Additional Contentions:**

Yahoo! believes that, with respect to third-party discovery, the parties may need to take numerous third-party depositions, the number of which could exceed the proposed deposition limit.   American's claims implicate third parties whose advertisements on Yahoo! underlie American's accusations of trademark infringement.   American alleges, *inter alia*, that it was damaged when Internet users chose to navigate to and purchase tickets from third party websites instead of the American website, and hence that these advertisements caused confusion. Yahoo!'s liability defense is, in part, that these advertisements represented a nominative fair use. That defense turns, in part, on facts in the possession of the third-party advertisers.   American's damages claims also turn on such facts.   Yahoo! will seek leave of the Court to take additional third-party depositions beyond the proposed limit, if necessary.

## 6.     <u>Other Orders</u>

The parties do not anticipate at this time that the case will require any other orders under Fed. R. Civ. P. 26(c), 16(b) or (c).

Respectfully submitted,

Dee J. Kelly
State Bar No. 11217000
Dee J. Kelly, Jr.
State Bar No. 11217250
Lars L. Berg
State Bar No. 00787072
Michael D. Anderson
State Bar No. 24031699
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Phone: (817) 332-2500
Fax: (817) 878-9280

Of Counsel:

Howard S. Hogan
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 955-8500
Fax: (202) 467-0539

Frederick Brown
George A. Nicoud III
Jason B. Stavers
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Phone: (415) 393-8200
Fax: (415) 986-5309

**ATTORNEYS FOR AMERICAN AIRLINES, INC.**

_David F. Chappell_

David F. Chappell
Texas State Bar No. 04141000
Scott A. Fredricks
Texas State Bar No. 24012657
CANTEY HANGER LLP
Cantey Hanger Plaza
600 West Sixth Street, Suite 300
Fort Worth, Texas 76102
Telephone: (817) 877-2800
Fax: (817) 877-2807

Of Counsel:

Michael A. Jacobs (*pro hac vice*)
Lynn M. Humphreys (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Fax: (415) 268-7522

**ATTORNEYS FOR YAHOO! INC. and OVERTURE
SERVICES, INC. d/b/a YAHOO! SEARCH
MARKETING**

<u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that a true and correct copy of the foregoing document has been served on all parties as indicated below on March 12, 2009.

*Via Hand Delivery*
David F. Chappell
Scott A. Fredricks
**CANTEY HANGER LLP**
600 West Sixth Street, Suite 300
Fort Worth, TX 76102

*Via Facsimile*
Michael A. Jacobs
**MORRISON & FORRESTER LLP**
425 Market Street
San Francisco, CA 94105

_Lars L. Berg_

Lars L. Berg