

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN AIRLINES, INC., <br><br> Plaintiff, <br><br> -v.- <br><br> YAHOO! INC. and OVERTURE SERVICES, INC. d/b/a YAHOO! SEARCH MARKETING, <br><br> Defendants. | Case No. 4:08-CV-626-A |

### DEFENDANTS' OPPOSED MOTION & BRIEF TO EXTEND DEADLINE TO DESIGNATE EXPERTS & SET REBUTTAL EXPERT DEADLINE AND REQUEST FOR EXPEDITED CONSIDERATION

Defendants Yahoo! Inc. and Overture Services, Inc. d/b/a Yahoo! Search Marketing (collectively "Yahoo!") file this opposed motion and brief to (1) extend the initial deadline to designate experts and (2) set a deadline for designating rebuttal experts. Because the current deadline for expert designations and disclosures is this Friday, August 7, 2009, Yahoo! respectfully requests expedited consideration.

### I.
### An Extension Until September 1, 2009 is Warranted

The Court's March 13, 2009 Order Setting Schedule and Providing Special Pretrial Instructions [Document No. 38] provides, in pertinent part, that: "Each party shall designate experts by filing a written designation including the name, address, and telephone number of each expert who may be called to testify and make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by serving the required written reports at least 120 days before the pretrial conference date." Order at p. 6, para. 15. The Court set the pre-trial conference for 9:30 a.m. on December 7, 2009. Order at p. 2, para. 5. Accordingly, the parties' deadline to designate experts and otherwise comply with Rule 26(a)(2) is August 7, 2009.

The parties remain actively engaged in the discovery process and large quantities of data and documents have been exchanged between the parties. Notwithstanding these efforts, much of this data has only just been produced to Yahoo! and significant third-party discovery has yet to be completed. For example, despite Yahoo!'s efforts to obtain data and documents from Plaintiff American Airlines ("AA") concerning AA's search engine marketing efforts, AA stated that virtually all of this data remained in the possession, custody and control[1] of its advertising agencies TM Advertising ("TM") and Reprise Media, Inc. ("Reprise"). On May 27, 2009, subpoenas were served on TM and Reprise. Though certain records produced by TM and Reprise in the Google litigation were re-produced to Yahoo!, not until the afternoon of July 31, 2009 was a hard drive containing over 920,000 additional Bates-labeled records produced to Yahoo! by AA's lead counsel, which has also represented TM and Reprise in connection with the subpoenas. Yahoo!'s experts would like additional time to fully review and analyze these records before finalizing their reports.

The status of third-party discovery in this matter also counsels for an extension. AA claims that infringing advertisements have been placed in Yahoo!'s system by third-party online travel agents and meta-search engines. AA also claims that Yahoo!'s keyword advertising system has tortiously interfered with AA's contracts with certain online travel agents. However, AA's complaint fails to specify which of these entities placed infringing ads or were interfered with. Accordingly, among Yahoo!'s initial discovery requests were interrogatories seeking the identities of these third-parties but not a single entity was named by AA in response. Given the schedule of this case, Yahoo! proceeded to serve subpoenas on 17 online travel agencies and

---

[1] AA's contracts with TM and Reprise appear to contradict this claim, instead vesting ownership of this tangible (documents) and intangible (data) property in AA. *See, e.g., Cochrane Consulting v. Uwatec USA*, 102 F.3d 1224, 1229-30 (Fed. Cir. 1996) (holding that documents are deemed within the control of a party if the party has the legal right to obtain the documents on demand); *Cadle Co. v. Terrell*, No. 4:01-CV-399-E, 2001 U.S. Dist. LEXIS 21944, at *15-16 (N.D. Tex. Jan. 7, 2001) (same). Nevertheless, AA's lead counsel (who also represents TM and Reprise) offered to accept service of subpoenas on these entities and produce documents forthwith. Rather than dispute AA's claimed inability to obtain these documents and data from its agencies, Yahoo! opted to accede to AA's request to obtain this information via third-party subpoenas.

meta-search engines in late June with late July response dates. On July 9, 2009, AA finally identified 28 entities it claimed has placed infringing ads on Yahoo!, nine of whom Yahoo! had already served with subpoenas.[2] While a few of these entities have produced documents, most of the largest advertisers have lodged objections on which Yahoo! is conferring and attempting to work through. Yahoo! would like its experts to have the opportunity to review these third-party records to determine their impact, if any, on their opinions.

