**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS FORT WORTH DIVISION**

AMERICAN AIRLINES, INC.,

Plaintiff,

-v.-

YAHOO! INC. and OVERTURE SERVICES, INC. d/b/a YAHOO! SEARCH MARKETING,

Defendants.

No. 4:08-CV-626-A

## AMERICAN AIRLINE'S OPPOSITION TO DEFENDANTS' MOTION TO EXTEND DEADLINES REGARDING EXPERTS AND BRIEF IN SUPPORT

Yahoo offers no substantive reason for changing the pre-trial schedule and fails to even acknowledge Federal Rule of Civil Procedure 16(b)(4) and Fifth Circuit case law requiring a showing of good cause and reasonable diligence to change a scheduling order. *See Southwestern Bell Tele. Co. v. City of El Paso*, 346 F.3d 541, 546-47 (5th Cir. 2003) (the good cause standard of FRCP Rule 16(b)(4) ultimately "requires the party seeking relief to show the deadlines cannot reasonably be met despite the diligence of the party needing the extension."). The schedule for disclosure of experts was ordered by the Court on March 13, 2009, as part of the pre-trial order process. Yahoo has offered no facts, nor could it, to show that it acted with reasonable diligence to meet the expert deadline. Further, the relief requested by Yahoo will jeopardize the remainder of the pre-trial schedule and will prejudice American Airlines, Inc. ("American").

Yahoo's primary excuse for its motion – the timing of third-parties' production of documents – could have been easily avoided by Yahoo had it not delayed serving third-party

American Airlines, Inc. v. Yahoo! Inc. et al    Doc. 61

Dockets.Justia.com

subpoenas for months after the complaint was filed in October 2008. Yahoo told the Court in the March 12, 2009 Joint Status Report that it would need "discovery from third-party ticket sellers concerning their relationship with Plaintiff and their advertising on Yahoo!." Joint Status Report at 7. Yahoo, however, served its third-party subpoenas late, some as late as July 2009. In addition, its subpoenas were far too broad, thus imposing onerous burdens and inviting objections from the third-parties that would cause foreseeable delays in the production of documents. Yahoo's lack of diligence in initiating third-party discovery falls far short of the good cause standard.

Yahoo also was not diligent in initiating the expert report process to ensure that the August 7 deadline could be met. Pursuant to the Confidentiality Agreement between the parties, experts had to be disclosed before confidential information necessary for the creation of the reports could be provided to them. Yahoo disclosed its last of four experts on July 21, only 17 days before the deadline and its first on June 23 – meaning that Yahoo waited until just recently to begin the expert process in earnest. In contrast, American disclosed its first expert on April 24. In light of its lack of diligence in engaging experts, Yahoo cannot show good cause to change a long set pre-trial schedule.

Any delay in the expert schedule will harm American and will jeopardize the remainder of the pre-trial schedule and the trial date set for this case. With each party limited to a discrete number of depositions[1], including both fact and expert witnesses, American has been carefully waiting to select the majority of witnesses it will depose (it has several remaining depositions for

---

[1] American may take an additional five depositions, but those are to be focused on Yahoo's destruction of relevant information.

which it has not identified witnesses) until after it reviews Yahoo's expert reports. American's prefers to focus its remaining deposition on fact witnesses, but the final selection of who to depose must await Yahoo's expert reports so American can determine if one or more of Yahoo's four experts (not including those it seeks to use in rebuttal[2]) should be given a higher priority than Yahoo's fact witnesses. If American is forced to wait to make its final decision on who it will depose until after September 1 at the earliest and possibly not until after October 1, American will not be able to comply with the pre-trial Order's summary judgment deadline of October 7, or other deadlines thereafter. If the summary judgment and other later dates were to be adjusted to accommodate Yahoo's late start with its experts, then those adjustments may jeopardize the January trial date as well.

Yahoo also delayed unreasonably in bringing this motion, which could have been filed weeks or months ago, not four days before the expert report deadline. American has already expended the needed effort and money to meet the expert deadline and is prepared to submit its reports on August 7. Therefore, the relief Yahoo requests will benefit only Yahoo and hurt only American.[3]

Even Yahoo's meet and confer efforts have been deficient. Yahoo's first request to American for a delay in the initial expert disclosure date was in late July, when Yahoo did *not* offer any reason to seek more time other than convenience and *did not* raise the excuse of third-

---

[2] Rebuttal experts are unnecessary. Any perceived problems with the expert reports exchanged on August 7 can be addressed by cross examination at trial.

[3] Yahoo's lack of diligence with experts is part of the same fabric as its lack of diligence with discovery generally. American's work with its experts, who are reliant on the integrity of Yahoo's electronic data on damages issues, has been made more difficult and more expensive by Yahoo's discovery missteps.

party production it now raises before the Court. Also, Yahoo failed to request rebuttal reports in the Joint Status Report although Yahoo recognized that no rebuttal experts were contemplated. When it finally asked American to join in a request for rebuttal experts several months ago, American declined Yahoo's request. Yahoo has provided no excuse why it waited so long to file its motion.

Given Yahoo's lack of diligence and prejudice to American, there is no good cause for changing the rules this late in the day. American requests that the Court deny Yahoo's Motion.

Dated: August 6, 2009

Respectfully submitted,

*[signature]*

Dee J. Kelly (State Bar No. 11217000)
Dee J. Kelly, Jr. (State Bar No. 11217250)
Lars L. Berg (State Bar No. 00787072)
Scott R. Wiehle (State Bar No. 24043991)
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Phone: (817) 332-2500
Fax: (817) 878-9280

Frederick Brown (*pro hac vice*)
Jason B. Stavers (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105
Phone: (415) 393-8204
Fax: (415) 374-8420

Howard S. Hogan (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 955-8500
Fax: (202 467-0539

***Attorneys for Plaintiff American Airlines, Inc.***

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered on August 6, 2009 to defendant's counsel, as follows, in accordance with the Federal Rules of Civil Procedure:

*Via Electronic Mail*
Michael A. Jacobs
*mjacobs@mofo.com*
Daniel P. Muino
*dmuino@mofo.com*
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105

*Via Electronic Mail and Hand Delivery*
David F. Chappell
*dchappell@canteyhanger.com*
Scott A. Fredricks
*sfredricks@canteyhanger.com*
CANTEY HANGER LLP
600 West Sixth Street, Suite 300
Fort Worth, TX 76102

/s/ Lars L. Berg
Lars L. Berg