

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2009 AUG 10 PM 2:42

CLERK OF COURT

AMERICAN AIRLINES, INC.,

Plaintiff,

-v.-

YAHOO! INC. and OVERTURE SERVICES, INC.
d/b/a YAHOO! SEARCH MARKETING,

Defendants.

No. 4:08-CV-626-A

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO RECONSIDER PORTION OF AUGUST 4, 2009 CORRECTED ORDER ON MOTION TO COMPEL**

Any burden that Yahoo experiences in producing the requested ESI was self-imposed. Instead of solving its problem, Yahoo now seeks to shift the burden to American to either re-create the data or extrapolate. Neither substitute is fair. Moreover, Yahoo does not explain how either substitute would work. American neither believes that re-creating the data is possible, nor that extrapolating is a proper substitute for determining the number of clicks for ads in the missing time period. Moreover, this approach completely ignores the existence of the information identifying the text of ads at issue. Thus, even if the total number of clicks were extrapolated, American would still be left in the dark about the contents of each ad. The contents of the ad will show exactly how Yahoo abused American's trademarks – not just the number of times it did it. This entire problem could have been avoided if Yahoo had abided by its obligation to issue a document retention notice when litigation was threatened in December of 2006 or even when litigation was filed in October of 2008.

---

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO
RECONSIDER PORTION OF AUGUST 4, 2009 CORRECTED ORDER ON MOTION TO COMPEL     PAGE 1

1. Yahoo's reliance on the Rule 37 safe harbor is misplaced because it was under a duty to preserve the ESI from January to September 2007 in an accessible form. *See Arista Records LLC v. Usenet.com, Inc.*, 608 F.Supp.2d 409, 431-32, n.31 (S.D.N.Y. 2009) (citing Advisory Committee Notes to Rule 37 and granting sanctions where ESI was not properly retained); *see also Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 431 (S.D.N.Y. 2004) ("parties must suspend its routine documents retention/destruction policy and put in place a litigation hold to ensure the preservation of relevant documents" when litigation is anticipated).[1] Not only was Yahoo obligated to preserve this data since December 2006, when the parties entered into a standstill agreement, but Yahoo's motion and Ms. Cameron's declaration establish that Yahoo continued to roll its data onto backup tapes months after this litigation was filed.[2] In any event, Rule 37 only applies where sanctions are sought, which American has not yet done. *See Disability Rights Council of Greater Washington v. Washington Metro. Transit Authority*, 242 F.R.D. 139, 146 (D.D.C. 2007) ("Rule 37(e) is inapplicable to this instance because Plaintiffs are not seeking sanctions but that WMATA be required to search the backup tapes for discoverable information previously deleted."). Therefore, Yahoo should be compelled to

---

[1] Yahoo cites *Zubulake*, 217 F.R.D. 309, 317-23 (S.D.N.Y. 2003) for the proposition that American should bear the cost of restoring this data. Yahoo fails to point out that once it was discovered that these backup tapes contained relevant information, UBS (whose backup tapes were at issue) was ordered to bear the costs of doing so. *Id.*, 216 F.R.D. 280, 289 (S.D.N.Y. 2003).

[2] Yahoo's 18-month policy means that the inaccessible data was moved to backup tapes from October 2008 through March 2009. American filed its Complaint in October 2008. Yahoo asserts in its motion (pg. 9) that it began collecting data from the Sage database in February 2009. If Yahoo had begun restoring the data for the missing time period at that time, then the restoration would likely be near completion today. Yahoo did not inform American about the missing data until it mentioned it in a footnote to a June 15, 2009 letter.

restore and produce the data on its backup tapes. *See id.* at 148. *See also Quinby v. WestLB AG*, 245 F.R.D. 94, 104 (S.D.N.Y. 2006) ("[I]f a party creates its own burden or expense by converting into an inaccessible format data that it should have reasonably foreseen would be discoverable material at a time when it should have anticipated litigation, then it should not be entitled to shift the costs of restoring and searching the data.").

