IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

AMERICAN AIRLINES, INC.,

    Plaintiff,

-v.-

YAHOO! INC. and OVERTURE SERVICES, INC. d/b/a YAHOO! SEARCH MARKETING,

    Defendants.

Case No. 4:08-CV-626-A

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO RECONSIDER PORTION OF AUGUST 4, 2009 CORRECTED ORDER ON MOTION TO COMPEL

American Airlines does not dispute that Yahoo!'s ESI from January to September 21, 2007 (*on order of nearly a petabyte of data*), cannot be retrieved before the current trial setting, much less within any shorter time frame. Nevertheless, American persists in asking this Court to compel Yahoo! to do the impossible, rather than seeking a practical solution to this issue.

While Yahoo! has offered a feasible alternative to make up for the comparatively small period of unavailable data (8½ months out of 78 months of data), *American has flatly refused to work with Yahoo! on this issue.*

First, at the last meet-and-confer, Yahoo! explained to American that restoration of the Sage database for 2007 could not be accomplished in any short time frame, as it would require processing of the entire database (an enormous amount of data) to extract the relatively small volume of data relevant to this case. Yet, American continued to demand (as it does in its

dockets.Justia.com

response brief) that Yahoo! somehow produce the unavailable data.[1] American implies in its brief that the advertisement content for the unrestored period is critical to its case, but it does not explain why the specific content on any particular day would be different from the content that has been produced for the 51 months prior to the gap and the 20 months after the gap. Yahoo! has offered to extrapolate the numbers *and ad content* for the missing period based on the earlier and later data, but American has declined to even discuss the issue with Yahoo!.[2]

Second, Yahoo! previously offered to allow American's technical experts to discuss the restoration process with Yahoo!'s engineers to investigate and verify for themselves the length and difficulty of restoring the data. Apparently more satisfied to throw stones than investigate and constructively work toward a feasible solution, American refused.

American's brief challenges the factual foundation of the declaration of Catherine Cameron, Yahoo!'s Senior Engineering Manager of Internal Reporting, although American knows her to be competent to testify on this subject having taken her deposition over two months ago. (App. 05-06; Cameron Depo. pp. 19-20). In fact, when deposed as Yahoo!'s corporate representative on the topic of the subject database, Ms. Cameron testified to many of the facts outlined in her affidavit, such as, the unavailability of the subject data, (App. 14-16; Cameron Depo. pp. 148-150) the backup procedures causing this data to roll off the "live" system, (*Id.*)

---

[1] American drops a footnote (fn. 5) to tell the Court that it offered an extension of time to restore this information. Of course, Yahoo! had already told American that the data could not be retrieved in any timeframe that would be useful to this case and offered a technical conference for American's experts to verify this fact for themselves.

[2] During the Court-ordered meet-and-confer, Yahoo! shared the chart summarizing the relevant data, and discussed how an extrapolation might be worked out. However, as it did in the response filed yesterday, American questioned the reliability of Yahoo!'s chart and rejected a stipulation, offering no controverting evidence or justification for refusing to work towards such a solution. Notwithstanding, American's repeated refusals to work out a stipulation, Yahoo! continues to believe that such a stipulated extrapolation could be worked out between the parties should this Court direct the parties to do so.

and the enormous size of this particular database. (App. 07-13; Cameron Depo. pp. 25-29; 47-48). Ms. Cameron also detailed for American the extensive efforts Yahoo! was undertaking to gather and produce the 71 other months of click-data that it has already given American. Ms. Cameron also testified, although she was still investigating it at the time of her deposition, that it was going to take a monumental effort to restore the data for the missing 8½ months. (App. 15-16; Cameron Depo. pp. 149-150). Quite simply, Ms. Cameron is an appropriate declarant and American knows this.

Ordering the Defendants to do the impossible will serve no purpose in preparing the parties for trial or ultimately resolving this case on its merits, nor has American shown why a stipulation (or data received from third-parties) could not fill the comparatively small gap in the data produced to date. Accordingly, Defendants respectfully request the Court grant their Motion to Reconsider.

Respectfully submitted,

*David F. Chappell* (signature)

David F. Chappell
Texas State Bar No. 04141000
Scott A. Fredricks
Texas State Bar No. 24012657
CANTEY HANGER LLP
Cantey Hanger Plaza
600 West Sixth Street, Suite 300
Fort Worth, Texas 76102
Telephone: (817) 877-2800
Fax: (817) 877-2807

Michael A. Jacobs (*pro hac vice*)
Lynn M. Humphreys (*pro hac vice*)
Daniel P. Muino (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Fax: (415) 268-7522

Attorneys for Defendants
YAHOO! INC. and OVERTURE SERVICES,
INC. d/b/a YAHOO! SEARCH MARKETING

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO RECONSIDER
PORTION OF AUGUST 4, 2009 CORRECTED ORDER ON MOTION TO COMPEL

Page 4

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on Defendants' counsel, as indicated below, on the 11th day of August 2009:

Dee J. Kelly  
Dee J. Kelly, Jr.  
Lars L. Berg  
KELLY HART & HALLMAN, LLP  
201 Main Street, Suite 2500  
Fort Worth, TX 76102

*Via Hand Delivery and Via e-mail*

Frederick Brown  
George A. Nicoud III  
Jason Stavers  
GIBSON, DUNN & CRUTCHER LLP  
One Montgomery Street, Suite 3100  
San Francisco, CA 94104

*Via Fax (415) 393-8306 and Via e-mail*

Howard S. Hogan  
GIBSON, DUNN & CRUTCHER LLP  
1050 Connecticut Avenue, N.W.  
Washington, DC 20036

*Via Fax (202) 467-0539 and Via e-mail*

Scott A. Fredricks