American Airlines, Inc. v. Yahoo! Inc. et al

Doc. 81

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2009 AUG 28 PM 2:47

CLERK OF COURT

| | |
|---|---|
| AMERICAN AIRLINES, INC., <br><br> Plaintiff, <br><br> -v.- <br><br> YAHOO! INC. and OVERTURE SERVICES, INC. d/b/a YAHOO! SEARCH MARKETING, <br><br> Defendants. | No. 4:08-CV-626-A |

### NOTICE OF FILING ORIGINAL DECLARATION

A facsimile of the Declaration of Brandon Leatha was attached to the Joint Report of Meeting Regarding ESI Issues filed by the parties on August 27, 2009. American stated in the Joint Report that it would file the original declaration once it was received by American's counsel in Fort Worth. Pursuant to that representation, attached as Exhibit A hereto is the original Declaration of Brandon Leatha.

Dated: August 28, 2009

Respectfully submitted,

/s/ Dee J. Kelly

Dee J. Kelly (State Bar No. 11217000)
Dee J. Kelly, Jr. (State Bar No. 11217250)
Lars L. Berg (State Bar No. 00787072)
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Phone: (817) 332-2500
Fax: (817) 878-9280

NOTICE OF FILING ORIGINAL DECLARATION

PAGE 1

Frederick Brown (admitted *pro hac vice*)
Jason Stavers (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
555 Market Street, Suite 3000
San Francisco, CA 94105
Phone: (415) 393-8200
Fax: (415) 986-5309

Howard S. Hogan (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 955-8500
Fax: (202) 467-0539

*Attorneys for Plaintiff American Airlines, Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered on August 28, 2009 to Defendant's counsel, as follows, in accordance with the Federal Rules of Civil Procedure:

David F. Chappell
Scott A. Fredricks
CANTEY HANGER LLP
Cantey Hanger Plaza
600 West Sixth Street, Suite 300
Fort Worth, Texas 76102
***(via eemail)***

Michael A. Jacobs
Lynn M. Humphreys
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
***(via email)***

_____
Dee J. Kelly, Jr.

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN AIRLINES, INC.,<br><br>Plaintiff,<br><br>-v.-<br><br>YAHOO! INC. and<br>OVERTURE SERVICES, INC. d/b/a<br>YAHOO! SEARCH MARKETING,<br><br>Defendants. | Case No. 4:08-CV-626-A |

**DECLARATION OF BRANDON LEATHA**

I, Brandon Leatha, declare as follows:

1. My name is Brandon Leatha. I am over 18 years of age and am fully competent in all respects to make this Declaration. I have personal knowledge of the facts contained in this Declaration and each of them is true and correct.

2. I am a Senior Consultant at Daticon EED ("EED"). I have been employed at EED since August of 2000. EED is a full service electronic discovery provider and has provided services to corporations and law firms on hundreds of discovery matters since it was founded in 1987. I am currently responsible for providing consultative services related to the preservation, collection, restoration, processing, review and production of electronically stored information (ESI) for corporations and law firms. During my tenure at EED, I have managed a team of over 20 database analysts. I have personally provided services for many of the nation's largest

discovery collections, reviews and productions. I have first-hand experience working with large databases and restoring information from backup tapes for purposes of electronic discovery.

3. EED has been asked by American Airlines, Inc. ("American") and their outside Counsel to evaluate the current efforts by Yahoo to restore sponsored search data from backup tapes for the period of January 2007 to September 2007 ("target data"). I have reviewed the declarations of Ms. Cameron and Ms. Sunnadkal. I have also reviewed the motions, responses and briefs filed by both American and Yahoo as well as documents produced by Yahoo. On August 25th, I participated in a meet and confer with American and Yahoo. In attendance from Yahoo were Catherine Cameron, Jyothi Sunnadkal, Dan Muino, Laura Covington and David Wilson (via phone).

