

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2009 SEP - 1  PM 1: 12

CLERK OF COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| AMERICAN AIRLINES, INC.,<br><br>Plaintiff,<br><br>-v.-<br><br>YAHOO! INC. and OVERTURE SERVICES, INC.<br>d/b/a YAHOO! SEARCH MARKETING,<br><br>Defendants. | No. 4:08-CV-626-A |

## AMERICAN AIRLINE, INC.'S REPLY TO YAHOO'S FURTHER STATEMENT CONCERNING ESI

Pursuant to the Court's Order dated August 11, 2009, the parties filed a joint report on August 27, 2009 on their meeting concerning electronically stored information ("ESI"). Yahoo then filed a "Response" the next day. American's Reply addresses the points raised in Yahoo's Response.

1.  Yahoo's proposal for a further meet and confer is an effort to slow down the proceeding and build a case for a delay in the trial date. Yahoo never suggested the need for a further meet and confer when the first meeting ended on August 25 or even when counsel were together at a deposition on August 27. The meeting on August 25 ended when the Yahoo representatives decided to leave at 4:30 p.m. The American representatives were prepared to stay as long as Yahoo wanted to discuss the issues.

Dockets.Justia.com

2.   Yahoo did not suggest any additional topics for the agenda either before, during or after the August 25 meeting. Nor did Yahoo's counsel suggest a further meeting or additional topics for discussion when counsel were together in Los Angeles all day on August 27.

3.   Yahoo's comment about American's lack of seriousness at the meet and confer is not correct. American had its lead counsel present; two of its counsel traveled from Fort Worth for the meeting and one counsel called in from Washington, D.C. American also had three ESI consultants present. American prepared a written agenda of the primary issues to be discussed. Yahoo prepared nothing in advance.

4.   Despite Yahoo's current complaint that half the items on the agenda were irrelevant, that is not the case. In American's motion to compel, American addressed Yahoo's failure to retain essential information, including "screen shots, html code or other data that would allow American to view the actual search results pages that Yahoo displayed." Motion at 8. American also cited to testimony from a Yahoo witness that "click stream" data was not maintained. *Id.* The Court's Orders also addressed large scale deficiencies in Yahoo's production: "Defendants shall supplement their documents production...in response to plaintiff's discovery requests by...July 24, 2009." July 17 Order. (Same language used in July 24 Order). "If the court finds that defendants have wholly or partially failed to respond to any discovery request and do not have legitimate basis for failing or refusing to answer or provide documents, the court will order such sanctions as are appropriate." July 14 Order; and Yahoo shall "produce by

August 10, 2009, all ESI responsive to American's discovery requests." August 4 Order. In short, Yahoo is wrong when it complains that irrelevant items were on the agenda. Moreover, Yahoo deflected any substantial discussion of those items and the parties spent only a very short time – less than a half hour – on the second half of the agenda, much of which Yahoo spent in a conference without American present.

5. Yahoo does not deny that it either destroyed substantial amounts of essential data or transferred it to a format that makes it difficult to retrieve, or even that Yahoo continues these practices to this day. In other words, Yahoo caused its problems, not American.

6. Yahoo's proposed stipulation to extrapolate the financial data for the nine months in 2007 is one sided and most importantly does not even address the missing text of millions of advertisements that Yahoo failed to keep. For example, the text of these millions of advertisement is a core issue in the case for American's claims of infringement and dilution and Yahoo's fair use defense. Moreover, Yahoo's proposed stipulation does not address its ongoing destruction of impressions data that is relevant to American's dilution case and Yahoo's defense. In short, Yahoo's past and ongoing destruction substantially impacts important issues in the case that cannot be addressed wholly or even partially by Yahoo's proposed stipulation.

7. Yahoo's suggestion to change the trial date is a constant theme of its several requests for extension and its current effort regarding ESI. Yahoo would like nothing more than to impose greater costs on American by waging a long and

drawn out battle during a prolonged period of discovery. Yahoo's request for a special master is cut from the same cloth. A special master is unnecessary, wasteful, expensive and would bog down the litigation. Yahoo's proposal would essentially reward it for failing to fulfill its discovery obligations and not following the Orders of this Court.

Respectfully submitted,

Dee J. Kelly (State Bar No. 11217000)
Dee J. Kelly, Jr. (State Bar No. 11217250)
Lars L. Berg (State Bar No. 00787072)
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Phone: (817) 332-2500
Fax: (817) 878-9280

*Attorneys for Plaintiff American Airlines, Inc.*

Of Counsel:

Howard S. Hogan (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 955-8500
Fax: (202) 467-0539

Frederick Brown (admitted *pro hac vice*)
Jason B. Stavers (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Phone: (415) 393-8200
Fax: (415) 393-8306

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered on September 1, 2009 to defendant's counsel, as follows, in accordance with the Federal Rules of Civil Procedure:

*Via Electronic Mail*
Michael A. Jacobs
*mjacobs@mofo.com*
Daniel P. Muino
*dmuino@mofo.com*
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105

*Via Electronic Mail*
David F. Chappell
*dchappell@canteyhanger.com*
Scott A. Fredricks
*sfredricks@canteyhanger.com*
CANTEY HANGER LLP
600 West Sixth Street, Suite 300
Fort Worth, TX 76102

Dee J. Kelly, Jr.