

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2009 SEP -2 PM 3:35

CLERK OF COURT

| | |
|---|---|
| AMERICAN AIRLINES, INC., <br><br> Plaintiff, <br><br> -v.- <br><br> YAHOO! INC. and OVERTURE SERVICES, INC. d/b/a YAHOO! SEARCH MARKETING, <br><br> Defendants. | Case No. 4:08-CV-626-A |

## DEFENDANTS' SUR-REPLY TO AMERICAN AIRLINES' REPLY TO YAHOO!'S FURTHER STATEMENT CONCERNING ESI

Defendants Yahoo! Inc. and Overture Services, Inc. d/b/a Yahoo! Search Marketing (collectively "Yahoo!") submit this sur-reply to clear up inaccuracies in American Airlines Inc.'s ("American") September 1, 2009, Reply – inaccuracies that distort what this Court ordered the parties to do and what Yahoo! did to comply with that order.

On August 11, 2009, this Court ordered Yahoo! to provide a declaration that detailed the issues with restoring back-up data from a huge and complex source, and for "a cooperative effort in defining what should be in the declaration." (Aug. 11, 2009 Transcript at 11:7-11.) That is exactly what happened. American sent a list of questions to Yahoo! and Yahoo!'s declaration answered every one of them.

This Court also ordered the parties to meet and discuss the technical issues with the restoration. American told this Court on August 11, 2009, that it would retain an expert who would attend the in-person meeting of the parties "to discuss that declaration with Yahoo! and to test what they say, whether it's correct or incorrect or whether there could be a different point of

view." (Transcript at 10:17-20.) Yahoo! came prepared to do exactly that and believed the declaration that it prepared – given that it was built around American's questions – would serve as the framework for the meeting. The agenda American provided at the outset of the meeting was unexpected but did not change Yahoo!'s view that the declaration would (and should) remain the focus of the meeting.

Moreover, the focus had to remain on the declaration, given the limited availability of American's experts. Unexpectedly, it was the availability of American's experts (Daticon EED) that controlled the location and timing of the meeting. Daticon had limited availability and its availability ruled out meeting in Los Angeles (where Yahoo!'s declarant works) or San Francisco (where lead counsel work). American suggested that the meeting start at 2:00 p.m. in Seattle, Washington to accommodate another Daticon meeting, nevertheless, Yahoo! informed American that Yahoo! would be available to begin the meeting earlier in the day should Daticon free up, but that the meeting would still need to be completed by 4:30 p.m. in order for Yahoo! to catch return flights. American's representation that Yahoo! just up and left a meeting does not tell even half the story.

Finally, the record is clear that the Court-ordered declaration and meeting are tied to American's motion to compel production of the 2007 data that Yahoo! is restoring, which was the subject of part IV (A) of American's motion to compel. Other allegedly "missing" data was the subject of part IV (C) of American's motion, about which Yahoo! had agreed that American could take additional discovery (interrogatories and depositions), notwithstanding the information its representative provided at a May 29, 2009, Rule 30(b)(6) deposition.

In sum, the parties had clear directions from this Court and Yahoo! complied with those directions. The parties continue to disagree on how soon the restoration can be completed,

though American has backed away from its untenable position at the telephonic hearing that the restoration could be completed in just two weeks. (Transcript at 5:8-14.) In its Response filed August 28th, Yahoo! proposed measures (a cooperative meet-and-confer and/or appointment of an independent technical expert) to help the exchange and analysis of information about the restoration. American refused to respond to Yahoo!'s suggestion that a cooperative discussion between the parties take place, and claimed that an independent expert's view of the matter would simply "bog down the litigation." If an independent expert (without a stake in this proceeding) can assist the parties and court in finding a reasonable restoration process, Yahoo! continues to welcome it.

American's motion to compel demanded that Yahoo! do what even American's own technicians now admit is impossible – restore and produce the data *in 11 days*. American's continued refusal to cooperatively discuss the technical feasibility or monetary practicality of restoring this enormous set of data on American's unilateral timetable demonstrates that American is more interested in using discovery in this case as a sword rather than a tool to litigate the merits of its claims.

Respectfully submitted,

*[signature: Scott Fredricks]*

David F. Chappell
Texas State Bar No. 04141000
Scott A. Fredricks
Texas State Bar No. 24012657
CANTEY HANGER LLP
Cantey Hanger Plaza
600 West Sixth Street, Suite 300
Fort Worth, Texas 76102
Telephone: (817) 877-2800
Fax: (817) 877-2807

Michael A. Jacobs (*pro hac vice*)
Lynn M. Humphreys (*pro hac vice*)
D. Anthony Rodriguez (*pro hac vice*)
Daniel P. Muino (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Fax: (415) 268-7522

Attorneys for Defendants
YAHOO! INC. and OVERTURE SERVICES,
INC. d/b/a YAHOO! SEARCH MARKETING

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on Plaintiff's counsel, as indicated below, on the 2nd day of September 2009:

|  |  |
|---|---|
| Dee J. Kelly<br>Dee J. Kelly, Jr.<br>Lars L. Berg<br>KELLY HART & HALLMAN, LLP<br>201 Main Street, Suite 2500<br>Fort Worth, TX 76102 | *Via Hand Delivery and Via e-mail* |
| Frederick Brown<br>George A. Nicoud III<br>Jason Stavers<br>GIBSON, DUNN & CRUTCHER LLP<br>One Montgomery Street, Suite 3100<br>San Francisco, CA 94104 | *Via Fax (415) 393-8306 and Via e-mail* |
| Howard S. Hogan<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036 | *Via Fax (202) 467-0539 and Via e-mail* |

/s/ Scott A. Fredricks
Scott A. Fredricks