ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2009 SEP -9 PM 3: 45

CLERK OF COURT

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| YAHOO! INC., and | § | Civil Action No. 4-08CV-626-A |
| OVERTURE SERVICES, INC. d/b/a | § | |
| YAHOO! SEARCH MARKETING, | § | |
| | § | |
| Defendants. | § | |

### YAHOO!'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL

**I.    INTRODUCTION**

This case has been plagued by American's constant gamesmanship and refusal to give a straight answer during discovery. Although Yahoo! has done all it can to informally resolve these disputes, it has been left with no option but to file its motion to compel. Indeed, far from attempting to justify its conduct, American's opposition reflects its deep entrenchment on the issues and serves to illustrate why this Court should grant Yahoo!'s motion. In sum:

- <u>Witnesses:</u>  in interpreting its opposition, American's failure to properly and timely identify witnesses in response to Yahoo!'s interrogatories occurred for one of two reasons: (1) after more than two years, American failed to conduct the type of investigation that is required under the Federal Rules; or (2) American is playing games and flouting its obligations under the Federal Rules. Under either interpretation, American has violated rules. To evaluate the shortcomings in American's discovery responses, Yahoo! needs five additional interrogatories and one additional deposition.

- <u>Documents:</u>  American's opposition misses the point. Yahoo! is not—as American suggests—seeking a re-review of the so-called "core" custodian materials. Rather, Yahoo! seeks an order requiring American to review and produce documents from the approximately 38 recently-identified custodians that have not yet been properly reviewed. This basic concept cannot be seriously

1

contested by American, and it should complete the review and produce responsive documents by September 18th.

- <u>Curry Deposition:</u> Yahoo! seeks an additional day of deposition time with a key witness who has been designated by American to cover twenty-four 30(b)(6) topics. American's inflexibility on this issue is unreasonable, especially where it has designated a single person to cover so many topics.

American chose to file this lawsuit. With that decision came an obligation to provide full and complete answers during discovery and otherwise play by the rules governing this litigation. Yet American has done neither. The summary judgment deadline and discovery cut-off are all rapidly approaching, and the prejudice to Yahoo! of American's conduct grows by the day. It is time for American to meet its obligations or face appropriate sanctions for failing to do so.

## II. REPLY ARGUMENT

### A. To Investigate American's Failure To Identify Former Employees, Yahoo! Needs Five Additional Interrogatories And One Additional Deposition.

Yahoo!'s first request is that American be compelled to respond to 5 interrogatories and produce a witness prepared to testify concerning American's failure to include former employees in its initial discovery responses (interrogatory answers and document production). American's claim that its omissions and clouding of witness names from its interrogatory responses was because it was learning its own case "through the early stages" cannot be reconciled with the undisputed facts, including the following:

- American's own lawyer's testimony that a person's status as a former employee was grounds for not listing that person in response to Yahoo!'s interrogatories (Yahoo! App., Ex. A, p. 015 (Broadfield Depo. at 80));
- American's Complaint in this case is a virtual cut-and-paste of its *Google* complaint; and
- American has been contemplating suing Yahoo! for several years. (App. Ex. A, pp. 003 (Broadfield Depo. at 56)).

American also cannot hide behind Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure when responding to Yahoo!'s *interrogatories* seeking "persons with knowledge" of

2

key facts in dispute in this litigation. American's unilateral decision to shield its former employees from the scope of discovery in this case is not warranted by any rule. Yahoo! has every reason to be concerned about how American is viewing the scope of discovery, especially regarding former employees who may have knowledge of events over the seven years that cover American's damages claim.

### B. American Should be Compelled to Conduct An Electronic Search of *Previously Unreviewed* ESI to Locate Potentially Responsive Documents.

