IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-626-A |
| | § | |
| YAHOO! INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

ORDER RE DISCOVERY

Before the court for decision is one of the features of the motion to compel discovery filed by plaintiff, American Airlines, Inc., and the requests for relief made by defendants, Yahoo! Inc., ("Yahoo") and Overture Services, Inc., d/b/a Yahoo! Search Marketing, in their motion to compel.

I.

Filings Made by the Party, Nature of the
Relief Being Sought, and Related Activities

A. Plaintiff's Motion to Compel

Plaintiff's motion to compel was filed July 13, 2009. It was accompanied by a two-volume appendix containing fifty exhibits and a total of 266 pages. Four major types of relief were sought. The only request for relief that remains unresolved is the request for an order requiring Yahoo to produce all

electronically stored information ("ESI") responsive to plaintiff's discovery requests by July 24, 2009. In particular, plaintiff complained that Yahoo had not produced all of the relevant ESI for the time period between January 2007 and September 2007. Yahoo had informed plaintiff that it would take months to produce the remaining ESI because it was not readily available. According to plaintiff, Yahoo was having a problem in making timely production because it had transferred the data from servers where the was readily available to back-up tapes from which Yahoo says the data is difficult to access.

Defendants filed their opposition to the motion to compel on July 17, 2009.[1] After having had a meeting on July 16, 2009, as ordered by the court, in an attempt to resolve their disputes, Yahoo maintained that it had been diligent in collecting and producing data responsive to plaintiff's request and that it already had incurred hundreds of thousands of dollars in an effort to comply with the request. The compliance to that date, according to defendants, included supplying to plaintiff hundreds of thousands of pages worth of relevant data and more than 79,000 pages of documents.

---

[1] The opposition was accompanied by an appendix containing nine exhibits, consisting of seventy-five pages.

On July 23, 2009, plaintiff filed its reply to defendants' opposition. On August 4, 2009, the court (in an order that corrected one signed on August 3) ordered defendants to produce by August 10, 2009, all ESI responsive to plaintiff's discovery request.

On August 7, 2009, defendants filed a motion asking the court to reconsider the feature of the court's August 4 order that directed defendants to produce by August 10 the ESI responsive to plaintiff's discovery request. Defendants asked the court to withdraw the deadline and, instead, to direct the parties to work out an alternative to the requested production. Defendants acknowledged that ESI of the kind requested by plaintiff was then unavailable for the time period between January 2007 and September 21, 2007, because of having been stored on back-up tapes. According to defendants, Yahoo's engineers had been working to restore the data for January 2007 and that such a restoration was expected to be available by the end of August 2009, and that the remaining data from February 2007 to September 21, 2007, "will be extremely expensive and time-consuming to restore, requiring additional hardware and at least one month of working time for each month to be restored," with the consequence that "full data for the entire period would

not be available until the Spring or Summer of 2010." Mot. to Reconsider at 2. The alternatives suggested by defendants to the production of the requested ESI for the January-September 2007 time period were "(1) to attempt to assemble the missing 2007 information from the data produced by [plaintiff] or third parties; and (2) if that fails, to arrange an appropriate extrapolation of the missing information based on the surrounding data." Id. at 10.

On August 10, 2009, plaintiff filed a response in opposition to the motion to reconsider. Plaintiff rejected the alternatives suggested by defendants in their motion. On August 11, 2009, defendants filed a reply in support of their motion to reconsider, noting to the court that compliance by defendants with the August 10 deadline fixed by the August 4 order was impossible.

On August 11, 2009, the parties, through counsel, appeared by telephone for a conference concerning production by defendants of the missing ESI. Based on defendants' representations of impossibility of compliance with the August 4 order's deadline, the court set aside that deadline, and directed the parties to engage in activities calculated to provide the court information

that would enable the court to fix a meaningful deadline for compliance.

