IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

AMERICAN AIRLINES, INC.,

Plaintiff,

-v.-

YAHOO! INC. and OVERTURE SERVICES, INC.
d/b/a YAHOO! SEARCH MARKETING,

Defendants.

No. 4:08-CV-626-A

**AMERICAN AIRLINES, INC.'S SUR-REPLY IN OPPOSITION TO
YAHOO'S MOTION TO COMPEL**

American respectfully submits this sur-reply to address an issue raised for the first time in Yahoo's September 9 Reply Brief (Dkt. No. 90). Yahoo now claims that it "seeks an order requiring American to review and produce documents from the approximately 38 recently identified custodians that have not yet been properly reviewed," referring to employees listed in American's August 13 interrogatory responses. Reply at 1-2. Yahoo's request is flawed for two reasons: (1) American <u>has</u> conducted an extensive search for responsive documents in the custody of these employees, and <u>has</u> produced their non-privileged responsive documents; and (2) these employees were <u>not</u> "recently identified"; instead the overwhelming majority were listed in American's April 20, 2009 disclosures, and each one has been the subject of extensive discovery and communications with Yahoo since that time.[1]

---

[1] American also disputes the contentions in sections A and C of Yahoo's Reply and merely notes for the purposes of this sur-reply that the issue of Alice Curry's deposition was resolved by American's representation that it agreed to produce Ms. Curry for the additional 12 hours, as requested, on the dates requested by Yahoo. American Opposition Brief (Dkt. No. 88).

*First*, Yahoo seeks to confuse the issues by suggesting that the documents and ESI of the 37 current and former employees identified in American's Interrogatory Responses, Yahoo App. (Dkt. No. 85) at 71-107, were handled differently from the 80-90 current and former employees referred to in its Motion.[2] That is not true. The 37 persons are merely a subset of the larger group of 80-90. Again, American engaged in comprehensive investigation and review of the records and ESI in the possession of these 37 current and former employees and produced the non-privileged documents responsive to Yahoo's requests. Each one was questioned by American's inside and/or outside counsel, American preserved all their ESI and hard copy documents, and then attorneys reviewed and re-reviewed the material that was arguably relevant and produced that which was responsive to Yahoo's requests. American Opp. App. (Dkt. No. 89) at 62-75, 79-97, 116-19. As a result, American produced to Yahoo over 95,000 documents from these 37 employees' custody alone, amounting to almost a million pages. American's discovery obligations with regard to these current and former employees was fulfilled.

*Second*, Yahoo is also incorrect that these 37 persons were only "recently identified." To the contrary, American disclosed the overwhelming majority in its initial disclosures and initial responses to Yahoo's first set of interrogatories on April 20, 2009. *See, e.g., Yahoo* App. (Dkt. No. 85) at 32-70. American further notified Yahoo of the identities of all its current and former employees who received hold notices in this matter on June 10, 2009. American Opp. App. (Dkt. No. 89) at 38-39 (June 10, 2009 Berg lt. to Muino and Rodriguez). All 37 names that are subject to Yahoo's request appear on that list and received hold notices, so there is no question that each one was subjected to the rigorous review process described above. In fact, as American

---

[2] Although Yahoo refers to "approximately 38 recently identified custodians," American only listed 37 current and former American employees with knowledge responsive to the interrogatories at issue. Yahoo App. Ex. I.

produced these custodians' documents to Yahoo, American specifically identified the custodian for each document. And when Yahoo raised questions about American's production with respect to certain persons, American engaged in supplemental searches and produced a collection of additional responsive documents. Tellingly, nowhere in its motion to compel nor in its reply does Yahoo identify <u>any</u> evidence that American's document collection and production was incomplete.

Accordingly, Yahoo's request that American engage in further review of the "unreviewed ESI" is unjustified in fact, law or under the Federal Rules. What Yahoo seeks is an order that American go back and run expensive, time consuming keyword searches on electronic directories and folders which have *already been evaluated* by American's review team, and found to be irrelevant or non-responsive to Yahoo's discovery requests. American again requests that Yahoo's Motion to Compel be denied.

Dated: September 11, 2009

Respectfully submitted,

_____
Dee J. Kelly (State Bar No. 11217000)
Dee J. Kelly, Jr. (State Bar No. 11217250)
Lars L. Berg (State Bar No. 00787072)
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Phone: (817) 332-2500
Fax: (817) 878-9280

Frederick Brown (admitted *pro hac vice*)
Jason Stavers (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
555 Market Street, Suite 3000
San Francisco, CA 94105
Phone: (415) 393-8200
Fax: (415) 986-5309

Howard S. Hogan (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 955-8500
Fax: (202) 467-0539

*Attorneys for Plaintiff American Airlines, Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered on September 11, 2009 to Defendant's counsel, as follows, in accordance with the Federal Rules of Civil Procedure:

David F. Chappell
Scott A. Fredricks
CANTEY HANGER LLP
Cantey Hanger Plaza
600 West Sixth Street, Suite 300
Fort Worth, Texas 76102
*(via hand delivery and email)*

Michael A. Jacobs
Lynn M. Humphreys
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
*(via fax and email)*

_____
Dee J. Kelly, Jr.