CTJRMT ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2009 SEP 29 PM 2: 46

CLERK OF COURT

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC. | § | |
| | § | |
| vs. | § | CASE NO. 4:08-CV-626-A |
| | § | |
| YAHOO!, INC. | § | |

MOTION FOR PROTECTIVE ORDER

Papa Wolf LLC d/b/a Frequentflyerdepot.com hereby files its Motion for Protective Order as follows:

1. Papa Wolf LLC d/b/a Frequentflyerdepot.com was served with a subpoena in a civil trial case for a deposition on October 1, 2009. A copy of the subpoena is attached hereto.

2. On September 24, 2009, the undersigned sent counsel for American Airlines a letter setting forth Papa Wolf LLC d/b/a Frequentflyerdepot.com's objections to the subpoena, requesting the subpoena be withdrawn and stating that this motion for protective order would be filed if no response was received.

3. Papa Wolf LLC d/b/a Frequentflyerdepot.com has the following objections to the subpoena:

    a. PapaWolf LLC has never done business as frequentflyerdepot.com

    b. PapaWolf LLC is inactive and has not done any business in 2006

    c. Our client has no idea of what business or person is at 5328 Point Lavista, Malakoff, Texas 75148

    d. Your definition of "you" and "your" is overly broad and expansive. Your subpoena on a separate legal entity does not equate to subpoena on the wide range of persons you encompassed by your definition. PapaWolf LLC was a separate legal entity and, if it is necessary to file pleadings, will do so as a separate legal entity.

e. PapaWolf LLC has no documents in its possession or subject to its custody or control.

4. The subpoena purports to require an entity that has not done business since 2006, to produce documents it does not have, to produce documents that, if they exist, belong to other persons and entities, and an address that has no relationship to Papa Wolf LLC d/b/a Frequentflyerdepot.com.

5. Papa Wolf LLC d/b/a Frequentflyerdepot.com requests that the Court issue a protective ordering that the deposition scheduled and for which Papa Wolf LLC d/b/a Frequentflyerdepot.com was served with a subpoena not be taken.

WHEREFORE, Papa Wolf LLC d/b/a Frequentflyerdepot.com requests that the Court grant its a protective order and such other and further relief as to which it may be entitled.

Respectfully submitted,

_____
J. Michael Weston
BENNETT, WESTON, LaJONE, P.C.
TBN: 21232100
1750 Valley View Lane, Suite 120
Dallas, TX 75234
Telephone: 214-373-2569
Facsimile: 214-393-4062

CERTIFICATE OF CONFERENCE

The undersigned certifies that on September 24, 2009, he sent counsel for American Airlines a letter, attached to this Motion, setting forth the objections of Wolf LLC d/b/a Frequentflyerdepot.com to the subpoena served upon it; no response was received. At about 11:20 a.m. on September 29, 2009, the undersigned called Mr. Wiehle

and left a message. No return call has been received. It is assumed that this Motion is opposed by plaintiff.

_____

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the Motion for Protective was served on counsel for plaintiff on this 29th day of September 2009.

_____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

AMERICAN AIRLINES, INC.        §
                               §
vs.                            §    CASE NO. 4:08-CV-626-A
                               §
YAHOO!, INC.                   §

PROTECTIVE ORDER

Came on to be considered the Motion for Protective Order of Papa Wolf LLC d/b/a Frequentflyerdepot.com and the Court being of the opinion that the Motion should be granted, it is therefore

ORDERED that the deposition of Papa Wolf LLC d/b/a Frequentflyerdepot.com shall not be taken as scheduled by plaintiff American Airlines, Inc. at 9:00 a.m. on October 1, 2009, at 5328 Point Lavista, Malakoff, Texas 75148.

Signed this _____ day of _____, 2009.

