American Airlines, Inc. v. Yahoo! Inc. et al

Doc. 108

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

AMERICAN AIRLINES, INC.,

Plaintiff,

-v.-

YAHOO! INC., and OVERTURE SERVICES, INC.
d/b/a YAHOO! SEARCH MARKETING,

Defendants.

No. 4-08-8CV-626-A

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, American Airlines, Inc. ("American"), moves for partial summary judgment, and pursuant to Local Rule 56.3, American respectfully shows the Court as follows:

## I.
## SUMMARY

Defendants, Yahoo! Inc., and Overture Services, Inc. (collectively "Yahoo") asserted twenty-two affirmative defenses in their First Amended Answer. American moves for summary judgment on thirteen of Yahoo's affirmative defenses: fair use, freedom of speech, limited remedies under contract, trademark misuse, limitations, laches, unclean hands, estoppel, privilege and justification, acquiescence, implied license, American's settlement with non-parties, and American's own conduct and responsibility for damages. Each of these affirmative defenses fails because either Yahoo does not have any evidence to support one or more of the essential elements required to prove those affirmative defenses or Yahoo cannot meet its legal burden under even Yahoo's version of the facts. American more specifically identifies in its brief each such element of each affirmative defense on which summary judgment is sought.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – Page 1
1078402_1

## II.
## LEGAL AND FACTUAL GROUNDS ON WHICH AMERICAN RELIES

The legal and/or factual grounds on which American relies are set forth in detail in American's brief.

## III.
## APPENDIX

American's motion and brief are accompanied by an appendix containing the evidence upon which American relies. The brief contains cites to the appendix for each assertion made by American concerning the summary judgment evidence.

## IV.
## PRAYER

American respectfully requests that the Court grant its motion for partial summary judgment and dismiss Yahoo's affirmative defenses of fair use, freedom of speech, limited remedies under contract, trademark misuse, limitations, laches, unclean hands, estoppel, privilege and justification, acquiescence, implied license, American's settlement with non-parties, and American's own conduct and responsibility for damages.

Respectfully submitted,

/s/ Lars L. Berg
Dee J. Kelly
State Bar No. 11217000
Dee J. Kelly, Jr.
State Bar No. 11217250
Lars L. Berg
State Bar No. 00787072
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500 - phone
(817) 878-9280 - fax

Frederick Brown (admitted *pro hac vice*)
George A. Nicoud III
State Bar No. 15017875
Jason Stavers (admitted *pro hac vice*)
GIBSON DUNN & CRUTCHER LLP
One Montgomery Street, Suite 3100
San Francisco, CA 94104
(415) 393-8204 – phone
(415) 374-8420 – fax

Howard S. Hogan (admitted *pro hac vice*)
GIBSON DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 887-3640 – phone
(202) 530-9550 – fax

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on Defendants' counsel on the 7th day of October, 2009:

*Via Hand Delivery*
David F. Chappell
Scott A. Fredricks
CANTEY HANGER LLP
Cantey Hanger Plaza
600 West Sixth Street, Suite 300
Fort Worth, Texas 76102

*Via Overnight Delivery*
Michael A. Jacobs
Lynn M. Humphreys
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482

/s/ Lars L. Berg
Lars L. Berg