

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
DROP BOX
OCT - 7 2009
5:07
CLERK, U.S. DISTRICT COURT
By _____
Deputy

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

AMERICAN AIRLINES, INC.,

                Plaintiff,

-v.-

YAHOO! INC. and OVERTURE SERVICES, INC.
d/b/a YAHOO SEARCH MARKETING,

                Defendants.

No. 4:08CV-626-A

## BRIEF IN SUPPORT OF PLAINTIFF'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Frederick Brown (admitted *pro hac vice*)
Jason Stavers (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Phone: (415) 393-8200
Fax: (415) 986-5309

Howard S. Hogan (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 955-8500
Fax: (202) 467-0539

Dee J. Kelly
State Bar No. 11217000
Dee J. Kelly, Jr.
State Bar No. 11217250
Lars L. Berg
State Bar No. 00787072
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Phone: (817) 332-2500
Fax: (817) 878-9280

*Attorneys for Plaintiff American Airlines, Inc.*

CLERK OF COURT
2009 OCT -7 PM 5:08
RECEIVED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................... iii

I.      SUPPORTING EVIDENCE .......................................................................2

II.     SUMMARY JUDGMENT STANDARD ...................................................3

III.    ARGUMENT AND AUTHORITIES ........................................................4

        A.      By Yahoo's Admission, Its Statutory
                Fair Use Defense Does Not Apply To Conduct At Issue. .......................4

        B.      Yahoo's Freedom of Speech Affirmative
                Defense Is Unfounded as a Matter of Law. ...........................................5

        C.      Yahoo's Affirmative Defense of Limited
                Remedy by Contract Fails Because the Cited
                Contract Does Not Govern the Conduct at Issue.....................................7

        D.      By Yahoo's Own Description, It Has No
                Evidence of Trademark Misuse as a Matter of Law.................................7

        E.      Yahoo's Limitations Affirmative Defense
                Fails Because American Only Seeks
                Damages Within the Limitations Period. .................................................9

        F.      There Is No Evidence to Support
                Yahoo's Affirmative Defense of Laches. .................................................9

        G.      Yahoo's Unclean Hands Defense Cannot Succeed
                Because There is No Evidence American Airlines
                Has Engaged in the Alleged Conduct Since Filing
                Suit or That Such Conduct Has Harmed Yahoo.....................................10

        H.      Yahoo Has Not Claimed All Elements
                Necessary to the Affirmative Defense of Estoppel. ...............................12

        I.      There Is No Evidence to Support Yahoo's
                Affirmative Defense of Privilege and Justification. ...............................14

        J.      Yahoo's Acquiescence Affirmative
                Defense Also Fails for Lack of Evidence.................................................15

K.     There is No Evidence to Support Yahoo's
Affirmative Defense of Implied License. ............................................................. 15

L.     American's Purported Conduct And Settlement
With Non-Parties Provide No Defense To
Yahoo's Liability On American's Federal Claims. ............................................... 16

IV.    CONCLUSION ............................................................................................................. 17

# TABLE OF AUTHORITIES

**Federal Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ..................................................................................................3

*Armco, Inc. v. Armco Burglar Alarm Co., Inc.*,
    693 F.2d 1155 (5th Cir. 1982) ...................................................................................9

*Bank of Saipan v. CNG Fin. Corp.*,
    380 F.3d 836 (5th Cir. 2004) ...................................................................................11

*Barney Holland Oil Co. v. Fleetcor Tech., Inc.*,
    No. 4:06-CV-183-A, 2006 WL 3803150 (N.D. Tex. 2006) (McBryde, J.),
    *aff'd*, 275 Fed. Appx. 351 (5th Cir. 2008) ...............................................................3

*Bauer Lamp Co. v. Shaffer*,
    941 F.2d 1165 (11th Cir. 1991) ...............................................................................17

*Biggs v. Cabela's, Inc.*,
    No. 4:03-CV-0205-A, 2004 WL 530167 (N.D. Tex. 2004) (McBryde, J.)..............12

*Celotex Corp. v. Catrett*,
    477 U.S. 317 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986).......................................3, 15

*Central Hudson Gas & Electric Corp. v. Public Serv. Comm'n of New York*,
    447 U.S. 557, 100 S. Ct. 2343, 65 L. Ed. 2d 341 (1980).........................................5

*Coca-Cola Co. v. Koke Co. of America*,
    254 U.S. 143, 41 S. Ct. 113, 65 L. Ed. 189 (1920)................................................10

*Compliance Review Services, Inc. v. Callista Davis-Osuawu*,
    No. H-04-3635, 2006 WL 2385291 (S.D. Tex. 2006) (Werlien, J.) .........................5

*Conan Properties, Inc. v. Conans Pizza, Inc.*,
    752 F.2d 145 (5th Cir. 1985) ...................................................................................15

*Costello Publ'g Co. v. Rotelle*,
    670 F.2d 1035 (D.C. Cir. 1981)...............................................................................17

*Crescent Towing & Salvage Co. v. M/V Anax*,
    40 F.3d 741 (5th Cir. 1994) .......................................................................................3

*David Berg & Co. v. Gatto Int'l Trading*,
    884 F.2d 306 (7th Cir. 1989) ...................................................................................17

*Derrick Mfg. Corp. v. Sw. Wire Cloth, Inc.,*
   934 F. Supp. 796 (S.D. Tex. 1996)...................................................................................9

*Elvis Presley Enters., Inc. v. Capece,*
   141 F.3d 188 (5th Cir. 1998) ...................................................................................9, 15

*Estee Lauder, Inc. v. Origins Natural Resources, Inc.,*
   189 F.R.D. 269 (S.D.N.Y. 1999) ...................................................................................8

