American Airlines, Inc. v. Yahoo! Inc. et al

Doc. 123



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-626-A |
| | § | |
| YAHOO! INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

<u>ORDER</u>

As the court explained to counsel during the telephone conference conducted on October 9, 2009, the records of the court are in a state of disarray pertaining to (1) items filed by defendants, Yahoo! Inc. and Overture Services, Inc., d/b/a Yahoo Search Marketing, concerning Defendants' Motion for Summary Judgment, (2) items filed by plaintiff, American Airlines, Inc., concerning Plaintiff's Motion for Partial Summary Judgment, and (3) items filed by plaintiff concerning Plaintiff's Motion for Sanctions for Failure to Produce and Preserve Records. The problem has resulted, at least in part, from submissions of unredacted and redacted versions of the same documents without there being sufficient copies for the clerk's office to have a set for filing in the records of this case and for Chambers to have a working copy of each. Moreover, certain of the documents

dockets.Justia.com

were inappropriately submitted for *in camera* consideration by the court and inappropriately presented in redacted form. In order to cause the records of the court to contain the proper documents, and to eliminate from the records documents that should not be before the court,

The court ORDERS that:

(1) All items that were submitted to the court for filing by defendants on October 7, 2009, in the form of appendices to defendants' motion for summary judgment are hereby stricken from the record of this action, and defense counsel are invited to retrieve them from the clerk's office by 2:00 p.m. on October 30, 2009. If they are not retrieved by that date, they will be disposed of by the clerk's office. Four of these items, which show to be redacted copies, are on the court's docket as item numbers 113, 114, 115, and 116. Five of these items are file-marked October 7, 2009, and show that they were submitted "*In Camera*" but do not appear on the court's docket.

(2) The items submitted by defendants for filing on October 8, 2009, in the form of five volumes, each titled "Corrected Appendix in Support of Defendants' Motion for Summary Judgment (Unredacted) Submitted *In Camera*" are ordered filed. The filing of each of such items shall be dated as of October 8, 2009.

Counsel shall provide to the court by 2:00 p.m. on October 30, 2009, another set of these documents for use in Chambers.

(3) The items submitted to the court on October 8, 2009, in three volumes, titled "Corrected Appendix in Support of Defendants' Motion for Summary Judgment (Redacted)," which have not been filed, are available to be picked up by counsel by 2:00 p.m. on October 30, 2009. If they are not retrieved by that date, they will be disposed of by the clerk's office.

(4) The item submitted to the court for filing on October 7, 2009, titled "Defendants' Brief in Support of Motion for Summary Judgment, Redacted Version," is hereby stricken from the record of this action. It appears as item 112 on the court's docket. Counsel for defendants are invited to retrieve it from the clerk's office by 2:00 p.m. on October 30, 2009. If it is not retrieved by that date, it will be disposed of by the clerk's office. If defendants wish the court to consider a brief in support of their motion for summary judgment, they shall submit for filing by 2:00 p.m. on October 30, 2009, the original and a copy of an unredacted version of such a brief, which shall be filed with an October 7, 2009, filing date.

(5) The item submitted by plaintiff on October 7, 2009, for filing titled "Appendix Supporting Plaintiff's Motion for Partial

Summary Judgment," which is noted to be "Redacted," is hereby stricken from the record of this action. It appears on the court's docket as item 110. Counsel for plaintiff is invited to retrieve it from the clerk's office by 2:00 p.m. on October 30, 2009. If it is not retrieved by that date, it will be disposed of by the clerk's office. The court ORDERS that plaintiff file the original and a copy of an unredacted version of such document by 2:00 p.m. on October 30, 2009, which shall be filed with an October 7, 2009, filing date.

(6) The court is unable to find a Chambers copy of a document filed October 7, 2009, by plaintiff titled "Brief in Support of Plaintiff's Motion for Partial Summary Judgment" (docket item number 109). Plaintiff shall submit to the court by 2:00 p.m. on October 30, 2009, a Chambers copy of such document.

(7) The document filed by American Airlines, Inc., on September 23, 2009, titled "Appendix in Support of Plaintiff's Motion for Sanctions for Failure to Produce and Preserve documents" (docket item number 101) is hereby stricken from the record of this action. Apparently the original and one copy of such document in redacted form were submitted for filing, one of which was actually filed and the other was sent to Chambers as the Chambers copy thereof. Counsel for plaintiff is invited to

retrieve such documents from the clerk's office by 2:00 p.m. on October 30, 2009. If they are not retrieved by that date, they will be disposed of by the clerk's office.

(8) What appears to be an unredacted version of the document mentioned in paragraph (7) above is in possession of the court but does not show that it was ever filed. Such document shall be filed with a filing date of September 23, 2009. The court is unable to locate a Chambers copy of such document. Therefore, by 2:00 p.m. on October 30, 2009, plaintiff present to the court a Chambers copy of such document.

(9) On September 23, 2009, plaintiff submitted for filing two volumes of a document titled "Junk Appendix in Support of Plaintiff's Motion for Sanctions for Failure to Produce and Preserve Documents." Such items have not been filed of record. The court ORDERS such items filed of record with a filing date of September 23, 2009. Plaintiff shall provide to the court by 2:00 p.m. on October 30, 2009, copies of such documents for use in Chambers.

(10) To whatever extent any of the documents mentioned above that are to remain on file, or are to be filed, indicate that they are to be considered by the court in camera, the court makes known to the parties that the court does not consider any of the

filings are <u>in camera</u>, and the court will consider all of the filings open to public view as part of the public records of this action.

THE COURT SO ORDERS.

SIGNED October 26, 2009.

_____
JOHN McBRYDE
United States District Judge