American Airlines, Inc. v. Yahoo! Inc. et al

Doc. 146

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-626-A |
| | § | |
| YAHOO! INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

ORDER

On November 2, 2009, defendants, Yahoo! Inc. and Overture Services, Inc., d/b/a Yahoo Search Marketing, filed their motion for leave to file documents under seal and their supporting brief. On the date of the signing of this order, the court signed the order tendered to the court by the parties granting such motion, and ordered the documents listed in the order filed with a November 2, 2009 filing date. The court has two extra copies of those documents that were ordered sealed; apparently supplied as exhibits to such motion. The court no longer has a need for those exhibits inasmuch as the originals of the documents have been filed under seal. Therefore, the court is making known to counsel for defendants that the two sets of exhibits to defendants' motion for leave to file documents under seal are available to be picked up in the office of the Clerk of

Court by 2:00 p.m., on November 12, 2009. If they are not picked up by that time, the clerk will dispose of the documents as the clerk sees fit.

The court also has possession of two sets of documents (five volumes in each set), each titled "Appendix in Support of Memorandum of Law in Opposition to Defendant Yahoo's Motion for Summary Judgment." The court cannot find anything that would explain why the court has possession of those documents, none of which bear file marks, except handwritten notes that they are redacted copies. One set is stamped "ORIGINAL" on each volume and the other set is stamped "COPY" on each volume. If either party considers that such set of documents should be filed, such party should inform the court of that fact by an appropriate filing. Otherwise, such documents will be available to be retrieved by counsel for plaintiff, American Airlines, Inc., from the office of the Clerk of Court by 2:00 p.m., on November 12, 2009. If not retrieved by that time, the clerk will dispose of the documents as the clerk sees fit.

So that the court can properly monitor requests for sealing of documents, the court directs the parties that from this point forward, they will not, without leave of court evidenced by an order signed by the court, file any document under seal,

notwithstanding the language of Local Civil Rule L.R. 79.3(1). When seeking leave to file a document under seal, the parties will not file the motion for leave under seal. The parties need not attach to the motion for leave as an exhibit or exhibits the document or documents requested to be sealed. However, appropriate reference will be made in the motion for leave to the document or documents that will be tendered for filing under seal along with the motion for leave.

SIGNED November 9, 2009.

JOHN McBRYDE
United States District Judge