

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

AMERICAN AIRLINES, INC.,

        Plaintiff,

-v.-

YAHOO! INC., and OVERTURE SERVICES, INC.
d/b/a YAHOO! SEARCH MARKETING,

        Defendants.

No. 4-08-CV-626-A

**BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION TO STRIKE DANIEL J. SLOTTJE AS EXPERT**

Frederick Brown (admitted *pro hac vice*)
Jason Stavers (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Phone: (415) 393-8200
Fax: (415) 986-5309

Howard S. Hogan (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 955-8500
Fax: (202) 467-0539

Dee J. Kelly
State Bar No. 11217000
Dee J. Kelly, Jr.
State Bar No. 11217250
Lars L. Berg
State Bar No. 00787072
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Phone: (817) 332-2500
Fax: (817) 878-9280

*Attorneys for Plaintiff American Airlines, Inc.*

## TABLE OF CONTENTS

I. OVERVIEW ................................................................................................................1

II. ARGUMENT AND AUTHORITIES............................................................................1

    A. The Court's Order Setting Schedule
       and Providing Special Pretrial Instructions............................................................1

    B. Yahoo's Slottje Disclosure. ...................................................................................2

    C. The Slottje Report is Inadequate
       Under Both Rule 26(a) and *Daubert*....................................................................2

III. CONCLUSION...............................................................................................................6

# TABLE OF AUTHORITIES

**Federal Cases**

*Daubert v. Merrell Dow Pharms., Inc.*,
    509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993) ..................................................... 5

*Lewis v. Parish of Terrebonne*,
    894 F.2d 142 (5th Cir. 1990) .................................................................................................. 5

*Maddox v. Heritage Properties, Inc.*,
    2009 WL 1155389 (N.D. Miss. April 28, 2009) ..................................................................... 3

*Paz v. Brush Engineered Materials, Inc.*,
    555 F.3d 383 (5th Cir. 2009) .................................................................................................. 5

*Reichenbach v. Smith*,
    528 F.2d 1072 (5th Cir. 1976) ................................................................................................ 5

*Space Maker Designs, Inc. v. Weldon F. Stump and Co., Inc.*,
    2003 WL 2180 5274 (N.D. Tex., March 13, 2003) ................................................................ 3

**Federal Rules**

FED. R. CIV. P. 26(a)(2) ................................................................................................................ 1-3

FED. R. CIV. P. 37(c)(1) .................................................................................................................. 3

# I.
# OVERVIEW

After this Court denied Yahoo's request for leave to designate rebuttal experts in this case, Yahoo designated Daniel J. Slottje as an expert witness. On August 17, 2009, Yahoo served American with the Expert Report of Daniel J. Slottje (the "Slottje Report"). The Slottje Report reflects that Slottje is, in fact, designated solely to provide rebuttal testimony. Because the Slottje Report is inadequate under FED. R. CIV. P. 26(a)(2) and this Court's order dated March 13, 2009, Slottje should be stricken as an expert in this case.

# II.
# ARGUMENT AND AUTHORITIES

A.  **The Court's Order Setting Schedule and Providing Special Pretrial Instructions.**

In the Court's Order Setting Schedule and Providing Special Pretrial Instructions (the "Scheduling Order") signed March 13, 2009, the Court ordered as follows: "Each party shall designate experts by filing a written designation including the name, address, and telephone number of each expert who may be called to testify and make the disclosures required by FED. R. CIV. P. 26(a)(2) by serving the required written reports at least one hundred and twenty days before the pretrial conference date." (Scheduling Order at paragraph 15).

Shortly thereafter, on August 3, 2009, Yahoo filed an Opposed Motion and Brief to Extend Deadline to Designate Experts and Set Rebuttal Expert Deadline and Request for Expedited Consideration ("the Motion"). In the Motion, Yahoo specifically requested the Court authorize the use of rebuttal experts (the Motion at II). On August 6, 2009, American filed its opposition to the Motion, primarily arguing that rebuttal experts were unnecessary because any perceived problems with expert reports could be addressed by cross examination. On August 6, 2009, the Court signed an order extending the deadline for compliance with paragraph 15 (as

cited above) to 10:00 a.m. on August 17, 2009, but denying all other relief, including Yahoo's request for rebuttal experts.

B.   **Yahoo's Slottje Disclosure.**

On August 17, 2009, Yahoo served American with the Slottje Report. A true and correct copy of this report without exhibits is attached to the Appendix as Exhibit "A" and is hereby incorporated by reference for all purposes. In substance, the Slottje Report is expert rebuttal to the expected testimony of American's witnesses. In the executive summary of the Slottje Report, Mr. Slottje states: "I understand that American has identified Mr. Daniel L. Jackson as an expert or consultant, and that he is likely to issue a report on behalf of American in this case concerning damage estimates attributable to the Alleged Acts ("the Jackson Report"). I have been asked to review, evaluate, and to *rebut* or critique, as appropriate, the opinions in the Jackson Report. I have been provided with the report that Mr. Jackson issued in a case that American brought against Google ("the Jackson Google Report")." (App. at 2).

As indicated by the very language of this executive summary, the Slottje Report is wholly speculative in that it is responsive to a report Slottje believes one of American's experts was "likely to issue." On its face, the Slottje Report is a rebuttal expert report. Yahoo seeks to accomplish indirectly what this Court has already refused to permit – designation of a rebuttal expert.

