IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | |
|---|---|
| AMERICAN AIRLINES, INC., § <br> § <br> Plaintiff, § <br> § <br> V. § <br> § <br> YAHOO! INC., and § <br> OVERTURE SERVICES, INC. d/b/a YAHOO! § <br> SEARCH MARKETING, § <br> § <br> Defendants. § | Civil Action No. 4-08-CV-626-A |

## APPENDIX IN SUPPORT OF DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

| EXHIBIT | DOCUMENT | PAGE |
|---|---|---|
| V | Supplemental Declaration of Daniel J. Slottje in Support of Defendants' Sur-Reply in Opposition to Plainitff's Motion for Sanctions, dated November 2, 2009 | 357 |
| W | Supplemental Declaration of Catherine Cameron in Support of Defendants' Sur-Reply in Opposition to Plainitff's Motion for Sanctions, dated November 2, 2009 | 360 |
| X | Excerpts from Deposition of Catherine Cameron, taken on October 15, 2009 | 363 |

Dockets.Justia.com

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true copy of the foregoing document has been served on counsel of record as follows:

| | |
|---|---|
| Dee J. Kelly<br>Dee J. Kelly, Jr.<br>Lars L. Berg<br>Kelly Hart & Hallman, LLP<br>201 Main Street, Suite 2500<br>Fort Worth, TX 76102 | ***Via Hand Delivery*** |
| Frederick Brown<br>Jason Stavers<br>Gibson, Dunn & Crutcher LLP<br>One Montgomery Street, Suite 3100<br>San Francisco, CA 94104 | ***Via FedEx*** |
| Howard S. Hogan<br>Gibson, Dunn & Crutcher LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036 | ***Via FedEx*** |

Date: November 3, 2009

_____
Scott A. Fredericks



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN AIRLINES, INC.,<br><br>Plaintiff,<br><br>-v.-<br><br>YAHOO! INC. and OVERTURE SERVICES,<br>INC. d/b/a YAHOO! SEARCH MARKETING,<br><br>Defendants. | Case No. 4:08-CV-626-A |

# SUPPLEMENTAL DECLARATION OF DANIEL J. SLOTTJE
# IN SUPPORT OF DEFENDANTS' SUR-REPLY IN OPPOSITION TO
# PLAINTIFF'S MOTION FOR SANCTIONS

sf-2758739

Defs' Opp App. 357

I, Daniel J. Slottje, declare as follows:

1. I am a Senior Managing Director at FTI Consulting and a Professor of Economics at Southern Methodist University in Dallas, Texas. I have been retained by Morrison & Foerster LLP on behalf of Defendants Yahoo! Inc. and Overture Services, Inc. d/b/a Yahoo! Search Marketing (collectively, "Yahoo!") to provide an independent analysis regarding the damages alleged by Plaintiff American Airlines, Inc. ("American").

2. I make this supplemental declaration in support of Yahoo!'s Sur-Reply in Opposition to Plaintiff's Motion for Sanctions. I have personal knowledge of the facts set forth herein, and if called upon to do so, I could and would competently testify thereto.

3. I recently received a data file produced by Yahoo! bearing the Bates-label YAH-AA 4388862. I understand that this file contains supplemental click data for the period June 1, 2009, to October 11, 2009, pertaining to impressions that were displayed and clicked when users of Yahoo!'s search engine conducted searches on American Airlines trademarks and terms allegedly similar to those trademarks. I also reviewed the October 26, 2009 declaration of Daniel L. Jackson in support of American's Reply in Support of Its Motion for Sanctions and American's Opposition to Yahoo's Motion for Summary Judgment.

4. In response to Mr. Jackson's criticism from his October 26, 2009 declaration that Creative IDs are not unique identifiers for advertisement text, my team has compared the actual text (not Creative ID) of the advertisements from the Offers table (YAH-AA 4388861) to the actual text (not Creative ID) of the advertisements from the click data (YAH-AA 4019780, 4277437-438, and 4388862).[1] 3,154,211 of the 3,294,229 impressions (96%) from the Offers table were of advertisements whose actual text is contained in the click data files YAH-AA 4019780, 4277437-438, or 4388862. Isolating the impressions which come from Mr. Jackson's Category C accounts, 188,327 of these 192,310 impressions (98%) were of advertisements

---

[1] My team identified the advertisement text using the data field CRTV_SHORT_DESC.

