American Airlines, Inc. v. Yahoo! Inc. et al

Doc. 179



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

AMERICAN AIRLINES, INC.,

        Plaintiff,

-v.-

                                  No. 4:08CV-626-A

YAHOO! INC. and OVERTURE SERVICES, INC.
d/b/a YAHOO SEARCH MARKETING,

        Defendants.

## PLAINTIFF'S REPLY AND BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| Frederick Brown (admitted *pro hac vice*) | Dee J. Kelly |
| Jason Stavers (admitted *pro hac vice*) | State Bar No. 11217000 |
| GIBSON, DUNN & CRUTCHER LLP | Dee J. Kelly, Jr. |
| 555 Mission Street, Suite 3000 | State Bar No. 11217250 |
| San Francisco, CA 94105 | Lars L. Berg |
| Phone: (415) 393-8200 | State Bar No. 00787072 |
| Fax: (415) 986-5309 | KELLY HART & HALLMAN LLP |
| | 201 Main Street, Suite 2500 |
| Howard S. Hogan (admitted *pro hac vice*) | Fort Worth, TX 76102 |
| GIBSON, DUNN & CRUTCHER LLP | Phone: (817) 332-2500 |
| 1050 Connecticut Avenue, N.W. | Fax: (817) 878-9280 |
| Washington, D.C. 20036 | |
| Phone: (202) 955-8500 | |
| Fax: (202) 467-0539 | |

*ATTORNEYS FOR PLAINTIFF AMERICAN AIRLINES, INC.*

# TABLE OF CONTENTS

|     |                                                                                                                                          | Page |
| --- | ---------------------------------------------------------------------------------------------------------------------------------------- | ---- |
| I.  | ARGUMENT & AUTHORITIES                                                                                                                   | 1    |
| A.  | Yahoo Admits Its Statutory Fair Use Defense Does Not Apply to the Conduct at Issue.                                                     | 1    |
| B.  | Yahoo's Freedom of Speech Affirmative Defense Is Unfounded as a Matter of Law.                                                          | 2    |
| C.  | Yahoo's Affirmative Defense of Limited Remedy by Contract Fails Because the Cited Contract Does Not Govern the Conduct at Issue.        | 3    |
| D.  | By Yahoo's Own Admission, It Has No Evidence of Trademark Misuse.                                                                       | 3    |
| E.  | Yahoo's Affirmative Defense of Limitations Fails Because American Only Seeks Damages Within the Limitations Period.                     | 4    |
| F.  | There Is No Evidence to Support Yahoo's Affirmative Defense of Laches.                                                                  | 4    |
| G.  | Yahoo's Unclean Hands Defense Fails Because There is No Evidence of Injury or Prejudice.                                                | 5    |
| H.  | Yahoo Has Not Claimed All Elements Necessary to the Affirmative Defense of Estoppel.                                                    | 6    |
| I.  | There Is No Evidence to Support Yahoo's Affirmative Defense of Privilege and Justification.                                             | 6    |
| J.  | Yahoo's Acquiescence Affirmative Defense Also Fails for Lack of Evidence.                                                               | 7    |
| K.  | There is No Evidence to Support Yahoo's Affirmative Defense of Implied License.                                                         | 8    |
| L.  | American's Purported Conduct And Settlement With Non-Parties Provide No Defense To Yahoo's Liability On American's Federal Claims.      | 9    |
| II. | CONCLUSION                                                                                                                               | 10   |

# TABLE OF AUTHORITIES

**Federal Cases**

*Bank of Saipan v. CNG Fin. Corp.*,
   380 F.3d 836 (5th Cir. 2004) ..................................................................................11

*Big Island Candies, Inc. v. Cookie Corner*,
   244 F. Supp. 2d 1086 (D. Hawaii 2003) ..................................................................14

*Biggs v. Cabela's, Inc.*,
   No. 4:03-CV-0205-A, 2004 WL 530167 (N.D. Tex. 2004) (McBryde, J.) ...............12

*Board of Regents v. KST*,
   550 F. Supp. 657 (W.D. Tex. 2008) ........................................................................10

*Central Hudson Gas & Electric Corp. v. Public Serv. Comm'n of New York*,
   447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed. 2d 341 (1980) ............................................8

