American Airlines, Inc. v. Yahoo! Inc. et al — Doc. 188

ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2009 NOV 16 PM 12:38

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN AIRLINES, INC., <br><br> Plaintiff, <br><br> -v.- <br><br> YAHOO! INC. and OVERTURE SERVICES, INC. d/b/a YAHOO! SEARCH MARKETING, <br><br> Defendants. | Case No. 4:08-CV-626-A |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD IN SUPPORT OF AMERICAN'S MOTION FOR SANCTIONS

American Airlines has moved for leave to supplement the record in support of its motion for sanctions with testimony from Yahoo! employee Nam Nguyen. Yahoo! does not oppose supplementing the record with Mr. Nguyen's testimony which supports Yahoo!'s prior statements regarding "page impressions." But Yahoo! does oppose American's supplemental briefing (submitted in the guise of a motion to supplement the record) mischaracterizing Mr. Nguyen's testimony. Contrary to American's representations, Mr. Nguyen confirmed that Yahoo!'s systems do not capture, and are not designed to capture, images of Yahoo!'s search results pages displayed to Internet users ("page impressions"). Yahoo! respectfully requests that the Court supplement the record with Mr. Nguyen's testimony, but disregard American's inaccurate statements.

To put the current dispute in context, it should be recalled that American has complained about three categories of data in this litigation:

(1) In its July 13, 2009 Motion to Compel, American sought production of click data from January 2007 to September 2007 that Yahoo! had stored on back-up tapes. On

1

September 11, 2009, the Court ordered Yahoo! to restore this data and produce it by November 12, 2009. In compliance with the Court's order, Yahoo! produced 2007 click data from the restored tapes on September 22, November 3, and November 6, 2009.[1]

(2) In the opening brief of its Motion for Sanctions, American focused on data for non-clicked advertisement impressions that Yahoo! keeps for a period of 40 days. As explained in Yahoo!'s opposition brief and sur-reply, the available data from this source has been produced and American already has data containing the text of each ad impression (clicked and non-clicked) and data identifying the number of ad impressions displayed by each advertiser for 2008 and 2009.

(3) In its reply brief, American focused on "page impressions" (images of the search results pages displayed on the computers of Internet users), arguing that Yahoo! should have produced these images or the underlying computer code that created each such image. Yahoo!'s declarant on data issues confirmed that Yahoo!'s systems have never captured such images and are not designed to do so.

In its present motion to supplement the record, American mischaracterizes Mr. Nguyen's testimony, which is entirely consistent with Yahoo!'s prior statements regarding page impressions. Yahoo!'s declarant on electronic data retrieval issues, Catherine Cameron (Senior Engineering Manager in charge of the data for Yahoo!'s sponsored search advertising program), provided the following information in her October 12, 2009 declaration: "Yahoo!'s databases and related applications do not and have never captured or retained screenshots of Yahoo!'s search results pages as a regular part of Yahoo!'s business."

Consistent with this statement, Mr. Nguyen testified that Yahoo! does not capture the computer code (known as HTML code) that is used to assemble each of the millions of Yahoo!

---

[1] The technical meet-and-confer process ordered by the Court, including the meeting of specialized technical personnel, helped Yahoo! develop an expedited process for restoring the 2007 data, and the Court's estimate of the time to complete the restoration proved correct.

2

search results pages that Yahoo! presents to Internet users each day. (Supp. App. 6; Nguyen Dep. 46:7-11.) When asked whether Yahoo! could *design* its systems to capture the HTML code (rather than whether those systems *in fact* captured the HTML code), Mr. Nguyen testified that he did not know. (Supp. App. 6-7; *Id.* at 46:12-18, 47:15-22.)

Mr. Nguyen *did not* testify that he was unaware of any technical impediments to retaining the HTML code. Rather, he testified that he did not understand what counsel meant by "technical impediment" and he did not know whether the HTML code could be captured. (Supp. App. 14-15; *Id.* at 54:3-55:1.) Mr. Nguyen also explained that the HTML code would not be enough to recreate what a given user actually saw, because certain images displayed on the search results pages on user computers come from other sources. (Supp. App. 10, 12; *Id.* at 50:2-11, 52:6-14.) In sum, Mr. Nguyen's testimony squarely tracks what Yahoo! has said about the search results pages.

From the questions asked of Mr. Nguyen, it is clear that American contends that Yahoo! should have re-designed its systems years ago to capture screen images, apparently so that at some point in the future those images would be available for production to American in unforeseen litigation. (Supp. App. 7; Nguyen Dep. 47:16-19 ("Q. *Could you design the system* such that when it sends the HTML code to the user it also sends it to another user or another source within Yahoo, or simply sends it to a server somewhere?"). Under the Federal Rules, discovery is limited to relevant data and documents kept by a party in the ordinary course of its business. A party to litigation has no obligation to re-design its systems and create new business records not ordinarily kept. American's effort to impose such an obligation on Yahoo! is completely unwarranted and should be denied.

American's errors and omissions in citing Mr. Nguyen's testimony are but the latest demonstrations of how American's failure to meet and confer prior to filing its sanctions motion caused it to present and pursue factually incorrect notions. Had American met and conferred with Yahoo!, the parties may well have continued to disagree about the scope and obligations of

discovery, but at least any motion would have presented correct facts. American's failure to meet and confer remains an independent reason to deny American's motion for sanctions.

While Yahoo! does not oppose supplementing the record with Mr. Nguyen's testimony, Yahoo! respectfully requests that the Court disregard American's inaccurate characterizations of that testimony.

Dated: November 16, 2009

Respectfully submitted,

*Scott Fredricks*

David F. Chappell
Texas State Bar No. 04141000
Scott A. Fredricks
Texas State Bar No. 24012657
CANTEY HANGER LLP
Cantey Hanger Plaza
600 West Sixth Street, Suite 300
Fort Worth, Texas 76102
Telephone: (817) 877-2800
Fax: (817) 877-2807

Michael A. Jacobs (*pro hac vice*)
Anthony D. Rodriguez (*pro hac vice*)
Lynn M. Humphreys (*pro hac vice*)
Daniel P. Muino (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Fax: (415) 268-7522

Attorneys for Defendants
YAHOO! INC. and OVERTURE SERVICES,
INC. d/b/a YAHOO! SEARCH MARKETING

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing was served on Plaintiff's counsel on the 16th day of November 2009 as follows:

| | |
|---|---|
| Dee J. Kelly<br>Dee J. Kelly, Jr.<br>Lars L. Berg<br>KELLY HART & HALLMAN, LLP<br>201 Main Street, Suite 2500<br>Fort Worth, TX 76102 | *Via Facsimile* |
| Frederick Brown<br>George A. Nicoud III<br>Jason Stavers<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105 | *Via Facsimile* |
| Howard S. Hogan<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036 | *Via Facsimile* |

_____
Scott A. Fredricks