American Airlines, Inc. v. Yahoo! Inc. et al

Doc. 208



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

AMERICAN AIRLINES, INC.,

Plaintiff,

-v.-

YAHOO! INC. and OVERTURE SERVICES, INC.
d/b/a YAHOO! SEARCH MARKETING,

Defendants.

No. 4:08-CV-626-A

# APPENDIX IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

Frederick Brown (admitted *pro hac vice*)
Jason Stavers (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Phone: (415) 393-8200
Fax: (415) 986-5309

Howard S. Hogan (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 955-8500
Fax: (202) 467-0539

Dee J. Kelly
State Bar No. 11217000
Dee J. Kelly, Jr.
State Bar No. 11217250
Lars L. Berg
State Bar No. 00787072
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Phone: (817) 332-2500
Fax: (817) 878-9280

*Attorneys for Plaintiff American Airlines, Inc.*

American Airlines, Inc. respectfully submits this appendix in support of its Opposition to Defendant's Motion to Compel, pursuant Local Rule 7.1(i):

| Exhibits | Pages | Description |
|---|---|---|
| A | App. 1-2 | Declaration of Donald Broadfield Jr. |
| B | App. 3-4 | Declaration of Kimberley Giese |
| C | App. 5-7 | Letter from Jason Stavers to Anthony Rodriguez, dated November 12, 2009 |

November 20, 2009

Respectfully submitted,

Dee J. Kelly (State Bar No. 11217000)
Dee J. Kelly, Jr. (State Bar No. 11217250)
Lars L. Berg (State Bar No. 00787072)
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Phone: (817) 332-2500
Fax: (817) 878-9280

Frederick Brown (admitted pro hac vice)
Jason B. Stavers (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Phone: (415) 393-8200
Fax: (415) 986-5309

Howard S. Hogan (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 955-8500
Fax: (202) 467-0539

*Attorneys for Plaintiff American Airlines, Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered on November 20, 2009 to Defendant's counsel, as follows, in accordance with the Federal Rules of Civil Procedure:

David F. Chappell
Scott A. Fredricks
CANTEY HANGER LLP
Cantey Hanger Plaza
600 West Sixth Street, Suite 300
Fort Worth, Texas 76102
(via hand delivery)

Michael A. Jacobs
Lynn M. Humphreys
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
(via Federal Express)

_____
Lars L. Berg

A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

AMERICAN AIRLINES, INC.,

        Plaintiff,

-v.-

YAHOO! INC. and OVERTURE SERVICES, INC.
d/b/a YAHOO SEARCH MARKETING,

        Defendants.

No. 4:08CV-626-A

## DECLARATION OF DONALD BROADFIELD JR.

I, Donald Broadfield, Jr., declare as follows:

1.    I am an Attorney employed by American Airlines, Inc. ("American"). On or about July 22, 2009 I gave testimony during a deposition as American's designated representative with respect to American's retention of certain financial information. Prior to giving my testimony I conducted an inquiry of American Airlines finance, marketing, and information technology personnel to confirm American's retention practices. The investigation resulted in my belief that American retained, and did not delete, data loaded into American's Management Information Reporting System, which is commonly known as MIRS. I therefore testified that American did not delete data from MIRS.

2.    In the late October or early November of this year, I learned that in mid-2006 American's information technology department authorized the deletion of data dated 2003 and earlier. That information was not known to me when I testified in July, 2009.

3.    I learned of the deletion of the 2003 and earlier MIRS data while working to prepare information to provide to Defendants Yahoo! Inc. and Overture Services, Inc. d/b/a

Yahoo! Search Marketing (collectively "Yahoo") in response to certain document requests. To respond to Yahoo's requests, American has generated reports that organize data in a manner that American does not use in the ordinary course of its business. Specifically, American has prepared and produced to Yahoo for the years 2004 through 2008 (and a portion of 2009) spreadsheets that break out separately for each flight segment operated by American or American Eagle how much ticket revenue associated with that flight segment was generated by different distribution sources (e.g., online travel agents, traditional "brick-and-mortar" travel agents, AA.com, AA Reservations, and so on). It was only in trying to construct this unique custom report for Yahoo that the deletion of 2003 and earlier data from MIRS came to light.

4. I have made diligent and extensive inquiry to determine whether a copy of the deleted data still exists, whether on backup tapes, on stored hard drives or in some other form. I have been unable to find a copy of this data and to the best of my knowledge, based on my investigation, no such copy exists.

I declare the foregoing to be true and correct under penalty of perjury.

_____
Donald Broadfield Jr.

B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

AMERICAN AIRLINES, INC.,

        Plaintiff,

-v.-

YAHOO! INC. and OVERTURE SERVICES, INC.
d/b/a YAHOO SEARCH MARKETING,

        Defendants.

