

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2009 NOV 23 PM 1: 49

CLERK OF COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

|  |  |  |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| Plaintiff, | § § § | |
| V. | § § | Civil Action No. 4-08-CV-626-A |
| YAHOO! INC., and | § § | |
| OVERTURE SERVICES, INC. d/b/a YAHOO! | § | |
| SEARCH MARKETING, | § § | |
| Defendants. | § | |

## APPENDIX IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION TO SEAL

| EXHIBIT | DOCUMENT | PAGE |
|---------|----------|------|
| A | Confidentiality Agreement, effective April 22, 2009 | Appx. 1 – 15 |
| B | Declaration of Cheryl Dartt | Appx. 16 – 19 |
| C | Declaration of Chris Kemple[1] | Appx. 20 – 21 |
| D | Declaration of Michael Wehn | Appx. 22 – 24 |

---

[1] The original declaration of Chris Kemple is already on file with the Court as Exhibit D in the Appendix in Support of Defendants' Unopposed Motion for Leave to File Documents Under Seal (Doc. No. 160).

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true copy of the foregoing document has been served on counsel of record as follows:

Dee J. Kelly                       *Via Hand Delivery*
Dee J. Kelly, Jr.
Lars L. Berg
Kelly Hart & Hallman, LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102


Frederick Brown               *Via Federal Express*
Jason Stavers
Gibson, Dunn & Crutcher LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105

Howard S. Hogan          *Via Federal Express*
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036


Date:  November ___, 2009

Scott A. Fredricks



UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN AIRLINES, INC., | Civil Action No. 4-08-CV-626-A |
| Plaintiff, | |
| v. | |
| YAHOO! INC. and OVERTURE SERVICES, INC. d/b/a YAHOO! SEARCH MARKETING, | |
| Defendant. | |

## CONFIDENTIALITY AGREEMENT (NOT FILED WITH COURT)

The parties to the above styled and numbered action (the "Action") hereby agree as follows:

1.      This Confidentiality Agreement shall govern all documents, including without limitation electronically stored information, tangible things, and other information (collectively "information") produced in discovery in response to any formal or informal discovery requests in this action including, but not limited to, information produced in response to requests for production, responses to requests for admissions, answers to interrogatories, responses to requests for disclosure, deposition transcripts, all information contained therein, and all copies, excerpts or summaries thereof.

2.      This Confidentiality Agreement shall govern information produced during discovery by any non-parties, but only where a non-party or party requests the protection provided by this Confidentiality Agreement.

3.      By agreeing to this Confidentiality Agreement or requesting the protection of this Confidentiality Agreement, no party or non-party waives its rights to object to producing any information.

406207.01

Appx. 1

4.      For purposes of this Confidentiality Agreement, "Confidential Information" shall mean information that a party or non-party in good faith believes constitutes trade secrets or confidential research and development information, or confidential commercial or financial information, the disclosure of which to personnel of another party or the public would likely cause injury to the business of the producing party.  Information such as research and development, business plans, strategic plans, technical product information, including specifications, technical drawings, and test reports, and non-public financial information are examples of information that may merit designation as Confidential Information pursuant to this Confidentiality Agreement.

5.      For purposes of this Confidentiality Agreement, "Highly Confidential Information" shall mean Confidential Information that contains customer information, including customer account information, web user information, and any other private, proprietary, or confidential information (of any type) that a party or non-party in good faith believes is sufficiently sensitive to warrant that it not be disclosed to anyone beyond outside litigation counsel, designated in-house counsel, and other parties as identified in paragraph 12, *infra*.  For purposes of this Confidentiality Agreement, "Highly Confidential – Outside Counsel Only Information" shall mean Highly Confidential Information containing sensitive customer information, including advertiser information, web user information, and/or information pertaining to competitors of the parties.  If the designation of information is challenged, the designation of information as Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information will not create any presumption for or against such treatment.

6.      Information shall be designated as "Confidential Information," "Highly Confidential Information," or "Highly Confidential – Outside Counsel Only Information" by stamping "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only" by the designating party on each page of the document or discovery response.  In the case of any designation by a producing party (including parties to this Action and non-parties), such

406207.01

Appx. 2

designation shall generally be made prior to the production of the information. If a party that has produced information without a confidentiality designation later decides to designate that information as confidential, it may do so: (a) without cause within twenty-one (21) days of the original production; and (b) with good cause, explained in writing, at any time. If information designated as confidential after it is produced by a party, the other party shall use reasonable efforts to treat the information as it is newly designated from the date of notice of the new designation. The cost of treating this late designated information as confidential may be considered in determining what efforts are reasonable efforts to treat the information as it is newly designated.

