IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN AIRLINES, INC., § <br> § <br> Plaintiff, § <br> § <br> V. § <br> § Civil Action No. 4-08-CV-626-A <br> § <br> YAHOO! INC., and § <br> OVERTURE SERVICES, INC. d/b/a § <br> YAHOO! SEARCH MARKETING, § <br> § <br> Defendants. § | |

## DEFENDANTS' UNOPPOSED MOTION TO SEAL DOCUMENTS

Plaintiff American Airlines, Inc. ("American") desires to file an appendix in support of its Motion for Sanctions for Violation of Court Order, Improper Certification of Discovery Responses and Destruction of Evidence. Defendants Yahoo! Inc., and Overture Services, Inc. d/b/a Yahoo! Search Marketing ("Yahoo!") have identified 9 items in that appendix that contain confidential and proprietary information the public disclosure of which would cause competitive harm to Yahoo!. Specifically, American's appendix contains competitive business planning information, reports, or analysis and confidential consumer research. Because American's Memorandum of Law in Support of its Motion for Sanctions for Violation of Court Order, Improper Certification of Discovery Responses and Destruction of Evidence contains detailed discussion of these documents and discloses much of their content, Yahoo! also asks for leave to have it filed under seal.

The documents and reasons why they are deserving of protection are described more fully below, as well as in the declaration of Cheryl Dartt (Appx. 16-19) which is being filed with this motion to seal. The confidential documents contain information that Yahoo! disclosed to

1

American during discovery pursuant to a confidentiality agreement ("Confidentiality Agreement") entered between the parties. A true and correct copy of this agreement is also submitted with this motion as EXHIBIT A (Appx. 1–15). As required by the Confidentiality Agreement, these documents have been designated by Yahoo! as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL INFORMATION," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY INFORMATION." (Appx. 2–3.)

Accordingly, Yahoo! respectfully requests that the Court grant leave to file under seal these 9 documents and the memorandum of law discussing and disclosing information from these 9 documents. An original and one copy of a "Sealed Appendix in Support of Plaintiff's Motion for Sanctions for Violation of Court Order, Improper Certification of Discovery Responses and Destruction of Evidence" ("Sealed Appendix") and "Plaintiff American Airlines, Inc.'s Memorandum of Law in Support of Its Motion for Sanctions for Violation of Court Order, Improper Certification of Discovery Responses and Destruction of Evidence" is tendered with this motion pursuant to the Court's order of November 9, 2009 (Doc. No. 146).

## ARGUMENT

Though the courts of the United States recognize a general right to inspect and copy public records and documents, this right is not absolute. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–98 (1978); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). A court may deny public access to judicial records where the court's files might have become a vehicle for improper purposes, such as to "gratify private spite or promote public scandal," or where the judicial records might serve "as sources of business information that might harm a litigant's competitive standing." *Warner Communications*, 435 U.S. at 598.

When determining whether to limit public access to a court record, the court must balance the presumption of public access against the interests favoring secrecy or nondisclosure. *Warner Communications*, 435 U.S. at 599, 602; *Van Waeyenberghe*, 990 F.2d at 848. The balance of factors must be struck "in light of the relevant facts and circumstances of a particular case." *Warner Communications*, 435 U.S. at 599. *See Van Waeyenberghe*, 990 F.2d at 848 & n.4 (declining to adopt a "strong" presumption in favor of right of access, and noting that public access is only one of the interests to be balanced).

Federal courts recognize a particular interest in protecting a business's trade secrets from harmful disclosure. *See, e.g., Warner Communications*, 435 U.S. at 598 (recognizing that courts should not serve as sources of business information that might harm a litigant's competitive standing); *E. I. du Pont de Nemours Powder Co. v. Masland*, 244 U.S. 100, 101 (1917) (discussing legitimate purpose of protecting a litigant's trade secrets from disclosure during course of litigation); *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002) ("documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection *unless they meet the definition of trade secrets* or other categories of bona fide long-term confidentiality" (emphasis added)); *Walker Sys. v. Hubbell Inc.*, 188 F.R.D. 428, 430 (S.D. W. Va. 1999) (granting motion to seal documents containing trade secrets after balancing private and public interests); FED. R. CIV. P. 26(c)(1) (permitting court to issue orders "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way").

