American Airlines, Inc. v. Yahoo! Inc. et al                                                                                          Doc. 218



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN AIRLINES, INC., <br><br> Plaintiff, <br><br> -v.- <br><br> YAHOO! INC., and OVERTURE SERVICES, INC. d/b/a YAHOO! SEARCH MARKETING, <br><br> Defendants. | No. 4-08-CV-626-A |

### PLAINTIFF AMERICAN AIRLINES, INC.'S MOTION FOR SANCTIONS FOR VIOLATION OF COURT ORDER, IMPROPER CERTIFICATION OF DISCOVERY RESPONSES AND DESTRUCTION OF EVIDENCE

Plaintiff, American Airlines, Inc. ("American") moves for sanctions pursuant to Rule 37. American respectfully shows the Court as follows:

## I.
## SUMMARY

Defendants, Yahoo! Inc., and Overture Services, Inc. (collectively "Yahoo") have engaged in a pattern of discovery abuses, in addition to the conduct identified by American in its first motion for sanctions. Yahoo's conduct has violated both the Court's orders and the Federal Rules. Yahoo's conduct includes: 1) the untimely production of one million pages of documents responsive to the Court's order requiring production by August 28; 2) the failure to disclose key employees in discovery responses and timely collect their custodial documents; and 3) the failure to produce relevant documents that Yahoo's witnesses have testified Yahoo once had or still have in its possession. American more specifically identifies in its brief Yahoo's ongoing discovery violations.

Dockets.Justia.com

## II.
## LEGAL AND FACTUAL GROUNDS ON WHICH AMERICAN RELIES

The legal and/or factual grounds on which American relies are set forth in detail in American's brief.

## III.
## APPENDIX

American's motion and brief are accompanied by an appendix containing the evidence upon which American relies. The brief contains cites to the appendix for each assertion made by American concerning the summary judgment evidence. American has filed with this motion the appendix containing some of the documents American cites in its brief. Concurrently, Yahoo has filed a motion to seal and tendered American's Sealed Appendix in Support of American's Motion for Sanctions For Violation of Court Order, Improper Certification of Discovery Responses and Destruction of Evidence, which contains the remaining documents American cites in its brief.

# IV.
# PRAYER

American respectfully requests that the Court grant its motion for sanctions and strike Yahoo's Answer to American's First Amended Complaint and order the parties to proceed to trial on the question of damages.

Respectfully submitted,

/s/ Dee J. Kelly

Dee J. Kelly
State Bar No. 11217000
Dee J. Kelly, Jr.
State Bar No. 11217250
Lars L. Berg
State Bar No. 00787072
Scott R. Wiehle
State Bar No. 24043991
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500 - phone
(817) 878-9280 - fax

Frederick Brown (admitted *pro hac vice*)
George A. Nicoud III
State Bar No. 15017875
Jason Stavers (admitted *pro hac vice*)
GIBSON DUNN & CRUTCHER LLP
One Montgomery Street, Suite 3100
San Francisco, CA 94104
(415) 393-8204 – phone
(415) 374-8420 – fax

Howard S. Hogan (admitted *pro hac vice*)
GIBSON DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 887-3640 – phone
(202) 530-9550 – fax

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I certify that counsel for American conferred with counsel for Defendants, but agreement as to the relief requested in this motion was not reached. Therefore, it is presented to the Court for determination.

_____
Scott R. Wiehle

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on Defendants' counsel on the 24th day of November, 2009:

*Via Hand Delivery*
David F. Chappell
Scott A. Fredricks
CANTEY HANGER LLP
Cantey Hanger Plaza
600 West Sixth Street, Suite 300
Fort Worth, Texas 76102

*Via Overnight Delivery*
Michael A. Jacobs
Lynn M. Humphreys
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482

_____
Scott R. Wiehle