ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2009 NOV 25  PM 2: 05

CLERK OF COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

AMERICAN AIRLINES, INC.,                    §
                                            §
          Plaintiff,                        §
                                            §
V.                                          §          Civil Action No. 4-08-CV-626-A
                                            §
YAHOO! INC., and                            §
OVERTURE SERVICES, INC. d/b/a               §
YAHOO! SEARCH MARKETING,                    §
                                            §
          Defendants.                       §

**<u>DEFENDANTS' UNOPPOSED MOTION FOR LEAVE
TO FILE DOCUMENTS UNDER SEAL</u>**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... iii

INTRODUCTION .................................................................................................................... 1

ARGUMENT ............................................................................................................................ 2

    A.    The Information Involved is Yahoo!'s Confidential and Trade Secret Information or that of Non-Parties, the Disclosure of Which Would Cause Injury or Harm to Yahoo! and to those Non-Parties ............................................. 4

        1.    Competitive Business Planning Information, Reports, or Analysis and Confidential Consumer Research ......................................................... 5

        2.    Confidential Non-Party Information ......................................................... 8

    B.    Interests in Protecting Confidential and Competitive Trade Secret Information Outweigh Public Interests ................................................................ 10

    C.    American's Opposition Papers Contain Yahoo! Confidential Information and Should be Sealed .......................................................................................... 11

PRAYER ................................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Baxter Int'l, Inc. v. Abbott Labs.*,
    297 F.3d 544 (7th Cir. 2002) ..............................................................................3

*Belo Broadcasting Corp. v. Clark*,
    654 F.2d 423 (5th Cir. 1981) ............................................................................10

*Brown & Williamson Tobacco Corp. v. FTC*,
    710 F.2d 1165 (6th Cir. 1983) ..........................................................................11

*Computer Assocs. Int'l, Inc. v. Altai, Inc.*,
    918 S.W.2d 453 (Tex. 1996) ...............................................................................4

*CQ Inc. v. TXU Mining Co. LP*,
    565 F.3d 268 (5th Cir. 2009) ...............................................................................4

*E. I. du Pont de Nemours Powder Co. v. Masland*,
    244 U.S. 100 (1917) .............................................................................................3

*General Universal Sys. v. Lee*,
    379 F.3d 131 (5th Cir. 2004) ...............................................................................4

*In re Application of National Broadcasting Co.*,
    653 F.2d 609 (D.C. Cir. 1981) ..........................................................................11

*In re Bass*,
    113 S.W.3d 735 (Tex. 2003) ................................................................................5

*In re Iowa Freedom of Information Council*,
    724 F.2d 658 (8th Cir. 1983) ...............................................................3, 4, 10, 11

*Jadael Inc. v. Elliott*,
    2006 U.S. Dist. LEXIS 71055 (M.D. Fla. Sept. 29, 2006) ...............................10

*Nixon v. Warner Communications, Inc.*,
    435 U.S. 589 (1978) ........................................................................................2, 3

*SEC v. Van Waeyenberghe*,
    990 F.2d 845 (5th Cir. 1993) ..............................................................2, 3, 10, 11

*United States v. Edwards*,
    823 F.2d 111 (5th Cir. 1987) ......................................................................10, 11

*Walker Sys. v. Hubbell Inc.*,
    188 F.R.D. 428 (S.D. W. Va. 1999)....................................................................................3, 10

**STATUTES AND RULES**

FED. R. CIV. P. 26(c)(1)...................................................................................................................3

**SECONDARY AUTHORITIES**

RESTATEMENT (FIRST) OF TORTS § 757, comment b.........................................................................4

Plaintiff American Airlines, Inc. ("American") desires to file confidential documents in support of its opposition briefs to the motions filed by Defendants Yahoo! Inc., and Overture Services, Inc. d/b/a Yahoo! Search Marketing ("Yahoo!") to exclude the testimony of Basil G. Englis, Daniel L. Jackson, and Ronald C. Goodstein. Yahoo! has identified 12 documents that contain confidential and proprietary information the public disclosure of which would cause competitive harm to Yahoo! and/or certain of its advertisers. Specifically, these documents contain (1) competitive business planning information, reports, or analysis, and confidential consumer research and (2) confidential non-party information. American has also informed Yahoo! that the opposition briefs themselves contain detailed discussion of these documents and discloses their confidential content. Accordingly, Yahoo! also asks for leave to have them filed under seal.

