

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2009 NOV 25  PH 2: 05

CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

|   |   |   |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | Civil Action No. 4-08-CV-626-A |
| | § | |
| YAHOO! INC., and | § | |
| OVERTURE SERVICES, INC. d/b/a YAHOO! | § | |
| SEARCH MARKETING, | § | |
| | § | |
| Defendants. | § | |

## APPENDIX IN SUPPORT OF DEFENDANTS'
## UNOPPOSED MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

| EXHIBIT | DOCUMENT | PAGE |
|---------|----------|------|
| A | Confidentiality Agreement, effective April 22, 2009 | Appx. 1 – 15 |
| B | Declaration of Cheryl Dartt | Appx. 16 – 20 |
| C | Declaration of Jim Stothard[1] | Appx. 21 - 23 |

---

[1] The original declaration of Jim Stothard is already on file with the Court as Exhibit F in the Appendix in Support of Defendants' Unopposed Motion for Leave to File Documents Under Seal (Doc. No. 160).

Dockets.Justia.com

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true copy of the foregoing document has been served on counsel of record as follows:

Dee J. Kelly                          *Via Hand Delivery*
Dee J. Kelly, Jr.
Lars L. Berg
Kelly Hart & Hallman, LLP
201 Main Street, Suite 2500
Fort Worth, TX  76102


Frederick Brown                       *Via Federal Express*
Jason Stavers
Gibson, Dunn & Crutcher LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105

Howard S. Hogan                       *Via Federal Express*
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036


Date:   November 25, 2009

_____
Scott A. Fredricks



UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN AIRLINES, INC., | Civil Action No. 4-08-CV-626-A |
| Plaintiff, | |
| v. | |
| YAHOO! INC. and OVERTURE SERVICES, INC. d/b/a YAHOO! SEARCH MARKETING, | |
| Defendant. | |

## <u>CONFIDENTIALITY AGREEMENT (NOT FILED WITH COURT)</u>

The parties to the above styled and numbered action (the "Action") hereby agree as follows:

1.     This Confidentiality Agreement shall govern all documents, including without limitation electronically stored information, tangible things, and other information (collectively "information") produced in discovery in response to any formal or informal discovery requests in this action including, but not limited to, information produced in response to requests for production, responses to requests for admissions, answers to interrogatories, responses to requests for disclosure, deposition transcripts, all information contained therein, and all copies, excerpts or summaries thereof.

2.     This Confidentiality Agreement shall govern information produced during discovery by any non-parties, but only where a non-party or party requests the protection provided by this Confidentiality Agreement.

3.     By agreeing to this Confidentiality Agreement or requesting the protection of this Confidentiality Agreement, no party or non-party waives its rights to object to producing any information.

1

406207.01

Appx. 1

4.     For purposes of this Confidentiality Agreement, "Confidential Information" shall mean information that a party or non-party in good faith believes constitutes trade secrets or confidential research and development information, or confidential commercial or financial information, the disclosure of which to personnel of another party or the public would likely cause injury to the business of the producing party. Information such as research and development, business plans, strategic plans, technical product information, including specifications, technical drawings, and test reports, and non-public financial information are examples of information that may merit designation as Confidential Information pursuant to this Confidentiality Agreement.

5.     For purposes of this Confidentiality Agreement, "Highly Confidential Information" shall mean Confidential Information that contains customer information, including customer account information, web user information, and any other private, proprietary, or confidential information (of any type) that a party or non-party in good faith believes is sufficiently sensitive to warrant that it not be disclosed to anyone beyond outside litigation counsel, designated in-house counsel, and other parties as identified in paragraph 12, *infra*. For purposes of this Confidentiality Agreement, "Highly Confidential – Outside Counsel Only Information" shall mean Highly Confidential Information containing sensitive customer information, including advertiser information, web user information, and/or information pertaining to competitors of the parties. If the designation of information is challenged, the designation of information as Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information will not create any presumption for or against such treatment.

6.     Information shall be designated as "Confidential Information," "Highly Confidential Information," or "Highly Confidential – Outside Counsel Only Information" by stamping "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only" by the designating party on each page of the document or discovery response. In the case of any designation by a producing party (including parties to this Action and non-parties), such

406207.01

Appx. 2

designation shall generally be made prior to the production of the information. If a party that has produced information without a confidentiality designation later decides to designate that information as confidential, it may do so: (a) without cause within twenty-one (21) days of the original production; and (b) with good cause, explained in writing, at any time. If information designated as confidential after it is produced by a party, the other party shall use reasonable efforts to treat the information as it is newly designated from the date of notice of the new designation. The cost of treating this late designated information as confidential may be considered in determining what efforts are reasonable efforts to treat the information as it is newly designated.