For the reasons expressed above, Yahoo! requests an extension until September 1, 2009 to prepare expert reports. This extension of the initial expert deadline will not affect any other Court deadlines, and will not delay the trial of this case.

## II.
## An October 1, 2009 Deadline for Rebuttal Experts is also Warranted

This case presents complex issues on which experts will be utilized in both the liability and damage phases of the case. On liability, the parties will be presenting experts (pro and con) on, among other things, whether there is a likelihood of consumer confusion arising from Yahoo!'s conduct. On damages, there will also be complex reports taking into account consumer behavior on the internet, the role and cost of online travel agencies in AA's overall ticket distribution system, and many other factors. The complicated nature of this case warrants the use of rebuttal experts. FED. R. CIV. P. 26(a)(2)(C)(ii).[3] Moreover, having rebuttal experts will promote the exchange of information between the parties and evaluation of the case by them. Accordingly, Yahoo! requests that the parties be allowed an additional 30 days, until October 1, 2009, to designate rebuttal experts. Setting this deadline also will not affect any other Court deadlines, and will not delay the trial of this case.

---

[2] AA still has not identified the entities with whom Yahoo! has tortiously interfered.

[3] "[I]n most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue." FED. R. CIV. P. 26 advisory committee's note.

### III.
### Proposed Schedule for Designation of Experts

For the foregoing reasons, Yahoo! respectfully requests the following schedule for expert designations:

| | |
|---|---|
| September 1, 2009 | Each party shall designate any expert for any issue on which that party has the burden of proof, by filing a written designation including the name, address, and telephone number of each expert who may be called to testify and make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by serving the required written reports. |
| October 1, 2009 | Each party shall designate any rebuttal experts to the experts designated on September 1, 2009, by filing a written designation including the name, address, and telephone number of each expert who may be called to testify and make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by serving the required written reports. |

### PRAYER

Yahoo! is not in this motion seeking to hold AA responsible for discovery delays; this is a large case and both parties have a lot of work to do. Rather, Yahoo! seeks an extension in the schedule to allow for additional discovery work to be completed before expert reports are submitted and to set a schedule for rebuttal reports because that is what makes sense here. For these reasons Yahoo! respectfully requests that the Court grant this motion and make an order extending the deadline to designate experts and set the deadline for rebuttal experts as described above.

Respectfully submitted,

*[signature: Scott Fredricks]*

David F. Chappell
Texas State Bar No. 04141000
Scott A. Fredricks
Texas State Bar No. 24012657
CANTEY HANGER LLP
Cantey Hanger Plaza
600 West Sixth Street, Suite 300
Fort Worth, Texas 76102
Telephone: (817) 877-2800
Fax: (817) 877-2807

Michael A. Jacobs (*pro hac vice*)
Lynn M. Humphreys (*pro hac vice*)
Daniel P. Muino (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Fax: (415) 268-7522

Attorneys for Defendants
YAHOO! INC. and OVERTURE SERVICES,
INC. d/b/a YAHOO! SEARCH MARKETING

## CERTIFICATE OF CONFERENCE

I certify that on July 31, 2009, Michael Jacobs (counsel for Defendants) conferred with Frederick Brown (counsel for American Airlines) on the foregoing motion. Also, on August 3, 2009, Scott Fredricks (counsel for Defendants) conferred with Dee J. Kelly, Jr. (counsel for American Airlines) on the foregoing motion. Mr. Kelly stated that American Airlines is opposed to any modifications to the court's scheduling order at this time.

*[signature: Scott Fredricks]*

Scott A. Fredricks

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on Defendants' counsel, as indicated below, on the __3rd__ day of August 2009:

| | |
|---|---|
| Dee J. Kelly<br>Dee J. Kelly, Jr.<br>Lars L. Berg<br>KELLY HART & HALLMAN, LLP<br>201 Main Street, Suite 2500<br>Fort Worth, TX 76102 | *Via Hand Delivery* |
| Frederick Brown<br>George A. Nicoud III<br>Jason Stavers<br>GIBSON, DUNN & CRUTCHER LLP<br>One Montgomery Street, Suite 3100<br>San Francisco, CA 94104 | *Via Federal Express* |
| Howard S. Hogan<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036 | *Via Federal Express* |

_____
Scott A. Fredricks