2. American needs the original data because American does not have any confidence that the data Yahoo seeks to recover from third parties is a usable substitute. Indeed, Yahoo even admits that this information *may* be available, Motion at 2, not that it *is* available. Yahoo's argument also ignores all of the data that only Yahoo could collect and retain, such as the precise search term or phrase entered by the user, the ads' position and rank on the results page, and the total offers on the keyword, which can not be recovered from third-parties.[3]

3. Yahoo also fails to acknowledge that far more than solely numerical data is at issue. For example, the missing information includes the text of millions of advertisements placed between January and September 2007 that Yahoo has failed to produce to date. Further, Yahoo has not produced ESI from other periods of time as well, such as the text of an additional 8.5 million ads out of a total of about 17 million ads displayed.

4. Yahoo has offered to "stipulate to an extrapolation," but that offer is inadequate. Yahoo's proposal to date has assumed trends in the data that wholly favor Yahoo, assumptions that American believes are not warranted. While American would be left with an imperfect

---

[3] Yahoo recently provided American with a list of over 100 categories of data Yahoo collects. All of this data for the clicks at issue are responsive to American's requests, but Yahoo has produced data for less than 20 categories and has unilaterally deemed the remaining data irrelevant. Only when Yahoo makes its final production of ESI, will American be able to tabulate and remedy Yahoo's shortcomings.

rendering of the data because of Yahoo's misdeeds, Yahoo would benefit by neither having to undertake the expense of restoring the data nor suffer any consequence for failing to retain the data in a usable format.

5. Yahoo's declaration supporting its alleged burden is conclusory and insufficient.[4] Ms Cameron, a manager, is not one of the engineers working on restoring the data; and, therefore, the information is at best second hand. Ms. Cameron provides no factual basis for the conclusory cost and time estimates that she announces in paragraph 10. No Yahoo engineer working on this project filed a declaration describing when Yahoo discovered the failure to preserve, when it began the restoration efforts, whether the restoration efforts have been given a high priority, how many engineers have been assigned to work on this project, and whether Yahoo has looked for alternatives to speed the process.[5]

6. Therefore, Yahoo's motion should be denied and it should be compelled to produce the ESI from January to September 21, 2007.

---

[4] Likewise, Yahoo's chart of "travel website clicks" is unsupported by any facts and was undoubtedly created to maximize its utility in Yahoo's favor.

[5] During the court-ordered meet and confer, American offered Yahoo an extension to restore the ESI and produce it. Rather than conduct any additional investigation to determine the possibility of such a production, Yahoo dismissed it out-of-hand.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO
RECONSIDER PORTION OF AUGUST 4, 2009 CORRECTED ORDER ON MOTION TO COMPEL          PAGE 4

Dated: August 10, 2009

Respectfully submitted,

*[signature]*

Dee J. Kelly (State Bar No. 11217000)
Dee J. Kelly, Jr. (State Bar No. 11217250)
Lars L. Berg (State Bar No. 00787072)
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Phone: (817) 332-2500
Fax: (817) 878-9280

Frederick Brown (admitted *pro hac vice*)
Jason Stavers (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
555 Market Street, Suite 3000
San Francisco, CA 94105
Phone: (415) 393-8200
Fax: (415) 986-5309

Howard S. Hogan (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 955-8500
Fax: (202) 467-0539

*Attorneys for Plaintiff American Airlines, Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered on August 10, 2009 to Defendant's counsel, as follows, in accordance with the Federal Rules of Civil Procedure:

David F. Chappell
Scott A. Fredricks
CANTEY HANGER LLP
Cantey Hanger Plaza
600 West Sixth Street, Suite 300
Fort Worth, Texas 76102
*(via hand delivery and email)*

Michael A. Jacobs
Lynn M. Humphreys
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
*(via fax and email)*

Lars L. Berg