4. Based on the information provided during the August 25th Meet and Confer as well as the declarations of Ms. Cameron and Ms. Sunnadkal provided by Yahoo, I have an understanding of Yahoo's current efforts to restore the target data from backup tape. The current effort includes six Yahoo employees working approximately half time.[1] Yahoo is currently using three LTO-2 tape drives and one 5TB (Terabyte) filer or storage device to restore the January 2007 tapes. At this time, no new equipment has been purchased or leased for the restoration effort.[2] The current process to restore data can be broken into the following five steps:[3]

        1) Identify the tapes containing target data for the desired time period

        2) Retrieve and load the tapes into the tape library

        3) Restore data from the tapes to the restore filer (storage device)

        4) Extract data from the TAR files to a temporary staging filer

---

[1] Declaration of Jyothi Sunnadkal, August 11th, 2009, paragraph 11.
[2] Based on information provided by Catherine Cameron during the August 25th, 2009 Meet and Confer.
[3] Based on information provided by Jyothi Sunnadkal during the August 25th, 2009 Meet and Confer.

5) Insert the data into the active SAGE filer and database system.

5. Based on information learned during the meet and confer, steps 3 (Restore) and 5 (Insert) are the most time consuming of the 5 step process. Yahoo reports that the current restoration of the backup tapes is averaging 20 MB/s (megabytes per second) per tape drive and that the backed-up data for each day averages between 1.5 - 2TB.

6. Based on Yahoo's current process, hardware, and staffing, an average restore speed of 20MB/s and 3 tape drives running 24 hours per day, Yahoo should be able to restore approximately 5TB (5,063GB) of data from tape each day. The current restoration efforts are limited by the size and performance of the 5TB restore filer or storage system, the limited number of tape drives used to restore tapes and limited number of employees working half time on the restoration project.

7. Yahoo could significantly improve the speed of restoration by dedicating a team to the project full time as well as adding additional storage, filers and tape drives. The addition of a dedicated full time team will allow the tape identification (step 1) and tape loading (step 2) to keep up with the tape restoration such that there will not be a lag or wait time between restoring the tapes sets. The addition of hardware to bring the restoration systems up to nine LTO-2 tape drives (an addition of six tape drives) and three filers with 50TB of storage each (an addition of two filers and 145TB of storage) will allow the tape restoration process to run continually 24 hrs per day. It is reasonable to expect Yahoo to be able to acquire the proposed equipment for $350,000 - $450,000. Yahoo may have access to specialized discounts, purchasing agreements or options to lease or repurpose this equipment that would reduce the out-of-pocket expense.

8. On a continual basis, as the tape sets are restored to the three filers, the dedicated team can perform the extraction (step 4) and insertion (step 5) of data into the SAGE database. Once the extraction and insertion are completed for a given day, the source data can be removed from the restore filer to ensure sufficient space is maintained to restore additional data. Staffing and scheduling the teams appropriately will allow a near continual restoration process.

9. Based on information provided by Yahoo, there are approximately 250 days of data remaining to be restored.[4] At an average of 1.75TB of data per day, this results in an estimated 440TB of data remaining to be restored. At Yahoo's average restore speed of 20MB/s per tape drive, utilizing the proposed nine tape drives and three filers, Yahoo should be able to restore between 12 and 15 TB per day. Having a dedicated team to perform steps one (1) through five (5) on a continual basis will allow the remaining data to be restored within 35-45 days. If Yahoo were to purchase or lease the proposed equipment and dedicate a restoration team, it is reasonable to expect that Yahoo could restore, search and produce the remaining requested sponsored search data within 75 days. Additionally, Yahoo could explore the option of hiring an outside specialist in data restoration to expedite the process.

10. Based on my review of the produced materials and the meet and confer with Ms. Cameron and Ms. Sunnadkal, it appears that Yahoo has not taken all reasonable steps to maximize the speed of restoration. As of August 25th 2009, Yahoo has not purchased or leased additional equipment, dedicated systems or fully dedicated staff to the restoration process. Additionally, Yahoo is seeking to restore all of its search data for 2007 and is not taking steps to limit the restoration to the specific data requested by American. Further, my estimates above are based on Yahoo's estimate of the LTO-2 restoration speeds of 20 MB/s. While achieving the manufacture's maximum LTO-2 spec speed of 40 MB/s may not be achievable, it is realistic to

---

[4] February 1, 2007 to September 22nd plus the days not yet provided for January 2007.

expect that Yahoo should be able to restore data at 25-35 MB/s. Additionally, it has been reported that some of the tapes are LTO-3 which have a manufactures specification speed of 80 MB/s, twice that of LTO-2.

11. My understanding from information provided by Ms. Cameron and Ms. Sunnadkal is that they were not asked to complete the restoration on any particular timeline.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in Washington D.C., on August 27th, 2009.

_____3ℓ_____
Brandon Leatha