American misses the point in attempting to defend aspects of its document collection and production efforts. Yahoo! did not move for further review of the so-called "core" custodians' materials, nor for further review of items that already have been collected and reviewed. The point of Yahoo!'s motion is that American's collection of ESI from non-core custodians was imprecise, obviously missed relevant and important documents, and was paired with American's odd exclusion of former employees from discovery.[1] American seeks damages from 2002, has identified 80 to 90 relevant custodians, made its collections when it apparently had an inappropriate view that former employees could be treated differently in discovery, and made its apparently primary collection before Yahoo! had even written its document requests. The "walk through"—not surprisingly in light of the above—was not enough and missed obvious items, like ESI from Mr. Cush. Yahoo! therefore proposes that American run the search terms (found at App. 109) on the *unreviewed* ESI of the approximately 38 current and former American employees that are named in American's supplemental interrogatory responses.[2]

---

[1] In an effort to put itself in even a distant positive light, American cites to its production of over one million pages. But American fails to acknowledge that approximately 592,000 pages come from 1,628 spreadsheets, not emails or memoranda, and that tens of thousands of those pages are duplicates.

[2] American's argument that running search terms would be distracting "when the focus needs to be on depositions" is quite ironic in light of American's steady refusal to make its employees available for their depositions without anywhere from one to two months' lead time.

3

C.  **Because Ms. Curry Has Been Designated To Cover Twenty-Four 30(b)(6) Topics, It Is More Than Reasonable For Yahoo! To Obtain An Additional Day To Depose Her.**

To focus back on the real issue, Yahoo! is seeking an additional day to examine Ms. Curry on various Rule 30(b)(6) topics. American's complaint that Ms. Curry is one of its busiest senior executives does not change the fact that American has designated Ms. Curry as its corporate representative on a total of *24 topics*, four of which she was designated on after her initial appearance as a corporate representative.[3] Whatever her title or schedule, American must make her available to participate in discovery about the case that American chose to bring. Moreover, with American dragging its heals on this deposition (and many others), and with litigation deadlines rapidly approaching, American must make its designee available in the next few weeks, without strings attached. In short, American has chosen to cast Ms. Curry in a starring role, and she must take the stage. Under the circumstances, the additional day of Rule 30(b)(6) time Yahoo! seeks is more than reasonable.

## III. CONCLUSION

American's discovery tactics cannot go unchecked any longer. As litigation deadlines loom, the prejudice to Yahoo! from American's conduct grows by the day. American cannot have it both ways—it chose to file this lawsuit, and must therefore comply with the rules that govern this litigation or face the consequences of failing to do so.

---

[3] The cases cited by American in its opposition on this point are irrelevant because they do not involve deponents who were testifying as individuals and as Rule 30(b)(6) designees, let alone as designees on multiple topics.

Respectfully submitted,

*David F. Chappell*
David F. Chappell
Texas State Bar No. 04141000
Scott A. Fredricks
Texas State Bar No. 24012657
CANTEY HANGER LLP
Cantey Hanger Plaza
600 West Sixth Street, Suite 300
Fort Worth, Texas 76102
Telephone: (817) 877-2800
Fax: (817) 877-2807

Michael A. Jacobs (*pro hac vice*)
Lynn M. Humphreys (*pro hac vice*)
D. Anthony Rodriguez (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Fax: (415) 268-7522

Attorneys for Defendants
YAHOO! INC. and OVERTURE
SERVICES, INC. d/b/a YAHOO!
SEARCH MARKETING

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on Defendants' counsel, via fax, on the 9th day of September 2009:

 Dee J. Kelly           *Via Hand Delivery*
 Dee J. Kelly, Jr.
 Lars L. Berg
 KELLY HART & HALLMAN, LLP
 201 Main Street, Suite 2500
 Fort Worth, TX 76102

 Frederick Brown         *Via facsimile*
 George A. Nicoud III
 Jason Stavers
 GIBSON, DUNN & CRUTCHER LLP
 One Montgomery Street, Suite 3100
 San Francisco, CA 94104

 Howard S. Hogan         *Via facsimile*
 GIBSON, DUNN & CRUTCHER LLP
 1050 Connecticut Avenue, N.W.
 Washington, DC 20036

*/s/ David F. Chappell*
David F. Chappell

sf-2736828