As contemplated by instructions given by the court during the August 11 conference, defendants filed on August 21, 2009, a declaration of Jyothi Sunnadkal, giving specific information concerning the ESI production problem defendants claim to be encountering. On August 25, 2009, counsel for the parties and their respective experts had a meeting for the purpose of discussing the production of Yahoo's ESI. A joint report of that meeting was filed August 27, 2009. Yahoo's statement in the report included the following:

> At the meeting on August 25, Ms. Sunnadkal and Ms. Cameron explained that even if additional hardware was purchased (at a cost of at least $350,000) and additional technicians were assigned to the restoration effort, the process would still take roughly 1 day for each day of data to be restored, due to (1) the difficulty of identifying and locating the data on hundreds of back-up tapes; (2) the inherent limitations of the restoration hardware; (3) the need to have technicians with institutional knowledge manually conduct the restoration; and (4) the difficulties of expanding the Sage Data Warehouse (one of the world's largest of its kind) and loading the data back into the Warehouse. Accordingly, even if maximum reasonable efforts were undertaken, all remaining data from 2007 (about 8 months worth) could not be restored by the time of the trial scheduled for January 2010.

J. Report at 2. In contrast, plaintiff's statement in the joint report asserted, with the support of the declaration of a

5

technology expert, that defendants should be able to finish the restoration and production of the requested ESI in seventy-five days. Plaintiff requested in its statement that Yahoo be ordered to restore the ESI and produce it to plaintiff within seventy-five days.

On August 28, 2009, defendants filed a response to plaintiff's statements in the joint report. Defendants questioned in their response the good faith of plaintiff in trying to resolve the ESI production problem; and, defendants urged the court to require plaintiff, though its technicians, to participate in another meeting to discuss the problem. As an alternative, defendants proposed "that the Court appoint an independent technical expert in the field of database restoration to independently gather facts and make a report to the Court on the technical difficulties and the positions taken by the two parties." Defs.' Resp. to the Statement at 2.

On September 1, 2009, plaintiff filed its reply to defendants' response. Plaintiff's expressed view was that a further meeting would simply serve to cause delay, and nothing else. As to the suggestion by defendants that the court appoint an independent technical expert, plaintiff responded that "[a] special master is unnecessary, wasteful, expensive and would bog

down the litigation." Sept. 1, 2009, Reply at 4. On September 2, 2009, defendants filed a sur-reply, which did not add anything of substance to the exchanges between the parties other than to make the point that defendants did not consider that plaintiff was cooperating to find a resolution to the problem of retrieving and supplying the missing ESI.

B.  Defendants' Motion to Compel

Defendants filed their motion to compel on September 1, 2009, accompanied by an appendix containing eighteen exhibits consisting of 140 pages. The request for relief made in this document, as stated in the Prayer, is for an order requiring plaintiff to:

> 1. Respond to five interrogatories and produce a deponent to identify relevant former employees and to describe the collection and production of their documents (with this discovery exempt from existing caps).
>
> 2. Utilize electronic search terms to identify, human review, and produce to Yahoo! by September 18, 2009 responsive electronic materials from custodians for whom American conducted only a manual "walk through".
>
> 3. Produce Ms. Alice Curry for one full day of Rule 30(b)(6) testimony on September 30, 2009.

>    4. Produce Mr. Chris DeGroot for deposition in New York City or Fort Worth on October 1, 2, or 5, 2009.

Defs.' Mot. to Compel at 21-22.

Plaintiff responded to defendants' motion to compel on September 8, 2009. The response was accompanied by an appendix containing twelve exhibits, consisting of a total of 118 pages. On September 9, 2009, Yahoo filed a reply brief in support of defendants' motion to compel.

Each side quibbles over the degree of cooperation plaintiff has provided in response to defendants' discovery requests. The court fails to understand why the parties have not reached agreement that would resolve all the disputed issues. Defendants disclose in their reply brief that "the real issue" is the scheduling of a resumption of Alice Curry's deposition. Reply Br. at 4. Surely the parties could resolve that "real issue" without devoting so much lawyers' time to preparation of documents and taking up so much of the court's time on discovery issues that parties should be able to resolve amongst themselves. See <u>Dondi Properties Corp. v. Commerce Sav. & Loan Ass'n</u>, 121 F.R.D. 284 (N.D. Tex. 1988).

II.