_____
UNITED STATES DISTRICT JUDGE

# BENNETT, WESTON, LaJONE & TURNER, P.C.
ATTORNEYS AND COUNSELORS AT LAW
1750 Valley View Lane, Suite 120
Dallas, Texas 75234
214.691.1776, ext. 262
Fax: 214.373.6810
jmweston@bennettweston.com

September 24, 2009

Scott R. Wiehle
Kelly Hart & Hallman, LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
via FAX 817-878-9280

Re: *American Airlines, Inc. v. Yahoo!, Inc.*

Dear Mr. Wiehle:

George Pirkle has received your subpoena in the above styled and numbered cause. We bring the following to your attention:

1. PapaWolf LLC has never done business as frequentflyerdepot.com

2. PapaWolf LLC is inactive and has not done any business in 2006

3. Our client has no idea of what business or person is at 5328 Point Lavista, Malakoff, Texas 75148

4. Your definition of "you" and "your" is overly broad and expansive. Your subpoena on a separate legal entity does not equate to subpoena on the wide range of persons you encompassed by your definition. PapaWolf LLC was a separate legal entity and, if it is necessary to file pleadings, will do so as a separate legal entity.

5. PapaWolf LLC has no documents in its possession or subject to its custody or control.

Under the circumstances, please send the undersigned a letter withdrawing the subpoena. If you are unwilling to do so, please advise and we will so note in our Motion for Protective Order.

Yours very truly,

J. Michael Weston

```
*************** -COMM. JOURNAL- ******************** DATE SEP-24-2009 ***** TIME 09:35 ********

        MODE = MEMORY TRANSMISSION            START=SEP-24 09:30    END=SEP-24 09:35
            FILE NO.=143
STN    COMM.      STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES      DURATION
NO.

001    OK         ฿918178789280-654801                       002/002    00:01:08


                                                     -Bennett, Weston & LaJone -

***** UF-7000 *********************** -           - ***** -    214 373 6810- *********
```

## BENNETT, WESTON, LAJONE & TURNER, P.C.
### ATTORNEYS AND COUNSELORS

1750 Valley View Lane, Suite 120
Dallas, Texas 75234
Phone (214) 691-1776   Fax (214) 373-6810

### FAX COVER

DATE: 9/24/09
TO: Scott Winkle           FAX #: 817-878-9280
                           PH. #: _____

FROM: J Michael Weston     EXT #:

CLIENT NAME/MATTER #: American Airlines V Yahoo

# OF PAGES INCLUDING COVER: 2

ADDITIONAL INFORMATION:
_____
_____
_____
_____
_____
_____
_____
_____
_____

The information contained in this facsimile message is privileged and confidential and is intended only for the use of the addressee, or the person responsible for delivery to the addressee.
**IF YOU DO NOT RECEIVE THIS FAX IN ITS ENTIRETY, PLEASE CONTACT THE SENDER AT THE PHONE NUMBER ABOVE. THANK YOU.**

C:\NRPORTBL\HELP\DEP\256_1.DOC

# Issued by the
# UNITED STATES DISTRICT COURT

| Eastern | DISTRICT OF | Texas |

American Airlines, Inc.

V.

Yahoo!, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 4:09-CV-626-A

Pending in the Northern District of Texas

TO: Papa Wolf LLC d/b/a Frequentflyerdepot.com
5328 Point Lavista
Malakoff, TX 75148

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached hereto

| PLACE   Papa Wolf LLC d/b/a Frequentflyerdepot.com   5328 Point Lavista, Malakoff, TX 75148 | DATE AND TIME   10/1/2009 9:00 am |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   *[signature]* Attorney for Plaintiff | DATE   9/14/2009 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Scott R. Wiehle, Kelly Hart & Hallman LLP, 201 Main St., Ste. 2500, Fort Worth, Texas 76102; (817) 878-3593

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Papa Wolf LLC d/b/a Frequentflyerdepot.com | Private Process |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# Exhibit A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff hereby requests that Papa Wolf LLC d/b/a Frequentflyerdepot.com produce all documents described below for inspection and copying at 5328 Point Lavista, Malakoff, TX 75248.

The definitions, instructions and rules of construction set forth in Rule 45 of the Federal Rules of Civil Procedure are hereby incorporated by reference into, and expressly made a part of, each and every request contained herein.