*Exxon Corp. v. Oxxford Clothes, Inc.,*
   109 F.3d 1070 (5th Cir. 1997) .............................................................................15, 16

*Forsyth v. Barr,*
   19 F.3d 1527 (5th Cir. 1994), *cert. denied,* 513 U.S. 871 (1994) .............................3

*Garden City Boxing Club, Inc. v. Johnson,*
   552 F. Supp. 2d 611 (N.D. Tex. 2008)......................................................................9, 10

*Getty Petroleum Corp. v. Island Transp. Corp.,*
   862 F.2d 10 (2d Cir. 1988) .....................................................................................17, 18

*Healthpoint, Ltd. v. Ethex Corp.,*
   273 F. Supp. 2d 817 (W.D. Tex. 2001) ......................................................................11

*Interstate Battery Sys., Inc. v. Wright,*
   811 F. Supp. 237 (N.D. Tex. 1993) ...........................................................................16

*Ironclad L.P. v. Poly-America, Inc.,*
   No. 3:98-CV-2600-P, 2000 WL 1400762 (N.D. Tex. 2000)....................................10

*Janes v. Watson,*
   82 U.S.P.Q.2d 1906 (W.D. Tex. 2006) .....................................................................12

*Just Add Water, Inc. v. Everything But Water, Inc.,*
   No. 3:04-CV-2085-H, 2005 WL 1206874 (N.D. Tex. May 18, 2005)....................10

*KEMA, Inc. v. Koperwhats,*
   No. C-09-1587, 2009 WL 2957851 (N.D. Ca. Sept. 10, 2009)..................................8

*Keystone Driller Co. v. Gen. Excavator Co.,*
   290 U.S. 240 (1933) ....................................................................................................11

*Lujan v. National Wildlife Fed'n,*
   497 U.S. 871 110 S.Ct. 3177, 111 L.Ed. 2d 695 (1990)..............................................3

*Mass Eng. Design, Inc. v. Ergotron, Inc.,*
   633 F. Supp. 2d 361 (E.D. Tex. 2009).......................................................................16

*Med. Care Am., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Penn.,*
    341 F.3d 415 (5th Cir. 2003) ................................................................12, 13

*Microsoft Corp. v. Worth,*
    No. 306-CV-2213-G, 2007 WL 1975574 (N.D. Tex. 2007) ....................8

*Northwestern Corp. v. Gabriel Mfg. Co.,*
    48 U.S.P.Q.2d 1902 (N.D. Ill. 1998) ...............................................8, 9

*Oliva v. Ramirez,*
    No. 07-1569, 2007 WL 2436305 (D.P.R. 2007) ...................................11

*Petro Franchise Sys., LLC v. All Am. Props., Inc.,*
    607 F. Supp. 2d 781 (W.D. Tex. 2009) .............................................11

*Plus Products v. Natural Organics, Inc.,*
    No. 81-1798, 1984 U.S. Dist. LEXIS 19801 (E.D.N.Y. Feb. 3, 1984) ....................8

*Positive Black Talk, Inc. v. Cash Money Records, Inc.,*
    394 F.3d 357 (5th Cir. 2004) ............................................................10

*Q-Tips, Inc. v. Johnson & Johnson,*
    108 F. Supp. 845 (D.N.J. 1952), *aff'd,* 206 F.2d 144 (3rd Cir. 1953),
    *cert. denied,* 346 U.S. 867 (1953) ...................................................11

*Semco, Inc. v. Amcast, Inc.,*
    52 F.3d 108 (6th Cir. 1995) ...............................................................5

*Seven-Up Co. v. Coca-Cola Co.,*
    86 F.3d (5th Cir. 1996) .....................................................................6

*Sheline v. Dun & Bradstreet Corp.,*
    948 F.2d 174 (5th Cir. 1991) ...........................................................3-4

*Source, Inc. v. SourceOne, Inc.,*
    No. 3:05-CV-1414-G, 2006 WL 2381594 (N.D. Tex. 2006) .................14

*Sugar Busters LLC v. Brennan,*
    177 F.3d 258 (5th Cir. 1999) ...........................................................4, 5

*Taubman Co. v. Webfeats,*
    319 F.3d 770 (6th Cir. 2003) .............................................................6

*Tex. Tech Univ. v. Spiegelberg,*
    461 F. Supp. 2d 510 (N.D. Tex. 2006) ...............................................3

*United States v. Central Gulf Lines, Inc.,*
    974 F.2d 621 (5th Cir. 1992) .............................................................3

*United We Stand America, Inc. v. United We Stand, America New York, Inc,*
  128 F.3d 86 (2nd Cir. 1997) ........................................................................6, 7

*Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.,*
  425 U.S. 748, 96 S. Ct. 1817, 48 L. Ed. 2d 346 (1976)............................................6

*Weber v. National Football League,*
  112 F. Supp. 2d 667 (N.D. Ohio 2000) .................................................................8

*Zatarains, Inc. v. Oak Grove Smokehouse, Inc.,*
  698 F.2d 786 (5th Cir. 1983) ..............................................................................4

**State Cases**

*Knight v. Volkart,*
  No. 13-01-00858-CV, 2002 WL 31623580
  (Tex. App.—Corpus Christi 2002, no pet.)...........................................................11

*Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.,*
  29 S.W.3d 74 (Tex. 2000) ..........................................................................14, 15

**Federal Statutes**

15 U.S.C. § 1115(b)(4) ........................................................................................4

**Federal Rules**

FED. R. CIV. P. 56(c) ...........................................................................................3

**State Statutes**

Tex. Civ. Prac. & Rem. Code, Ch. 33..................................................................17