C.   **The Slottje Report is Inadequate Under Both Rule 26(a) and *Daubert*.**

Under Rule 26(a)(2), the Slottje Report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; and (iii) any exhibits that will be used to summarize or support them . . . . FED. R. CIV. P. 26(a)(2). The Slottje Report speculates as to the

opinions to be expressed, the basis and reasons for them, and the data or other information to be considered by the expert in forming his rebuttal opinions. It also fails to attach the exhibits that would be used by Slottje because they were not known as of the date of the production of the Slottje Report. The disclosure is not sufficiently complete and detailed and is wholly inadequate under Rule 26(a)(2) *See Space Maker Designs, Inc. v. Weldon F. Stump and Co., Inc.*, 2003 WL 2180 5274, at *3 (N.D. Tex., March 13, 2003). The penalty for failure to provide the information required by Rule 26(a) is "that the offending party is 'not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or was harmless'". *Maddox v. Heritage Properties, Inc.*, 2009 WL 1155389, at *1 (N.D. Miss. April 28, 2009), *citing* FED. R. CIV. P. 37(c)(1).

Virtually all the alleged opinions stated in the Slottje Report are speculative based upon anticipated opinions of American's expert Mr. Daniel L. Jackson. For example, the Slottje Report states:

- "If the Jackson Report contains an opinion under a reasonable royalty damages theory, I am prepared to respond to such an opinion." (App. at 10).

- "If Mr. Jackson presents damages estimate in the Jackson Report in this case that rely on the analyses similar to those he relied upon in the Jackson Google Report, the following observations would apply, and I may have additional or different observations after reviewing the Jackson Report." (App. at 10).

- "Repeating the analysis in the Jackson Google Report here would cause Mr. Jackson's estimate of loss profits to American to be unreliable and speculative..." (App. at 11).

- "If Mr. Jackson considers data similar to what he relied upon in the Jackson Google Report to determine a 'conversion rate' in this matter, the resulting conversion rate would be problematic." (App. at 12-13).

- "If Mr. Jackson repeats his methodology/analysis in the Jackson Google Report in this case, he will have failed to reconcile his lost profits damages calculation with American's testimony . . ." (App. at 13).

- "If Mr. Jackson employs the '100% intent' assumption, based on an expert report to be issued by Dr. Ward A. Hanson. . ." (App. at 14).

- "If, as he did in the Jackson Google Report, Mr. Jackson uses a market share analysis based on American's overall business. . ." (App. at 14).

- "If Mr. Jackson uses an analysis of American's average revenue earned and 'variable' expenses based on American's overall business. . ." (App. at 15).

- "If Mr. Jackson ignores the possible benefits to American from Yahoo's search marketing business in the form of web users 'diverted' . . ." (App. at 16).

- "If Mr. Jackson's calculation of unjust enrichment in the Jackson Report is based on the '100% intent' assumption . . ." (App. at 16).

- "If Mr. Jackson's calculation of excess payments made by American to Yahoo for advertising is based on the '100% intent' assumption . . ." (App. at 16).

- "I discuss below in section IV.C the methodology and information I consider appropriate to use *to rebut* any claim for unjust enrichment damages in the Jackson Report." (App. at 16) (emphasis added).

- "[A]ssuming the Jackson Report utilizes the same methodology as the Jackson Google Report . . ." (App. at 17).

- "I now present a discussion of how I *would* estimate unjust enrichment damages *once I have seen any unjust enrichment damages estimate* in the Jackson Report." (App. at 19) (emphasis added).

- "I now present a discussion of how I *would* estimate American's "excess payments" for advertising on Yahoo *once I have seen any such damages estimate* in the Jackson Report." (App. at 21) (emphasis added).

- "When and if Mr. Jackson presents a base of clicks and associated revenue for inclusion in an increased advertising expenses estimate, I may have a different opinion regarding these minimum applicable rates." (App. at 22-23).[1]

An expert's testimony must be "ground[ed] in the methods and procedures of science" and "more than subjective belief or unsupported speculation." *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 388 (5th Cir. 2009), *citing Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 113 S. Ct. 2786, 2786 (1993). An expert's opinion "cannot be the basis of speculation or conjecture." *Lewis v. Parish of Terrebonne*, 894 F.2d 142, 146 (5th Cir. 1990); *see also Reichenbach v. Smith*, 528 F.2d 1072, 1074 (5th Cir. 1976). Because the Slottje Report is facially speculative, pure rebuttal, and fails to adequately set out the opinions to be expressed, the Court should strike Daniel J. Slottje as an expert.

---

[1] The speculative nature of the testimony is also reflected in paragraphs 7-9 of the Declaration this witness signed in support of Yahoo's Motion for Summary Judgment. These paragraphs each rebut the testimony of Daniel L. Jackson, one of American's designated experts.

# III.
# CONCLUSION

American respectfully requests the Court strike Daniel J. Slottje as an expert in this case.

Respectfully submitted,

_____
Dee J. Kelly
State Bar No. 11217000
Dee J. Kelly, Jr.
State Bar No. 11217250
Lars L. Berg
State Bar No. 00787072
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500 - phone
(817) 878-9280 - fax

Frederick Brown (admitted *pro hac vice*)
George A. Nicoud III
State Bar No. 15017875
Jason Stavers (admitted *pro hac vice*)
GIBSON DUNN & CRUTCHER LLP
One Montgomery Street, Suite 3100
San Francisco, CA 94104
(415) 393-8204 – phone
(415) 374-8420 – fax

Howard S. Hogan (admitted *pro hac vice*)
GIBSON DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 887-3640 – phone
(202) 530-9550 – fax

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on Defendants' counsel, on the 6th day of November, 2009, as follows:

David F. Chappell
Scott A. Fredricks
CANTEY HANGER LLP
Cantey Hanger Plaza
600 West Sixth Street, Suite 300
Fort Worth, Texas 76102
*Via Hand Delivery*

Michael A. Jacobs
Lynn M. Humphreys
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
*Via FedEx*

_____
Dee J. Kelly, Jr.