Defs' Opp App. 358

whose actual text is contained in the click data files YAH-AA 4019780, 4277437-438, or 4388862.

5. Mr. Jackson also claims that "Generation 6 search data was missing several critical fields."[2] He claims that "YAH-AA 4277437 appears to be missing, among other things, fields indicating the keyword entered by the internet user." However, the "Product Hash" field contains the keyword entered by the internet user (as well as other relevant information, such as the canonicalized form of the keyword and the Match Type.) Mr. Jackson also claims that "YAH-AA 4277438 appears to be missing, among other things, any information with regards to the amounts advertisers paid for each click on a Sponsor Result." However, this information was contained within the "BID" field.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of November, 2009.

_____
Daniel J. Slottje

---

[2] Declaration of Daniel L. Jackson, p. 3.



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN AIRLINES, INC., <br><br> Plaintiff, <br><br> -v.- <br><br> YAHOO! INC. and OVERTURE SERVICES, INC. d/b/a YAHOO! SEARCH MARKETING, <br><br> Defendants. | Case No. 4:08-CV-626-A |

# SUPPLEMENTAL DECLARATION OF CATHERINE CAMERON IN SUPPORT OF DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

I, Catherine Cameron, declare as follows:

1. I am the Senior Engineering Manager of Internal Reporting at Yahoo! Inc. I manage a department within Yahoo! responsible for maintaining, accessing, and analyzing data stored within Yahoo!'s Sage database. I have been employed in a data analysis or management capacity at Yahoo! or Overture Services, Inc. since September 2002.

2. I make this supplemental declaration in support of Yahoo!'s Sur-Reply in Opposition to Plaintiff's Motion for Sanctions. I have personal knowledge of the facts set forth herein, and if called upon to do so, I could and would competently testify thereto.

3. In October 2009, my team collected supplemental click data for the period June 1, 2009, to October 11, 2009, pertaining to impressions that were displayed and clicked when users of Yahoo!'s search engine conducted searches on American Airlines trademarks and terms allegedly similar to those trademarks. The specific criteria used to collect this data were the same as described in Paragraph 5 of my October 12, 2009 declaration. My team provided the supplemental data to outside counsel for Yahoo! and I have been informed that it was produced to American Airlines in the file Bates-labeled YAH-AA 4388862.

4. In May 2009, my team collected data from the Sage database identifying the aggregate number of impressions displayed (both clicked and non-clicked) from August 2007 to April 2009 triggered by any of thousands of terms comprising or containing American's trademarks. For each term, the data specified (1) the number of searches conducted on that term, (2) the number of bidded searches conducted (i.e., those searches in response to which Sponsor Results were displayed), (3) the number of bidded results displayed (i.e., impressions, both clicked and non-clicked), (4) the number of bidded clicks (i.e., impressions that were clicked), and (5) the gross revenue generated. My team provided this data to outside counsel for Yahoo! and I have been informed that it was produced to American Airlines in the spreadsheets Bates-labeled YAH-AA 454822-825.

5. In October 2009, my team collected supplemental data from the Sage database identifying the aggregate number of impressions displayed (both clicked and non-clicked) in

Defs' Opp App. 361

response to searches on American Airlines trademarks and allegedly similar terms from January 21, 2008, to October 21, 2009. Among other things, this data identifies the advertisers for the displayed impressions and, thus, allows the number of impressions for each advertiser to be determined. My team provided this data to outside counsel for Yahoo! and I have been informed that it was produced to American Airlines in the file Bates-labeled YAH-AA 4628326.

6. In late September 2009, my team collected data pertaining to clicked advertisements from an advertising program known as Toplink which were displayed in response to searches on American Airlines trademarks and allegedly similar terms from November 2005 to October 2006. I and my team had previously understood that these Toplink clicks were included within the click data already collected and provided to American Airlines. Upon further analysis, we determined that the Toplink clicks were actually collected in a separate location within the Live Stor database, the predecessor of Sage. My team provided the Toplink data to outside counsel for Yahoo! and I have been informed that it was produced to American Airlines in the file Bates-labeled YAH-AA 4628258.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of November, 2009.