*Coca-Cola Co. v. Koke Co. of America*,
   254 U.S. 143, 41 S. Ct. 113, 65 L. Ed. 189 (1920) .................................................11

*Compliance Review Services Inc. v. Callista Davis-Osuawu*,
   No. H-04-3635, 2006 WL 2385291 (S.D. Tex. 2006) (Werlien, J.) ..........................8

*Conan Properties, Inc. v Conans Pizza, Inc.*,
   752 F.2d 145 (5th Cir. 1985) ...................................................................................13

*Davis v. Dallas County*,
   2007 WL 2301585 (N.D. Tex. August 10, 2007)(Fitzwater, J.) ...............................15

*Davis v. Dallas County*,
   541 F. Supp. 2d 844 (N.D. Tex. 2008) ....................................................................15

*Elvis Presley Enterprises, Inc. v. Capece*,
   141 F.3d 188 (5th Cir. 1998) ...................................................................................13

*Elvis Presley Enterprises, Inc. v. Elvisly Yours, Inc.*,
   936 F.2d 889 (6th Cir. 1991) ...................................................................................13

*Exxon Corp. v. Oxxford Clothes, Inc.*,
   109 F.3d 1070 (5th Cir. 1997) .................................................................................14

*Healthpoint, Ltd. v. Ethex Corp.*,
   273 F. Supp. 2d 817 (W.D. Tex. 2001) ...................................................................11

*Ironclad, L.P. v. Poly-America, Inc.*,
   No. 3:98-CV-2600-P, 2000 WL 1400762 (N.D. Tex. 2000) ....................................11

*Janes v. Watson*,
 82 U.S.P.Q.2d 1906 (W.D. Tex. 2006) ...................................................................................12

*Mass Eng. Design, Inc. v. Ergotron, Inc.*,
 633 F. Supp. 2d 361 (E.D. Tex. 2009) ...................................................................................14

*Microsoft Corp. v. Worth*,
 No. 306-CV-2213-G, 2007 WL 1975574 (N.D. Tex. 2007) ...................................................10

*Oliva v. Ramirez*,
 No. 07-1569, 2007 WL 2436305 (D.P.R. 2007) .....................................................................11

*Petro Franchise Sys., LLC v. All Am. Props., Inc.*,
 607 F. Supp. 2d 781 (W.D. Tex. 2009) ..................................................................................11

*Positive Black Talk, Inc. v. Cash Money Records, Inc.*,
 394 F.3d 357 (5th Cir. 2004) ..................................................................................................11

*Q-Tips, Inc. v. Johnson & Johnson*,
 108 F. Supp. 845 (D.N.J. 1952) .............................................................................................11

*Re/Max Int'l., Inc. v. Trendsetter Realty, LLC*,
 --- F.Supp.2d ---, 2009 WL 2900736 (S.D. Tex. Sept. 3, 2009) .......................................13, 14

*Semco, Inc. v. Amcast, Inc.*,
 52 F.3d 108 (6th Cir. 1995) .....................................................................................................8

*Sugar Busters LLC v. Brennan*,
 177 F.3d 258 (5th Cir. 1999) ...................................................................................................7

*Sweetheart Plastics, Inc. v. Detroit Forming, Inc.*,
 743 F.2d 1039 (4th Cir. 1984) ...............................................................................................14

*United We Stand America, Inc. v. United We Stand, American New York, Inc.*,
 128 F.3d 86 (2nd Cir. 1997) ....................................................................................................9

*Zatarains, Inc. v. Oak Grove Smokehouse, Inc.*,
 698 F.2d 786 (5th Cir. 1983) ...................................................................................................7

**State Cases**

*Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*,
 29 S.W.3d 74 (Tex. 2000) .....................................................................................................13

**Federal Statutes**

42 U.S.C. § 1983 ..............................................................................................................................15

**State Statutes**

TEX. CIV. PRAC. & REM. CODE, CHAPTER 33 ................................................................15

TEX. CIV. PRAC. & REM. CODE § 33.002 ......................................................................15

TEX. CIV. PRAC. & REM. CODE § 33.004 ...............................................................15, 16

**Other Authorities**

6 McCarthy § 31.43 .............................................................................................................13

*Northern Telecom, Inc. v. Datapoint Corp.*,
   23 U.S.P.Q.2d 1881 (N.D. Tex. 1992)........................................................................11

American's Motion for Partial Summary Judgment addresses thirteen of the twenty-two affirmative defenses Yahoo asserted in its answer. In response to American's motion, Yahoo has failed to provide the Court with any summary judgment evidence or authority which support these particular defenses as matters of law. Accordingly, American respectfully requests the Court grant partial summary judgment dismissing these affirmative defenses.