No. 4:08CV-626-A

## DECLARATION OF KIMBERLEY GIESE

I, Kimberley Giese, declare as follows:

1. I am Senior Project Manager, Sales Technology employed by American Airlines, Inc. ("American"). In mid-2006, American's information technology group was seeking to reduce American's costs by reducing the volume of data stored and maintained on American's systems. At the time, American had outsourced the bulk of its information technology operations to Electronic Data Systems, which charged American, in part, on the basis of the volume of data stored and maintained for American.

2. As part of American's effort to reduce its information technology costs, in mid-2006, I directed Electronic Data Systems to delete data older than thirty months (that is, dated 2003 or earlier) from American's Marketing Information Reporting System, also known as MIRS.

I declare under penalty of perjury that the foregoing is true and correct.

_Kimberley Giese_ (signature)
Kimberley Giese



# GIBSON, DUNN & CRUTCHER LLP
LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

555 Mission Street, Suite 3000, San Francisco, California 94105-2933
(415) 393-8200
www.gibsondunn.com
JStavers@gibsondunn.com

November 12, 2009

Direct Dial
(415) 393-8399

Fax No.
(415) 374-8451

Client Matter No.
01022-00529

D. Anthony Rodriguez
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482

Re: *American Airlines, Inc. v. Yahoo!, Inc.*

Dear Tony:

I write in response to your November 10, 2009 letter regarding American's data production.

There is a factual inaccuracy in your letter. It is not correct that "the 2003 revenue/FAUDNC/VAUDNC information is on backup tapes." As I explained in the email quoted in your letter, it is the raw ticket records that exist, to the best of American's current knowledge, on tape. The difference is significant.

Your letter also ignores a salient point about the data in question. As American has previously explained, the 2003 data at issue (revenue by flight segment by ticketing source) was removed from the database in 2006. Thus the removal occurred before any obligation to retain data in connection with this litigation attached. At the time the obligation to retain data attached, American had in its possession processed ticketing data for 2004 forward, and it has already produced to Yahoo data for 2004 through year-to-date 2009.

With respect to Mr. Broadfield's testimony, we are investigating the issues you raise. I note, however, that Mr. Broadfield's deposition took place on July 22, 2009. Yahoo did not serve its Second Set of Requests for Production of Documents until August 6, 2009. The August 6 requests were the first time that either party suggested that data at this level of detail (revenue

by flight segment by ticketing source) was relevant to this litigation, or would be sought in discovery. And while American has responded to Yahoo's requests in good faith, we have seen no evidence that this detailed data breakdown is probative of any disputed fact in this litigation.

Nor does anything in your November 10 letter give us any reason to believe that this detailed data is actually relevant to the litigation. You state that the "missing information is relevant to American's liability theories and damages claim." This is followed by an unsubstantiated allusion to "indications of a variance between the averages of the revenue information in the Excel sheets that American has produced and the averages stated by its expert." But as you have been told before, there are certain passenger revenues that American cannot track by the source of the ticket. For example, when a passenger on a flight purchases a meal or drink, American does not ask them whether they bought their ticket on AA.com, via a traditional travel agent, or from an online travel agent. Similarly, when a passenger pays a fee for a checked bag, American does not track how that passenger bought his or her ticket. These revenues are included in total passenger revenue, which is what American's expert used in preparing his report. But because these revenues are not tracked by source of the ticket, they are not included in the spreadsheets prepared at Yahoo's request.

Regardless, American does not understand how this data could conceivably be relevant to its "liability theories," and American has already produced the data upon which its damages claims are based, including revenue, passenger and cost data. It has produced this data for all years relevant to this lawsuit, including 2003. It has produced this data by channel, permitting Yahoo to test American's claims about the revenues it obtains through AA.com and through OTAs. *See especially* AAY-000619555 ("2003 Marketing Department Cost of Sales").

The incremental information content of the data at issue is not at all apparent. Yahoo has never explained why it requires information about ticket sales by specific OTAs, or on specific routes. Nor has Yahoo explained why this data for 2004-2009, which American has produced, is not sufficient to answer any concerns it might have regarding American's damages claims. Nonetheless, American is working hard during a resource-constrained time period to determine if that data can be recreated. It would be unfortunate if it was doing so without any valid purpose, properly grounded in the disputed facts of this case.

As for your intent to move to compel production of portions of the SPARS manual, we look forward to speaking with you so that we can determine whether we even have a disagreement. As you have been told before, American is prepared to produce portions of the manual. Trey Nicoud was with Yahoo's expert yesterday in Dallas to permit the expert to review the manual. The expert made notes of what pages he was interested in and indicated that

D. Anthony Rodriguez
November 12, 2009
Page 3

those pages did not implicate the portions of the manual about which American is most concerned. When Trey asked, however, whether Yahoo was willing to tell us what those pages were, counsel for Yahoo declined, and said we would be hearing from you later. We look forward to seeing if we can resolve this.

                          Very truly yours,

                          Jason Stavers

JBS/gms

100761342_1.DOC