7. Further, a party in this Action may designate information produced by a non-party as Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information by providing the other party to this Action with copies of any such information marked as described above within twenty-one (21) days after the original production of such information. To preserve the potential confidentiality of information produced by non-parties, the parties agree to treat all productions of information by a non-party as Highly Confidential – Outside Counsel Only Information until the expiration of the twenty-one (21) day period described above. By stating that a party may designate information produced by a non-party as Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information, neither party waives or limits its right to challenge such designation as unwarranted or improper.

8. Further, a party in this Action may designate information produced by a non-party as privileged by providing the other party to this Action with written notice of the claim of privilege including the reasons for the assertion of the privilege within twenty-one (21) days after the original production of such information. Upon receipt of such written notice, that information shall be treated as privileged unless and until a Court finds that the material is not privileged.

9. For tangible media, such as recordings, magnetic media, floppy disks, CD-ROMs,

CONFIDENTIALITY AGREEMENT
Civil Action No. 4-08-CV-626-A

406207.01

Appx. 3

photographs, the producing party (which shall include any non-party producing material or information in connection with the discovery taken in the Action) shall place the legend "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only" to the material or to a container for that material, in any suitable manner. Documents produced electronically in a TIFF format or similar format shall bear the legend "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only" on each TIFF image. If any party prints Confidential Information contained in tangible media, such party will mark all such printouts as containing Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information by stamping "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only" on each page of the printout to the extent practicable.

10. For transcripts of depositions or other sworn testimony, counsel for the producing party shall state on the record at the time of the testimony or in written notice served on all parties within ten (10) days of receipt of the transcript which portions of the testimony it deems Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information. If such designation is made during an ongoing deposition, those portions of said deposition involving Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information will be taken with no one present except the court reporter and/or videographer, as well as those persons who are authorized to have access to the Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information as provided in this Confidentiality Agreement. If no designation is made on the record during said deposition, any party (and if the deposition is of a non-party, any non-party) shall have ten (10) days following receipt of the deposition transcript to make any designation of Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information. The legend "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only" shall be affixed to the cover page and the designated pages of the transcript. The Court Reporter or other person

recording the testimony shall segregate any designated portions of the transcript, and may furnish

copies of these segregated portions, in a sealed envelope, only to the witness as required by law,

the Court, and outside counsel of record for the parties.

11.    All information designated as "Confidential Information" shall be used solely for

the purposes of prosecuting, defending, settling, or mediating this action and not for any

business, competitive or other purpose, or in any other action.  Information designated as

"Confidential Information" may be disclosed by the receiving party only as follows to:

(i) outside counsel of record for a party in the Action, their associated attorneys,

paralegals, and clerical staff employed in the preparation and trial of this action;

(ii) subject to paragraph 14, employees of a party in the Action, only to the extent such

disclosure is reasonably necessary for purposes of this action;

(iii) subject to paragraph 14, vendors providing litigation support services in the Action;

(iv) subject to paragraphs 14 and 15, any expert (whether testifying or consulting) who is

not an employee of a party and who is retained by a party or its counsel of record in order to

assist in the conduct of this Action, but only to the extent that, and for the time during which,

such disclosure is necessary for the conduct of this Action;

(v) a witness at any deposition, hearing, or trial, provided that the witness (i) is employed

by the party producing the Confidential Information, (ii) is the author or recipient of the

Confidential Information, or (iii) is reasonably believed to have had access to or knowledge of

the Confidential Information in the past.  If counsel for the producing party so requests at any

such deposition or hearing, the room shall be cleared of persons not authorized hereunder to have

access to Confidential Information;

(vi) court reporters and videographers while in the performance of their official duties;

(vii) participants in any jury research or similar research conducted by any party in this

Action, provided (a) no participant shall be permitted to retain or remove from the facility at

which such research is being conducted any Confidential Information and (b) that the

participants agree in writing to keep confidential and not to discuss any Confidential

5

**CONFIDENTIALITY AGREEMENT**
**Civil Action No. 4-08-CV-626-A**

Appx. 5

1    Information, except in connection with the research exercise; and

2        (viii) the Court and court personnel.