For example, the court in *In re Iowa Freedom of Information Council*, 724 F.2d 658, 664 (8th Cir. 1983), considered whether the trial court properly sealed documents that contained a party's marketing and distribution plans. The court noted that there was evidence that the

information could have been of substantial use to competitors anxious to learn the party's future business plans. *Id.* Noting that trade secrets are a form of property, the value of which is completely destroyed by disclosure, the appeals court affirmed the trial court's finding that the public revelation of those documents would have done considerable damage to the party's business and property, thereby justifying protection from public disclosure. *Id.*

In sum, federal law favors granting leave to file a document or information under seal where it has been shown that the information constitutes trade secret or other sensitive commercial information, the disclosure of which would cause injury, and where the balance of interests sought to be protected by sealing outweigh public interests in access, if any.

### A. The Information Involved is Yahoo!'s Confidential and Trade Secret Information, the Disclosure of Which would Cause Injury or Harm to Yahoo!

A trade secret is defined as any formula, pattern, device or compilation of information which is used in one's business and presents an opportunity to obtain an advantage over competitors who do not know or use it. RESTATEMENT (FIRST) OF TORTS § 757, comment b.; *CQ Inc. v. TXU Mining Co. LP*, 565 F.3d 268, 274 (5th Cir. 2009) (citing *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996) and the Restatement).

In determining whether something is a trade secret, Texas courts examine six relevant but nonexclusive criteria: (1) the extent to which the information is known outside the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken to safeguard the secrecy of the information; (4) the value of the information to the business and to its competitors; (5) the amount of effort or money expended in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others. *General Universal Sys. v. Lee*, 379 F.3d 131, 150 (5th Cir.

2004) (citing *In re Bass*, 113 S.W.3d 735, 739–40 (Tex. 2003)). A party claiming a trade secret "should not be required to satisfy all six factors because trade secrets do not fit neatly into each factor every time," and a determination of whether an item is a trade secret is a contextual inquiry. *Id.* (citing *In re Bass*, 113 S.W.3d at 740). The highly confidential information contained within the documents described below constitutes Yahoo!'s proprietary, trade secret, and confidential information.

The declaration of Cheryl Dartt, contained in the accompanying appendix, establishes that the items Yahoo! asks to have sealed are confidential or trade secret information worthy of protection and that public disclosure of this information would cause injury to Yahoo!.

### 1. Competitive Business Planning Information, Reports, or Analysis and Confidential Consumer Research

The documents Yahoo! seeks leave to file under seal contain competitive business planning information and confidential consumer research that is not generally known outside Yahoo!, and for which even access is controlled within Yahoo!. (Appx. 16-17, ¶ 4 (Dartt Decl.).) These competitive business analyses and studies were developed and prepared at substantial expense to Yahoo!, are extremely valuable to Yahoo!, and could not be easily or inexpensively acquired or duplicated by Yahoo!'s competitors. (*Id.*) Moreover, this information could be used by Yahoo!'s competitors to understand Yahoo!'s proprietary technology, and Yahoo!'s recent and future confidential business plans and strategies and thus threaten Yahoo!'s competitive position. (*Id.*) As shown in the Declaration of Cheryl Dartt, the following items should be sealed:

(a)  The document with beginning bates number YAH-AA 4628327 (Sealed Appendix Tab 1) is a presentation representing the culmination of internal research at Yahoo! performed at great expense designed to analyze and compare Yahoo!'s performance relative to that of its competitors in sponsored search. This presentation also discloses key internal metrics, including the number of

customers that spend advertising revenue in sponsored search with Yahoo! on a daily basis. All of this information is highly sensitive and represents a very contemporary competitive analysis of Yahoo!'s sponsored search business. (Appx. 17, ¶ 5(A) - Dartt Declaration).

(b) The document with beginning bates number YAH-AA 4784912 (Sealed Appendix Tab 2) is an email that discusses revenue-per-search and revenue figures that can be used to compute overall Yahoo! revenue-per-search. This is highly sensitive information that is not shared outside of Yahoo! and is competitively valuable. (Appx. 17, ¶ 5(B) - Dartt Declaration).