The documents and reasons why they are deserving of protection are described more fully below, as well as in the declarations of Cheryl Dartt (Appx. 16-20) and Jim Stothard (Appx. 21-23) which are being filed with this motion to seal. The confidential documents contain information that Yahoo! disclosed to American during discovery pursuant to a confidentiality agreement ("Confidentiality Agreement") entered between the parties. A true and correct copy of this agreement is also submitted with this motion as EXHIBIT A (Appx. 1–15). As required by the Confidentiality Agreement, these documents have been designated by Yahoo! as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL INFORMATION," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY INFORMATION." (Appx. 2–3.)

Accordingly, Yahoo! respectfully requests that the Court grant leave to file the following documents under seal:

(1) Plaintiff American Airlines, Inc. Opposition to Defendant Yahoo! Inc.'s Motion to Exclude the Testimony of Daniel L. Jackson and Memorandum of Law in Support;

(2) Sealed Appendix in Support of Plaintiff American Airlines, Inc. Opposition to Defendant Yahoo! Inc.'s Motion to Exclude the Testimony of Daniel L. Jackson and Memorandum of Law in Support ("Jackson Opp. Appx.");

(3) Plaintiff American Airlines, Inc. Opposition to Defendant Yahoo! Inc.'s Motion to Exclude the Testimony of Basil G. Englis and Memorandum of Law in Support;

(4) Sealed Appendix in Support of Plaintiff American Airlines, Inc. Opposition to Defendant Yahoo! Inc.'s Motion to Exclude the Testimony of Basil G. Englis and Memorandum of Law in Support ("Englis Opp. Appx.");

(5) Plaintiff American Airlines, Inc. Opposition to Defendant Yahoo! Inc.'s Motion to Exclude the Testimony of Ronald C. Goodstein and Memorandum of Law in Support; and,

(6) Sealed Appendix in Support of Plaintiff American Airlines, Inc. Opposition to Defendant Yahoo! Inc.'s Motion to Exclude the Testimony of Ronald C. Goodstein and Memorandum of Law in Support ("Goodstein Opp. Appx.").

An original and one copy of each of the documents proposed to be filed under seal is tendered with this motion pursuant to the Court's order of November 9, 2009 (Doc. No. 146).

## ARGUMENT

Though the courts of the United States recognize a general right to inspect and copy public records and documents, this right is not absolute. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–98 (1978); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). A court may deny public access to judicial records where the court's files might have become a vehicle for improper purposes, such as to "gratify private spite or promote public scandal," or where the judicial records might serve "as sources of business information that might harm a litigant's competitive standing." *Warner Communications*, 435 U.S. at 598.

When determining whether to limit public access to a court record, the court must balance the presumption of public access against the interests favoring secrecy or nondisclosure.

*Warner Communications*, 435 U.S. at 599, 602; *Van Waeyenberghe*, 990 F.2d at 848. The balance of factors must be struck "in light of the relevant facts and circumstances of a particular case." *Warner Communications*, 435 U.S. at 599. *See Van Waeyenberghe*, 990 F.2d at 848 & n.4 (declining to adopt a "strong" presumption in favor of right of access, and noting that public access is only one of the interests to be balanced).