7. Further, a party in this Action may designate information produced by a non-party as Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information by providing the other party to this Action with copies of any such information marked as described above within twenty-one (21) days after the original production of such information. To preserve the potential confidentiality of information produced by non-parties, the parties agree to treat all productions of information by a non-party as Highly Confidential – Outside Counsel Only Information until the expiration of the twenty-one (21) day period described above. By stating that a party may designate information produced by a non-party as Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information, neither party waives or limits its right to challenge such designation as unwarranted or improper.

8. Further, a party in this Action may designate information produced by a non-party as privileged by providing the other party to this Action with written notice of the claim of privilege including the reasons for the assertion of the privilege within twenty-one (21) days after the original production of such information. Upon receipt of such written notice, that information shall be treated as privileged unless and until a Court finds that the material is not privileged.

9. For tangible media, such as recordings, magnetic media, floppy disks, CD-ROMs,

**CONFIDENTIALITY AGREEMENT**
**Civil Action No. 4-08-CV-626-A**

Appx. 3

photographs, the producing party (which shall include any non-party producing material or information in connection with the discovery taken in the Action) shall place the legend "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only" to the material or to a container for that material, in any suitable manner. Documents produced electronically in a TIFF format or similar format shall bear the legend "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only" on each TIFF image. If any party prints Confidential Information contained in tangible media, such party will mark all such printouts as containing Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information by stamping "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only" on each page of the printout to the extent practicable.

10.    For transcripts of depositions or other sworn testimony, counsel for the producing party shall state on the record at the time of the testimony or in written notice served on all parties within ten (10) days of receipt of the transcript which portions of the testimony it deems Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information. If such designation is made during an ongoing deposition, those portions of said deposition involving Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information will be taken with no one present except the court reporter and/or videographer, as well as those persons who are authorized to have access to the Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information as provided in this Confidentiality Agreement. If no designation is made on the record during said deposition, any party (and if the deposition is of a non-party, any non-party) shall have ten (10) days following receipt of the deposition transcript to make any designation of Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information. The legend "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only" shall be affixed to the cover page and the designated pages of the transcript. The Court Reporter or other person

4

406207.01

Appx. 4

1  recording the testimony shall segregate any designated portions of the transcript, and may furnish

2  copies of these segregated portions, in a sealed envelope, only to the witness as required by law,

3  the Court, and outside counsel of record for the parties.

4      11.     All information designated as "Confidential Information" shall be used solely for

5  the purposes of prosecuting, defending, settling, or mediating this action and not for any

6  business, competitive or other purpose, or in any other action.  Information designated as

7  "Confidential Information" may be disclosed by the receiving party only as follows to:

8          (i) outside counsel of record for a party in the Action, their associated attorneys,

9  paralegals, and clerical staff employed in the preparation and trial of this action;

10         (ii) subject to paragraph 14, employees of a party in the Action, only to the extent such

11  disclosure is reasonably necessary for purposes of this action;

12         (iii) subject to paragraph 14, vendors providing litigation support services in the Action;

13         (iv) subject to paragraphs 14 and 15, any expert (whether testifying or consulting) who is

14  not an employee of a party and who is retained by a party or its counsel of record in order to

15  assist in the conduct of this Action, but only to the extent that, and for the time during which,

16  such disclosure is necessary for the conduct of this Action;

17         (v) a witness at any deposition, hearing, or trial, provided that the witness (i) is employed

18  by the party producing the Confidential Information, (ii) is the author or recipient of the

19  Confidential Information, or (iii) is reasonably believed to have had access to or knowledge of

20  the Confidential Information in the past.  If counsel for the producing party so requests at any

21  such deposition or hearing, the room shall be cleared of persons not authorized hereunder to have

22  access to Confidential Information;

23         (vi) court reporters and videographers while in the performance of their official duties;

24         (vii) participants in any jury research or similar research conducted by any party in this

25  Action, provided (a) no participant shall be permitted to retain or remove from the facility at

26  which such research is being conducted any Confidential Information and (b) that the

27  participants agree in writing to keep confidential and not to discuss any Confidential

28

406207.01

Appx. 5

1    Information, except in connection with the research exercise; and

2        (viii) the Court and court personnel.