## The Court's Rulings

A.  Plaintiff's Motion to Compel

Defendants do not seem to be taking the position that the ESI information for the time period between January 2007 and September 2007 is not relevant to plaintiff's claims and discoverable. The only opposition to the requested production seems to be that defendants simply cannot produce the requested information as fast as plaintiff would like to have it. While mention is made of the expense of retrieving the information, the court does not take any of defendants' comments to suggest that the expense factor is being presented as a reason for denying plaintiff's request.

Without having an extended evidentiary hearing, and perhaps hiring an expert to assist the court, the court cannot make more than a somewhat educated guess as to how long defendants should have to restore and produce the requested ESI. The court's educated guess, taking into account the length of time defendants now have known that they must provide the requested ESI, the current schedule established for disposition of the case, and the contents of the filings of the parties, the court is of the

belief that a deadline of November 12, 2009, provides sufficient time for defendants to comply. Therefore,

The court ORDERS that defendants provide to plaintiff by November 12, 2009, all ESI responsive to plaintiff's discovery requests; and, the court further ORDERS that on each Friday between now and November 12 defendants provide to plaintiff all additional ESI that is responsive to plaintiff's discovery requests that has been restored for production.

B. <u>Defendants' Motion to Compel</u>

The court has not been persuaded that the first item requested by defendants (five more interrogatories and production of a deponent) is necessary or appropriate for defendants to have the discovery they need. Therefore,

The court ORDERS that defendants' request for an order directing plaintiff to respond to five interrogatories and produce a deponent to identify relevant former employees and to describe the collection and production of their documents be, and is hereby, denied.

Similarly, defendants have not persuaded the court that the second feature of defendants' motion to compel is necessary or appropriate for defendants to have the discovery they need. Therefore,

The court ORDERS that defendants' request for an order requiring plaintiff to "[u]tilize electric search terms to identify, human review, and produce to Yahoo! by September 18, 2009, responsive electronic materials from custodians American conducted only a manual 'walk through'" be, and is hereby, denied.

The court has concluded that defendants should be given an opportunity to conduct further oral deposition questioning of plaintiff, through its deposition designee Alice Curry ("Curry"), and that seven additional hours of questioning by counsel for defendants should be permitted. Apparently the parties have had discussions concerning the taking by counsel for defendants of the oral deposition of Curry in her individual capacity, but there is a difference between the parties as to whether the further questioning of Curry as a deposition designee of plaintiff and the taking of Curry's deposition in her individual capacity should be combined into a one-day time frame. The court has concluded that defendants should be permitted to take further testimony by oral deposition from Curry as plaintiff's deposition designee for a period of seven hours in addition to having five hours for the taking of Curry's individual oral deposition.

Apparently the parties are in agreement that the deposition of Chris DeGrott ("DeGrott) should be taken, but are unable to reach agreement on the timing.

Because of the inability of the parties to reach agreement on the relatively simple matters mentioned above, the court is fixing a time, date, and place for resumption of the taking of Curry's deposition as plaintiff's deposition designee, the taking of Curry's individual deposition, and the taking of DeGrott's deposition. Therefore,

The court ORDERS that the oral deposition of plaintiff be resumed through Curry, as plaintiff's designee, on the subjects designated for her, that such deposition resume in the Fort Worth office of counsel for plaintiff at 9:00 a.m. on September 29, 2009, and that defendants are authorized to conduct seven more hours of questioning of Curry as plaintiff's deposition designee.

The court further ORDERS that Curry be produced in the Fort Worth office of counsel for plaintiff at 9:00 a.m. on September 30, 2009, for the taking by defendants of her deposition in her individual capacity, and that defendants are authorized to conduct five hours of questioning of Curry in her individual capacity.

The court further ORDERS that DeGrott be produced in the Fort Worth offices of counsel for plaintiff at 9:00 a.m. on September 25, 2009, so that counsel for defendants can take his oral deposition.

If agreement of the parties is reached as to the time, date, or place for the taking of any of the deposition testimony ordered above that is consistent with the court's scheduling order, the court authorizes the parties to proceed in accordance with such an agreement notwithstanding the text of the applicable part of this order.

SIGNED September 11, 2009.

_____
JOHN McBRYDE
United States District Judge