## DEFINED TERMS

1. "You" and "Your" means Papa Wolf LLC d/b/a Frequentflyerdepot.com, and any of its predecessors, successors, parents, subsidiaries, divisions, departments, or affiliates, and any of its present or former members, officers, directors, partners, employees, contract employees, accountants, agents, attorneys, or other persons acting for, at the direction of, or in concert with such persons or entities.

2. "American Airlines" means American Airlines, Inc. and any of its successors, predecessors, divisions, departments, or affiliates, and any of its present or former officers, directors, employees, accountants, agents, attorneys, or other persons acting for, at the direction of, or in concert with such persons or entities.

3. "American Airlines Marks" means the following names, logos, symbols, nicknames, and other indicia that consumers use to identify goods or services offered, marketed, promoted, sponsored, endorsed or approved by American Airlines: "American Airlines," "Americanairlines," "American Airline," "Americanairline," "AA," "A A," "AAdvantage,""American Connection," "AA.com," "Admirals Club," "American Eagle," "American Airlines Arena" and "American Airlines Center."

1

4. "Yahoo" means Yahoo! Inc. and Overture Services, Inc. d/b/a Yahoo! Search Marketing and any of its predecessors, successors, parents, subsidiaries, divisions, departments, or affiliates, and any of its present or former members, officers, directors, partners, employees, contract employees, accountants, agents, attorneys, or other persons acting for, at the direction of, or in concert with such persons or entities.

5. "Yahoo's Advertising Programs" means all of Yahoo's advertising programs, including but not limited to Yahoo Sponsor Results.

6. "Keywords" means any word, phrase, or term that is used to trigger the display of Internet advertising or any other message or service in response to the entry of a search inquiry into the Yahoo search engine.

7. "Sponsor Results" means any Internet advertisement or other message or service that (a) is or was displayed as a part Yahoo's Advertising Programs as a result of the entry of a Keyword into the Yahoo search engine and (b) contains a hyperlink to an Internet website.

8. The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" set forth in Rule 34 of the Federal Rules of Civil Procedure and they shall have the broadest meaning possible and shall mean any form of communication however produced, reproduced or recorded, including all originals, non-identical copies and drafts, including, without limitation: correspondence, letters, electronic mail, enclosures, memoranda, notes or notations, intra-office communications, notes and minutes of telephone or other conversations, conferences or meetings, calendar or diary entries, notices, announcements, requisitions, resolutions, opinions, reports, studies, analyses, evaluations, agreements, ledgers, books

2

or records of account, financial statements, logs, account memoranda, trial balances, spreadsheets, summaries, charts, graphs, sound recordings, photographs, video recordings, records in electronic, mechanical, magnetic, optical, or electric form, records or representations of any kind (including but not limited to computer data, computer files, computer programs, hard drives, floppy disks, compact disks, magnetic tapes and cards, and all other electronically stored information, regardless of the medium in which such records are stored), and things similar to any of the foregoing, whatever the form.

9. The term "electronically stored information" is defined to be synonymous in meaning and equal in scope to the usage of the term "electronically stored information" set forth in Rule 34 of the Federal Rules of Civil Procedure. It shall have the broadest meaning possible and shall mean any information stored in electronic form.

10. The term "related to" shall have the broadest meaning possible and shall mean directly or indirectly, in whole or in part, alluding to, responding to, with respect to, concerning, pertaining to, referring to, describing, mentioning, evidencing, reflecting or constituting, commenting on, consisting of, in connection with, or otherwise having a connection to the subject matter of the discovery request.

11. The following rules of construction apply to all discovery requests:

   a. The terms "any," "all," "each" and "every" should be understood in either their most or least inclusive sense as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of their scope.

   b. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery

3

requests all responses that might otherwise be construed outside of their scope.

c. The use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural.

d. The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices, as necessary to bring within the scopeof the discovery requests all responses that might otherwise be construed to be outside of their scope.

## INSTRUCTIONS

1. This subpoena is directed to all documents, electronically stored information, and other information in your possession or subject to your custody or control, wherever located, including but not limited to any such documents in the care, custody or control of your agents, employees, and attorneys.