Plaintiff, American Airlines, Inc. ("American"), sued Defendants, Yahoo! Inc. and Overture Services, Inc. d/b/a Yahoo! Search Marketing (collectively "Yahoo"), to stop Yahoo's unauthorized sale of American's trademarks and service marks (collectively, the "American Airlines Marks") to other entities, and Yahoo's own unauthorized use of the American Airlines Marks for its own profit. As detailed in the Amended Complaint in this action (Dkt. No. 98), Yahoo operates one of the world's largest Internet search engines, a website that purportedly allows consumers to search the Internet by entering search terms and viewing a list of relevant websites. Yahoo, however, does not only provide the promised list of "natural" search results, it also displays a list of misleadingly labeled and formatted paid advertisements that substantial numbers of consumers do not distinguish from the supposedly natural Internet links. Without a license or any permission from American, Yahoo has sold unauthorized advertisers the right to use the American Airlines Marks as "keywords" to trigger the publication of these confusing paid advertisements (referred to as "Sponsor Results"). Worse, Yahoo has actively encouraged these advertisers to buy the American Airlines Marks as keywords, and even required them to include the American Airlines Marks in the text of these "Sponsor Results," further adding to the confusion, in order to divert consumers who search the Internet for American Airlines to the web sites of Yahoo's advertisers. As a result, when consumers were looking for American Airlines, Yahoo instead often directed them to websites that compete with American Airlines and that book or advertise air travel not only on American Airlines but also for a variety of airlines that compete directly with American Airlines. Yahoo has extensively profited from this unauthorized misuse of the American Airlines Marks.

This motion addresses thirteen of the twenty-two affirmative defenses Yahoo asserted in its answer: fair use, freedom of speech, limited remedies under contract, trademark misuse, limitations, laches, unclean hands, estoppel, privilege and justification, acquiescence, implied

license, American's settlement with non-parties, and American's own conduct and responsibility for damages. Yahoo's First Amended Answer, filed September 30, 2009 (Dkt. No. 105) ("Answer") at pp. 26-31.[1] American's motion is straightforward: After adequate time for discovery, Yahoo has not offered sufficient evidence to support these defenses as a matter of law. Although most facts in this case remain hotly contested, even if the Court were to assume the "facts" as averred by Yahoo, it cannot meet its legal burden. Accordingly, American respectfully requests that the Court grant partial summary judgment dismissing or limiting these discrete affirmative defenses.

## I. SUPPORTING EVIDENCE

Pursuant to the Local Rules, American has filed contemporaneously with its motion and this brief a separate Appendix of Evidence in Support of American's Motion for Partial Summary Judgment ("App.") containing the following exhibits:

| | |
|---|---|
| Exhibit A: | Defendants' Responses to Plaintiff's Third Set of Interrogatories; |
| Exhibit B: | January 29, 2007 Email Regarding Yahoo's Trademark Policy (AAG-301447-301453); |
| Exhibit C: | April 13, 2007 Presentation (YAH-AA 376989-376990); |
| Exhibit D: | Yahoo's Editorial Guidelines; |
| Exhibit E: | Yahoo's Master Terms and Conditions & Program Terms; |
| Exhibit F: | December 19, 2006 Standstill Agreement; |
| Exhibit G: | July 21, 2008 Amendment to December 19, 2006 Standstill Agreement; |

---

[1] American does not seek summary judgment on Yahoo's affirmative defenses of failure to state a claim, nominative use, no damages, limited remedies by statute, preemption, failure to mitigate, waiver, no direct infringement and adequate remedy at law.

| Exhibit H: | Excerpts from Yahoo, Inc.'s 2000 Form 10-K; |
| Exhibit I: | Excerpts from Yahoo, Inc.'s 2003 Form 10-K; and |
| Exhibit J: | Assorted Screenshots. |

## II. SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when, as here, the record establishes that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Here, Yahoo bears the burden of proving its affirmative defenses. *See, e.g., United States v. Central Gulf Lines, Inc.*, 974 F.2d 621, 629-30 (5th Cir. 1992); *Crescent Towing & Salvage Co. v. M/V Anax*, 40 F.3d 741, 744 (5th Cir. 1994). Accordingly, American may carry its initial burden of establishing that there is no genuine issue of material fact by simply pointing to the absence of evidence to support Yahoo's affirmative defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, (1986); *see also Barney Holland Oil Co. v. Fleetcor Tech., Inc.*, No. 4:06-CV-183-A, 2006 WL 3803150, at *4 (N.D. Tex. 2006) (McBryde, J.), *aff'd*, 275 Fed. Appx. 351 (5th Cir. 2008). Yahoo can only avoid summary judgment on its affirmative defenses by setting forth specific facts showing there is a genuine issue for trial, meaning Yahoo must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). Neither conclusory allegations nor unsubstantiated assertions will suffice. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990); *see, e.g., Tex. Tech Univ. v. Spiegelberg*, 461 F. Supp. 2d 510, 527-28 (N.D. Tex. 2006) (numerous affirmative defenses failed at summary judgment stage).

Moreover, where, even apart from the existence of any factual disputes, it is clear as a "pure question of law" that there is no foundation for a particular defense, that defense is properly eliminated on summary judgment. *See, e.g., Sheline v. Dun & Bradstreet Corp.*, 948

F.2d 174, 176 (5th Cir. 1991) ("summary judgment is appropriate where the only issue before the court is a pure question of law"). For the reasons set forth below, the Court should grant American's Motion for Partial Summary Judgment as to Yahoo's affirmative defenses, which are unfounded as a matter of law.