_____
Catherine Cameron



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

AMERICAN AIRLINES, INC.,           )
                                   )
            Plaintiff,             )
                                   )
       vs.                         ) Civil Action No.
                                   )
YAHOO! INC., and OVERTURE          ) 4:08-CV-626-A
                                   )
SERVICES, INC., d/b/a YAHOO!       )
                                   )
SEARCH MARKETING,                  )
                                   )
            Defendants.            )
_____)

THIS TRANSCRIPT IS DEEMED CONFIDENTIAL

DEPOSITION OF:

    YAHOO! INC. AND OVERTURE SERVICES, INC. D/B/A

    YAHOO! SEARCH MARKETING BY:

    CATHERINE CAMERON

    THURSDAY, OCTOBER 15, 2009

    9:30 A.M.

Reported by:

    Kathleen E. McCarthy

    CSR No. 4483

Defs' Opp App. 363

```
 1       LOS ANGELES, CALIFORNIA; THURSDAY, OCTOBER 15, 2009
 2                         9:30 A.M.
 3
 4            (Whereupon, Plaintiff's Exhibit 400
 5            was marked for identification.)
 6
 7                      CATHERINE CAMERON,
 8            having been first duly sworn, was
 9            examined and testified as follows:
10
11                         EXAMINATION
12  BY MR. STAVERS:
13       Q.   Hello, Ms. Cameron.  My name is Jason Stavers
14  with Gibson, Dunn & Crutcher, and I'll be representing
15  American Airlines.
16            I believe you've had your deposition taken before
17  in this case; is that correct?
18       A.   Yes.
19       Q.   So you remember the basic ground rules?
20       A.   Yes.
21       Q.   Have you changed your job since your last
22  deposition in this case?
23       A.   No.
24       Q.   You report to the same person?
25       A.   Yes.
```

Merrill Legal Solutions
(800) 869-9132

Defs' Opp App. 364

14    Q.    Paragraph 8, the last sentence of this paragraph
15 states that data in the offers table of the SAGE database
16 is retained for 40 days and then -- now I'm quoting --
17 "after which time the data is retained on back-up tapes,"
18 end quote.  Am I correct in understanding this, then, that
19 approximately on the forty-first day data from the offers
20 table is copied onto back-up tape or tapes?
21    A.    That could be the case, or it could be it may
22 happen earlier that it's backed up on tape.  The offers
23 table is required to be in SAGE for 30 days.  However, we
24 tend to keep it there longer as space permits, in this
25 case, 40 days, which is accurate as of yesterday.

Merrill Legal Solutions
(800) 869-9132

Defs' Opp App. 365

16      Q.   Paragraph 9, in this paragraph could you explain
17 what you mean by overlaps?
18      A.   Sure.  So for something to show up as an offer,
19 it needs to be relevant to the search term.  It needs to
20 be something that somebody would want to click on, and we
21 don't make any money.  Therefore, what you will see in
22 offers table are ads.  Even though that ad might not have
23 been clicked on at that particular time, it is extremely
24 highly likely that that ad will be clicked on at some
25 point in time, which means that anything that shows up in

1   the offer table will have shown up in the click table.

```
1   STATE OF CALIFORNIA    )
2                          ) ss.
3   COUNTY OF LOS ANGELES  )
4       I, Kathleen E. McCarthy, Certified Shorthand Reporter
5   No. 4483 for the State of California, do hereby certify:
6       That prior to being examined, the witness named in the
7   foregoing deposition was duly sworn to testify the truth,
8   the whole truth, and nothing but the truth;
9       That said deposition was taken down by me in shorthand
10  at the time and place therein named and thereafter reduced
11  by me to typewritten form and that the same is a true,
12  correct, and complete transcript of said proceedings.
13          Before completion of the deposition, review of
14  the transcript [ ] was [X] was not requested.  If
15  requested, any changes made by the deponent (and provided
16  to the reporter) during the period allowed are appended
17  hereto.
18      I further certify that I am not interested in the
19  outcome of the action.
20      Witness my hand this 27 day of October, 2009.
21
22                  [signature]
23              Kathleen E. McCarthy, CSR No. 4483
24
25
```