## I.
## ARGUMENT & AUTHORITIES

### A. Yahoo Admits Its Statutory Fair Use Defense Does Not Apply to the Conduct at Issue.

In its verified Objections and Responses to American's Third Set of Interrogatories, Yahoo has stated that the advertisements at issue in this case are not designed to describe Yahoo's services or to make any generic statement, but to "sell or facilitate the sale of American Airlines tickets." Because the fair use affirmative defense applies only when a party uses a term in good faith to describe its own goods or services, Yahoo has failed to meet its burden and summary judgment should be granted.

The doctrine of fair use permits a party to use another's mark in good faith to describe its own goods or services. However, Yahoo fails to mention that the doctrine applies only in actions involving descriptive terms and only when the term "is used in its descriptive sense rather than in its trademark sense." *See Sugar Busters LLC v. Brennan*, 177 F.3d 258, 270-71 (5th Cir. 1999); *Zatarains, Inc. v. Oak Grove Smokehouse, Inc.*, 698 F.2d 786, 791 (5th Cir. 1983). By referring the Court to "advertisements from websites selling batteries or coins" (Yahoo's Brief, p. 11), Yahoo misses the point. American has made clear that it is not seeking to impose liability for Yahoo's display and sale of terms in connection with websites that are irrelevant to American Airlines or air travel.

Because Yahoo has failed to produce evidence that it used American's mark descriptively rather than as a trademark, summary judgment is appropriate as to the fair use defense. *Compliance Review Services Inc. v. Callista Davis-Osuawu*, No. H-04-3635, 2006 WL 2385291, at *5 (S.D. Tex. 2006) (Werlien, J.).

**B.  Yahoo's Freedom of Speech Affirmative Defense Is Unfounded as a Matter of Law.**

Yahoo's commercial use of the American Airlines Marks to make a profit is not immunized by free speech protections. Yahoo's response disregards United States Supreme Court cases which have established that trademark law is perfectly consistent with constitutional protections because commercial speech is entitled to reduced protection. *Central Hudson Gas & Electric Corp. v. Public Serv. Comm'n of New York*, 447 U.S. 557, 563, 100 S.Ct. 2343, 65 L.Ed. 2d 341 (1980); *see also Semco, Inc. v. Amcast, Inc.*, 52 F.3d 108, 111-112 (6th Cir. 1995). Yahoo has failed to demonstrate that its use of the American Airlines Marks was for any non-commercial purposes. Accordingly, summary judgment is appropriate.

Further, summary judgment is supported based upon the scope of relief requested by American. As with the fair use defense and the limitations defense, Yahoo would have the Court disregard the scope of relief requested by American, attempting to direct the Court's attention to "the website www.12stepradio.com, which proposes no commercial transaction." (Yahoo's Brief, p. 11). American has made clear it is not seeking to impose liability based upon Yahoo's display and sale of terms in connection with websites that are irrelevant to American Airlines or air travel. Rather, American merely seeks to prevent Yahoo from confusing and diverting internet users who seek goods and services that are legitimately sold under the American Airlines Marks. Given the scope of American's Complaint, the speech at issue is, in fact, commercial speech under any rational analysis. Accordingly, just as the Second Circuit determined in *United We Stand America, Inc. v. United We Stand, American New York, Inc.*, 128 F.3d 86, 93 (2nd Cir.

1997), Yahoo's claim that the use of American Airlines Marks is protected under the First Amendment should be regarded as commercial speech "reserved by the Lanham Act to the owner of the mark" which is "not protected by the First Amendment." *Id.*

C. **Yahoo's Affirmative Defense of Limited Remedy by Contract Fails Because the Cited Contract Does Not Govern the Conduct at Issue.**

Yahoo asks the Court to impose a damages limitation as to *all* of American's claims based upon an agreement which, by its precise terms, restricts its scope to agreements between American and Yahoo which arise from Yahoo's provision to American of "access to [its] products, services, code and/or programs . . . ." American's claims against Yahoo <u>do not arise</u> by virtue of American's access to Yahoo's products, services, code and/or programs. To the contrary, they arise from and relate to Yahoo's improper dealings with third parties which have damaged American by virtue of wrongful use of the American Airlines Marks. Yahoo's efforts to direct the Court away from the precise terms of the agreement between the parties should be disregarded, and summary judgment should be granted.