3        12.     All information designated as "Highly Confidential Information" shall be used

4    solely for the purposes of prosecuting, defending, settling, or mediating this action and not for

5    any business, competitive or other purpose, or in any other action. Information designated as

6    "Highly Confidential Information" may be disclosed by the receiving party only as follows to:

7        (i) outside counsel of record for a party in the Action, their associated attorneys,

8    paralegals, and clerical staff employed in the preparation and trial of this action;

9        (ii) subject to paragraph 14, for each party, one in-house attorney, plus one paralegal or

10    other non-attorney legal assistant, and clerical staff, only to the extent such disclosure is

11    reasonably necessary for purposes of this action;

12        (iii) subject to paragraph 14, vendors providing litigation support services in the Action;

13        (iv) subject to paragraphs 14 and 15, any expert (whether testifying or consulting) who is

14    not an employee of a party and who is retained by a party or its counsel of record in order to

15    assist in the conduct of this Action, but only to the extent that, and for the time during which,

16    such disclosure is necessary for the conduct of this Action;

17        (v) a witness at any deposition, hearing, or trial, provided that the witness (i) is employed

18    by the party producing the Highly Confidential Information, (ii) is the author or recipient of the

19    Highly Confidential Information, or (iii) is reasonably believed to have had access to or

20    knowledge of the Highly Confidential Information in the past. If counsel for the producing party

21    so requests at any such deposition or hearing, the room shall be cleared of persons not authorized

22    hereunder to have access to Highly Confidential Information;

23        (vi) court reporters and videographers while in the performance of their official duties;

24        (vii) participants in any jury research or similar research conducted by any party in this

25    Action, provided (a) no participant shall be permitted to retain or remove from the facility at

26    which such research is being conducted any Highly Confidential Information and (b) that the

27    participants agree in writing to keep confidential and not to discuss except in connection with the

28

6

406207.01

Appx. 6

1 research exercise any Highly Confidential Information; and

2 (viii) the Court and court personnel.

3 13. All information designated as "Highly Confidential – Outside Counsel Only

4 Information" shall be used solely for the purposes of prosecuting, defending, settling, or

5 mediating this action and not for any business, competitive or other purpose, or in any other

6 action. Information designated as "Highly Confidential – Outside Counsel Only Information"

7 may be disclosed by the receiving party only as follows to:

8 (i) outside counsel of record for a party in the Action, their associated attorneys,

9 paralegals, and clerical staff employed in the preparation and trial of this action;

10 (ii) subject to paragraph 14, vendors providing litigation support services in the Action;

11 (iii) subject to paragraphs 14 and 15, any expert (whether testifying or consulting) who is

12 not an employee of a party and who is retained by a party or its counsel of record in order to

13 assist in the conduct of this Action, but only to the extent that, and for the time during which,

14 such disclosure is necessary for the conduct of this Action;

15 (iv) a witness at any deposition, hearing, or trial, provided that the witness (i) is employed

16 by the party producing the Highly Confidential – Outside Counsel Only Information, (ii) is the

17 author or recipient of the Highly Confidential – Outside Counsel Only Information, or (iii) is

18 reasonably believed to have had access to or knowledge of the Highly Confidential – Outside

19 Counsel Only Information in the past. If counsel for the producing party so requests at any such

20 deposition or hearing, the room shall be cleared of persons not authorized hereunder to have

21 access to Highly Confidential – Outside Counsel Only Information;

22 (v) court reporters and videographers while in the performance of their official duties;

23 (vi) participants in any jury research or similar research conducted by any party in this

24 Action, provided (a) no participant shall be permitted to retain or remove from the facility at

25 which such research is being conducted any Highly Confidential – Outside Counsel Only

26 Information and (b) that the participants agree in writing to keep confidential and not to discuss

27 except in connection with the research exercise any Highly Confidential – Outside Counsel Only

28

CONFIDENTIALITY AGREEMENT
Civil Action No. 4-08-CV-626-A

406207.01

Appx. 7

1 Information; and

2      (vii) the Court and court personnel.