(c) The document with beginning bates number YAH-AA 4820565 (Sealed Appendix Tab 3) is an email that describes conclusions from an internally-fielded study of Yahoo! users, their click patterns, and their perceptions of the experience on Yahoo!. Specifically, the data on the number of users that understand how to interpret North ads is sensitive. (Appx. 17, ¶ 5(C) - Dartt Declaration).

(d) The document with beginning bates number YAH-AA 4830548 (Sealed Appendix Tab 4) discloses the specific click-through-rate of the East portion of the search results page. These are components of revenue-per-search and are never shared outside of Yahoo!. (Appx. 17, ¶ 5(D) - Dartt Declaration).

(e) The document with beginning bates number YAH-AA 4869949 (Sealed Appendix Tab 5) is an email that discusses the merits and disadvantages of various page layout options. These details are an important part of page layout and monetization considerations that are highly sensitive strategic business decisions and not disclosed outside of Yahoo!. (Appx. 18, ¶ 5(E) - Dartt Declaration).

(f) The document with beginning bates number YAH-AA 4892138 (Sealed Appendix Tab 6) is an email that reveals specific revenue-per-search metrics and component metrics obtained from internal testing performed by Yahoo!. This testing and data is part of Yahoo!'s research and development process and not revealed outside of Yahoo!. (Appx. 18, ¶ 5(F) - Dartt Declaration).

(g) The document with beginning bates number YAH-AA 5043974 (Sealed Appendix Tab 7) is an email that discusses strategies for page layout testing and insights derived from internal testing performed by Yahoo!. It also comments on competitive offerings and shares views as to how Yahoo! perceives those offerings and how they may shape Yahoo!'s strategic business direction. (Appx. 18, ¶ 5(G) - Dartt Declaration).

(h) The excerpts from the deposition of Ronald Lange (Sealed Appendix Tab 8) describes Yahoo!'s process for gathering competitive information for testing its search product. These internal processes are never disclosed outside of Yahoo!. (Appx. 18, ¶ 5(H) - Dartt Declaration).

(i) The excerpts from the deposition of Tim Mayer (Sealed Appendix Tab 9) describe several metrics that Yahoo! uses to measure and consider when making launch decisions for a new page layout. The excerpts also discuss the relevance of algorithmic and sponsored search results to user queries. This information is highly sensitive and derived from internal testing performed by Yahoo!. This information is not shared outside the company. (Appx. 18, ¶ 5(I) - Dartt Declaration).

Accordingly, the above documents contain confidential or trade secret information, the disclosure of which would cause serious injury by depriving Yahoo! of valuable property that it has developed over time and which gives Yahoo! a competitive advantage.

**B. Interests in Protecting Confidential and Competitive Trade Secret Information Outweigh Public Interests**

This suit involves private commercial conduct that does not implicate any important political or governmental issue, and Yahoo!'s proprietary interests in protecting its valuable trade secret information substantially outweighs any perceivable public interest that might exist in access to the information. Notably, the Fifth Circuit has expressly declined to recognize a "strong presumption" in favor of the public's right of access to court records, and has instead held the presumption of public access "is one of the interests to be weighed." *Van Waeyenberghe*, 990 F.2d at 848 n.4 (citing *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir.1981)).

When balancing the public interest in access with the interests threatened by disclosure, several courts have permitted documents to be sealed where there is little or no public interest in the issues and where there are strong reasons to protect the secrecy of competitive business information. *See In re Iowa Freedom of Information Council*, 724 F.2d at 664 (finding proprietary interest in trade secrets outweighed public interests where the case involved private commercial conduct and no important governmental or political question); *Jadael Inc. v. Elliott*,

2006 U.S. Dist. LEXIS 71055, at *6 (M.D. Fla. Sept. 29, 2006) (finding that party's interest in protecting trade secrets outweighed public interest where there was no evidence of any actual public interest in the contents of the documents); *Walker Sys. v. Hubbell Inc.*, 188 F.R.D. 428, 430 (S.D. W. Va. 1999) (granting motion to seal documents containing trade secrets after balancing private and public interests).