Federal courts recognize a particular interest in protecting a business's trade secrets from harmful disclosure. *See, e.g., Warner Communications*, 435 U.S. at 598 (recognizing that courts should not serve as sources of business information that might harm a litigant's competitive standing); *E. I. du Pont de Nemours Powder Co. v. Masland*, 244 U.S. 100, 101 (1917) (discussing legitimate purpose of protecting a litigant's trade secrets from disclosure during course of litigation); *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002) ("documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection *unless they meet the definition of trade secrets* or other categories of bona fide long-term confidentiality" (emphasis added)); *Walker Sys. v. Hubbell Inc.*, 188 F.R.D. 428, 430 (S.D. W. Va. 1999) (granting motion to seal documents containing trade secrets after balancing private and public interests); FED. R. CIV. P. 26(c)(1) (permitting court to issue orders "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way").

For example, the court in *In re Iowa Freedom of Information Council*, 724 F.2d 658, 664 (8th Cir. 1983), considered whether the trial court properly sealed documents that contained a party's marketing and distribution plans. The court noted that there was evidence that the information could have been of substantial use to competitors anxious to learn the party's future business plans. *Id.* Noting that trade secrets are a form of property, the value of which is

3

completely destroyed by disclosure, the appeals court affirmed the trial court's finding that the public revelation of those documents would have done considerable damage to the party's business and property, thereby justifying protection from public disclosure. *Id.*

In sum, federal law favors granting leave to file a document or information under seal where it has been shown that the information constitutes trade secret or other sensitive commercial information, the disclosure of which would cause injury, and where the balance of interests sought to be protected by sealing outweigh public interests in access, if any.

**A.    The Information Involved is Yahoo!'s Confidential and Trade Secret Information or that of Non-Parties, the Disclosure of Which Would Cause Injury or Harm to Yahoo! and to those Non-Parties**

A trade secret is defined as any formula, pattern, device or compilation of information which is used in one's business and presents an opportunity to obtain an advantage over competitors who do not know or use it. RESTATEMENT (FIRST) OF TORTS § 757, comment b.; *CQ Inc. v. TXU Mining Co. LP*, 565 F.3d 268, 274 (5th Cir. 2009) (citing *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996) and the Restatement).

In determining whether something is a trade secret, Texas courts examine six relevant but nonexclusive criteria: (1) the extent to which the information is known outside the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken to safeguard the secrecy of the information; (4) the value of the information to the business and to its competitors; (5) the amount of effort or money expended in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others. *General Universal Sys. v. Lee*, 379 F.3d 131, 150 (5th Cir. 2004) (citing *In re Bass*, 113 S.W.3d 735, 739–40 (Tex. 2003)). A party claiming a trade secret "should not be required to satisfy all six factors because trade secrets do not fit neatly into each

factor every time," and a determination of whether an item is a trade secret is a contextual inquiry. *Id.* (citing *In re Bass*, 113 S.W.3d at 740).

The highly confidential information contained within American's response appendices constitutes Yahoo!'s proprietary, trade secret, and confidential information and in some instances, also contains confidential or trade secret information of non-parties who do business with Yahoo!.

The declarations of Cheryl Dartt and Jim Stothard, contained in the accompanying appendix, establish that the items Yahoo! asks to have sealed are confidential or trade secret information worthy of protection and that public disclosure of this information would cause injury to Yahoo! and to certain non parties.

## 1.   Competitive Business Planning Information, Reports, or Analysis and Confidential Consumer Research

Some of the documents Yahoo! seeks leave to file under seal contain competitive business planning information and confidential consumer research that is not generally known outside Yahoo!, and for which even access is controlled within Yahoo!. (Appx. 16-17, ¶ 4 (Dartt Decl.).)   These competitive business analyses and studies were developed and prepared at substantial expense to Yahoo!, are extremely valuable to Yahoo!, and could not be easily or inexpensively acquired or duplicated by Yahoo!'s competitors. (*Id.*) Moreover, this information could be used by Yahoo!'s competitors to understand Yahoo!'s proprietary technology, and Yahoo!'s recent and future confidential business plans and strategies and thus threaten Yahoo!'s competitive position. (*Id.*) As shown in the Declaration of Cheryl Dartt, the following items should be sealed:

(a)     The document with beginning bates number YAH-AA 0014735[1] is a presentation that discloses, among other things, the number of accounts broken by segment and the proportion of revenue associated with each. The presentation also reveals specific examples of price-per-click information for specific clients and search terms. The presentation also shows the results of confidential testing performed on the impact of the reordering launch on internal revenue-per-search metrics. All of this information is commercially sensitive to both Yahoo! and certain of its customers discussed in the presentation. (Appx. 17, ¶ 6(A) – Dartt Declaration).

(b)     The document with beginning bates number YAH-AA 0316818[2] is a report that contains research developed and conducted by Yahoo! and competitive business strategies for responding to the findings. This highly sensitive information was only shared within a small group of leaders within Yahoo! that were responsible for executing these search strategies. (Appx. 17, ¶ 6(C) – Dartt Declaration).[3]

(c)     The document with beginning bates number YAH-AA 1142024[4] is a presentation that reports the findings of an internal Yahoo! study developed and conducted by Yahoo! and utilizing Yahoo! data. The study evaluates Yahoo!'s competitive standing and how various search consumers respond to the search interface. (Appx. 18, ¶ 6(D) – Dartt Declaration).[5]

(d)     The document with beginning bates number YAH-AA 1142092[6] is a presentation that reports the findings of an analysis of sensitive Yahoo! user data and describes a strategic vision for how Yahoo! can maximize its revenue opportunities with its users. (Appx. 18, ¶ 6(E) – Dartt Declaration).[7]

---

[1] A the time of this filing, American had told Yahoo! it intended to file this document but had not yet disclosed to counsel for Yahoo! which sealed appendix would contain this document.

[2] This document is located in American's filings at the following locations: Goodstein Opp. Appx. Tab 4.

[3] This document was included in the collection of items ordered filed under seal on November 9, 2009 (Doc. No. 147).

[4] A the time of this filing, American had told Yahoo! it intended to file this document but had not yet disclosed to counsel for Yahoo! which sealed appendix would contain this document.

[5] This document was included in the collection of items ordered filed under seal on November 9, 2009 (Doc. No. 147).

[6] This document is located in American's filings at the following locations: Goodstein Opp. Appx. Tab 5.

[7] This document was included in the collection of items ordered filed under seal on November 9, 2009 (Doc. No. 147).

(e)     The document with beginning bates number YAH-AA 1230299[8] is a presentation that contains data that is from a Yahoo! internal research study tying confidential Yahoo! search and click data to external user survey results. This study was fielded by Yahoo! and required substantial effort and expense over 3-4 months to conduct and analyze the results. This analysis is shared only with select groups within Yahoo! and is not distributed outside the company. (Appx. 18, ¶ 6(F) – Dartt Declaration).[9]

(f)     The document with beginning bates number YAH-AA 4628327[10] is a presentation representing the culmination of internal research at Yahoo! performed at great expense designed to analyze and compare Yahoo!'s performance relative to that of its competitors in sponsored search. This presentation also discloses key internal metrics, including the number of customers that spend advertising revenue in sponsored search with Yahoo! on a daily basis. All of this information is highly sensitive and represents a very contemporary competitive analysis of Yahoo!'s sponsored search business. (Appx. 18, ¶ 6(H) – Dartt Declaration).

(g)     The document with beginning bates number YAH-AA 5043974[11] is an email that discusses strategies for page layout testing and insights derived from internal testing. The email also comments on offerings from Yahoo! competitors and shares views as to how Yahoo! perceives these offerings and how they may shape Yahoo!'s business direction. (Appx. 18, ¶ 6(I) – Dartt Declaration).