3        12.      All information designated as "Highly Confidential Information" shall be used

4    solely for the purposes of prosecuting, defending, settling, or mediating this action and not for

5    any business, competitive or other purpose, or in any other action. Information designated as

6    "Highly Confidential Information" may be disclosed by the receiving party only as follows to:

7        (i) outside counsel of record for a party in the Action, their associated attorneys,

8    paralegals, and clerical staff employed in the preparation and trial of this action;

9        (ii) subject to paragraph 14, for each party, one in-house attorney, plus one paralegal or

10    other non-attorney legal assistant, and clerical staff, only to the extent such disclosure is

11    reasonably necessary for purposes of this action;

12        (iii) subject to paragraph 14, vendors providing litigation support services in the Action;

13        (iv) subject to paragraphs 14 and 15, any expert (whether testifying or consulting) who is

14    not an employee of a party and who is retained by a party or its counsel of record in order to

15    assist in the conduct of this Action, but only to the extent that, and for the time during which,

16    such disclosure is necessary for the conduct of this Action;

17        (v) a witness at any deposition, hearing, or trial, provided that the witness (i) is employed

18    by the party producing the Highly Confidential Information, (ii) is the author or recipient of the

19    Highly Confidential Information, or (iii) is reasonably believed to have had access to or

20    knowledge of the Highly Confidential Information in the past. If counsel for the producing party

21    so requests at any such deposition or hearing, the room shall be cleared of persons not authorized

22    hereunder to have access to Highly Confidential Information;

23        (vi) court reporters and videographers while in the performance of their official duties;

24        (vii) participants in any jury research or similar research conducted by any party in this

25    Action, provided (a) no participant shall be permitted to retain or remove from the facility at

26    which such research is being conducted any Highly Confidential Information and (b) that the

27    participants agree in writing to keep confidential and not to discuss except in connection with the

28

406207.01

Appx. 6

1   research exercise any Highly Confidential Information; and

2        (viii) the Court and court personnel.

3        13.     All information designated as "Highly Confidential – Outside Counsel Only

4   Information" shall be used solely for the purposes of prosecuting, defending, settling, or

5   mediating this action and not for any business, competitive or other purpose, or in any other

6   action. Information designated as "Highly Confidential – Outside Counsel Only Information"

7   may be disclosed by the receiving party only as follows to:

8        (i) outside counsel of record for a party in the Action, their associated attorneys,

9   paralegals, and clerical staff employed in the preparation and trial of this action;

10        (ii) subject to paragraph 14, vendors providing litigation support services in the Action;

11        (iii) subject to paragraphs 14 and 15, any expert (whether testifying or consulting) who is

12   not an employee of a party and who is retained by a party or its counsel of record in order to

13   assist in the conduct of this Action, but only to the extent that, and for the time during which,

14   such disclosure is necessary for the conduct of this Action;

15        (iv) a witness at any deposition, hearing, or trial, provided that the witness (i) is employed

16   by the party producing the Highly Confidential – Outside Counsel Only Information, (ii) is the

17   author or recipient of the Highly Confidential – Outside Counsel Only Information, or (iii) is

18   reasonably believed to have had access to or knowledge of the Highly Confidential – Outside

19   Counsel Only Information in the past. If counsel for the producing party so requests at any such

20   deposition or hearing, the room shall be cleared of persons not authorized hereunder to have

21   access to Highly Confidential – Outside Counsel Only Information;

22        (v) court reporters and videographers while in the performance of their official duties;

23        (vi) participants in any jury research or similar research conducted by any party in this

24   Action, provided (a) no participant shall be permitted to retain or remove from the facility at

25   which such research is being conducted any Highly Confidential – Outside Counsel Only

26   Information and (b) that the participants agree in writing to keep confidential and not to discuss

27   except in connection with the research exercise any Highly Confidential – Outside Counsel Only

28

406207.01

1   Information; and

2        (vii) the Court and court personnel.

3        14.    Prior to disclosure of any Confidential Information, Highly Confidential

4   Information, or Highly Confidential – Outside Counsel Only Information to any person

5   identified in paragraphs 11(ii), (iii), and (iv), 12(ii), (iii), and (iv), or 13(ii) and (iii) such person

6   shall be furnished a copy of this Confidentiality Agreement, shall be informed that the

7   information is Confidential Information, Highly Confidential Information, or Highly

8   Confidential – Outside Counsel Only Information and shall agree to comply with the provisions

9   of the Confidentiality Agreement by signing the "Agreement and Acknowledgement of

10   Compliance with Confidentiality Agreement" attached hereto as Exhibit A

11   ("Acknowledgment"). Executed Acknowledgements shall be maintained by counsel who

12   disclosed Confidential Information, Highly Confidential Information, or Highly Confidential –

13   Outside Counsel Only Information to the persons executing said Acknowledgment and shall be

14   served on counsel for the party who produced the Confidential Information, Highly Confidential

15   Information, or Highly Confidential – Outside Counsel Only Information no later than thirty

16   days after the final disposition of this Action, including any appeals.