2. Each discovery request herein constitutes a request for responsive documents and electronically stored information in their entirety, with all enclosures and attachments, and without abbreviation, redaction, or expurgation. Documents attached to each other, including but not limited to by staple, clip, tape, e-mail attachment, or "Post-It" note, should not be separated. The production must also include, where applicable, any index tabs, file dividers, designations, binder spine labels, or other similar information as to the source and/or location of the documents.

3. You shall produce any and all drafts and copies of each document that are responsive to any request, and all copies of such documents that are not identical in any

Advertising Programs, a Keyword used in those programs (including without limitation an American Airlines Mark), or a Sponsor Result.

6. All documents, including without limitation electronically stored respect, including but not limited to copies containing handwritten notes, markings, stamps, or interlineations. The author(s) of all hand-written notes should be identified.

4. In responding to this subpoena, you shall produce all documents as they are kept in the ordinary course of business, or shall organize and identify them to correspond with the categories in this demand pursuant to Rule 45(d)(1) of the Federal Rules of Civil Procedure.

5. Documents shall be produced in TIFF format with metadata included, to the extent available. Responsive documents that cannot be produced in TIFF format due to technical reasons shall be produced in a computer-readable and text searchable format to be agreed upon. Responsive electronically stored information shall be produced in its native format unless it is impossible to do so or would render the electronically stored information unreadable or inaccessible. Responsive electronically stored information that cannot be produced in its native format or is not reasonably accessible should be translated into a reasonably useable format to be agreed upon.

6. Pursuant to Rule 45(d)(2) of the Federal Rules of Civil Procedure, if any documents, or portion thereof, are withheld because you claim that such information is protected under the attorney-client privilege, work product doctrine, or other privilege or doctrine, you are required to (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to access the claim.

7. If you claim that a portion of a document is protected from disclosure for any reason, produce such document with redaction of only the portion claimed to be

Sep 23 2009 12:07PM Frequent Flyer Depot 903-451-2650 p.8

# NATIONAL REGISTERED AGENTS, INC.

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

SOP Transmittal # TX50426

To: GEORGE PIRKLE
FREQUENT FLYER DEPOT, INC.
164 BUSHWACKER DR.
MABANK, TX 75156-7208

(800) 767-1553 - Telephone
(609) 716-0820 - Fax

Entity Served: PAPAWOLF LLC

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of TEXAS on this 18 day of September, 2009. The following is a summary of the document(s) received:

1. **Title of Action:** American Airlines, Inc. v. Yahoo!, Inc.

2. **Document(s) served:**
   - ___ Summons/Citation/Third Party Summon
   - **X** Subpoena
   - ___ Notice of
   - ___ Complaint/Petition/Third Party Complaint
   - ___ Garnishment
   - ___ Motion for Default/Default Judgment
   - ___ Mechanics Lien
   - ___ Injunction/Temporary Restraining Order
   - ___ Demand for Jury Trial
   - ___ Other:

3. **Court of Jurisdiction/Case & Docket Number:** United States District Court, Eastern District of Texas
   4:09-CV-626-A

4. **Amount Claimed, if any:**

5. **Method of Service (select one):**
   - **X** Personally served by: **X** Process Server ___ Deputy Sheriff ___ U.S Marshall
   - ___ Delivered Via: ___ Certified Mail ___ Regular Mail ___ Facsimile
     (Envelope enclosed) (Envelope enclosed)
   - ___ Other (Explain):

6. **Date and Time of Receipt:** 9/18/2009 1:29:58 PM EST (GMT -5)

7. **Appearance/Answer Date:** October 1, 2009

8. **Received From:** Scott R. Wiehle
   (Name, Address & Telephone Number) Kelly Hart & Hallman LLP
   201 Main St., Ste. 2500
   Ft. Worth, TX 76102
   817-878-3593

9. **Federal Express Airbill #** First Class Mail

10. **Call Made to:** No answer

11. **Special Comments:**
    NRAI's records indicate this company has been discontinued for NON-PAYMENT reason. If you wish to reinstate the account please contact NRAI at 800-767-1553.

**NATIONAL REGISTERED AGENTS, INC.**     **Copies To:**

Transmitted by Tanya Dietrich

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

214 373-2597     **ORIGINAL**