## III.    ARGUMENT AND AUTHORITIES

**A.    By Yahoo's Admission, Its Statutory Fair Use Defense Does Not Apply To Conduct At Issue.**

Yahoo's Third Affirmative Defense, in total, reads, "American Airlines's [sic] claims are barred, in whole or in part, by the doctrine of fair use." Answer at p. 27. To prevail on this fair use defense, Yahoo must prove that it used the American Airlines Marks descriptively rather than as terms that identify American's goods and services. Put differently, the doctrine allows a party to use a term in good faith to describe its own goods or services, but only in actions involving descriptive terms and only when the term is used in its descriptive sense rather than in its trademark sense. *See* 15 U.S.C. § 1115(b)(4); *Sugar Busters LLC v. Brennan*, 177 F.3d 258, 270-71 (5th Cir. 1999); *Zatarains, Inc. v. Oak Grove Smokehouse, Inc.,* 698 F.2d 786, 791 (5th Cir. 1983). Yahoo has no such evidence.

Yahoo's verified Objections and Responses to American Airlines' Third Set of Interrogatories make clear that the advertisements at issue are not designed to describe Yahoo's services or to make any generic statement, but to "sell or facilitate the sale of American Airlines Tickets." App. at 3-4. Although Yahoo avers that the same terms can also, in theory, be used descriptively to refer to "the national emblem of the United States" or "to a woman's shoe length," *id.* at 6, this is not an accurate description of the actual advertisements at issue. App. at 54-57. Indeed, by Yahoo's own policy, many of these advertisements contain explicit references to American Airlines. App. at 14-25. By definition, these are uses of the American Airlines Marks "as a mark" rather than descriptively, in other words, to identify American Airlines'

specific services, and cannot qualify for the fair use defense. *See, e.g., Sugar Busters LLC*, 177

F.3d at 271. In fact, American is ***not*** seeking to impose liability for Yahoo's display and sale of

terms in connection with websites that are irrelevant to American Airlines or air travel, such as

the sales of "AA" to Alcoholics Anonymous, or "American Eagle" to American Eagle Outfitters

or sellers of American Eagle gold coins. American only seeks to prevent Yahoo from confusing

and diverting Internet users who seek goods and services that are legitimately sold under the

American Airlines Marks. As Yahoo is well aware, American is the only entity authorized to use

the American Airlines Marks for that purpose.

As a result, based on these undisputed facts, Yahoo's fair use defense fails as a matter of

law. *See, e.g., Compliance Review Services, Inc. v. Callista Davis-Osuawu*, No. H-04-3635,

2006 WL 2385291 at *5 (S.D. Tex. 2006) (Werlien, J.) (failure to adduce evidence that the

defendant used another's mark descriptively rather than as a trademark proves fatal to the fair

use defense).

**B.      Yahoo's Freedom of Speech Affirmative Defense Is Unfounded as a Matter of Law.**

Yahoo's Fifth Affirmative Defense, in total, reads, "American Airlines's [sic] claims are

barred, in whole or in part, by the free speech protection of the Constitutions of the United

States, the State of Texas, and the State of California." Answer at p. 27. Yahoo's commercial

use of the American Airlines Marks to make a profit, though, is not immunized by its free speech

protections. To the contrary, the Supreme Court has long held that trademark law is perfectly

consistent with constitutional protections because it only regulates commercial speech, which is

entitled to reduced protections under the First Amendment. *Central Hudson Gas & Electric

Corp. v. Public Serv. Comm'n of New York*, 447 U.S. 557, 563, 100 S. Ct. 2343, 65 L. Ed. 2d

341 (1980); *see also Semco, Inc. v. Amcast, Inc.*, 52 F.3d 108, 111-112 (6th Cir. 1995). Yahoo

has neither alleged facts nor offered evidence to support an inference that its use of the American

Airlines Marks is for a non-commercial purpose—to the contrary, nearly every document and line of deposition testimony in this entire case confirms that Yahoo's use is entirely and wholly commercial in nature. *See* App. at 54-57. Indeed, for Sponsor Results triggered by the American Airlines Marks, Yahoo *required* advertisers to engage in commercial speech. *See* App. at 14-25.[2]

As the courts have made clear, there is no separate First Amendment defense to a claim of trademark infringement because if the commercial speech is confusing, then it is "misleading commercial speech, and outside the First Amendment." *See, e.g., Taubman Co. v. Webfeats,* 319 F.3d 770, 774-75 (6th Cir. 2003); *Seven-Up Co. v. Coca-Cola Co.,* 86 F.3d, 1379, 1383 (5th Cir. 1996); *see also Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.,* 425 U.S. 748, 771, 96 S. Ct. 1817, 48 L. Ed. 2d 346 (1976). For example, in *United We Stand America, Inc. v. United We Stand, America New York, Inc,* 128 F.3d 86 (2nd Cir. 1997), a political organization sued another political organization and its principal for infringing on the service mark "United We Stand America." As it analyzed the Defendants' claim that the use of the mark was protected under the First Amendment, the Second Circuit concluded that commercial speech is "precisely the use that is reserved by the Lanham Act to the owner of the mark" and is therefore "not protected by the First Amendment." *Id.* at 93 (citing *San Francisco Arts & Athletics, Inc. v. United States Olympic Comm.,* 483 U.S. 522, 541, 107 S. Ct. 2971, 2983, 97 L. Ed. 2d 427 (1987) (quoting *Int'l News Serv. v. Associated Press,* 248 U.S. 215, 239-240, 39 S. Ct. 68, 72, 63 L. Ed. 211 (1918)). To allow Yahoo to use the American Airlines

---

[2] *See also* App. at 26-27, Yahoo Editorial Guidelines, available at http://help.yahoo.com/l/us/yahoo/ysm/sps/articles/editorial2.html. ("If a brand is present in the keyword, include it in the title or description and indicate you sell or provide substantial information about the trademark-owner's products or services.").