D. **By Yahoo's Own Admission, It Has No Evidence of Trademark Misuse.**

In its verified interrogatory response, Yahoo indicated that its trademark misuse defense was predicated on American's attempt to seek relief "[t]hrough this litigation." In view of the fact that "Yahoo no longer asserts . . . that these facts constitute a separate affirmative defense of trademark misuse" (Yahoo's Brief, p. 14), summary judgment should be granted as to this issue.

Moreover, the summary judgment record and response contain no evidence which would support any finding that American has used its marks in violation of the antitrust laws or has made any misrepresentation to the public in an attempt to increase the scope of its marks. Accordingly, even in the absence of Yahoo's apparent concession of this issue, summary judgment is appropriate. *See Microsoft Corp. v. Worth*, No. 306-CV-2213-G, 2007 WL 1975574

(N.D. Tex. 2007) (*citing Deere & Co. v. MTD Holdings, Inc.*, No. 00-CV-5936, 2004 WL 1794507, at *3 (S.D. N.Y. 2004)).

E. **Yahoo's Affirmative Defense of Limitations Fails Because American Only Seeks Damages Within the Limitations Period.**

American is not seeking any damages which arise from or relate to Yahoo's wrongful conduct which occurred on or before December 19, 2002, four years before Yahoo entered into the December 19, 2006 Standstill Agreement with American. In response, Yahoo states: "Had American moved for partial summary judgment that Yahoo's statute of limitations defense does not bar recovery for conduct occurring after December 19, 2002, Yahoo would not contest that motion" (Yahoo's Brief, p. 15). The parties thus essentially agree that summary judgment dismissing Yahoo's affirmative defense is proper as to any wrongful conduct that occurred after December 19, 2002.

F. **There Is No Evidence to Support Yahoo's Affirmative Defense of Laches.**

"Because the Lanham Act does not contain a statute of limitations, federal courts have referred to analogous state statutes of limitations to determine whether a presumption of laches should apply." *Board of Regents v. KST*, 550 F. Supp. 657, 667 (W.D. Tex. 2008) citing *Wilson v. Garcia*, 471 U.S. 261, 266-267, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). As indicated more fully in Section E. above, Yahoo's limitations affirmative defense fails because American seeks damages only for violations which occurred within the limitations period.

Further, the summary judgment record reflects that the parties entered into a Standstill Agreement on December 19, 2006, which described the existence of a dispute between the parties and which tolled any applicable limitations period. Under the summary judgment record, since Yahoo entered into an agreement acknowledging its dispute with American and tolling the statute of limitations, and repeatedly extended that agreement, it was not prejudiced when it was

sued as expected while the tolling agreement was in effect. *See Ironclad, L.P. v. Poly-America, Inc.*, No. 3:98-CV-2600-P, 2000 WL 1400762 (N.D. Tex. 2000) (Laches defense inapplicable where "plaintiff's delay did not cause the prejudice"). Because the summary judgment record establishes a lack of prejudice, summary judgment is appropriate.[1]

### G. Yahoo's Unclean Hands Defense Fails Because There is No Evidence of Injury or Prejudice

The unclean hands doctrine can be asserted only by a defendant injured by the plaintiff's allegedly wrongful conduct. *See Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 379 (5th Cir. 2004). Yahoo has presented no evidence which would support a jury finding that it was injured by alleged wrongdoing that occurred at the time American filed suit. *Petro Franchise Sys., LLC v. All Am. Props., Inc.*, 607 F. Supp. 2d 781, 799 (W.D. Tex. 2009); *Oliva v. Ramirez*, No. 07-1569, 2007 WL 2436305, at *5 (D.P.R. 2007). *See e.g., Coca-Cola Co. v. Koke Co. of America*, 254 U.S. 143, 147, 41 S.Ct. 113, 65 L.Ed. 189 (1920); *Healthpoint, Ltd. v. Ethex Corp.*, 273 F. Supp. 2d 817, 848 (W.D. Tex. 2001); *Q-Tips, Inc. v. Johnson & Johnson*, 108 F. Supp. 845, 869-70 (D.N.J. 1952)