3     14.   Prior to disclosure of any Confidential Information, Highly Confidential

4 Information, or Highly Confidential – Outside Counsel Only Information to any person

5 identified in paragraphs 11(ii), (iii), and (iv), 12(ii), (iii), and (iv), or 13(ii) and (iii) such person

6 shall be furnished a copy of this Confidentiality Agreement, shall be informed that the

7 information is Confidential Information, Highly Confidential Information, or Highly

8 Confidential – Outside Counsel Only Information and shall agree to comply with the provisions

9 of the Confidentiality Agreement by signing the "Agreement and Acknowledgement of

10 Compliance with Confidentiality Agreement" attached hereto as Exhibit A

11 ("Acknowledgment"). Executed Acknowledgements shall be maintained by counsel who

12 disclosed Confidential Information, Highly Confidential Information, or Highly Confidential –

13 Outside Counsel Only Information to the persons executing said Acknowledgment and shall be

14 served on counsel for the party who produced the Confidential Information, Highly Confidential

15 Information, or Highly Confidential – Outside Counsel Only Information no later than thirty

16 days after the final disposition of this Action, including any appeals.

17     15.   Prior to disclosure of any Confidential Information, Highly Confidential

18 Information, or Highly Confidential – Outside Counsel Only Information to any person

19 identified in paragraphs 11(iv), 12(iv), and 13(iii), the disclosing party must make known the

20 following information in writing to the producing party no less than five business days before the

21 intended date of disclosure:

22     •   the identity of the person who will receive the Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only

23     Information by name and brief description, including education, present and past employment, and general areas of expertise; and

24     •   all other present and all prior relationships of that person with any of the parties.

25 If the producing party objects to the disclosure of Confidential Information, Highly Confidential

26 Information, or Highly Confidential – Outside Counsel Only Information to a person identified

27 in paragraphs 11(iv), 12(iv), or 13(iii), it shall serve written objections, identifying with

28

8

**CONFIDENTIALITY AGREEMENT**
Civil Action No. 4-08-CV-626-A

particularity the basis for the objection. Such objections shall not be unreasonably made. Service of the objections shall be received within five business days after the date of receipt of the identification of a person in paragraphs 11(iv), 12(iv), or 13(iii). If the parties cannot agree on disclosure of Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information to that person, the objecting party shall promptly file and serve a motion for an Order forbidding disclosure. On any such motion, the objecting party shall have the burden of proof. No Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information shall be disclosed to a person identified in paragraphs 11(iv), 12(iv), or 13(iii) until the validity of the objection has been resolved, either by negotiation or by the Court.

16. In the event a party wishes to file with the Court documents, tangible things or other information designated as Confidential Information, Highly Confidential Information, or Highly Confidential - Outside Counsel Only Information or any pleading, motion, or other paper filed with the Court containing or disclosing Confidential Information, Highly Confidential Information, or Highly Confidential - Outside Counsel Only Information not so designated by the filing party, the filing party shall meet and confer with the producing party to coordinate the submission of a joint motion requesting that the Confidential Information, Highly Confidential Information, or Highly Confidential - Outside Counsel Only Information be filed under seal. The parties shall use their best efforts to facilitate the filing of the joint motion (5) business days prior to filing with the Court the Confidential Information, Highly Confidential Information, or Highly Confidential - Outside Counsel Only Information or the pleading, motion, or other paper that will contain the Confidential Information, Highly Confidential Information, or Highly Confidential - Outside Counsel Only Information. The filing party shall prepare the joint motion, which must state that the information has been designated as Confidential Information, Highly Confidential Information, or Highly Confidential - Outside Counsel Only Information, indicating that the information consists of trade secrets, confidential research and development information, or confidential commercial or financial information, the disclosure of which would

CONFIDENTIALITY AGREEMENT
Civil Action No. 4-08-CV-626-A

408207.01

1   likely cause injury to the business of the producing party. The producing party shall prepare a

2   declaration to be submitted with the joint motion further explaining why the information should

3   be sealed. No Confidential Information, Highly Confidential Information, or Highly

4   Confidential - Outside Counsel Only Information shall be filed in the public record with the

5   Court until the Court rules on the motion to seal. To allow the Court to rule on the motion to

6   seal, a courtesy copy of the Confidential Information, Highly Confidential Information, or

7   Highly Confidential - Outside Counsel Only Information shall be delivered to the judge's

8   chambers. If the Court does not rule on the joint motion before the filing party must file with the