In contrast, courts that have declined to seal documents have often done so where the subject matter of the documents or information sought to be protected was of special public interest and importance. *See United States v. Edwards*, 823 F.2d 111 (5th Cir. 1987) (finding that press's qualified right of access to criminal trials weighed against sealing criminal proceedings); *In re Application of National Broadcasting Co.*, 653 F.2d 609, 614 (D.C. Cir. 1981) (public interest in conduct of its elected officials); *Van Waeyenberghe*, 990 F.2d at 848 (recognizing public interest in SEC enforcement and compliance with securities laws); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983) (finding that public has strong interest in administrative record of litigation that involves government agency's response to allegations of corporate error that implicates public health).

As in *In re Iowa Freedom of Information Council*, this case solely involves commercial conduct between two private entities. 724 F.2d at 664 (law favors protecting information where only private commercial interest or damage are involved). Though, as with any law, the law of trademark is important to the public at large, the particular matters Yahoo! seeks to protect do not implicate any public interest in any governmental agency, public official, law enforcement, or other particular issue of public importance. Rather, the subject documents implicate only Yahoo!'s valuable business interests in protecting valuable information from disclosure and

misuse by Yahoo!'s competitors. Accordingly, any public interests are substantially outweighed by the competitive and proprietary interests at stake.

### C. American's Memorandum of Law Contains Yahoo! Confidential and Highly Confidential Information and Should be Sealed

American's memorandum of law in support of its motion for sanctions contains and quotes from the confidential materials identified above. Because American's memorandum of law contains information designated as confidential or highly confidential by Yahoo!, the parties' Confidentiality Agreement contemplates that it too should be filed under seal. (Appx. 9–10, ¶ 16 (Confidentiality Agreement).) Therefore, to the extent the Court finds that one or more of the items contained in American's appendix should be sealed, American's memorandum of law, which contains the same confidential information, should also be sealed.

### PRAYER

Yahoo! respectfully requests that the Court grant this unopposed motion to seal and enter an order that the "Sealed Appendix in Support of Plaintiff's Motion for Sanctions for Violation of Court Order, Improper Certification of Discovery Responses and Destruction of Evidence" and "Plaintiff American Airlines, Inc.'s Memorandum of Law in Support of Its Motion for Sanctions for Violation of Court Order, Improper Certification of Discovery Responses and Destruction of Evidence" be filed under seal.

Dated: November 24, 2009

Respectfully submitted,

*[signature: Scott Fredricks]*

David F. Chappell
Texas State Bar No. 04141000
Scott A. Fredricks
Texas State Bar No. 24012657
CANTEY HANGER LLP
Cantey Hanger Plaza
600 West Sixth Street, Suite 300
Fort Worth, Texas 76102
Telephone: (817) 877-2800
Fax: (817) 877-2807

Michael A. Jacobs (*pro hac vice*)
D. Anthony Rodriguez (*pro hac vice*)
Alison M. Tucher (*pro hac vice*)
Brooks M. Beard (*pro hac vice*)
Lynn M. Humphreys (*pro hac vice*)
Daniel P. Muino (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Fax: (415) 268-7522

Attorneys for Defendants YAHOO! INC. and OVERTURE SERVICES, INC. d/b/a YAHOO! SEARCH MARKETING

## CERTIFICATE OF CONFERENCE

Counsel for American and Counsel for Yahoo! have conferred with one another regarding the relief sought in this motion. Lars L. Berg (counsel for American) has confirmed that American does not oppose the sealing of the items listed in this motion.

_____
Scott A. Fredricks

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on Plaintiff's counsel on the 24th day of November 2009 as follows:

| | |
|---|---|
| Dee J. Kelly<br>Dee J. Kelly, Jr.<br>Lars L. Berg<br>KELLY HART & HALLMAN, LLP<br>201 Main Street, Suite 2500<br>Fort Worth, TX 76102 | *Via Hand Delivery* |
| Frederick Brown<br>George A. Nicoud III<br>Jason Stavers<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105 | *Via Federal Express* |
| Howard S. Hogan<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036 | *Via Federal Express* |

_____
Scott A. Fredricks