(h)     The expert report prepared by Daniel L. Jackson[12] relies on large amounts of Yahoo! internal data produced during discovery in this case. Among other things, his report contains keyword specific click and revenue data by raw search term over the last seven years. This information is only available directly from Yahoo!'s large data stores. The data, and the information that is derived from the data, disclosed in this report reveals average prices per term and average prices for specific brand terms. This information is virtually impossible for anyone outside the company to compute or derive and is even tightly held within the company. (Appx. 18-19, ¶ 6(J) – Dartt Declaration).[13]

---

[8] This document is located in American's filings at the following locations: Goodstein Opp. Appx. Tab 6.

[9] This document was included in the collection of items ordered filed under seal on November 9, 2009 (Doc. No. 147).

[10] This document is located in American's filings at the following locations: Goodstein Opp. Appx. Tab 7.

[11] This document is located in American's filings at the following locations: Goodstein Opp. Appx. Tab 8.

[12] This document is located in American's filings at the following locations: Jackson Opp. Appx. Tab 1.

[13] This document was included in the collection of items ordered filed under seal on November 9, 2009 (Doc. No. 147).

(i)     The expert report prepared by Ronald C. Goodstein[14] quotes extensively from numerous internal Yahoo! consumer studies, competitive analyses, and strategic planning presentations. Among other things, the report discloses advertiser-specific data and compares competitors in the air travel space. The internal studies it quotes discuss Yahoo! search characteristics and the relative profitability of Yahoo! searchers. It also reveals information from studies evaluating the revenue impact from various proposed changes in policy. The information contained in the studies and presentations quoted in this report is highly sensitive, not disclosed outside the company and of a highly competitive nature as they relate to how Yahoo! operates its business and is continually seeking to improve on its strategy and execution. (Appx. 19, ¶ 6(K) – Dartt Declaration).[15]

## 2.     Confidential Non-Party Information

Some of the documents Yahoo! seeks leave to have filed under seal reveal confidential Yahoo! customer information the public disclosure of which could jeopardize those companies' competitive advertising activities, strategies and plans. (*See* Appx. 17, ¶ 5 (Dartt Decl.); Appx. 22, ¶ 4 (Stothard Decl.)). The confidential customer information is not generally known beyond the parties to those documents, is valuable to those parties and their competitors, and would be difficult for third-parties to legitimately acquire or duplicate. (Appx. 17, ¶ 5 (Dartt Decl.).) To the extent any of Yahoo!'s advertising customers suffer injury, Yahoo! would similarly suffer, either from loss of business, loss of goodwill, or both. As shown in the Declaration of Cheryl Dartt and Jim Stothard the following documents should be sealed:

(a)     The document with beginning bates number YAH-AA 0060416[16] is a spreadsheet showing confidential customer data, including customer account numbers, and client service tier. This is information known only to Yahoo! and the particular client. (Appx. 17, ¶ 6(B) – Dartt Declaration).

---

[14] This document is located in American's filings at the following locations: Goodstein Opp. Appx. Tab 1.

[15] This document was included in the collection of items ordered filed under seal on November 9, 2009 (Doc. No. 147).

[16] This document is located in American's filings at the following locations: Goodstein Opp. Appx. Tab 3.

(b)    The document with beginning bates number YAH-AA 1447379[17] is an email that discloses a specific Yahoo! search client's technical implementation of its advertising campaigns. This confidential customer information is not disclosed by Yahoo! to third parties. (Appx. 22-23, ¶¶ 4, 8 – Stothard Declaration).[18]

(c)    The document with beginning bates number YAH-AA 4019776[19] is a data file that contains click data for certain Yahoo! customers. This confidential customer information is not disclosed by Yahoo! to third parties. (Appx. 18, ¶ 6(G) – Dartt Declaration).