17        15.    Prior to disclosure of any Confidential Information, Highly Confidential

18   Information, or Highly Confidential – Outside Counsel Only Information to any person

19   identified in paragraphs 11(iv), 12(iv), and 13(iii), the disclosing party must make known the

20   following information in writing to the producing party no less than five business days before the

21   intended date of disclosure:

22       •    the identity of the person who will receive the Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only

23           Information by name and brief description, including education, present and past employment, and general areas of expertise; and

24       •    all other present and all prior relationships of that person with any of the parties.

25   If the producing party objects to the disclosure of Confidential Information, Highly Confidential

26   Information, or Highly Confidential – Outside Counsel Only Information to a person identified

27   in paragraphs 11(iv), 12(iv), or 13(iii), it shall serve written objections, identifying with

28

406207.01

1   particularity the basis for the objection. Such objections shall not be unreasonably made.

2   Service of the objections shall be received within five business days after the date of receipt of

3   the identification of a person in paragraphs 11(iv), 12(iv), or 13(iii). If the parties cannot agree

4   on disclosure of Confidential Information, Highly Confidential Information, or Highly

5   Confidential – Outside Counsel Only Information to that person, the objecting party shall

6   promptly file and serve a motion for an Order forbidding disclosure. On any such motion, the

7   objecting party shall have the burden of proof. No Confidential Information, Highly

8   Confidential Information, or Highly Confidential – Outside Counsel Only Information shall be

9   disclosed to a person identified in paragraphs 11(iv), 12(iv), or 13(iii) until the validity of the

10  objection has been resolved, either by negotiation or by the Court.

11      16.     In the event a party wishes to file with the Court documents, tangible things or

12  other information designated as Confidential Information, Highly Confidential Information, or

13  Highly Confidential - Outside Counsel Only Information or any pleading, motion, or other paper

14  filed with the Court containing or disclosing Confidential Information, Highly Confidential

15  Information or Highly Confidential - Outside Counsel Only Information not so designated by

16  the filing party, the filing party shall meet and confer with the producing party to coordinate the

17  submission of a joint motion requesting that the Confidential Information, Highly Confidential

18  Information or Highly Confidential - Outside Counsel Only Information be filed under seal.

19  The parties shall use their best efforts to facilitate the filing of the joint motion (5) business days

20  prior to filing with the Court the Confidential Information, Highly Confidential Information, or

21  Highly Confidential - Outside Counsel Only Information or the pleading, motion, or other paper

22  that will contain the Confidential Information, Highly Confidential Information, or Highly

23  Confidential - Outside Counsel Only Information. The filing party shall prepare the joint

24  motion, which must state that the information has been designated as Confidential Information,

25  Highly Confidential Information, or Highly Confidential - Outside Counsel Only Information,

26  indicating that the information consists of trade secrets, confidential research and development

27  information, or confidential commercial or financial information, the disclosure of which would

28

406207.01

Appx. 9

1  likely cause injury to the business of the producing party.  The producing party shall prepare a

2  declaration to be submitted with the joint motion further explaining why the information should

3  be sealed.  No Confidential Information, Highly Confidential Information, or Highly

4  Confidential - Outside Counsel Only Information shall be filed in the public record with the

5  Court until the Court rules on the motion to seal.  To allow the Court to rule on the motion to

6  seal, a courtesy copy of the Confidential Information, Highly Confidential Information, or

7  Highly Confidential - Outside Counsel Only Information shall be delivered to the judge's

8  chambers.  If the Court does not rule on the joint motion before the filing party must file with the

9  Court the pleading, motion, or other paper that will contain the Confidential Information, Highly

10  Confidential Information, or Highly Confidential - Outside Counsel Only Information, the filing

11  party may file a redacted pleading, motion, or other paper that does not contain the Confidential

12  Information, Highly Confidential Information, or Highly Confidential - Outside Counsel Only

13  Information.  Such redacted pleading, motion, or other paper shall indicate the Confidential

14  Information, Highly Confidential Information, or Highly Confidential - Outside Counsel Only

15  Information is being withheld subject to the motion to seal.  Once the Court rules on the joint

16  motion, the filing party may then substitute or supplement, without objection by the non-filing

17  party its pleading, motion, or other paper.  Such substitution or supplementation shall be for the

18  sole purpose of adding the redacted Confidential Information, Highly Confidential Information,

19  or Highly Confidential - Outside Counsel Only Information that was the subject of the motion to

20  seal, consistent with the Court's ruling on the joint motion, to the filing party's pleading, motion,

21  or other paper.