Marks "would not only cause confusion, but would permit it to appropriat[e] to itself the harvest of those who have sown." *Id.* Accordingly, Yahoo has no separate First Amendment defense.

**C.  Yahoo's Affirmative Defense of Limited Remedy by Contract Fails Because the Cited Contract Does Not Govern the Conduct at Issue.**

Yahoo's Seventh Affirmative Defense states that "American Airlines's [sic] remedies are limited by operation of contract, including but not limited to paragraph 10 of Yahoo's Master Terms and Conditions and Program Terms." Answer at p. 27. There is no evidence to support this affirmative defense. Yahoo's Master Terms and Conditions and Program Terms relate to agreements between American and Yahoo which arise from Yahoo's provision to American of "access to [its] products, services, code and/or programs. . . ." App. at 28; *See also* Yahoo's Appendix in Support of its Motion to Transfer (Dkt. No. 17 at pp. 11-34, Ex. D-E). As clearly set forth in the Complaint, American's claims do not arise by virtue of American's access to Yahoo's products, services, code and/or programs. Instead, American's claims arise from and relate to Yahoo's improper dealings with third parties which have damaged American by virtue of wrongful use of the American Airlines Marks.

Yahoo has previously tried to rely on the agreement in question, and this Court has already found it inapplicable. *See* January 16, 2009 Order (Dkt. No. 32) (finding Yahoo's attempt to apply the forum selection clause of the Terms and Conditions to this lawsuit "completely nonsensical"), *aff'd*, 313 Fed. Appx. 722 (5th Cir. 2009). Because the contractual provision in question does not govern American's claims against Yahoo, summary judgment should be granted as to this affirmative defense.

**D.  By Yahoo's Own Description, It Has No Evidence of Trademark Misuse as a Matter of Law.**

Yahoo's Eighth Affirmative Defense states that "American Airlines's [sic] claims are barred by the doctrine of trademark misuse." Answer at p. 28. As one recent case has noted,

though, there is some question as to whether trademark misuse exists as a separate affirmative defense. *See KEMA, Inc. v. Koperwhats*, No. C-09-1587, 2009 WL 2957851 (N.D. Ca. Sept. 10, 2009); *see also Northwestern Corp. v. Gabriel Mfg. Co.*, 48 U.S.P.Q.2d 1902, 1909 (N.D. Ill. 1998) (noting "because of trademark misuse's fragmented case history, the Court is reticent to even acknowledge the defense's existence"). If the defense is to be considered by the Court, Yahoo must show that American has used its marks in violation of the antitrust laws or has made misrepresentations to the public in an attempt to increase the scope of its marks. *Microsoft Corp. v. Worth*, No. 306-CV-2213-G, 2007 WL 1975574 (N.D. Tex. 2007) (citing *Deere & Co. v. MTD Holdings, Inc.*, No. 00-CV-5936, 2004 WL 1794507, at *3 (S.D.N.Y. 2004)).

Yahoo, however, has not made any allegation that American Airlines has, in the past, used the American Airlines Marks in violation of the antitrust laws or has made misrepresentations to the public about the American Airlines Marks. Instead, Yahoo, in a verified interrogatory response, avers that its trademark misuse defense is predicated on American's attempt to seek relief "[t]hrough this litigation." App. at 7. This is insufficient as a matter of law. *See, e.g., Plus Products v. Natural Organics, Inc.*, No. 81-1798, 1984 U.S. Dist. LEXIS 19801, at *8 (E.D.N.Y. Feb. 3, 1984) (no proper trademark misuse defense is alleged when the only allegation is that the trademark owner claims the exclusive right to use a term and seeks to enjoin other users); *Weber v. National Football League*, 112 F. Supp. 2d 667, 673 (N.D. Ohio 2000) ("The weight of authority dictates that legal efforts to protect trademark rights simply do not constitute a restraint of trade in violation of antitrust laws."); *Estee Lauder, Inc. v. Origins Natural Resources, Inc.*, 189 F.R.D. 269, 273 (S.D.N.Y. 1999) ("Absent proof of a sham, the bringing of litigation cannot, as a matter of law, form the basis of an antitrust claim or misuse defense."); *Northwestern Corp.*, 48 U.S.P.Q.2d at 1909 (rejecting trademark misuse

defense based on allegation that plaintiff "is attempting to use this litigation to circumvent the bankruptcy court"). Accordingly, Yahoo's trademark misuse defense fails as a matter of law.

**E.  Yahoo's Limitations Affirmative Defense Fails Because American Only Seeks Damages Within the Limitations Period.**

Yahoo's Ninth Affirmative Defense states that "American Airlines's [sic] claims are barred by the operative statutes of limitations." Answer at p. 28. Because federal trademark claims do not have a statute of limitations, courts in this district apply the most analogous statute of limitations: a four-year statute of limitations. *See, e.g., Derrick Mfg. Corp. v. Sw. Wire Cloth, Inc.*, 934 F. Supp. 796, 804-06 & 808 (S.D. Tex. 1996). In this case, the parties entered into a Standstill Agreement on December 19, 2006, which acknowledged the existence of a dispute between the parties and which tolled any applicable limitations periods. App. at 36-38. The Standstill Agreement was subsequently extended by mutual agreement through the date this suit was filed. App. at 39-43. American is not seeking any damages which arise from or relate to Yahoo's wrongful conduct that occurred on or before December 19, 2002, four years before Yahoo entered into the December 19, 2006 Standstill Agreement. Accordingly, because there is no evidence to support this affirmative defense, summary judgment should be granted.