In addition, Yahoo's unclean hands defense fails because there is no evidence that Yahoo was harmed or prejudiced in any way by any of American's alleged conduct. Given this lack of proof, summary judgment should be granted as to the unclean hands affirmative defense. *Bank of Saipan v. CNG Fin. Corp.*, 380 F.3d 836, 842 (5th Cir. 2004). *See, e.g., Janes v. Watson*, 82 U.S.P.Q.2d 1906 (W.D. Tex. 2006); *Biggs v. Cabela's, Inc.*, No. 4:03-CV-0205-A, 2004 WL 530167, at *7 (N.D. Tex. 2004) (McBryde, J.).

---

[1] At most, Yahoo seems to argue that they were subjected to "evidentiary laches" because one of American's experts did not cite to documents about the limited subject of its conversion rate for 2003-2005 and because some unspecified number of alleged "witnesses" no longer work for a third party advertising agency. Yahoo's Brief at 17 n.4. Yahoo offers no evidence that these documents ever existed in the first place or that the witnesses at issue are outside the scope of the Court's subpoena power. In any event, such speculative allegations of evidentiary prejudice are insufficient as a matter of law. *See, e.g., Northern Telecom, Inc. v. Datapoint Corp.*, 23 U.S.P.Q.2d 1881 (N.D. Tex. 1992) (rejecting laches defense where relevant evidence was preserved for a related lawsuit and defendant could not show that it was "in any material respect inhibited in its ability to tender a defense").

H.  **Yahoo Has Not Claimed All Elements Necessary to the Affirmative Defense of Estoppel.**

Yahoo contends that because American interacts with and, in some instances, participates in establishing third-party sellers of American Airlines tickets, Yahoo's conduct is not subject to scrutiny. This is an illogical and legally unfounded argument. In support, Yahoo cites language from a Massachusetts district court case for the proposition that American allegedly "cannot acquiesce in and benefit from a customary practice and then attempt to recover through litigation what it has lost through competition." (Yahoo's Brief, p. 21, citing *Kasco Corp. v. Gen. Servs., Inc.*, 905 F. Supp. 29, 35 (D. Mass. 1995)). While the affirmative defense of acquiescence is addressed at J. herein, the Court should focus on the elements of estoppel, as set forth in American's Brief in Support of Plaintiff's Motion for Partial Summary Judgment. Moreover, Yahoo's interrogatory response wholly fails to set forth sufficient facts to support the affirmative defense of estoppel. To the extent Yahoo is asserting the affirmative defense of estoppel (as distinguished from acquiescence), it has failed to meet its burden and summary judgment should be granted.

I.  **There Is No Evidence to Support Yahoo's Affirmative Defense of Privilege and Justification.**

In a response to American's interrogatory requesting facts that support this affirmative defense, Yahoo merely sets forth the same insufficient facts upon which it relies to support its equitable estoppel defense. The interrogatory response failed to identify any "legal right" upon which Yahoo relies. As a matter of law, Yahoo cannot base its justification defense on any claim that American failed to apprise Yahoo of concerns about Yahoo's conduct. American's alleged failure to apprise Yahoo of its concerns about Yahoo's conduct does not provide a legitimate

excuse for the tortious and illegal conduct alleged in American's Complaint. *See Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 80-81 (Tex. 2000).[2]

### J. Yahoo's Acquiescence Affirmative Defense Also Fails for Lack of Evidence.

To prevail on Yahoo's Sixteenth Affirmative Defense, acquiescence, Yahoo must prove that "(1) the plaintiff knew or should have known of the defendant's use of the trademark; (2) made implicit or explicit assurances to the defendants that it would not assert a claim; and (3) the defendant relied on the assurances." *Re/Max Int'l., Inc. v. Trendsetter Realty, LLC*, --- F.Supp.2d ---, 2009 WL 2900736, at *22 (S.D. Tex. Sept. 3, 2009) (granting partial summary judgment in favor of plaintiff on acquiescence) (citing *Conan Properties, Inc. v Conans Pizza, Inc.*, 752 F.2d 145, 153 (5th Cir. 1985)). Yahoo's reliance must have been to its detriment. *See Conan Properties, Inc.*, 752 F.2d at 153; *Elvis Presley Enterprises, Inc. v. Capece*, 141 F.3d 188, 206 (5th Cir. 1998); *Re/Max*, 2009 WL 2900736, at *23.[3]