9   Court the pleading, motion, or other paper that will contain the Confidential Information, Highly

10  Confidential Information, or Highly Confidential - Outside Counsel Only Information, the filing

11  party may file a redacted pleading, motion, or other paper that does not contain the Confidential

12  Information, Highly Confidential Information, or Highly Confidential - Outside Counsel Only

13  Information. Such redacted pleading, motion, or other paper shall indicate the Confidential

14  Information, Highly Confidential Information, or Highly Confidential - Outside Counsel Only

15  Information is being withheld subject to the motion to seal. Once the Court rules on the joint

16  motion, the filing party may then substitute or supplement, without objection by the non-filing

17  party, its pleading, motion, or other paper. Such substitution or supplementation shall be for the

18  sole purpose of adding the redacted Confidential Information, Highly Confidential Information,

19  or Highly Confidential - Outside Counsel Only Information that was the subject of the motion to

20  seal, consistent with the Court's ruling on the joint motion, to the filing party's pleading, motion,

21  or other paper.

22      17.     Not later than thirty (30) days after the final settlement of the Action or final

23  disposition, including any appeals, of this Action if not settled, all Confidential Information, all

24  Highly Confidential Information, and all Highly Confidential – Outside Counsel Only

25  Information including all copies of such Confidential Information, Highly Confidential

26  Information, or Highly Confidential – Outside Counsel Only Information shall be returned to

27  counsel for the producing party or destroyed. If destroyed, the party undertaking destruction will

28

**CONFIDENTIALITY AGREEMENT**
Civil Action No. 4-08-CV-626-A

406207.01

certify to the manner, time, and place of their destruction. This paragraph does not create an obligation to return or destroy attorney work product, deposition transcripts or exhibits thereto, designated trial exhibits, or copies of documents filed with the Court that contain Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information.

18.     If any of the parties believe that this Confidentiality Agreement provides insufficient protection for a specific category or subset of the discovery materials they expect to produce, such party may serve notice upon the requesting party and request an amendment hereto. If within twenty (20) business days after such notice has been received the parties cannot agree on an amendment, either party may apply to the Court for a protective order. Until the parties agree to an amendment to this Confidentiality Agreement under this paragraph or until the Court enters a Protective Order, this Confidentiality Agreement shall remain in full force and effect. An amendment shall not affect the treatment to be accorded materials produced by a non-party pursuant to this Confidentiality Agreement.

19.     Any inadvertent failure by the producing party (including parties to this action and non-parties) to designate information as Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information shall not constitute, or have the effect of, a waiver of its ability to designate such information as Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information pursuant to this Confidentiality Agreement. The receiving party's obligation to treat information as Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information shall commence upon its receipt of the producing party's designation of information as Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information.

20.     This agreement is not a waiver of any applicable privilege or any objection that might be raised as to a discovery request or the admissibility of evidence. This agreement in no way operates to limit or restrict the disclosure or use of any information that is known or

406207.01

becomes known through means or sources outside of this litigation, but this agreement also shall

not modify, amend or alter in any way any other restrictions on the disclosure or use of such

information that might apply (e.g., restrictions contained in a separate non-disclosure agreement

pursuant to which the information was obtained).

21. Inadvertent disclosure of any document or other information covered by the

attorney-client privilege, work-product or other applicable privileges during discovery in this

matter shall be without prejudice to any claim that such document or other information is

privileged. Once a party receives notice that it possesses another party's inadvertently produced

privileged material, that party shall not use such material and agrees to return such material

immediately upon request, unless and until a Court finds the material not to be privileged.

Non-privileged information produced during discovery is not barred from use as an exhibit at

trial to be entered in the public record merely because it had been designated as confidential

during discovery.

IN WITNESS WHEREOF, the parties execute this Agreement effective as of April 22, 2009.