(d)    The expert report prepared by Daniel L. Jackson[20] relies on large amounts of Yahoo! internal data produced during discovery in this case. Among other things, his report contains extensive and detailed customer specific data, including account numbers along with click and revenue data. Not only does this data reveal the specific advertising spend for these third-parties but makes it possible for the competitors of these Yahoo! advertisers to get a window into the advertising strategies of the companies listed in this report. (Appx. 18-19, ¶ 6(J) – Dartt Declaration).[21]

\*    \*    \*    \*

Accordingly, the above documents contain confidential or trade secret information, the disclosure of which would cause serious injury by depriving Yahoo! or non-parties of valuable property that they have developed over time and which gives Yahoo! or the non-parties a competitive advantage over their competitors.

---

[17] This document is located in American's filings at the following locations: Jackson Opp. Appx. Tab 2.

[18] This document is the same document referred to as "Tab 107" in the original declaration. The original copy of this declaration is already on file with the Court as Exhibit F in the Appendix In Support of Defendants' Unopposed Motion for Leave to File Documents Under Seal (Doc. No. 160). This document was included in the collection of items already ordered sealed by the Court on November 9, 2009 (Doc. No. 147).

[19] American has informed Yahoo! that the data from this file is referred to and disclosed in American's filings in the declaration at Jackson Opp. Appx. Tab 3.

[20] This document is located in American's filings at the following locations: Jackson Opp. Appx. Tab 1.

[21] This document was included in the collection of items ordered filed under seal on November 9, 2009 (Doc. No. 147).

**B.**     **Interests in Protecting Confidential and Competitive Trade Secret Information Outweigh Public Interests**

This suit involves private commercial conduct that does not implicate any important political or governmental issue, and Yahoo!'s proprietary interests in protecting its valuable trade secret information substantially outweighs any perceivable public interest that might exist in access to the information. Notably, the Fifth Circuit has expressly declined to recognize a "strong presumption" in favor of the public's right of access to court records, and has instead held the presumption of public access "is one of the interests to be weighed." *Van Waeyenberghe*, 990 F.2d at 848 n.4 (citing *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir.1981)).

When balancing the public interest in access with the interests threatened by disclosure, several courts have permitted documents to be sealed where there is little or no public interest in the issues and where there are strong reasons to protect the secrecy of competitive business information. *See In re Iowa Freedom of Information Council*, 724 F.2d at 664 (finding proprietary interest in trade secrets outweighed public interests where the case involved private commercial conduct and no important governmental or political question); *Jadael Inc. v. Elliott*, 2006 U.S. Dist. LEXIS 71055, at *6 (M.D. Fla. Sept. 29, 2006) (finding that party's interest in protecting trade secrets outweighed public interest where there was no evidence of any actual public interest in the contents of the documents); *Walker Sys. v. Hubbell Inc.*, 188 F.R.D. 428, 430 (S.D. W. Va. 1999) (granting motion to seal documents containing trade secrets after balancing private and public interests).

In contrast, courts that have declined to seal documents have often done so where the subject matter of the documents or information sought to be protected was of special public interest and importance. *See United States v. Edwards*, 823 F.2d 111 (5th Cir. 1987) (finding

that press's qualified right of access to criminal trials weighed against sealing criminal proceedings); *In re Application of National Broadcasting Co.*, 653 F.2d 609, 614 (D.C. Cir. 1981) (public interest in conduct of its elected officials); *Van Waeyenberghe*, 990 F.2d at 848 (recognizing public interest in SEC enforcement and compliance with securities laws); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983) (finding that public has strong interest in administrative record of litigation that involves government agency's response to allegations of corporate error that implicates public health).

As in *In re Iowa Freedom of Information Council*, this case solely involves commercial conduct between two private entities. 724 F.2d at 664 (law favors protecting information where only private commercial interest or damage are involved). Though, as with any law, the law of trademark is important to the public at large, the particular matters Yahoo! seeks to protect do not implicate any public interest in any governmental agency, public official, law enforcement, or other particular issue of public importance. Rather, the subject documents implicate only Yahoo!'s valuable business interests in protecting valuable information from disclosure and misuse by Yahoo!'s competitors. Accordingly, any public interests are substantially outweighed by the competitive and proprietary interests at stake.