22         17.    Not later than thirty (30) days after the final settlement of the Action or final

23  disposition, including any appeals, of this Action if not settled, all Confidential Information, all

24  Highly Confidential Information, and all Highly Confidential – Outside Counsel Only

25  Information including all copies of such Confidential Information, Highly Confidential

26  Information, or Highly Confidential – Outside Counsel Only Information shall be returned to

27  counsel for the producing party or destroyed.  If destroyed, the party undertaking destruction will

28

10
**CONFIDENTIALITY AGREEMENT**
**Civil Action No. 4-08-CV-626-A**

406207.01

Appx. 10

1    certify to the manner, time, and place of their destruction. This paragraph does not create an

2    obligation to return or destroy attorney work product, deposition transcripts or exhibits thereto,

3    designated trial exhibits, or copies of documents filed with the Court that contain Confidential

4    Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only

5    Information.

6         18.    If any of the parties believe that this Confidentiality Agreement provides

7    insufficient protection for a specific category or subset of the discovery materials they expect to

8    produce, such party may serve notice upon the requesting party and request an amendment

9    hereto. If within twenty (20) business days after such notice has been received the parties cannot

10   agree on an amendment, either party may apply to the Court for a protective order. Until the

11   parties agree to an amendment to this Confidentiality Agreement under this paragraph or until

12   the Court enters a Protective Order, this Confidentiality Agreement shall remain in full force and

13   effect. An amendment shall not affect the treatment to be accorded materials produced by a non-

14   party pursuant to this Confidentiality Agreement.

15        19.    Any inadvertent failure by the producing party (including parties to this action

16   and non-parties) to designate information as Confidential Information, Highly Confidential

17   Information, or Highly Confidential – Outside Counsel Only Information shall not constitute, or

18   have the effect of, a waiver of its ability to designate such information as Confidential

19   Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only

20   Information pursuant to this Confidentiality Agreement. The receiving party's obligation to treat

21   information as Confidential Information, Highly Confidential Information, or Highly

22   Confidential – Outside Counsel Only Information shall commence upon its receipt of the

23   producing party's designation of information as Confidential Information, Highly Confidential

24   Information, or Highly Confidential – Outside Counsel Only Information.

25        20.    This agreement is not a waiver of any applicable privilege or any objection that

26   might be raised as to a discovery request or the admissibility of evidence. This agreement in no

27   way operates to limit or restrict the disclosure or use of any information that is known or

28

**CONFIDENTIALITY AGREEMENT**
Civil Action No. 4-08-CV-626-A

406207.01

1  becomes known through means or sources outside of this litigation, but this agreement also shall

2  not modify, amend or alter in any way any other restrictions on the disclosure or use of such

3  information that might apply (e.g., restrictions contained in a separate non-disclosure agreement

4  pursuant to which the information was obtained).

5      21.   Inadvertent disclosure of any document or other information covered by the

6  attorney-client privilege, work-product or other applicable privileges during discovery in this

7  matter shall be without prejudice to any claim that such document or other information is

8  privileged. Once a party receives notice that it possesses another party's inadvertently produced

9  privileged material, that party shall not use such material and agrees to return such material

10  immediately upon request, unless and until a Court finds the material not to be privileged.

11  Non-privileged information produced during discovery is not barred from use as an exhibit at

12  trial to be entered in the public record merely because it had been designated as confidential

13  during discovery.