**F.  There Is No Evidence to Support Yahoo's Affirmative Defense of Laches.**

Yahoo's Tenth Affirmative Defense states that "American Airlines's [sic] claims are barred by the doctrine of laches." Answer at p. 28. To prevail on its laches defense, though, Yahoo must prove not only a delay in asserting American's rights (which American certainly disputes), but also that there is no excuse for this delay, and that it caused Yahoo "undue prejudice." *See Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 205 (5th Cir. 1998); *Armco, Inc. v. Armco Burglar Alarm Co., Inc.*, 693 F.2d 1155, 1161 (5th Cir. 1982); *Garden City Boxing Club, Inc. v. Johnson*, 552 F. Supp. 2d 611 (N.D. Tex. 2008).

Here, however, where the alleged delay is within the statute of limitations period, there is no evidence that American's alleged delay was unexcused or that Yahoo suffered undue prejudice as a result of the alleged delay. As described above, Yahoo's liability dates back to December 2002 (four years before Yahoo entered the standstill agreement). App. at 36-38; App. at 39-43. As a result, Yahoo would have to produce some extraordinary facts, of which it has none, to assert that laches should apply. *See, e.g., Just Add Water, Inc. v. Everything But Water, Inc.*, No. Civ. 3:04-CV-2085-H, 2005 WL 1206874, at *2 (N.D. Tex. May 18, 2005) (refusing to apply a laches defense inside the statute of limitations period).

Moreover, given that Yahoo entered into an agreement acknowledging its dispute with American and tolling the statute of limitations, App. at 36-38, and repeatedly extended that agreement, *id.* at 39-43, it has no ground for complaining that it was sued as expected and while its tolling agreement remained active. *See Ironclad L.P. v. Poly-America, Inc.*, No. 3:98-CV-2600-P, 2000 WL 1400762 (N.D. Tex. 2000) (laches defense inapplicable where "plaintiff's delay did not cause defendant prejudice"). Summary judgment is therefore appropriate.

**G. Yahoo's Unclean Hands Defense Cannot Succeed Because There is No Evidence American Airlines Has Engaged in the Alleged Conduct Since Filing Suit or That Such Conduct Has Harmed Yahoo.**

Yahoo's Eleventh Affirmative Defense, unclean hands, Answer at 28, also fails as a matter of law. "The unclean hands doctrine is used to defeat an undeserving plaintiff's claim for equitable relief against a defendant that he has injured." *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 379 (5th Cir. La. 2004). To proceed to trial on this defense, Yahoo must present evidence from which a jury could conclude that Yahoo was injured by serious wrongdoing that was occurring *at the time American filed suit. See, e.g., Coca-Cola Co. v. Koke Co. of America*, 254 U.S. 143, 147, 41 S. Ct. 113, 65 L. Ed. 189 (1920) ("the plaintiff's position must be judged by the facts as they were when the suit was begun, not by the facts of a different

condition and an earlier time."); *Healthpoint, Ltd. v. Ethex Corp.*, 273 F. Supp. 2d 817, 848 (W.D. Tex. 2001) (stating that when applying the unclean hands doctrine, the court "must consider the situation *as it existed at the time of the suit*" (emphasis added) (citing *Recamier Mfg. Co. v. Harriet Hubbard Ayer, Inc.*, 59 F.2d 802, 808 (S.D.N.Y. 1932)); *see also Petro Franchise Sys., LLC v. All Am. Props., Inc.*, 607 F. Supp. 2d 781, 799 (W.D. Tex. 2009) (noting that, under *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 244 (1933), equitable complainant "*must come into court*" with clean hands). Here, Yahoo has adduced no evidence that American came into court with unclean hands: That is, there is no evidence that at the time this Complaint was filed, American was bidding on the trademarks of non-parties as keywords, or that American did so at any time afterward. As a result, this affirmative defense must also be dismissed. *See, e.g., Oliva v. Ramirez*, No. 07-1569, 2007 WL 2436305, at *5 (D.P.R. 2007) (alleged pre-suit inequitable conduct cannot support an unclean hands defense); *Q-Tips, Inc. v. Johnson & Johnson*, 108 F. Supp. 845, 869-70 (D.N.J. 1952) (unclean hands defense failed where the plaintiff ceased making the alleged misrepresentations prior to filing suit), *aff'd*, 206 F.2d 144 (3rd Cir. 1953), *cert. denied*, 346 U.S. 867 (1953).

Further, Yahoo's unclean hands defense also fails because the doctrine "should not be applied when the defendant has not been seriously harmed and the wrong complained of can be corrected." *Knight v. Volkart*, No. 13-01-00858-CV, 2002 WL 31623580, at *8 (Tex. App.— Corpus Christi 2002, no pet.); *see also Bank of Saipan v. CNG Fin. Corp.*, 380 F.3d 836, 842 (5th Cir. 2004) (unclean hands doctrine is inapplicable altogether where the plaintiff's sins do not affect or prejudice the defendant). Yahoo has not averred – let alone offered any proof – that American's alleged keyword search advertising harmed or prejudiced Yahoo. To the contrary, even if Yahoo were correct that American had run advertising of the kind about which it now complains, such conduct would have benefited Yahoo – not harmed it. As a result, American is

entitled to summary judgment on Yahoo's unclean hands defense. *See, e.g., Janes v. Watson*, 82 U.S.P.Q.2d 1906 (W.D. Tex. 2006) (granting summary judgment as to unclean hands defense where defendant "has failed to produce any evidence as to the 'seriousness' of the harm he has suffered and that the wrong complained of, *i.e.*, breach of contract, cannot be corrected without applying the unclean hands doctrine"); *Biggs v. Cabela's, Inc.*, No. 4:03-CV-0205-A, 2004 WL 530167, at *7 (N.D. Tex. 2004) (McBryde, J.) (summary judgment is warranted on an unclean hands affirmative defense if there is no supporting evidence).