Yahoo has presented no evidence that American made any assurances to Yahoo or that Yahoo detrimentally relied on any assurances. Instead, Yahoo refers the Court to interactions between American and third-parties. (Yahoo's Brief, p. 24). This is insufficient. "Acquiescence is a personal defense not triggered by failure to sue others." 6 McCarthy § 31.43; *see also Elvis Presley Enterprises, Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 895-896 (6th Cir. 1991) (affirming summary judgment in favor of plaintiff on acquiescence); *Sweetheart Plastics, Inc. v. Detroit*

---

[2] In its Response, Yahoo takes the position that it can reassert its nominative use affirmative defense for a second time in connection with its privilege and justification defense. However, in response to the interrogatory relating to this particular affirmative defense, Yahoo failed to mention the nominative use affirmative defense. Because the interrogatory response failed to give American notice of Yahoo's basis for asserting this affirmative defense, the Court should disregard the arguments in Yahoo's Response and Brief which are beyond the scope of the interrogatory response.

[3] Although Yahoo apparently takes the position that "prejudice" is not an essential element of its proof, as the Fifth Circuit has noted (in the same case cited by Yahoo): "Whether phrased as 'reliance' or 'prejudice', the effect is the same- the defendant has done something it otherwise would not have done absent the plaintiff's conduct." *Conan Properties, Inc.*, 752 F.2d at 153. The Court should disregard the false distinction advocated by Yahoo, and should grant American's summary judgment motion as to acquiescence.

*Forming, Inc.*, 743 F.2d 1039, 1046 (4th Cir. 1984) (plaintiff's "delay in prosecuting infringers other than [defendant] has no relevance to the defense of estoppel by acquiescence" because "acquiescence is a personal defense which merely results in a loss of rights against one defendant."); *Re/Max*, 2009 WL 2900736, at *22 (elements include "assurances *to the defendant*" and "*the defendant* relied on the assurances"); *Big Island Candies, Inc. v. Cookie Corner*, 244 F. Supp. 2d 1086, 1093 (D. Hawaii 2003) (granting summary judgment in favor of plaintiff and noting that acquiescence "is a personal defense that relates to a plaintiff's conduct to a particular defendant."). Yahoo cannot rely on alleged assurances or detrimental reliance of a third-party to prevail on its defense of acquiescence. *See id.* Rather, Yahoo must present evidence that American made assurances to Yahoo and that Yahoo detrimentally relied on those assurances. *See id.* Yahoo has failed to do so; accordingly, summary judgment should be granted as to Yahoo's affirmative defense of acquiescence.

### K.   There is No Evidence to Support Yahoo's Affirmative Defense of Implied License.

The Fifth Circuit has noted, in an implied license defense, that the "essential inquiry is whether, under cover of the agreement claimed to be a license 'the licensee is engaging in acts which would infringe the licensor's mark but for the permission granted in the license.'" *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1076 (5th Cir. 1997). This requires an affirmative act on the part of the licensor that would lead the licensee to reasonably infer that the license had been granted. *Mass Eng. Design, Inc. v. Ergotron, Inc.*, 633 F. Supp. 2d 361 (E.D. Tex. 2009) ("...[an] implied license looks for an affirmative grant of consent or permission to make, use, or sell: i.e., a license"). There is no evidence in the summary judgment record which would support this affirmative defense; accordingly, summary judgment is proper.

L.  **American's Purported Conduct And Settlement With Non-Parties Provide No Defense To Yahoo's Liability On American's Federal Claims.**

Yahoo claims an entitlement to assert an affirmative defense based upon Chapter 33 of the Texas Civil Practice and Remedies Code based upon American's settlement of claims with third-parties. Yahoo is not entitled to assert this affirmative defense because of the nature of its claims and because it has failed to take the appropriate procedural steps to invoke Chapter 33.