Dee J. Kelly
State Bar No. 11217000
Dee J. Kelly, Jr.
State Bar No. 11217250
Lars L. Berg
State Bar No. 00787072
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort worth, Texas 76102
Phone: (817) 332-2500
Fax: (817) 878-9280

Howard S. Hogan (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Phone: (202) 955-8500
Fax: (202) 467-0539

Frederick Brown (admitted *pro hac vice*)
George A. Nicoud III
Jason B. Stavers (admitted *pro hac vice*)

4/21/09

David F. Chappell
Texas State Bar No. 04141000
dchappell@canteyhanger.com
Scott A. Fredricks
Texas State Bar No. 24012657
sfredricks@canteyhanger.com
CANTEY HANGER LLP
Cantey Hanger Plaza
600 West Sixth Street, Suite 300
Fort Worth, Texas 76102
Telephone: (817) 877-2800
Fax: (817) 877-2807

Michael A. Jacobs (*pro hac vice*)
mjacobs@mofo.com
Lynn M. Humphreys (*pro hac vice*)
lhumphreys@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Fax: (415) 268-7522

12

CONFIDENTIALITY AGREEMENT
Civil Action No. 4-08-CV-626-A

406207.01

Appx. 12

GIBSON, DUNN & CRUTCHER LLP
1 Montgomery Street, Suite 3100
San Francisco, CA 94104
Phone: (415) 393-8200
Fax:    (415) 374-8473

Attorneys for Plaintiff American Airlines, Inc.

Attorneys for Defendants
YAHOO! INC. and OVERTURE SERVICES,
INC. d/b/a YAHOO! SEARCH MARKETING

**CONFIDENTIALITY AGREEMENT**
Civil Action No. 4-08-CV-626-A

406207.01

Appx. 13

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| AMERICAN AIRLINES, INC., | Civil Action No. 4-08-CV-626-A |
|---|---|

Plaintiff,

v.

YAHOO! INC. and OVERTURE SERVICES, INC. d/b/a YAHOO! SEARCH MARKETING,

Defendants.

## AGREEMENT AND ACKNOWLEDGMENT OF COMPLIANCE WITH CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge and agree as follows:

1.     My address is _____

_____.

2.     My current employer is _____

_____, whose address is

_____

3.     My current occupation or job description is _____

_____

4.     I have received a copy of the Confidentiality Agreement in this case on

_____

5.     I have carefully read and I understand the provisions of the Confidentiality Agreement.

6.     I will comply with all of the provisions of the Confidentiality Agreement.

7.     Specifically, I agree to use Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information solely in connection with this action and will hold in confidence, and not disclose to anyone not qualified under the Confidentiality Agreement, all Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information.

8.     I further agree to return all Confidential Information, Highly Confidential Information, or

14

Highly Confidential – Outside Counsel Only Information that comes into my possession (and any documents or things that I prepare relating thereto) to the attorneys for the producing party or non-party, or the attorneys for the party that I have assisted in this action either before or within ten days after the conclusion of this action.

9.    I understand that if I violate the provisions of the Confidentiality Agreement I may be subject to sanctions by the United States District Court for the Northern District of Texas and that the parties may assert other remedies against me.  I hereby submit to the jurisdiction of the United States District Court for the Northern District of Texas for such purposes.

DATED:

_____
(Signature)

**CONFIDENTIALITY AGREEMENT**
**Civil Action No. 4-08-CV-626-A**

406207.01

B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

AMERICAN AIRLINES, INC.,

Plaintiff,

-v.-

YAHOO! INC. and OVERTURE SERVICES,
INC. d/b/a YAHOO! SEARCH MARKETING,

Defendants.

Case No. 4:08-CV-626-A

## DECLARATION OF CHERYL DARTT IN SUPPORT OF
## DEFENDANTS' UNOPPOSED MOTION TO SEAL

I, Cheryl Dartt, declare as follows:

1.  I am the Senior Director of the Marketplace Operations team at Yahoo! Inc. ("Yahoo!"). My department is responsible for monitoring the metrics and performance of Yahoo! Sponsored Search, and the sponsored search marketplace at large, and developing business strategies for Yahoo!'s sponsored search services. I have worked at Yahoo!, starting at Overture Services, since February 2003 and have held my current position since December 2006.

2.  I make this declaration in support of Yahoo!'s motion to seal. I have personal knowledge of the facts set forth herein, and if called upon to do so, I could and would competently testify thereto.

3.  In my position, I am knowledgeable about the Yahoo! documents listed below and the competitive business planning information and confidential consumer research they contain. Through my professional activities and based on my experience I am able to evaluate the competitive sensitivity of such data.