## C. American's Opposition Papers Contain Yahoo! Confidential Information and Should be Sealed

American has informed Yahoo! that American's opposition briefs contain discussions of and quote from the confidential materials identified above. Because they contain information designated as confidential or highly confidential by Yahoo!, the parties' Confidentiality Agreement contemplates that these pleadings should also be filed under seal. (Appx. 9-10, ¶ 16 (Confidentiality Agreement)). Therefore, to the extent the Court finds that one or more of the

items described above should be sealed, American's opposition briefs, which contain the same confidential information, should also be sealed.

## PRAYER

Yahoo! respectfully requests that the Court grant this unopposed motion for leave to file documents under seal and enter an order that the following items containing Yahoo!'s confidential documents and information be filed by the Clerk under seal:

(1)      Plaintiff American Airlines, Inc. Opposition to Defendant Yahoo! Inc.'s Motion to Exclude the Testimony of Daniel L. Jackson and Memorandum of Law in Support;

(2)      Sealed Appendix in Support of Plaintiff American Airlines, Inc. Opposition to Defendant Yahoo! Inc.'s Motion to Exclude the Testimony of Daniel L. Jackson and Memorandum of Law in Support;

(3)      Plaintiff American Airlines, Inc. Opposition to Defendant Yahoo! Inc.'s Motion to Exclude the Testimony of Basil G. Englis and Memorandum of Law in Support;

(4)      Sealed Appendix in Support of Plaintiff American Airlines, Inc. Opposition to Defendant Yahoo! Inc.'s Motion to Exclude the Testimony of Basil G. Englis and Memorandum of Law in Support;

(5)      Plaintiff American Airlines, Inc. Opposition to Defendant Yahoo! Inc.'s Motion to Exclude the Testimony of Ronald C. Goodstein and Memorandum of Law in Support; and,

(6)      Sealed Appendix in Support of Plaintiff American Airlines, Inc. Opposition to Defendant Yahoo! Inc.'s Motion to Exclude the Testimony of Ronald C. Goodstein and Memorandum of Law in Support.

Dated: November 25, 2009

Respectfully submitted,

_Scott Fredricks_

David F. Chappell
Texas State Bar No. 04141000
Scott A. Fredricks
Texas State Bar No. 24012657
CANTEY HANGER LLP
Cantey Hanger Plaza
600 West Sixth Street, Suite 300
Fort Worth, Texas 76102
Telephone: (817) 877-2800
Fax: (817) 877-2807

Michael A. Jacobs (*pro hac vice*)
D. Anthony Rodriguez (*pro hac vice*)
Alison M. Tucher (*pro hac vice*)
Brooks M. Beard (*pro hac vice*)
Lynn M. Humphreys (*pro hac vice*)
Daniel P. Muino (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Fax: (415) 268-7522

Attorneys for Defendants YAHOO!
INC. and OVERTURE SERVICES,
INC. d/b/a YAHOO! SEARCH
MARKETING

## CERTIFICATE OF CONFERENCE

Counsel for American and Counsel for Yahoo! have conferred with one another regarding the relief sought in this motion. Lars L. Berg (counsel for American) has confirmed that American does not oppose the sealing of the items listed in this motion.

_____
Scott A. Fredricks

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on Plaintiff's counsel on the 25th day of November 2009 as follows:

Dee J. Kelly                      ***Via Hand Delivery***
Dee J. Kelly, Jr.
Lars L. Berg
KELLY HART & HALLMAN, LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102

Frederick Brown                   ***Via Federal Express***
George A. Nicoud III
Jason Stavers
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105

Howard S. Hogan                   ***Via Federal Express***
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036

_____
Scott A. Fredricks