14

15  IN WITNESS WHEREOF, the parties execute this Agreement effective as of April 22, 2009.

16

17  Dee J. Kelly
    State Bar No. 11217000
18  Dee J. Kelly, Jr.
    State Bar No. 11217250
19  Lars L. Berg
    State Bar No. 00787072
20  KELLY HART & HALLMAN LLP
    201 Main Street, Suite 2500
21  Fort worth, Texas 76102
    Phone: (817) 332-2500
22  Fax: (817) 878-9280

23  Howard S. Hogan (admitted *pro hac vice*)
    GIBSON, DUNN & CRUTCHER LLP
24  1050 Connecticut Avenue, NW
    Washington, DC 20036
25  Phone: (202) 955-8500
    Fax:    (202) 467-0539
26

27  Frederick Brown (admitted *pro hac vice*)
    George A. Nicoud III
28  Jason B. Stavers (admitted *pro hac vice*)

    David F. Chappell
    Texas State Bar No. 04141000
    dchappell@canteyhanger.com
    Scott A. Fredricks
    Texas State Bar No. 24012657
    sfredricks@canteyhanger.com
    CANTEY HANGER LLP
    Cantey Hanger Plaza
    600 West Sixth Street, Suite 300
    Fort Worth, Texas 76102
    Telephone: (817) 877-2800
    Fax: (817) 877-2807

    Michael A. Jacobs (*pro hac vice*)
    mjacobs@mofo.com
    Lynn M. Humphreys (*pro hac vice*)
    lhumphreys@mofo.com
    MORRISON & FOERSTER LLP
    425 Market Street
    San Francisco, CA 94105-2482
    Telephone: (415) 268-7000
    Fax: (415) 268-7522

    12

406207.01

Appx. 12

GIBSON, DUNN & CRUTCHER LLP
1 Montgomery Street, Suite 3100
San Francisco, CA 94104
Phone: (415) 393-8200
Fax:     (415) 374-8473

Attorneys for Plaintiff American Airlines, Inc.

Attorneys for Defendants
YAHOO! INC. and OVERTURE SERVICES,
INC. d/b/a YAHOO! SEARCH MARKETING

**CONFIDENTIALITY AGREEMENT**
**Civil Action No. 4-08-CV-626-A**

406207.01

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN AIRLINES, INC., | Civil Action No. 4-08-CV-626-A |
| Plaintiff, | |
| v. | |
| YAHOO! INC. and OVERTURE SERVICES, INC. d/b/a YAHOO! SEARCH MARKETING, | |
| Defendants. | |

## <u>AGREEMENT AND ACKNOWLEDGMENT OF COMPLIANCE WITH CONFIDENTIALITY AGREEMENT</u>

I, _____, hereby acknowledge and agree as follows:

1.      My address is _____

_____ .

2.      My current employer is _____

_____ , whose address is

_____

3.      My current occupation or job description is _____

_____

4.      I have received a copy of the Confidentiality Agreement in this case on

_____

5.      I have carefully read and I understand the provisions of the Confidentiality Agreement.

6.      I will comply with all of the provisions of the Confidentiality Agreement.

7.      Specifically, I agree to use Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information solely in connection with this action and will hold in confidence, and not disclose to anyone not qualified under the Confidentiality Agreement, all Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information.

8.      I further agree to return all Confidential Information, Highly Confidential Information, or

14

Highly Confidential – Outside Counsel Only Information that comes into my possession (and any documents or things that I prepare relating thereto) to the attorneys for the producing party or non-party, or the attorneys for the party that I have assisted in this action either before or within ten days after the conclusion of this action.

9.      I understand that if I violate the provisions of the Confidentiality Agreement I may be subject to sanctions by the United States District Court for the Northern District of Texas and that the parties may assert other remedies against me. I hereby submit to the jurisdiction of the United States District Court for the Northern District of Texas for such purposes.

DATED:

_____
(Signature)

**CONFIDENTIALITY AGREEMENT**
**Civil Action No. 4-08-CV-626-A**

406207.01



B

| | |
|---|---|
| AMERICAN AIRLINES, INC., | Case No. 4:08-CV-626-A |
| Plaintiff, | |
| -v.- | |
| YAHOO! INC. and OVERTURE SERVICES, INC. d/b/a YAHOO! SEARCH MARKETING, | |
| Defendants. | |

## DECLARATION OF CHERYL DARTT IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION TO SEAL

I, Cheryl Dartt, declare as follows:

1. I am the Senior Director of the Marketplace Operations team at Yahoo! Inc. ("Yahoo!"). My department is responsible for monitoring the metrics and performance of Yahoo! Sponsored Search, and the sponsored search marketplace at large, and developing business strategies for Yahoo!'s sponsored search services. I have worked at Yahoo!, starting at Overture Services, since February 2003 and have held my current position since December 2006.

2. I make this declaration in support of Yahoo!'s motion to seal. I have personal knowledge of the facts set forth herein, and if called upon to do so, I could and would competently testify thereto.

3. In my position, I am knowledgeable about the Yahoo! documents listed below and the competitive business planning information and confidential consumer research they contain. Through my professional activities and based on my experience I am able to evaluate the competitive sensitivity of such data.