## H. Yahoo Has Not Claimed All Elements Necessary to the Affirmative Defense of Estoppel.

Yahoo also has not averred or cited evidence to support its Fourteenth Affirmative Defense, estoppel. Answer at 29. To prevail on this affirmative defense, Yahoo must prove: (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations." *See Med. Care Am., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Penn.*, 341 F.3d 415, 422 (5th Cir. 2003) (quoting *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 515-16 (Tex. 1998)). Here, there is no evidence to support at least three of these elements, rendering it ripe for summary judgment. *Med. Care Am., Inc.*, 341 F.3d at 422 ("the failure to prove any one or more of the elements is fatal").

American Airlines has specifically propounded an interrogatory asking Yahoo to state the facts that support this affirmative defense. Yahoo's verified response only claims, in sum: (a) American has participated in Yahoo's sponsored search advertising program since 2001; (b) American has known that third-parties bid on the American Airlines Marks as keywords on Yahoo's sponsored search advertising program since 2001; (c) Yahoo has had procedures for trademark owners to register complaints since 2001; (d) American registered a complaint

regarding the use of "aa.com" with Yahoo in October 2006; (e) American threatened to file a lawsuit alleging trademark infringement in December 2006; and (f) Yahoo would have undertaken earlier the trademark policy compliance measures that it began implementing in December 2006 had American registered a complaint before then. App. at 8-10.

Assuming for the sake of this motion only that these facts are true, Yahoo's response does not set forth sufficient facts to support the elements of equitable estoppel. Indeed, Yahoo has not even averred – let alone cited any evidence establishing that: (1) American made any misrepresentation or "concealed" any fact; (3) American has any "intent" that Yahoo would act on such a misrepresentation or concealment; or (4) Yahoo was without the means to determine the truth about any such misrepresentation or concealment. Even assuming that Yahoo's interrogatory response infers that American somehow concealed its displeasure with Yahoo's trademark policy, there is no dispute that Yahoo was well aware that "third parties have asserted and most likely will continue to assert claims against us alleging infringement of ... trademark right." App. at 46. Indeed, this language appears in Yahoo's own SEC filings. In its 2003 Form 10-K, Yahoo stated that Defendant Overture, which Yahoo has acquired, was "in litigation with several companies, each of which has claimed that allowing advertisers to bid on certain terms constitutes trademark infringement." Id. at 51. Thus, Yahoo's own pronouncements establish that it was aware that the sale of trademarks as keywords could, and did, expose it to trademark infringement lawsuits.[3]

---

[3]    Moreover, Texas law requires that Yahoo "must have used due diligence to ascertain the truth of the matters upon which [it] relies in acting to [its] detriment." *Med. Care Am., Inc.*, 341 F.3d at 423. However, Yahoo did not set forth any facts in its interrogatory response and cannot present any evidence that it either "made any inquiry" of American or that it "lacked the means to make such an inquiry or was somehow prevented from doing so." *Id.*

Yahoo's interrogatory response also fails to identify any detrimental reliance or prejudice that it has suffered. Nowhere in Yahoo's response does it indicate that it changed any policy, entered into any contract, or took any other action in reliance on some unidentified misrepresentation or concealment of material fact. Nor does Yahoo state that it would now suffer prejudice from that policy, contract, or action if American is allowed to enforce its trademark rights. To the extent Yahoo relied on American, it was to the benefit of Yahoo, who continued to make money off of the improper sale and display of the American Airlines Marks. As such, Yahoo will suffer no prejudice and did not rely on American to its detriment.

Because there is no evidence to support each and every element of Yahoo's affirmative defense of equitable estoppel, American is entitled to summary judgment. *See Med. Care Am., Inc.*, 341 F.3d at 422; *Source, Inc. v. SourceOne, Inc.*, No. 3:05-CV-1414-G, 2006 WL 2381594, at *8 (N.D. Tex. 2006) (summary judgment is proper on estoppel when there is no evidence to support that defense).

## I. There Is No Evidence to Support Yahoo's Affirmative Defense of Privilege and Justification.

Yahoo's Twenty-First Affirmative defense, privilege and justification, Answer at 31, is similarly flawed. To prevail on this defense, Yahoo must prove either (1) an exercise of its own legal rights or (2) a good-faith claim to a colorable legal right even if that claim proves to be mistaken. *See Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 80 (Tex. 2000).[4]

In response to American Airlines interrogatory for the facts that support this affirmative defense, Yahoo sets forth the same facts upon which it relies to support its equitable estoppel

---

[4]    Justification is a long-recognized defense to a claim of tortious interference with contract. However, there is no indication that justification is a valid defense to trademark infringement.

defense. App. at 10-11. This response fails to identify any "legal right" upon which Yahoo relies. *Id.* at 8-10. This alone is fatal to its defense. Even assuming, however, that Yahoo had averred some legal right, as a matter of law, Yahoo cannot base its justification defense on a claim that American somehow failed to apprise it of its concerns about Yahoo's conduct. Such an allegation does not provide a cognizable excuse for the tortious and illegal conduct alleged in American Airlines' Complaint. *See Prudential*, 29 S.W.2d at 81 ("A party may not exercise an otherwise legitimate privilege by resort to illegal or tortious means."). As a result, summary judgment is warranted.