Chapter 33 contains a specific section which defines its scope of application. In Section 33.02, the statute sets forth specific types of action to which the Chapter applies- tort claims and claims asserted under the Texas Deceptive Trade Practices-Consumer Protection Act. Tex. Civ. Prac. & Rem. Code § 33.002 (Vernon 2003). Federal law claims, such as those asserted by American, are not within the express scope of Chapter 33, as set forth more fully in American's Brief in Support of its Motion for Partial Summary Judgment. However, Yahoo apparently takes the position that it is entitled to maintain an affirmative defense based upon the Texas statutory scheme when its only claim is for credits based upon American's settlements with third parties.[4] Yahoo's position is unfounded.

In addition, neither the summary judgment record nor the Court's file contains any pleading or motion which permits Yahoo to obtain a finding of proportionate responsibility as to any settling parties in accordance with § 33.004 of the Texas Civil Practice and Remedies Code.

---

[4] The only Texas case cited by Yahoo in support of its position is *Davis v. Dallas County*, 2007 WL 2301585 (N.D. Tex. August 10, 2007)(Fitzwater, J.). Judge Fitzwater granted a motion for leave to designate responsible third parties under § 33.004 of the Texas Civil Practices and Remedies Code in a case in which the plaintiffs asserted claims under 42 U.S.C. § 1983. *Davis*, 2007 WL 2301585, at *1. After noting that no timely opposition to the motion was filed, and after further noting that no showing had been made that the movant was not entitled under Texas law to make the designation, the Court granted the motion, but noted concerns about the application of § 33.004 in a case based upon a federal question. *Id.* After a lengthy discussion, the Court concluded: "Consequently, in federal question cases, like diversity cases, the court will continue to apply § 33.004 'until persuaded that the statute does not apply.'" *Id.* at *2, citing *Alvarez v. Toyota Motor Corp.*, 2006 WL 1522999, at *2 (N.D. Tex. May 8, 2006) (Fitzwater, J.). In a subsequent opinion in the same case (not mentioned by Yahoo), Judge Fitzwater, in reflecting on his prior ruling, stated: "Although the court expressed its tentative approach to the application of § 33.004 in federal court, and even more so in a case predicated on federal question jurisdiction, the court granted Info Integration's motion." *Davis v. Dallas County*, 541 F. Supp. 2d 844, 857 (N.D. Tex. 2008). The application of Section 33 of the Texas Civil Practice and Remedies Code in this federal question case is certainly not settled law under *Davis v. Dallas County* or any other case cited by Yahoo in its Response.

Because the summary judgment record contains nothing which could form an appropriate basis upon which any third-party's alleged proportionate liability could be considered by the Court or the finder of fact, summary judgment should be granted.

## II.
## CONCLUSION

For the reasons stated herein, American Airlines respectfully requests that the Court grant a partial summary judgment dismissing Yahoo's affirmative defenses of fair use, freedom of speech, limited remedies under contract, trademark misuse, limitations, laches, unclean hands, estoppel, privilege and justification, acquiescence, implied license, American's settlement with non-parties, and American's own conduct and responsibility for damages.

Respectfully submitted,

/s/ Dee J. Kelly

Dee J. Kelly
State Bar No. 11217000
Dee J. Kelly, Jr.
State Bar No. 11217250
Lars L. Berg
State Bar No. 00787072
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500 - phone
(817) 878-9280 - fax

Frederick Brown (admitted *pro hac vice*)
George A. Nicoud III
State Bar No. 15017875
Jason Stavers (admitted *pro hac vice*)
GIBSON DUNN & CRUTCHER LLP
One Montgomery Street, Suite 3100
San Francisco, CA 94104
(415) 393-8204 – phone
(415) 374-8420 – fax

Howard S. Hogan (admitted *pro hac vice*)
GIBSON DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 887-3640 – phone
(202) 530-9550 – fax

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served on Defendants' counsel, via hand delivery or overnight delivery, on the 12th day of November, 2009:

*Via Hand Delivery*
David F. Chappell
Scott A. Fredricks
CANTEY HANGER LLP
Cantey Hanger Plaza
600 West Sixth Street, Suite 300
Fort Worth, Texas 76102

*Via Overnight Delivery*
Michael A. Jacobs
Lynn M. Humphreys
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482

_____
Dee J. Kelly, Jr.