4.  As shown more fully and specifically below, many of the documents set forth below contain competitive business planning information and confidential consumer research that is not generally known outside Yahoo!, and for which even access is controlled within Yahoo!. These competitive business analyses and studies were developed and prepared at substantial expense to Yahoo!, are extremely valuable to Yahoo!, and could not be easily or inexpensively acquired or duplicated by Yahoo!'s competitors. Moreover, this information could be used by Yahoo!'s competitors to understand Yahoo!'s proprietary technology, and Yahoo!'s recent and future confidential business plans and strategies and thus threaten Yahoo!'s competitive position.

5.  Also, where described below, other of these documents reveal confidential customer information that could jeopardize those company's competitive advertising activities, strategies and plans. The confidential customer information is not generally known beyond the parties to those documents, is valuable to those parties and their competitors, and would be difficult for third-parties to legitimately acquire or duplicate.

2

6.      Specifically, the documents listed below and contained in the Appendix in Support of Plaintiff's Motion For Sanctions For Failure to Produce and Preserve Documents contain the competitively sensitive information set forth below.

A.      A portion of the exhibit at Tab 9 (at R. App. 77-87) describes details of Yahoo!'s proprietary algorithm used to determine ad placement, including plans to enhance product functionality in the future. The algorithm details are confidential and not disclosed publicly. The document also contains ad placement trends that are derived from internal data not shared outside the company.

B.      A portion of the exhibit at Tab 14 (at R. App. 104 – 108) describes the details of many of the detailed data fields collected for each search event and how they are used. This information is not revealed publicly and could give competitors insights into the data Yahoo! strategically gathers for optimization. Some details contained in this exhibit could also allow unscrupulous third-parties to "game" Yahoo!'s serving systems.

C.      Tab 33 (at R. App. 241 – 242) shows specific advertiser feedback data gathered from customer surveys fielded by Yahoo!. These detailed surveys are time-intensive and expensive to execute, and are conducted by Yahoo! to inform Yahoo!'s confidential and proprietary business priorities and strategies. The detailed survey data is not shared outside the company.

D.      Tab 36 (at R. App. 254-255) contains research developed and conducted by Yahoo! and competitive business strategies for responding to the findings. This highly sensitive information was only shared within a small group of leaders within Yahoo! that were responsible for executing these search strategies.

E.      Tab 42 (at R. App. 279-282) reports the findings of an internal Yahoo! study developed and conducted by Yahoo! and utilizing Yahoo! data. The study evaluates Yahoo!'s competitive standing and how various search consumers respond to the search interface.

F.      Tab 43 (at R. App. 283 – 297) contains data that is from a Yahoo! internal research study tying confidential Yahoo! search and click data to external user survey results. This study was fielded by Yahoo! and required substantial effort and expense over 3-4 months to conduct and analyze the results. This analysis is shared only with select groups within Yahoo! and is not distributed outside the company.

3

G.     Tab 50 (at R. App. 325) is an email that contains advertising budget and spend data for specific customers. This information is confidential between Yahoo! and each listed client and would reveal data about each listed client's proprietary marketing spend.

H.     Tabs 51 (at R. App. 326 – 332) and 52 (at R. App. 333 – 352) reveal detailed bid, rank, price-per-click, impression and click information by term for a specific advertiser. This information is known only to Yahoo! and that client, and provides insight into keyword performance that would be competitively valuable. It would be virtually impossible for an outside party to compute or derive this information.

I.     Tab 53 (at R. App. 353 – 354) discloses click-through-rates and price-per-click data for travel category advertisers. These detailed metrics are not shared outside of Yahoo!.

7.     As stated above, the public disclosure of these documents and the highly sensitive internal strategic competitive business analyses contained in these documents could be used by Yahoo!'s competitors to obtain an unfair competitive advantage that they could not otherwise legitimately obtain without tremendous effort and expense. Similarly, the confidential customer information revealed in the documents described above could be used by those advertisers' competitors to uncover confidential business strategies if they were publicly disclosed in this judicial proceeding.

8.     In sum, I have concluded that the public disclosure of the documents set forth above would harm the competitive standing of Yahoo! and certain of its customers.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th day of November 2009.

_Cheryl Dartt_
Cheryl Dartt

4



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN AIRLINES, INC.,<br><br>                    Plaintiff,<br><br>     -v.-<br><br>YAHOO! INC. and OVERTURE SERVICES,<br>INC. d/b/a YAHOO! SEARCH MARKETING,<br><br>                    Defendants. | Case No. 4:08-CV-626-A |

## DECLARATION OF CHRIS KEMPLE IN SUPPORT OF
## DEFENDANTS' UNOPPOSED MOTION TO SEAL

I, Chris Kemple, declare as follows:

1.     I am the Senior Director of Account Management at Yahoo! Inc. ("Yahoo!"). I have been employed by Yahoo! for approximately 5 years and held my current position for over 3 years. In my position, I am familiar with strategies Yahoo! has developed for use by its sales force.