4. As shown more fully and specifically below, many of the documents set forth below contain competitive business planning information and confidential consumer research that is not generally known outside Yahoo!, and for which even access is controlled within

1

Yahoo!. These competitive business analyses and studies were developed and prepared at substantial expense to Yahoo!, are extremely valuable to Yahoo!, and could not be easily or inexpensively acquired or duplicated by Yahoo!'s competitors. Moreover, this information could be used by Yahoo!'s competitors to understand Yahoo!'s proprietary technology, and Yahoo!'s recent and future confidential business plans and strategies and thus threaten Yahoo!'s competitive position.

5.  Also, where described below, other of these documents reveal confidential customer information that could jeopardize those company's competitive advertising activities, strategies and plans. The confidential customer information is not generally known beyond the parties to those documents, is valuable to those parties and their competitors, and would be difficult for third-parties to legitimately acquire or duplicate.

6.  Specifically, the documents listed below and tendered with Defendants' motion to seal contain the competitively sensitive information set forth below.

A.  The document with beginning bates number YAH-AA 0014735 is a presentation that discloses, among other things, the number of accounts broken by segment and the proportion of revenue associated with each. The presentation also reveals specific examples of price-per-click information for specific clients and search terms. The presentation also shows the results of confidential testing performed on the impact of the reordering launch on internal revenue-per-search metrics. All of this information is commercially sensitive to both Yahoo! and certain of its customers discussed in the presentation.

B.  The document with beginning bates number YAH-AA 0060416 is a spreadsheet showing confidential customer data, including customer account numbers, and client service tier. This is information known only to Yahoo! and the particular client.

C.  The document with beginning bates number YAH-AA 0316818 is a report that contains research developed and conducted by Yahoo! and competitive business strategies for responding to the findings. This highly sensitive information was only shared within a small group of leaders within Yahoo! that were responsible for executing these search strategies.

2

D.   The document with beginning bates number YAH-AA 1142024 is a presentation that reports the findings of an internal Yahoo! study developed and conducted by Yahoo! and utilizing Yahoo! data. The study evaluates Yahoo!'s competitive standing and how various search consumers respond to the search interface.

E.   The document with beginning bates number YAH-AA 1142092 is a presentation that reports the findings of an analysis of sensitive Yahoo! user data and describes a strategic vision for how Yahoo! can maximize its revenue opportunities with its users.

F.   The document with beginning bates number YAH-AA 1230299 is a presentation that contains data that is from a Yahoo! internal research study tying confidential Yahoo! search and click data to external user survey results. This study was fielded by Yahoo! and required substantial effort and expense over 3-4 months to conduct and analyze the results. This analysis is shared only with select groups within Yahoo! and is not distributed outside the company.

G.   The document with beginning bates number YAH-AA 4019776 is a data file that contains customer click data including customer account numbers, and granular price-per-click and rank data by keyword. This information is only available from within Yahoo!'s large data stores and was drawn from collection of that data produced in this case. Yahoo! does not disclose this information outside of Yahoo!.

H.   The document with beginning bates number YAH-AA 4628327 is a presentation representing the culmination of internal research at Yahoo! performed at great expense designed to analyze and compare Yahoo!'s performance relative to that of its competitors in sponsored search. This presentation also discloses key internal metrics, including the number of customers that spend advertising revenue in sponsored search with Yahoo! on a daily basis. All of this information is highly sensitive and represents a very contemporary competitive analysis of Yahoo!'s sponsored search business.

I.   The document with beginning bates number YAH-AA 5043974 is an email that discusses strategies for page layout testing and insights derived from internal testing. The email also comments on offerings from Yahoo! competitors and shares views as to how Yahoo! perceives these offerings and how they may shape Yahoo!'s business direction.

J.   The expert report prepared by Daniel L. Jackson relies on large amounts of Yahoo! internal data produced during discovery in this case. Among other things, his report contains keyword specific click and revenue data by raw search term over the last seven years. This information is only

available directly from Yahoo!'s large data stores. The data, and the information that is derived from the data, disclosed in this report reveals average prices per term and average prices for specific brand terms. This information is virtually impossible for anyone outside the company to compute or derive and is even tightly held within the company.

This report also contains extensive and detailed customer specific data, including account numbers along with click and revenue data. Not only does this data reveal the specific advertising spend for these third-parties but makes it possible for the competitors of these Yahoo! advertisers to get a window into the advertising strategies of the companies listed in this report.