**J.      Yahoo's Acquiescence Affirmative Defense Also Fails for Lack of Evidence.**

To prevail on Yahoo's Sixteenth Affirmative Defense, acquiescence, Yahoo must prove that American made implicit or explicit assurances to Yahoo that induced reliance by Yahoo and resulted in prejudice to Yahoo. *Conan Properties, Inc. v. Conans Pizza, Inc.*, 752 F.2d 145, 153 (5th Cir. 1985). *See also Elvis Presley Enterprises, Inc.*, 141 F.3d at 206. Just as Yahoo has not and cannot present any evidence of prejudice with respect to its defense of estoppel, the same is true for the defense of acquiescence. Because Yahoo has no evidence of prejudice, summary judgment is warranted with respect to the affirmative defense of acquiescence. *See Celotex Corp.*, 477 U.S. at 323-25.

**K.      There is No Evidence to Support Yahoo's Affirmative Defense of Implied License.**

Yahoo's Seventeenth Affirmative Defense states that American Airlines' claims "are barred, in whole or in part," because American's own conduct created "at least an implied license from American Airlines to conduct the advertising activities about which American now complains." Answer at 29-30. American contends that there is no implied license.

To prevail on the implied-license defense, Yahoo must prove that American's entire course of conduct created this implied license. *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d

1070, 1076 (5th Cir. 1997). As the Fifth Circuit has explained, the "essential inquiry is whether, under cover of the agreement claimed to be a license, 'the licensee is engaging in acts which would infringe the licensor's mark but for the permission granted in the license." *Id.* This requires some affirmative act on the part of the licensor that would lead the licensee to reasonably infer that the license had been granted. *Mass Eng. Design, Inc. v. Ergotron, Inc.*, 633 F. Supp. 2d 361 (E.D. Tex. 2009) ("...[an] implied license looks for an affirmative grant of consent or permission to make, use, or sell: i.e., a license"). There is no evidence to support this affirmative defense; accordingly, summary judgment is proper on Yahoo's affirmative defense of implied license.

Even if there were such an implied license, the existence of such evidence would at most reflect a possible implied license between American, as the licensor, and one of the specific advertisers (*e.g.*, Travelocity), as the licensee – not Yahoo. And there is no authority that would permit Yahoo to claim to be a third-party of an implied license.

**L.     American's Purported Conduct And Settlement With Non-Parties Provide No Defense To Yahoo's Liability On American's Federal Claims.**

Finally, Yahoo's nineteenth and twentieth defenses, American's alleged settlement with non-parties and its own responsibility for damages, Answer at 30-31, also fail as a matter of law. These defenses rely on the principle of proportionate liability set forth in Chapter 33 of the Texas Civil Practice and Remedies Code. It is black-letter law, though, that Chapter 33 does not apply at all to American's claims under *federal* law. As courts in this district and around the country have held, federal trademark claims are subject to the principle of joint and several liability, and thus not susceptible to proportionate liability. *See, e.g., Interstate Battery Sys., Inc. v. Wright*, 811 F. Supp. 237, 245 n.5 (N.D. Tex. 1993) ("Wright and the corporate defendant are jointly and severally liable for counterfeiting, trademark infringement and unfair competition since the doctrine of joint tortfeasors applies to these torts"). Thus, regardless of how many defendants

are jointly involved in causing a single infringement, American Airlines may seek to recover the full amount of damages against whatever defendant it elects to sue. *See, e.g., Costello Publ'g Co. v. Rotelle*, 670 F.2d 1035, 1043 (D.C. Cir. 1981) ("it is well established that a suit for infringement is analogous to other tort actions and infringers are jointly and severally liable; hence plaintiff need only sue participants as it sees fit"); *David Berg & Co. v. Gatto Int'l Trading*, 884 F.2d 306, 311 (7th Cir. 1989) ("Because unfair competition and trademark infringement are tortious, the doctrine of joint tortfeasors does apply . . . . Every person actively partaking in, lending aid to, or ratifying and adopting such acts is liable equally with the party itself performing these acts"); *Bauer Lamp Co. v. Shaffer*, 941 F.2d 1165, 1171 (11th Cir. 1991) ("[S]ince trade dress infringement is a tort, [individuals who participate in the infringing process] may be held responsible as joint tort-feasors"); *Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 16 (2d Cir. 1988) (a trademark infringement defendant does not have a right to seek contribution of damages from joint tortfeasors).

As a result, on the nineteenth and twentieth defenses, Yahoo cannot prevail as a matter of law on American's first five claims for relief, all arising under the federal Lanham Act, and American is entitled to partial summary judgment.

## IV.    CONCLUSION

For the reasons stated herein, American Airlines respectfully requests that the Court grant a partial summary judgment dismissing Yahoo's affirmative defenses of fair use, freedom of speech, limited remedies under contract, trademark misuse, limitations, laches, unclean hands, estoppel, privilege and justification, acquiescence, implied license, American's settlement with non-parties, and American's own conduct and responsibility for damages.

Dated:  October 7, 2009

Respectfully submitted,

Frederick Brown (admitted *pro hac vice*)
Jason Stavers (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Phone:  (415) 393-8200
Fax:  (415) 986-5309

Howard S. Hogan (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Phone:  (202) 955-8500
Fax:  (202) 467-0539

Dee J. Kelly
State Bar No. 11217000
Dee J. Kelly, Jr.
State Bar No. 11217250
Lars L. Berg
State Bar No. 00787072
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX  76102
Phone:  (817) 332-2500
Fax:  (817) 878-9280

*Attorneys for Plaintiff American Airlines, Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on Defendants' counsel,

via hand delivery or overnight delivery, on the 7th day of October, 2009:

*Via Hand Delivery*
David F. Chappell
Scott A. Fredricks
CANTEY HANGER LLP
Cantey Hanger Plaza
600 West Sixth Street, Suite 300
Fort Worth, Texas 76102

*Via Overnight Delivery*
Michael A. Jacobs
Lynn M. Humphreys
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482

_____
Lars. L. Berg