2.     I make this declaration in support of Yahoo!'s Unopposed Motion to Seal. I have personal knowledge of the facts set forth herein, and if called upon to do so, I could and would competently testify thereto.

3.     In my position, I am knowledgeable about Yahoo! confidential internal marketing training materials. Specifically, I am familiar with strategies Yahoo! has developed for use by its sales force.

4.     The document identified under Tab 80 to the Sealed Appendix in Support of Plaintiff's Memorandum of Law in Opposition to Defendant Yahoo! Inc.'s Motion for Summary Judgment is confidential internal marketing training material. Specifically, this document contains sales strategies used by the Yahoo! sponsored search sales force that have been developed and refined by Yahoo! over many years. These strategies are not disclosed outside the company and public disclosure of these strategies would place Yahoo! at a competitive disadvantage relative to its competitors in sponsored search.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 31st day of October 2009.

_____
Chris Kemple

**Appx. 21**



D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

AMERICAN AIRLINES, INC.,

                Plaintiff,

    -v.-

YAHOO! INC. and OVERTURE SERVICES,
INC. d/b/a YAHOO! SEARCH MARKETING,

              Defendants.

Case No. 4:08-CV-626-A

## DECLARATION OF MICHAEL WEHN IN SUPPORT OF
## DEFENDANTS' MOTION TO SEAL

I, Michael Wehn, declare as follows:

1.      I am a Senior Manager in Yahoo!'s Ad Quality Operations Department. My responsibilities include managing personnel that review advertisements submitted by Yahoo! Sponsored Search advertisers. I also manage personnel that handle editorial routing of advertisements for content review.

2.      I make this declaration in support of Yahoo!'s motion to seal. I have personal knowledge of the facts set forth herein, and if called upon to do so, I could and would competently testify thereto.

3.      I am knowledgeable about Yahoo! documents containing information regarding internal proprietary advertisement review systems and procedures as a Senior Manager in Yahoo!'s Ad Quality Operations Department. In my position, I am responsible for directing personnel in implementation of Yahoo!'s advertisement review procedures. Through this activity, I am able to evaluate the competitive sensitivity of information that is used in Yahoo!'s advertising review process which is not disclosed to advertisers and competitors.

4.      Yahoo! would be harmed if the documents listed herein with internal proprietary advertisement review systems and procedures information were made publicly available. This information could be used by Yahoo! Sponsored Search advertisers to determine strategies for evading the review of advertisements that do not comply with Yahoo! advertising policies. This information may also be used to evaluate the limitations of Yahoo!'s advertising review process in identifying non-compliant advertising. In my experience, I have found that advertisers seek out and use such information. For example, advertisers have attempted to determine the precise timing of automated review processes used in Yahoo!'s review system in order to display non-compliant advertisements on Yahoo! and remove the advertisements when those automated reviews occur in order to avoid detection.

5.      I have examined the following documents contained in the Appendix in Support of Plaintiff's Motion For Sanctions For Failure to Produce and Preserve Documents and determined that they contain information on internal proprietary advertisement review systems

2

and procedures that could be used by advertisers to evade Yahoo!'s efforts to remove and reject non-compliant advertisements:

    a.  Tab 30 (R. App. 226-234):  This document contains confidential information that exposes the training and procedures that Yahoo! has spent significant effort and money to develop.  This information may be valuable to Yahoo!'s competitors and could be used to put Yahoo! at a competitive disadvantage if exposed.

    b.  Tab 41 (R. App. 275-278):  This document contains confidential information that reflects the timing of Yahoo!'s automated advertisement review process.  If revealed this could be used by advertisers to evade Yahoo!'s efforts to remove and reject non-compliant advertisements.

6.    As stated above, the public disclosure of these documents and the confidential information they contain about Yahoo!'s advertisement review process could be used by unscrupulous third parties to circumvent Yahoo!'s advertising policies, thereby harming Yahoo!'s competitive position.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 17 day of November 2009.

Michael Wehn

3