K. The expert report prepared by Ronald C. Goodstein quotes extensively from numerous internal Yahoo! consumer studies, competitive analyses, and strategic planning presentations. Among other things, the report discloses advertiser-specific data and compares competitors in the air travel space. The internal studies it quotes discuss Yahoo! search characteristics and the relative profitability of Yahoo! searchers. It also reveals information from studies evaluating the revenue impact from various proposed changes in policy. The information contained in the studies and presentations quoted in this report is highly sensitive, not disclosed outside the company and of a highly competitive nature as they relate to how Yahoo! operates its business and is continually seeking to improve on its strategy and execution.

7. As stated above, the public disclosure of these documents and information and the highly sensitive internal strategic competitive business analyses contained in these documents could be used by Yahoo!'s competitors to obtain an unfair competitive advantage that they could not otherwise legitimately obtain without tremendous effort and expense. Similarly, the confidential customer information revealed in the documents described above could be used by those advertisers' competitors to uncover confidential business strategies if they were publicly disclosed in this judicial proceeding.

8. In sum, I have concluded that the public disclosure of the documents set forth above would harm the competitive standing of Yahoo! and certain of its customers.

4

I declare under penalty of perjury that the foregoing is true and correct. Executed this 24th day of November 2009.

_Cheryl Dartt_
Cheryl Dartt



C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN AIRLINES, INC., | Case No. 4:08-CV-626-A |
| Plaintiff, | |
| -v.- | |
| YAHOO! INC. and OVERTURE SERVICES, INC. d/b/a YAHOO! SEARCH MARKETING, | |
| Defendants. | |

**DECLARATION OF JIM STOTHARD IN SUPPORT OF**
**DEFENDANTS' UNOPPOSED MOTION TO SEAL**

I, Jim Stothard, declare as follows:

1.      I am the Vice President of Account Management at Yahoo! Inc. Among my responsibilities in this position, I manage personnel that interact with Yahoo!'s advertiser customers and handle their confidential advertising information.

2.      I make this declaration in support of Yahoo!'s Unopposed Motion to Seal. I have personal knowledge of the facts set forth herein, and if called upon to do so, I could and would competently testify thereto.

3.      I am knowledgeable about Yahoo! documents containing confidential information of Yahoo! advertisers as the Vice President of Account Management. In my position, I have access to account information of individual advertisers and I am responsible for managing personnel who communicate with advertisers regarding their advertising activities with Yahoo!. In my position, I have come to know and understand what kind of advertiser information is confidential and sensitive, and I am able to evaluate the level of confidentiality attached to such information.

4.      Yahoo!'s advertisers may be harmed if the documents listed herein containing confidential advertiser information were made publicly available. This information could be used by competitors of Yahoo!'s advertisers to determine those advertisers' confidential strategies for marketing their products and services. Yahoo! endeavors to handle this information in a manner that would prevent its public disclosure. Public disclosure of this information could harm Yahoo!'s relationship with its advertisers.

5.      I have examined the following documents in order to evaluate whether the documents contain confidential advertiser information that could be used by those advertisers' competitors to uncover confidential strategies for marketing if they were publicly disclosed: Tab 60; Tab 82; Tab 107; Tab 118; Tab 138; and Tab 151.

6.      Tab 60 contains highly sensitive information for Travelocity, including terms on which they were bidding to display advertisements, the top bid they were willing to pay to display those advertisements, and how they organize their marketing campaigns.

7. Tab 82 contains highly sensitive information for Travelocity, including specific data on the effectiveness and strategy recommendations for its marketing campaign.

8. Tab 107 contains highly sensitive information for Continental Airlines, including information on their technical implementation of its advertising campaigns.

9. Tab 118 contains highly sensitive information for Travelocity, including specific information on Travelocity's advertising budget and the factors it uses in adjusting its advertising budget.

10. Tab 138 contains highly sensitive information for Expedia, Orbitz, and Travelocity, including their specific expenditure for individual keywords, and rates of success for its ad copy in the form of click-through rate data.

11. Tab 151 contains highly sensitive information for many advertisers, including, among others, AOL, Toyota, State Farm, and Harley Davidson. This information includes advertising expenditure projections and individual advertiser success rates for certain methods used by these advertisers for their advertising campaigns.

12. I have determined that each of these documents contain confidential advertiser information that could be used by those advertisers' competitors to uncover confidential business strategies for marketing if they were publicly disclosed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of October, 2009.

Jim Stothard

Appx. 23